# NO. 24-5426

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

BRANDON JOE WILLIAMS,

Plaintiff–Appellant,

v.

AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC.

Defendants–Appellees.

Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:24-CV-01631
The Hon. Michael W. Fitzgerald

**MOTION OF DEFENDANTS–APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS KABBAGE, INC. TO DISMISS PURSUANT TO FED. R. APP. P. 4(A)(1)(A)**

STEPTOE LLP
STEPHEN J. NEWMAN
BRIANNA M. BAUER
2029 Century Park East, Suite 980
Los Angeles, California 90067
(213) 439-9400

Attorneys for Defendants–Appellees
AMERICAN EXPESS COMPANY;
AMERICAN EXPRESS KABBAGE, INC.

36495230.v3

## MOTION TO DISMISS PURSUANT TO Fed. R. App. P. 4(a)(1)(A)

Defendants-appellees American Express Company and American Express Kabbage, Inc. (together, "American Express") respectfully move to dismiss under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure for lack of jurisdiction (the "Motion"). Mr. Williams' notice of appeal was untimely filed.[1]

### I.     INTRODUCTION

Mr. Williams' appeal is untimely and should be dismissed. On July 10, 2024, Judge Michael W. Fitzgerald of the Central District of California dismissed Mr. Williams' claims against American Express under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "July Order"). Mr. Williams subsequently filed a Motion for Reconsideration on July 13, 2024, which the court denied on August 2, 2024 (the "August Order"). Pursuant to Rules 4(a)(1)(A) and 4(a)(4)(A) of the Federal Rules of Appellate Procedure, Mr. Williams had 30 days from the August Order, which was September 3, 2024,[2] to file a notice of appeal. Mr. Williams'

---

[1] Pursuant to Circuit Rule 27-11(a)(1), American Express notes that briefing on the merits should be ordered stayed pending resolution of the present Motion. American Express also notified Mr. Williams of its intent to file the Motion, but has not yet received a response as to whether Mr. Williams will oppose the Motion. (*See* Circuit Rule 27-1(2)).

[2] The 30th day fell on Sunday, September 1, thereby extending the filing deadline to Tuesday, September 3, the day after Labor Day.

-1-

36495230.v3

Notice of Appeal was not filed until September 4, 2024, one day late. Accordingly, this Court should dismiss for lack of jurisdiction.

## II.   BACKGROUND

On February 16, 2024, Mr. Williams filed a Complaint against American Express. (Docket No. 1.) Mr. Williams brought eleven causes of action against American Express in connection with his two American Express credit card accounts, and two Kabbage loan plan accounts (the "Accounts"). (*Id.*)

Mr. Williams' causes of action stem from the theory that he, with his trademark BRANDON JOE WILLIAMS®, sent money to American Express in the form of "Documents"[3] that he asserts are the equivalent of cash or currency. (*Id.* ¶¶ 50, 52.) American Express then extended credit to Mr. Williams, which he believes he already paid for with the Documents. (*Id.* ¶ 148.) Mr. Williams then sent the "Parcels"[4] believing that American Express would accept them as payment since the Parcels contain special indorsements. (*Id.* ¶¶ 57-72.)[5]

---

[3] "Documents" are three documents Mr. Williams purportedly sent to American Express on or around June 2022. Mr. Williams defines these three documents as "conditional acceptance[s]", "bill[s] of exchange", "promissory note[s]", "negotiable instrument[s]", "collateral securities", "Federal Reserve Notes", and "blank indorsements." (*See e.g.* Docket No. 1 ¶¶ 28, 31, 33, 41, 48.)

[4] "Parcels" are three documents Mr. Williams purportedly sent to American Express on or around June and July 2023. (Docket No. 1 ¶ 57-67.)

[5] American Express notes that Mr. Williams' claims against American Express are premised on a frivolous vapor money theory, which is a theory the district court

On July 10, 2024, the district court correctly issued the July Order granting American Express' Motion to Dismiss, and denying Mr. Williams' Motion to Amend Complaint on futility grounds. (Docket No. 30.)

On July 13, 2024, Mr. Williams filed a Motion for Reconsideration of the July Order. (Docket No. 31 at 1 ¶ 1, 2-3.) Mr. Williams additionally objected to the July Order in support of his Motion for Reconsideration. (Docket No. 32.)

On August 2, 2024, the Court correctly issued the August Order denying Mr. Williams' request for reconsideration. (Docket No. 36.) Mr. Williams thereafter attempted to file a Motion to Enter Final Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure on August 24, 2024, which concerned frivolous arguments about Judge Fitzgerald's signatures on the July and August Orders. (Docket No. 38.) In response, the district court issued an order striking the Motion to Enter Final Judgment as follows:

> This case was closed and judgment was entered on 7/10/24; see Order at Docket No. 30. An Order denying Plaintiff's Motion for Reconsideration was filed on 8/2/24; see Order at Docket No. 36. IT IS HEREBY ORDERED that [Plaintiff's Motion to Enter Final Judgment (Docket No. 38)] shall be stricken from the record and shall not be considered by the Court[.]

