# NO. 24-5426

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

BRANDON JOE WILLIAMS®

Plaintiff – Appellant,

v.

AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC.

Defendants – Appellees,

---

Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:24-CV-01631
Honorable Michael W. Fitzgerald

---

**PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. APP. P. 27(a)(3)**

---

Brandon Joe Williams, Agent, Pro Se

P.O. Box 1962

Glendale, California 91209

brandon@williamsandwilliamslawfirm.com
(747) 273-0799

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**[Federal Rule of Appellate Procedure 27(a)(3)]**

Plaintiff-Appellant Brandon Joe Williams, proceeding pro se, respectfully submits this Response in Opposition to the Defendants' Motion to Dismiss for lack of jurisdiction, pursuant to *Federal Rule of Appellate Procedure 27(a)(3)*. For the reasons stated below, Plaintiff-Appellant requests that the Court deny the Motion to Dismiss and preserve this appeal for a decision on the merits.

**Introduction**

Defendants seek dismissal of this appeal on the grounds that Plaintiff-Appellant filed the notice of appeal one day beyond the 30-day deadline under *Federal Rule of Appellate Procedure 4(a)(1)(A)*. However, this argument fails to consider the procedural ambiguities surrounding the finality of the district court's judgment, the absence of clear clerk notification required under Rule 58, and the equitable considerations favoring Plaintiff-Appellant's minimal delay, which was due to significant confusion regarding the finality of orders. Dismissal of this appeal would be unjust, particularly given Plaintiff-Appellant's timely objections and efforts to clarify procedural uncertainties.

**Argument**

**I. Ambiguity in the Finality of the Judgment and the Clerk's Docketing Issues Under Rule 58**

Rule 58 **mandates** that a final judgment must be set forth on a separate document to avoid ambiguity and ensure all parties have clear notice of appeal deadlines. Here, the absence of a clear, separate, signed judgment contributed to procedural confusion, rendering the precise appeal deadline unclear. The judgment did not comply with Rule 58's requirement, as it was neither signed nor clearly docketed as a final judgment by the clerk. This procedural deficiency created significant uncertainty for the Plaintiff-Appellant.

- **Supporting Case Law**: In *Bankers Trust Co. v. Mallis*, **435 U.S. 381 (1978)**, the Supreme Court emphasized that the absence of a separate document judgment could justifiably lead to ambiguity regarding the appeal deadline. This case supports the argument that a judgment lacking compliance with Rule 58 cannot reliably trigger the appeal deadline. As such, the lack of a signed, clear judgment here should excuse any perceived delay.

## II. Objections Filed by Plaintiff-Appellant to Clarify Finality

Plaintiff-Appellant filed timely objections regarding the district court's unsigned orders and lack of clerk notice. These objections highlighted procedural irregularities that obscured the appeal timeline. The Ninth Circuit has recognized that where a pro se litigant files objections to clarify procedural ambiguities, those objections should weigh in favor of preserving the right to appeal.

- **Relevant Precedent**: In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that procedural errors hindering clear notice of final judgment could preserve appellate rights. Here, Plaintiff-Appellant's objections illustrate a genuine attempt to navigate these procedural uncertainties, meriting judicial leniency.

- **Rule 4(a)(6) Reopening Due to Clerk's Failure to Notify**: Plaintiff-Appellant did not receive proper notice from the clerk regarding the final judgment. Under Rule 4(a)(6), the time to appeal can be reopened if notice of judgment was not provided within 21 days. Given that Plaintiff-Appellant filed objections and a motion regarding this lack of notice, reopening the appeal period would be consistent with Rule 4(a)(6) to avoid unfair procedural default.

### III. Equitable Considerations for Pro Se Litigants

Courts are instructed to exercise leniency with pro se litigants facing procedural challenges, particularly where ambiguity exists in court communications. The lack of a signed final order and the absence of clear clerk notification placed Plaintiff-Appellant in a confusing procedural position, exacerbated by the pro se nature of this appeal. As noted by the Ninth Circuit, judicial proceedings should seek to address substantive issues on the merits, especially where a minor procedural delay occurs without prejudice to the other party.

- **Supporting Case Law**: In *Balistreri v. Pacifica Police Department*, **901 F.2d 696 (9th Cir. 1988)**, the Ninth Circuit emphasized that pro se litigants deserve "some latitude" in understanding and navigating procedural requirements. Given the lack of clarity and Plaintiff-Appellant's pro se status, excusing this minimal delay aligns with the Ninth Circuit's equitable standards.

**IV. Minimal Delay with No Prejudice to Defendants**

The notice of appeal was filed only one day late, a de minimis delay that causes no demonstrable prejudice to the Defendants. Courts routinely show leniency for minimal delays, particularly when the delay is unintentional and arises from procedural ambiguity.

- **Case Precedent**: In *Pincay v. Andrews*, **389 F.3d 853 (9th Cir. 2004)** (*en banc*), the Ninth Circuit held that even a longer delay could be excused due to excusable neglect, especially where the delay did not prejudice the opposing party. Here, the single-day delay is not significant enough to warrant dismissal of this appeal, as Defendants are not prejudiced by this minor lapse.

**V. Excusable Neglect and Procedural Confusion Under Rule 4(a)(5)**

Given the procedural irregularities and the minimal nature of the delay, Plaintiff-Appellant argues for an extension under Rule 4(a)(5) on grounds of

excusable neglect. The Supreme Court's *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, **507 U.S. 380 (1993)**, established that excusable neglect considers prejudice, length of delay, reason for delay, and control over the delay. Plaintiff-Appellant's confusion stemmed from ambiguities in the district court's communications, which are grounds for excusable neglect in accordance with Pioneer's standard.

- **Supporting Ninth Circuit Precedent**: In *Briones v. Riviera Hotel & Casino*, **116 F.3d 379 (9th Cir. 1997)**, the Ninth Circuit found excusable neglect for misunderstandings of procedural requirements, especially when no prejudice resulted. Here, Plaintiff-Appellant's delay was a direct result of the district court's ambiguous final judgment process, further supporting relief under Rule 4(a)(5).

**VI. Request for Relief and Preservation of Appellate Rights**

Given the minimal delay, procedural ambiguities, pro se status, and the lack of prejudice to Defendants, Plaintiff-Appellant respectfully requests the Court deny the Motion to Dismiss. In the alternative, if the Court finds the appeal untimely, Plaintiff-Appellant requests reopening of the time to file under Rule 4(a)(6) due to the lack of formal notice of the judgment's entry.

**Conclusion**

Dismissal based on a one-day delay resulting from procedural confusion and lack of clerk notification would unfairly prevent Plaintiff-Appellant from obtaining substantive review on the merits. In alignment with precedent and equitable considerations, Plaintiff-Appellant respectfully requests that this Court deny Defendants' Motion to Dismiss. Should the Court find dismissal warranted, Plaintiff-Appellant alternatively requests reopening the appeal period under Rule 4(a)(6).

DATED: November 13th, 2024

Respectfully submitted,

BRANDON JOE WILLIAMS®

By: /s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com
(747) 273-0799

# CERTIFICATE OF COMPLIANCE

1. This document complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1213 words.
2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED: November 13, 2024     By:    /s/ *Brandon Joe Williams*
                                    Brandon Joe Williams, Agent

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, a copy of the foregoing PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS PURSUANT TO FED. R. APP. P. 27(a)(3) was filed electronically through the court's CM/ECF system. Notice will automatically be electronically mailed to ALL Counsel of Record.

/s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent