# NO. 24-5426

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

BRANDON JOE WILLIAMS,

Plaintiff–Appellant,

v.

AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC.

Defendants–Appellees.

Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:24-CV-01631
The Hon. Michael W. Fitzgerald

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS–APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS KABBAGE, INC. TO DISMISS PURSUANT TO FED. R. APP. P. 4(A)(1)(A)**

STEPTOE LLP
STEPHEN J. NEWMAN
BRIANNA M. BAUER
2029 Century Park East, Suite 980
Los Angeles, California 90067
(213) 439-9400

Attorneys for Defendants–Appellees
AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE, INC.

36553909.v2

## I. INTRODUCTION

In the Opposition, Mr. Williams disingenuously asserts that the district court failed to notify him of the finality of its judgment on his claims against American Express Company and American Express Kabbage, Inc. (collectively, "American Express"), pursuant to Rule 58 of the Federal Rules of Civil Procedure.[1] Alternatively, Mr. Williams requests this Court for equitable relief to proceed with this appeal despite the Court's lack of jurisdiction. As discussed further herein, Mr. Williams' arguments lack merit, and therefore this Court should grant American Express' Motion to Dismiss (the "Motion") in its entirety.

## II. ARGUMENT

**A. The District Court Complied with Rule 58 and its Local Rules on Its Entry of Judgment of Mr. Williams' Claims Against American Express.**

"What constitutes an 'entry of judgment' is delineated by the Federal Rules of Civil Procedure and the Local Rules of the Central District of California." *Radio Television Espanola S.A. v. New World Ent., Ltd.*, 183 F.3d 922, 929 (9th Cir. 1999). Rule 58 requires that [e]very judgment shall be set forth on a separate document [. . .]." Fed. R. Civ. Proc. 58(a). The Central District's Local Rules

---

[1] Plaintiff-Appellant Brandon Joe Williams' Opposition to American Express' Motion to Dismiss Pursuant to Fed. R. App. P. 4(a)(1)(A), filed November 13, 2024 (the "Opposition" or "Opp.") at page 3 ¶ 1.

concerning entry of judgment are a "clarification" of Rule 58. *Id.* at 930. Local Rule ("L.R.") 58-6 states the following:

> **L.R. 58-6 Entry of Judgment – Memorandum of Decision, Opinion, Minute Order.** Notation on the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) ***unless specifically ordered by the judge***.

L.R. 58-6 (emphasis added).

Moreover, a "separate document" under Rule 58 is not required for orders disposing of certain post-verdict motions, such as motions brought under Rule 59. Fed. R. Civ. P. 58(a)(4); *see* Advisory Committee Notes (2002 Amendment), Fed. R. Civ. P. 58(a) ("the amendment provides that entry on a separate document is not required for an order disposing of the motions listed in Appellate Rule 4(a)"). Even prior to the 2002 Amendment on Rule 58, the Ninth Circuit confirmed that minute orders disposing of Rule 59 motions satisfy Rule 58 if it is file stamped and clearly states that the motion is denied. *Beaudry Motor Co. v. Abko Properties, Inc.*, 780 F.2d 751, 754-55 (9th Cir. 1986); *see Hollywood v. City of Santa Maria*, 886 F.2d 1228 (9th Cir. 1989) ("[A]s is generally the case in the Rule 59 context, the order denying the motion for new trial definitively signaled the end of litigation.")

Here, the district court properly complied with Rule 58 and Local Rule 58-6 when it issued the July and August Orders (collectively, the "Orders"). ***First***, the

July Order specifically states that it "shall constitute a notice of entry of judgment" and that Judge Fitzgerald "**ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment" pursuant to Local Rule 58-6. (ECF No. 30, page 3 ¶ 1.) Mr. Williams also does not, and cannot, dispute that he did not receive notice of the July Order since he filed a Motion for Reconsideration under Rule 59 three days later. (ECF No. 31.)

*Second*, the district court was not required to issue a separate document after denying Mr. Williams' Motion for Reconsideration in the August Order. This fact alone defeats Mr. Williams' argument that the August Order didn't comply with Rule 58.

Moreover, the August Order was abundantly clear that the district court would not reconsider its decision to dismiss his claims against American Express. Specifically, the August Order is file stamped and clearly states "[T]he Motion is **DENIED**. IT IS SO ORDERED." (ECF No. 36 ¶¶ 3-4) (emphasis in original). The district court's decision also clearly appears on the civil docket. (Civil Docket, at ECF No. 36.) Mr. Williams likewise does not, and cannot, dispute that he didn't receive the August Order because he filed objections to the Orders five days later (the "Objections"). (ECF No. 37.) As such, by August 2, 2024, Mr.

-3-

Williams was fully aware that the district court dismissed his claims against American Express, and that his appeal must be filed by September 3, 2024.[2]

*Third*, the Objections did not "obscure" his appeal deadline. (Opp. at page 3 ¶ 3.) The plain language of Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure states that the appeal deadline can only be extended if a party files a motion under Rule 50(b), Rule 52(b), Rule 54, Rule 59, or Rule 60. Fed. R. App. P. 4(a)(4)(A). The Objections clearly do not fit within this limited exception, and thus the Objections did not extend his deadline to appeal.