---

acknowledged has been uniformly rejected in federal court. (Docket No. 30 at 4 ¶ 4, 5 ¶¶ 1-3.) Mr. Williams also engaged in abusive behavior in litigating this matter, which is reflected in the district court's order relieving American Express of its obligations to confer with Mr. Williams. (*See id.* at 2 ¶¶ 4-5.)

-3-

36495230.v3

(Docket No. 39.) The district court also issued an order striking Mr. Williams' objection filed on August 28, 2024 (Docket No. 40) because "Plaintiff's continued arguments that judgment has not been entered are groundless." (Docket No. 41.) On September 4, 2024, Mr. Williams filed a Notice of Appeal. (Docket No. 43.) However, the Notice of Appeal was untimely by one day, and accordingly this appeal must be dismissed for lack of jurisdiction.

### III. ARGUMENT

**A. The Court Should Dismiss This Appeal for Mr. Williams' Failure to Timely File.**

"The requirement of a timely notice of appeal is mandatory and jurisdictional." *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988) (citing to *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)). Because a timely notice of appeal is a prerequisite for jurisdiction, "[a] would-be appellant's 'failure to file his notice of appeal in accordance with the statute therefore deprive[s] the Court of Appeals of jurisdiction.'" *U.S. ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 953 (9th Cir. 2010) (quoting *Bowles v. Russell*, 551 U.S. 205, 213 (2007)); *see also Evans v. Synopsys, Inc.*, 34 F.4d 762, 777 (9th Cir 2022).

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides:

> In a civil case [. . .] the notice of appeal required by Rule 3 must be filed with the district clerk within **30 days after entry of the judgment or order** appealed from.

-4-

36495230.v3

Fed. R. App. P. 4(a)(1)(A) (emphasis added). "If a party files in the district court a [motion under Fed. R. Civ. P. Rule 59,] the time to file an appeal runs for all parties from entry of the order disposing of the last such remaining motion[.]" *Id.* 4(a)(4)(A). However, motions pursuant to Rule 58 do not toll the deadline to file a notice of appeal. *See id.* 4(a)(4)(A).

Here, Mr. Williams' deadline to file a notice of appeal was September 3, 2024.[6] However, Mr. Williams did not file the Notice of Appeal until September 4, 2024. Accordingly, due to Mr. Williams' untimely appeal, the Court should dismiss this appeal for lack of jurisdiction.

## IV. CONCLUSION

Based on the foregoing, American Express respectfully requests that the Court grant the Motion in its entirety and dismiss this appeal for lack of jurisdiction. If the Motion is denied, American Express requests that it be allowed at least 30 days to submit its answering brief on the merits.

---

[6] Pursuant to Fed. R. App. P. 4(a)(4)(A), Mr. Williams' Motion to Enter Final Judgment pursuant to Rule 58 (Docket No. 38) did not toll his deadline to file his Notice of Appeal. Even if Mr. Williams' Motion to Enter Final Judgment and objections (Docket No. 40) were construed as motions for reconsideration, Mr. Williams' deadline to appeal would still be September 3, 2024 since successive motions for reconsideration that do not alter the district court's judgment do not toll the deadline to file a notice of appeal. *Wages v. I.R.S.*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990) ("Successive motions under Rule 59, however, generally do not affect the finality of the judgment; any other rule would effectively give a disgruntled litigant the ability to stretch the period indefinitely. Only when the court substantively alters its judgment in response to a Rule 59 motion may a successive motion toll the period for appeal.").

-5-

DATED: November 12, 2024　　　Respectfully submitted,

                                      STEPTOE LLP
                                      STEPHEN J. NEWMAN
                                      BRIANNA M. BAUER

                                    By: _____*/s/ Stephen J. Newman*_____
                                              Stephen J. Newman

                                    Attorneys for Defendants-Appellees
                                      AMERICAN EXPRESS COMPANY;
                                      AMERICAN EXPRESS KABBAGE, INC.

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,309 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 12, 2024

By:     */s/ Stephen J. Newman*<br>Stephen J. Newman

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a copy of the foregoing **MOTION OF DEFENDANTS–APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS KABBAGE, INC. TO DISMISS PURSUANT TO FED. R. APP. P. 4(A)(1)(A)** was filed electronically through the court's CM/ECF System. Notice will automatically be electronically mailed to the following individuals who are registered with the CM/ECF System for this action:

Clerk USDC Los Angeles    cacd_appealfee@cacd.uscourts.gov

And, I hereby certify that on November 12, 2024, I caused to be served a true and correct copy of **MOTION OF DEFENDANTS–APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS KABBAGE, INC. TO DISMISS PURSUANT TO FED. R. APP. P. 4(A)(1)(A)** to the following non-CM/ECF registered participants by U.S. Mail, postage prepaid, and addressed to the following:

Brandon Joe Williams
P.O. Box 1962 Glendale
California 91209

*Pro Se Appellant*

                                           */s/ Stephen J. Newman*
                                                    Stephen J. Newman

36495230.v3