*Fourth*, since the district court complied with Rule 58's requirements for the Orders, Mr. Williams' cited authorities are either inapposite or irrelevant to the present matter. *See e.g.*, B*ankers Tr. Co. v. Mallis*, 435 U.S. 381, 98 S. Ct. 1117, 1121 (1978) (holding that plaintiff waived Rule 58 separate document requirement); *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (holding pro se prisoner successfully filed notice of appeal).

Accordingly, the district court appropriately entered final judgment in compliance with Rule 58, and thus Mr. Williams' deadline to file an appeal was

---

[2] American Express notes that Mr. Williams even had two additional days to file his appeal than a party typically would have since Rule 4(a)'s 30-day deadline, September 2, 2024, took place on a Sunday during Labor Day weekend.

September 3, 2024. Since Mr. Williams failed to timely appeal, the Court lacks jurisdiction and must dismiss his appeal.

**B.    Mr. Williams' Improper Request for Equitable Relief Should Be Denied.**

As stated in the Motion, "[t]he requirement of a timely notice of appeal is mandatory and jurisdictional." (Motion at 4 ¶ 2) (citing to *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988) and *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)). Rule 4(a)(1)(A) of the Federal Rule of Appellate Procedure requires that a party file an appeal within 30 days after "entry of the judgment or order." Fed. R. App. P. 4(a)(1)(A). This deadline runs from entry of an order disposing of a [Rule 59] motion. Fed. R. App. P. 4(a)(4)(A).

A district court *may* extend the time to appeal only if: (i) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a)"; and (ii) "that party shows excusable neglect or good cause." Fed. R. Civ. P. 4(a)(5)(A). Similarly, a district court *may* reopen the time to file an appeal *only if* a party did not receive notice of judgment under Fed. R. Civ. P. 77(d), a motion requesting relief was filed within 180 days after entry of judgment, and the district court finds no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Here, Mr. Williams' request for equitable relief from Rule 4(a)'s mandatory requirement to file a timely notice of appeal lacks merit and should be denied. *First*, as discussed in Section II(A), *supra*, the district court complied with Rule

-5-

58's requirements and thus provided clear notice that a final judgment had been entered on his claims against American Express.

*Second*, Mr. Williams was not confused about the finality of the Orders – he simply disagreed with them. As shown in the Objections, Mr. Williams didn't ask the district court for clarity as to the finality of the Orders. Nor does he claim in the Opposition that he called the Federal *Pro Se* Clinic the district court referred him to in the August Order, (ECF No. 36 at 2 ¶ 5), to assist him. Instead, Mr. Williams frivolously argued in the Objections that the Orders "should not have any binding legal effect" because the Orders do not have judicial signatures and thus the "[Orders] should be deemed invalid, and the ***dismissal of [his] case should be reversed***." (ECF No. 37, at pages 2-3, Section "Objection 2: Lack of Signature on Orders") (emphasis added).

*Third*, Rules 4(a)(5) and 4(a)(6) are not applicable to this present matter. Mr. Williams never filed a motion with the district court requesting an extension of his time to appeal under Rule 4(a)(5). His arguments concerning "excusable negligent" are therefore irrelevant, and in any event are unpersuasive. *Collier v. Cnty. of Los Angeles*, 331 F. App'x 468, 469 (9th Cir. 2009) (a pro se litigant's "inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute 'excusable neglect'") (quoting *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994)). Similarly, Rule 4(a)(6) does not apply because: (i)

Mr. Williams does not claim he didn't receive notice of the Orders under Rule 77(d); and (ii) he did not file a motion under Rule 4(a)(6) with the district court. As such, this Court need not consider whether Mr. Williams' untimely motion prejudiced American Express under Rule 4(a)(6).

Based on the foregoing, Mr. Williams is not entitled to equitable relief, and this Court should deny his request.

### III. CONCLUSION

Based on the foregoing, American Express respectfully requests that the Court grant the Motion in its entirety and dismiss this appeal for lack of jurisdiction. If the Motion is denied, American Express requests that it be allowed at least 30 days to submit its answering brief on the merits.

DATED: November 20, 2024

Respectfully submitted,

STEPTOE LLP
STEPHEN J. NEWMAN
BRIANNA M. BAUER

By: _____/s/ Stephen J. Newman_____
      Stephen J. Newman

Attorneys for Defendants-Appellees
  AMERICAN EXPRESS COMPANY;
  AMERICAN EXPRESS KABBAGE, INC.

## CERTIFICATE OF COMPLIANCE

1. This document complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,571 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: November 20, 2024

By:    */s/ Stephen J. Newman*
       Stephen J. Newman

36553909.v2

-1-

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2024, a copy of the foregoing **REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANTS–APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS KABBAGE, INC. TO DISMISS PURSUANT TO FED. R. APP. P. 4(A)(1)(A)** was filed electronically through the court's CM/ECF System. Notice will automatically be electronically mailed to the following individuals who are registered with the CM/ECF System for this action:

Brandon Joe Williams    brandon@williamsandwilliamslawfirm.com

/s/ Stephen J. Newman
Stephen J. Newman

-1-

36553909.v2