No. 24-5426

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

BRANDON JOE WILLIAMS®,

Plaintiff–Appellant,

v.

AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC.,

Defendants–Appellees.

---

Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:24-CV-01631-MWF-PVCx
The Hon. Michael W. Fitzgerald

---

**APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS KABBAGE, INC.'S ANSWERING BRIEF**

---

STEPTOE LLP
STEPHEN J. NEWMAN
BRIANNA M. BAUER
JAZLYN R. CABULA
2029 Century Park East, Suite 980
Los Angeles, California 90067
(213) 439-9400

Attorneys for Defendants–Appellees
AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE, INC.

36474882.v4

## DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned, counsel of record for defendants-appellees American Express Company and American Express Kabbage, Inc., state that American Express Kabbage, Inc. is a subsidiary of American Express Company and that Berkshire Hathaway, Inc., owns 10% or more of American Express Company's stock.

Date: July 30, 2025          Respectfully submitted,

STEPTOE LLP
STEPHEN J. NEWMAN
BRANNA M. BAUER
JAZLYN R. CABULA


*/s/ Stephen J. Newman*
Stephen J. Newman

*Attorneys for Defendants-Appellees*

   *AMERICAN EXPRESS COMPANY;*
   *AMERICAN EXPRESS KABBAGE, INC.*

36474882.v4

# <u>TABLE OF CONTENTS</u>

**Page**

DISCLOSURE STATEMENT ................................................................. ii

TABLE OF CONTENTS.................................................................... iii

TABLE OF AUTHORITIES ................................................................ v

INTRODUCTION ............................................................................ 1

JURISDICTIONAL STATEMENT ......................................................... 4

ISSUES PRESENTED....................................................................... 5

STATEMENT OF THE CASE .............................................................. 5

    I.    Statement of Relevant Facts .................................................. 5

    II.   Proceedings Below ............................................................. 7

SUMMARY OF THE ARGUMENT ....................................................... 8

    I.    THE NOTICE OF APPEAL WAS UNTIMELY AND THIS
        COURT DOES NOT HAVE JURISDICTION .................................. 8

    II.   THE DISTRICT COURT CORRECTLY DISMISSED
        PLAINTIFF'S CLAIMS WITHOUT LEAVE TO AMEND ............. 10

STANDARD OF REVIEW ................................................................ 11

ARGUMENT ................................................................................ 12

    I.    THIS COURT DOES NOT HAVE JURISDICTION ....................... 12

        A.    District Court's Application of Local Rule 58-6 Satisfies
            Federal Rule of Civil Procedure 58 .......................................... 13

        B.    The District Court Complied with Local Rule 58-6 and
            Satisfied Federal Rule of Civil Procedure 58 ........................... 13

C.   Even if the District Court did not Comply with Local Rule 58-6, Plaintiff Waived the Separate Document Requirement ...............................................................................18

D.   This Court Does Not Have Jurisdiction Over This Matter Because Plaintiff Failed to Timely File His Notice of Appeal .........................................................................................19

E.   Plaintiff Cannot Purport to be a Trademark and Simultaneously Initiate a Lawsuit or File an Appeal................21

II.   THE DISTRICT COURT CORRECTLY GRANTED AMERICAN EXPRESS'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND .............................................................................22

A.   Standard of Review ..................................................................23

B.   On the Merits, the District Court Correctly Ruled That Plaintiff Did Not Plead a Breach of Contract Claim ...............24

C.   On the Merits, the District Court Correctly Ruled That Plaintiff Did Not Plead a Breach of Fiduciary Duty Claim......25

D.   On the Merits, the District Court Correctly Ruled That Plaintiff Did Not Plead a violation of 18 U.S.C. §1589A ........26

E.   On the Merits, the District Court Correctly Ruled That the Remaining Statutory Claims Do Not Provide a Private Right of Action, which is Fatal to Plaintiff's Statutory Claims........................................................................27

CONCLUSION.................................................................................................28

CERTIFICATE OF COMPLIANCE....................................................................29

STATEMENT OF RELATED CASES .................................................................30

CERTIFICATE OF SERVICE .............................................................................31

iv

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahamed v. Navy Fed. Credit Union*,
No. 23-cv-1726-BAS-BLM, 2024 WL 1361899 (S.D. Cal. Mar.
29, 2024) ...................................................................................................27

*Bankers Tr. Co. v. Mallis*,
435 U.S. 381 (1978) .......................................................................14, 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................23

*Benavidez v. Cty. of San Diego*,
993 F.3d 1134 (9th Cir. 2021) .................................................................12

*Bias v. Moynihan*,
508 F.3d 1212 (9th Cir. 2007) .................................................................11

*Bowles v. Russell*,
551 U.S. 205 (2007) ..................................................................................19

*Browder v. Dir., Dep't of Corr.*,
434 U.S. 257 (1978) ..................................................................................19

*Carvel v. Franchise Stores Realty Corp.*,
No. 08 Civ. 8938(JGK), 2009 WL 4333652 (S.D.N.Y. 2009) .................27

*Casey v. Albertson's Inc*,
362 F.3d 1254 (9th Cir. 2004) ................................................14, 17, 18

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) .................................................................23

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002) .................................................................11

*Cleveland v. Xiong*,
2023 WL 2354817 (E.D.Cal., 2023) ........................................................27

*Compton v. Pavone*,
No. 21-931, 2022 WL 1039966 (2d Cir. Apr. 7, 2022) ...........................27

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
911 F.2d 242 (9th Cir. 1990) ...................................................................23

36474882.v4

*Delange v. Dutra Const. Co.*,
   183 F.3d 916 (9th Cir. 1999) .................................................................11

*Delta Forensic Eng'g, Inc. v. Delta V Biomechanics, Inc.*,
   No. 18-CV-2780 DDP, 2021 WL 243323 (C.D. Cal. Jan. 22, 2021)................17

*Dubai Islamic Bank v. Citibank, N.A.*,
   126 F. Supp. 2d 659 (S.D.N.Y. 2000) ....................................................27

*Easley v. Collection Serv. of Nevada*,
   910 F.3d 1286 (9th Cir. 2018) ...............................................................11

*Evans v. Synopsys, Inc.*,
   34 F.4d 762, 777 (9th Cir 2022) ............................................................19

*FPI Dev., Inc. v. Nakashima*,
   231 Cal. App. 3d 367, 383 (Ct. App. 1991) ....................................10, 24

*Gompper v. VISX, Inc.*,
   298 F.3d 893 (9th Cir. 2002) ................................................................23

*Green v. Pryce*,
   No. 15-CV-3527 MKB, 2015 WL 4069176 (E.D.N.Y. July 1,
   2015) ...................................................................................................10

*U.S. ex rel. Haight v. Cath. Healthcare W.*,
   602 F.3d 949 (9th Cir. 2010) ................................................................19

*AE ex rel. Hernandez v. County of Tulare*,
   666 F.3d 631 (9th Cir. 2012) ................................................................12

*Jewel v. Nat'l Sec. Agency*,
   673 F.3d 902 (9th Cir. 2011) ................................................................12

*Johnson v. Wennes*,
   No. 08CV1798-L(JMA), 2009 WL 1228500 (S.D. Cal. May 5,
   2009) ...................................................................................................24

*JOSHUA BATISTA, Plaintiff, v. AT&T INC., Defendant.*,
   No. 24-CV-8503 (JXN)(MAH), 2025 WL 1693893 (D.N.J. June
   17, 2025) ..............................................................................................26

*Kirkland v. Legion Ins. Co.*,
   343 F.3d 1135 (9th Cir. 2003) ..............................................................16

*Missouri ex rel. Koster v. Harris*,
   847 F.3d 646 (9th Cir. 2017) ................................................................12

vi

*Lawson v. Citicorp Tr. Bank*,
   576 F. App'x 696 (9th Cir. 2014)..............................................................2

*Lawson v. CitiCorp Tr. Bank, FSB*,
   No. 2:11-CV-01163 KJM, 2011 WL 3439223 (E.D. Cal. Aug. 5,
   2011) ...........................................................................................................2

*Marvin v. Capital One*,
   No. 1:15-cv-1310, 2016 WL 4548382 (W.D. Mich. Aug. 16, 2016)...........10, 25

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
   521 F.3d 1097 (9th Cir. 2008) ................................................................22

*Munden v. Ultra-Alaska Assocs.*,
   849 F.2d 383 (9th Cir. 1988) ..................................................................19

*Naruto v. Slater*,
   888 F.3d 418 (9th Cir. 2018) ..................................................................21

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
   231 Cal. App. 3d 1089 (Ct. App. 1991).........................................10, 25

*Pena v. Meeker*,
   298 F. App'x 562 (9th Cir. 2008)............................................................19

*Radio Television Espanola S.A. v. New World Ent., Ltd.*,
   183 F.3d 922 (9th Cir. 1999) ...........................................................14, 15

*Richman v. Hartley*,
   224 Cal. App. 4th 1182 (2014) ...............................................................23

*Shetty v. Lewis*,
   No. 16-CV-03112-BLF, 2016 WL 6462068 (N.D. Cal. Nov. 1,
   2016) .........................................................................................................27

*Smith v. Pac. Props. & Dev. Corp.*,
   358 F.3d 1097 (9th Cir. 2004) ................................................................23

*Sykes v. Rios*,
   No. 1:24-CV-01401-HBK (PC), 2024 WL 5293769 (E.D. Cal.
   Dec. 4, 2024)............................................................................................21

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ................................................................12

vii

*Vachon v. Reverse Mortg. Sols., Inc.*,
    No. EDCV1602419DMGKES, 2017 WL 6628103 (C.D. Cal. Aug.
    11, 2017), report and recommendation adopted,
    No. 516CV02419DMGKES, 2017 WL 6626649 (C.D. Cal. Dec.
    28, 2017) ........................................................................................2

*Vogel v. Harbor Plaza Ctr., LLC*,
    893 F.3d 1152 (9th Cir. 2018) ......................................................11

*In re Walters*,
    No. 14-10119 (SMB), 2015 WL 3935237 (Bankr. S.D.N.Y. June
    25, 2015) ......................................................................................25

*Webb v. Trader Joe's Co.*,
    999 F.3d 1196 (9th Cir. 2021) ......................................................12

*Whitaker v. Garcetti*,
    486 F.3d 572 (9th Cir. 2007) ..................................................17, 18

*Wilson v. Tahbazof*,
    No. 23-cv-05624-KAW, 2023 WL 9233486 (N.D. Cal. Dec. 20,
    2023) ............................................................................................27

## Statutes

12 U.S.C. § 504 ...............................................................................3, 6, 26

18 U.S.C. § 1348 .............................................................................3, 7, 26

18 U.S.C. § 1581 .............................................................................3, 7, 27

18 U.S.C. § 1583 ..................................................................................3, 7

18 U.S.C. § 1584 .............................................................................3, 7, 27

18 U.S.C. § 1589 ..................................................................................3, 7

18 U.S.C. § 1589A ..................................................................................25

18 U.S.C. § 1593A ............................................................................*passim*

18 U.S.C. § 1956 .............................................................................3, 7, 26

18 U.S.C. § 2314 .............................................................................3, 7, 26

28 U.S.C. § 1291 ......................................................................................4

36474882.v4

## Rules

Fed. R. App. P. 4 ........................................................................ *passim*

Fed. R. Civ. P. 3 ...............................................................................9, 19

Fed. R. Civ. P. 12(b)(6) ....................................................................4, 22

Fed. R. Civ. P. 58 ...................................................................... *passim*

Fed. R. Civ. P. 59(e) ...........................................................................19

Fed. R. Civ. P. 79(a) ...........................................................................14

Local Rule 7-18 .................................................................................19

Local Rule 14.10.5 .......................................................................14, 15

Local Rule 58-6 ......................................................................... *passim*

## Other Authorities

*Sovereign Citizens Movement*, The Southern Poverty Law Center,
   https://www.splcenter.org/resources/extremist-files/sovereign-
   citizens-movement/ ....................................................................1

## INTRODUCTION

Plaintiff describes himself as Brandon Joe Williams® ("Plaintiff") and purported to commence *pro se* litigation in the District Court, supposedly through his "agent," named Brandon Joe Williams. Plaintiff – whoever or whatever he is – claims that he has the right to repay his American Express credit card through self-created documents that in his cryptic and conspiratorial world are as good as or better than lawful money of the United States. The litigation is motivated by "sovereign citizen" ideology and is plainly frivolous.[1] The appeal should be dismissed for lack of appellate jurisdiction, or the District Court's dismissal of the case should be affirmed. (As explained at pages 13 to 22 below, appellate jurisdiction is lacking because the notice of appeal was filed one day late.)

Plaintiff alleges that Defendants American Express Company and American Express Kabbage, Inc. (collectively, "American Express") violated multiple statutes by refusing to accept illegitimate forms of payment (in the form of supposed "Documents" and "Parcels" not tied to anything of value) as payment

---

[1] Sovereign citizens are frequently involved in fraudulent financial schemes and attempt to obtain a personal financial benefit based on intentional misrepresentations of the law. They engage in debt-elimination scams, as Plaintiff does here, to claim that promissory notes are equivalent to cash and financial institutions owe this money back to them. *See Sovereign Citizens Movement*, The Southern Poverty Law Center, https://www.splcenter.org/resources/extremist-files/sovereign-citizens-movement/.

36474882.v4

towards the balances on his credit card accounts and loans. The District Court correctly found that Plaintiff asserted a frivolous "vapor money" theory, and thus correctly dismissed the litigation. Under this theory, Plaintiff and (sovereign citizens akin to Plaintiff) claim that the United States has been bankrupt since it went off the gold standard in 1933, and lenders, such as American Express, have been creating unenforceable debts by lending credit.[2] Courts uniformly reject this theory, and the District Court did the same here, correctly.

Plaintiff's claims stem from the belief that American Express violated state and federal laws when American Express refused to accept fanciful and illegitimate forms of payment on his American Express accounts. Plaintiff's claims are premised on the theory that: (i) Plaintiff is a "lender" that is able to create cash; (ii) Plaintiff sent documents – not tied to anything of value – to

---

[2] *See, e.g., Lawson v. CitiCorp Tr. Bank, FSB*, No. 2:11-CV-01163 KJM, 2011 WL 3439223, at *4 (E.D. Cal. Aug. 5, 2011), subsequently aff'd sub nom. *Lawson v. Citicorp Tr. Bank*, 576 F. App'x 696 (9th Cir. 2014) (citations omitted) (rejecting the vapor money theory as central to nearly all of the plaintiff's claims and stating that "the vapor money theory has been thoroughly rejected by district courts in California as legally unsupported-even 'frivolous'-and not sufficient to support claims for relief such as the ones forwarded by plaintiff"); *see also Vachon v. Reverse Mortg. Sols., Inc.*, No. EDCV1602419DMGKES, 2017 WL 6628103, at *5 (C.D. Cal. Aug. 11, 2017), report and recommendation adopted, No. 516CV02419DMGKES, 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017) (collecting cases and stating that a variation of the vapor money theory contends that "that promissory notes . . . are the equivalent of 'money' that citizens literally 'create' with their signatures").

2

American Express as payment for his American Express accounts; and (iii) American Express acted wrongly for not accepting these illegitimate forms of payment. Plaintiff goes as far to say that American Express's refusal to accept illegitimate forms of payment amounts to peonage, enticement into slavery, sale into involuntary servitude, and forced labor.

Based on the foregoing allegations, the Complaint asserted eleven claims for relief: (1) breach of contract; (2) breach of fiduciary duties; (3) violation of the Federal Reserve Act, 12 U.S.C. § 504; (4) laundering of monetary instruments, 18 U.S.C. § 1956; (5) transportation of stolen securities, 18 U.S.C. § 2314; (6) securities and commodities fraud, 18 U.S.C. § 1348; (7) peonage, 18 U.S.C. § 1581; (8) enticement into slavery, 18 U.S.C. § 1583; (9) sale into involuntary servitude, 18 U.S.C. § 1584; (10) forced labor, 18 U.S.C. § 1589; and (11) benefitting financially from peonage, slavery, and trafficking in persons, 18 U.S.C. § 1593A. All of these theories were properly rejected below.

Of the above eleven theories pleaded below, only "debt slavery (peonage)" is referenced in the Informal Opening Brief on appeal. Accordingly, the other theories presented in the District Court are forfeited here. Regarding the Informal Opening Brief's discussion of the Uniform Commercial Code, this was not pleaded as a distinct claim in the District Court, and so the claim is waived and cannot even be considered here. Plaintiff's other theories as presented in the Informal Opening

3

Brief are likewise either waived or are frivolous.

This case is straightforward: Use of a credit card results in money being advanced for the benefit of the credit card borrower. That debt must be repaid with lawful money, not with self-created and worthless documents created by the debtor himself. This Court should swiftly reject Plaintiff's conspiratorial and frivolous arguments to the contrary.

## JURISDICTIONAL STATEMENT

American Express disputes that this Court has jurisdiction over this appeal under 28 U.S.C. § 1291. The MTD Order, entered on July 10, 2024, granted American Express's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ER-95.) Plaintiff filed a Motion for Reconsideration on July 13, 2024, (ER-70) which the District Court denied on August 2, 2024 (the "August Order"). (ER-95.) Pursuant to Rules 4(a)(1)(A) and 4(a)(4)(A) of the Federal Rules of Appellate Procedure, Plaintiff had 30 days from the August Order, which was September 3, 2024, (extended to this date because the 30th day fell on the Sunday of Labor Day weekend) to file a notice of appeal. However, Plaintiff filed his Notice of Appeal a day late, on September 4, 2024. (ER-171.) None of Plaintiff's intervening frivolous filings extended the September 3, 2024, deadline. (ER-6, ER-11, ER-14.) The appeal is jurisdictionally barred for untimeliness.

## ISSUES PRESENTED

1.     Whether Plaintiff's Notice of Appeal was untimely.

2.     Whether a Plaintiff that is self-described as a registered trademark has capacity to pursue federal litigation at all.

3.     Whether the District Court correctly granted American Express's motion to dismiss the entire complaint without leave to amend.

## STATEMENT OF THE CASE

### I.    Statement of Relevant Facts

On or around June 2022, Plaintiff opened two American Express credit card accounts and two Kabbage loan plan accounts (the "Accounts"), and thus American Express extended credit to Plaintiff in the form of two credit card accounts and two loans. (ER-154, ¶¶ 10-13.) In the Complaint, Plaintiff claims to have the power to create currency. (ER-156, ¶¶ 44-45; 49-51.) After making charges to the Accounts, Plaintiff sent three documents – not tied to anything of value – to American Express "to pay the entire amounts of all the above accounts." (ER-156, ¶ 52.) In other words, Plaintiff alleges that the Documents[3] are the equivalent of cash, which he then used to pay for the extension of credit on the Accounts.

_____

[3] "Documents" shall refer to three documents Plaintiff purportedly sent to American Express on or around June 2022. Plaintiff defines these three documents as "conditional acceptance[s]", "bill[s] of exchange", "promissory note[s]," "negotiable instrument[s]," "collateral securities," "Federal Reserve Notes," and "blank indorsements." (*See, e.g.,* ER-155—ER-156, ¶¶ 28, 31, 33, 41, 48.)

5

On or around January 2023, Plaintiff purportedly sent another document to American Express instructing it to apply the Documents as payment for the Accounts. (ER-156, 1 ¶ 56.) On or around June and July 2023, Plaintiff sent American Express three additional documents– not tied to anything of value – to American Express. (ER-156, ¶¶ 57-67.) In the Parcels[4], Plaintiff instructs American Express to apply the Parcels for payment on the Accounts. (ER-157, ¶ 68.) Plaintiff claims that the Parcels are the equivalent of "U.S. dollars." (ER-158, ¶ 72.) Sometime afterwards, American Express closed the Accounts. (ER-159, ¶ 89.)

Fundamentally, Plaintiff alleges that he sent money to American Express in the form of the Documents, which he asserts are the equivalent of cash. (ER-156, ¶¶ 50, 52.) American Express then extended credit to Plaintiff, which Plaintiff believes he already paid for with the Documents. (ER-166, ¶ 148.) Plaintiff then sent the Parcels, believing that American Express would accept them as payment since the Parcels contain special indorsements. (ER-156, ¶¶ 57-72.) In sum, Plaintiff claims that American Express violated state and federal law in not accepting the Documents (or the Parcels) for payment on the Accounts.

Based on these allegations, Plaintiff brought the following causes of action

---

[4] "Parcels" shall refer to the three documents Plaintiff purportedly sent to American Express on or around June and July 2023. (ER-156, ¶ 57-67.)

against American Express in connection the Accounts: (i) breach of contract; (ii) breach of fiduciary duty; (iii) violation of the Federal Reserve Act, 12 U.S.C. § 504; (iv) laundering of money instruments, 18 U.S.C. § 1956; (v) transportation of stolen securities, 18 U.S.C. § 2314; (vi) securities and commodities fraud, 18 U.S.C. § 1348; (vii) peonage, 18 U.S.C. § 1581; (viii) enticement into slavery, 18 U.S.C. § 1583; (ix) sale into involuntary servitude, 18 U.S.C. § 1584; (x) forced labor, 18 U.S.C. § 1589; and (xi) benefitting financially from peonage, slavery, and trafficking of persons, 18 U.S.C. § 1593A. (ER-152.)  In Plaintiff's Notice of Appeal, of the claims brought before the District Court, Plaintiff only addresses his claim for peonage, therefore, any argument on the remaining claims are forfeited.

## II.    Proceedings Below

On February 16, 2024, Plaintiff filed a Complaint against American Express. (ER-152.)  On July 10, 2024, the District Court correctly issued the July Order granting American Express' Motion to Dismiss and denied Plaintiff's Motion to Amend Complaint on futility grounds.  (ER-95.)

On July 13, 2024, Plaintiff filed a Motion for Reconsideration of the July Order. (ER-77.)  Plaintiff additionally objected to the July Order in support of his Motion for Reconsideration.  (ER-82.)

On August 2, 2024, the Court correctly issued the August Order denying Plaintiff's request for reconsideration.  (ER-50.)  Plaintiff thereafter attempted to

7

file a Motion to Enter Final Judgment pursuant to Rule 58 of the Federal Rules of

Civil Procedure on August 24, 2024, which concerned frivolous arguments about

the District Court judge's signatures on the July and August Orders. (ER-11.) In

response, the District Court issued an order striking the Motion to Enter Final

Judgment as follows:

> This case was closed and judgment was entered on 7/10/24; see Order at
> Docket No. 30. An Order denying Plaintiff's Motion for Reconsideration was
> filed on 8/2/24; see Order at Docket No. 36. IT IS HEREBY ORDERED that
> [Plaintiff's Motion to Enter Final Judgment (Docket No. 38)] shall be stricken
> from the record and shall not be considered by the Court[.]

(ER-10.) The District Court also issued an order striking Plaintiff's objection filed on

August 28, 2024 (ER-6) because "Plaintiff's continued arguments that judgment has not

been entered are groundless." (ER-5.) On September 4, 2024, Plaintiff filed a Notice of

Appeal. (ER-171.)

## SUMMARY OF THE ARGUMENT

I.  **THE NOTICE OF APPEAL WAS UNTIMELY AND THIS COURT
    DOES NOT HAVE JURISDICTION**

The District Court properly entered final judgment in its MTD Order, which

triggered Plaintiff's time to file his Notice of Appeal. The MTD Order satisfied

Federal Rule of Civil Procedure 58 because the Central District of California Local

Rule ("Local Rule") 58-6 provides that the District Court judge may satisfy Rule

58 by ordering that a minute order constitutes entry of judgment, without filing a

separate document.  (ER-102.)  Pursuant to Local Rule 58-6, "[n]otation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to [Federal Rules of Civil Procedure] 58 and 79(a) unless specifically ordered by the judge."  The District Court properly followed Local Rule 58-6 in not issuing a separate document for its final entry of judgment, therefore, the MTD Order constitutes a final entry of judgment, starting with the countdown toward when a notice of appeal would be due.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides: "In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Because final judgment was properly entered on July 10, 2024, pursuant to Local Rule 58-6 and Federal Rule of Civil Procedure 58, Plaintiff had until 14 days after the MTD Order to file his motion for reconsideration, which he timely filed on July 13, 2024.  (ER-77.)  The District Court denied this motion on August 2, 2024.  (ER-50.)  Plaintiff filed a motion to enter final judgment on August 24, 2024, pursuant to Federal of Civil Procedure 58.  (ER-11.)  However, motions pursuant to Federal Rule of Civil Procedure 58 do not toll the deadline to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(A).  Therefore, the time for Plaintiff to file his Notice of Appeal began to run beginning on August 2, 2024, with Plaintiff's new deadline

9

falling on September 3, 2024. Plaintiff did not file his Notice of Appeal until September 4, 2024, therefore, it was untimely by one day.

## II.    THE DISTRICT COURT CORRECTLY DISMISSED PLAINTIFF'S CLAIMS WITHOUT LEAVE TO AMEND

If this Court reaches the merits, the District Court's order of dismissal should be affirmed.

First, the District Court rejected the theory upon Plaintiff's Complaint was based, finding that Plaintiff's action relied on a "vapor money theory," which in sum is based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender." *Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing *Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)). Second, the District Court properly dismissed Plaintiff's breach of contract claim and breach of fiduciary duty claim for failure to allege that American Express breached any provision of his agreements with American Express to support a claim for breach of contract and for failing to allege a fiduciary relationship, respectively. *See FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (Ct. App. 1991) (stating the terms must be set out verbatim in the body of the complaint or a written contract

10

must be attached); *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1097 (Ct. App. 1991) ("a financial institution owes no duty of care to a borrower when the institution's involvement does not exceed the scope of its conventional role as a mere lender of money. Third, Plaintiff's claim under 18 U.S.C. § 1593A, fails to state a claim because American Express did not financially benefit, as required under the statute, from Plaintiff's Documents or Parcels because they are not tied to anything of value. Fourth, Plaintiff's remaining statutory claims fail because Plaintiff does not have a private right of action under these statutes.

## STANDARD OF REVIEW

"The rulings of the district courts regarding local rules are reviewed for abuse of discretion." *Easley v. Collection Serv. of Nevada*, 910 F.3d 1286, 1289 (9th Cir. 2018) (internal quotation marks and citation omitted). Ordinarily, broad deference is owed to the district court's interpretation of its local rules. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("district court has considerable latitude in … enforcing local rules"); *Delange v. Dutra Const. Co.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) ("broad discretion in interpreting and applying their local rules"). However, where "the interpretive question is a purely legal one and the judges of the district court

36474882.v4

have been inconsistent in their interpretation of the rule, the amount of deference [owed] is diminished." *Vogel*, 893 F.3d at 1157.

The court reviews for abuse of discretion a district court's decision to dismiss a complaint with prejudice. *See Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021) ("We review for abuse of discretion a district court's dismissal with prejudice and without leave to amend."); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (same). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Missouri ex rel. Koster*, 847 F.3d at 655–56; *see also Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## ARGUMENT

## I.    THIS COURT DOES NOT HAVE JURISDICTION

As amply demonstrated below, the District Court followed Local Rule 58-6, which allowed the District Court to properly enter judgment on July 10, 2024.

12

Plaintiff's Notice of Appeal was untimely because it was not submitted until 30 days after the ruling was entered on his subsequent motion for reconsideration. As a result, Plaintiff's Notice of Appeal was untimely and there is no appellate jurisdiction.

### A. District Court's Application of Local Rule 58-6 Satisfies Federal Rule of Civil Procedure 58

This Court has directed American Express to address whether the District Court's application of Local Rule 58-6, as cited in the District Court's July 10, 2024 order, satisfies the separate document requirement of Federal Rule of Civil Procedure 58. (ECF No. 10.) Pursuant to Local Rule 58-6, "[n]otation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to [Federal Rules of Civil Procedure] 58 and 79(a) unless specifically ordered by the judge." For the reasons stated below, the District Court properly entered judgment in its July 10, 2024 Order. (ER-95.)

### B. The District Court Complied with Local Rule 58-6 and Satisfied Federal Rule of Civil Procedure 58

Federal Rule of Civil Procedure 58 provides "[e]very judgment and amended judgment must be set forth on a separate document." Fed. R. Civ. P. 58(a)(1). "The sole purpose of the separate-document requirement, which was

added to Rule 58 in 1963, was to clarify when the time for appeal . . . begins to run." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978). "[N]either the Supreme Court nor this court views satisfaction of Rule 58 as a prerequisite to appeal. A ruling is final . . . if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Casey v. Albertson's Inc*, 362 F.3d 1254, 1258 (9th Cir. 2004) (citations and internal quotation marks omitted). A mechanical application of Rule 58 is not required when the parties and the judge have all indicated that they treat a district court entry as a final, separate judgment. *Casey*, 362 F.3d at 1259.

This Court reviewed a similar issue as to the one now before this Court in *Radio Television Espanola S.A. v. New World Ent., Ltd.*, when the District Court's Local Rule 58-6 was previously enumerated under Local Rule 14.10.5[5] but contained the exact same language as the current Local Rule 58-6. 183 F.3d 922 (9th Cir. 1999). Therefore, Local Rule 14.10.5 should be read as synonymous with the current Local Rule 58-6. In *Radio Television*, this Court stated that the "the Local Rule [14.10.5] is a clarification of Rule 58 and furthers the separate

---

[5] Central District of California Local Rule 14.10.5 states: "**ENTRY OF JUDGMENT—MEMORANDUM OF DECISION, OPINION, MINUTE ORDER**—Notation in the civil docket of entry of a memorandum of decision, an opinion of the Court, or a minute order of the Clerk shall not constitute entry of judgment pursuant to F.R.Civ.P. 58 and 79(a) unless specifically ordered by the judge."

14

document requirement by stating that memorandums of decision, opinions, and minute orders will not satisfy the requirements of Rule 58, even when entered into the civil docket" and noting that the local rule provided an exception, if the judge specifically and affirmatively orders the civil docket shall constitute entry of judgment. *Id.* at 930. This Court, when reviewing the language of Local Rule 14.10.5, interpreted the Rule to mean "the clerk's act of entering a minute order-even a minute order that would satisfy the separate document requirement-can not effect an entry of judgment unless the district court judge specifically orders it to be so." *Id.* at 930. In determining if the district court properly entered judgment under the exception provided in Local Rule 14.10.5, this Court looked to the facts of the case to determine if there was an "entry of judgment." *Id.* This Court found that there was no entry of judgment when the district court judge did not write any language upon the minute order which would indicate he was ordering that the notation in the docket would constitute entry of judgment and the judge did not execute a separate document to order that the notation on the docket of minute order constituted entry of judgment. *Id.* at 931. Further, the clerk's minute order only stated "IT IS SO ORDERED" and only indicated that summary judgment was ordered but did not notate in the civil docket that the notation constituted entry of judgment. *Id.* Additionally, the clerk's minute order did not state whether the judge specifically ordered the minute order to be entered as judgment. *Id.* at 932.

15

As a result, this Court found that there was no entry of judgment because the minute order did not satisfy the requirements of Local Rule 14.10.5. *Id.*

In contrast, the District Court in this matter satisfied the requirements of Rule 58-6. In its Order on dismissal of Plaintiff's claims without leave to amend, the District Court expressly stated that "[t]his Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58." (ER-102.) Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment." (ER-102.) The District Court properly complied with the exception to the separate document requirement as stated in Local Rule 58-6 because the District Court's Order specifically directed that the Clerk treat the Order as an entry of judgment (ER-102) and, in compliance with the district judge's order, the docket entry states "MINUTES (IN CHAMBERS) ORDER RE: DEFENDANTS' MOTIONS TO DISMISS" and "ENTRY OF JUDGMENT by Judge Michael W. Fitzgerald." (ER-256.) Accordingly, this Court should find that the District Court complied with Local Rule 58-6, which enumerates an exception to the separate document requirement of Federal Rule of Civil Procedure 58.

Further, even without the District Court's compliance with the carve out enumerated in Local Rule 58-6, it is clear that the MTD Order was clearly intended to be a final judgment—and was understood to be a final judgment—even if no

16

separate document was entered indicating final judgment. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1139-40 (9th Cir. 2003) (holding that a district court settlement order that effectively ended the litigation on the merits was a final, appealable order despite the absence of entry of a separate judgment). "[W]here judgment has not been set forth in a separate document under Rule 58, the Ninth Circuit will look to whether the ruling "(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Delta Forensic Eng'g, Inc. v. Delta V Biomechanics, Inc.*, No. 18-CV-2780 DDP (AFMX), 2021 WL 243323, at *3 (C.D. Cal. Jan. 22, 2021) (citing *Casey*, 362 F.3d at 1258). The District Court was clear that in its MTD Order that the MTD Order shall constitute a notice of entry of judgment (ER-102) and the entry on the docket expressly indicated that the order was an entry of judgment. (ER-256.) Additionally, after Plaintiff filed a Motion to Enter Final Judgment (ER-11), the District Court entered an order striking the filed documents from the record. (ER-10.) In its order, the District Court again stated that "[t]his case was closed and judgment entered on 7/10/2024." (ER-10.) Further the docket entry noted that the case was terminated as a result of the final judgment. (ER-256.)

17

### C. Even if the District Court did not Comply with Local Rule 58-6, Plaintiff Waived the Separate Document Requirement

Plaintiff appealed to this Court as if the District Court's Order of dismissal and entry of judgment were a final judgment, therefore, the Plaintiff waived the separate document requirement. *See, e.g., Whitaker v. Garcetti*, 486 F.3d 572, 580 (9th Cir. 2007) (holding that when Plaintiff appealed the district court's order as if the order were a final judgment, Plaintiff waived the Federal Rule of Civil Procedure 58 requirement for separate judgment). If the parties treat a fully dispositive order as if it were a final judgment, the requirement that the judgment be set forth on a separate document may be waived. *Casey*, 362 F.3d at 1256 (citing *Bankers Tr.*, 435 U.S. at 382). Plaintiff cannot dispute that his appeal to this Court is as if the MTD Order is a final judgment. Regardless that Plaintiff now contends that the final judgment was "personally confusing" (ECF No. 3.1), in his motion for reconsideration, Plaintiff acknowledged that the MTD Order "dismissed Plaintiff's complaint" and, in his objection to the District Court's order he stated that "the case was improperly dismissed and should never have been closed." ((ER-16.) Taken together, Plaintiff cannot now state that at the time of filing both documents, he did not understand that the MTD Order was a final judgment. Further, even if Plaintiff disputed the finality of the MTD Order, Plaintiff appeals to this Court now as if the order were a final judgment, therefore,

18

Plaintiff has waived the requirement for a separate document. *See Whitaker*, 486 F.3d at 580 (finding the separate judgment requirement of Federal Rule of Civil Procedure 58 was waived even when the parties disputed the final nature of the order before the district court because the parties appealed as if the order were a final judgment).

**D. This Court Does Not Have Jurisdiction Over This Matter Because Plaintiff Failed to Timely File His Notice of Appeal**

"The requirement of a timely notice of appeal is mandatory and jurisdictional." *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988) (citing to *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978)). Because a timely notice of appeal is a prerequisite for jurisdiction, "[a] would-be appellant's 'failure to file his notice of appeal in accordance with the statute therefore deprive[s] the Court of Appeals of jurisdiction.'" *U.S. ex rel. Haight v. Cath. Healthcare W.*, 602 F.3d 949, 953 (9th Cir. 2010) (quoting *Bowles v. Russell*, 551 U.S. 205, 213 (2007)); *see also Evans v. Synopsys, Inc.*, 34 F.4d 762, 777 (9th Cir 2022).

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides: "In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Under Federal Rule of Civil Procedure 4(a)(4), only a limited set of motions will toll the

time in which to file a notice of appeal, including a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  *Pena v. Meeker*, 298 F. App'x 562, 563 (9th Cir. 2008).  Pursuant to Local Rule 7-18, a motion for reconsideration "must be filed no later than 14 days after entry of the Order that is the subject of the motion or application."  If the motion is timely filed, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(A)(iv).

Because final judgment was properly entered on July 10, 2024, pursuant to Local Rule 58-6 and Federal Rule of Civil Procedure 58, Plaintiff had until 14 days after the MTD Order to file his motion for reconsideration, which he timely filed on July 13, 2024.  (ER-77.)  The District Court denied this motion on August 2, 2024.  (ER-50.)  Plaintiff filed a motion to enter final judgment on August 24, 2024, pursuant to Federal of Civil Procedure 58, which was stricken.   (ER-11.) Further, Local Rule 58-6 does not apply to motions brought pursuant to Federal Rule of Civil Procedure 58, and these motions do not toll the deadline to file a notice of appeal.  *See* Fed. R. App. P. 4(a)(4)(A).  Therefore, the time for Plaintiff to file his Notice of Appeal began to run beginning on August 2, 2024.

Because Plaintiff's deadline was 30 days from August 2, 2024; the date fell on the weekend; and due to the Labor Day holiday on Monday, September 2, 2024 (which extended Plaintiff's filing deadline to the next day), Plaintiff's deadline to

file his Notice of Appeal was September 3, 2024.  Therefore, Plaintiff's filing of

his Notice of Appeal on September 4, 2024, was untimely.

>    **E.      Plaintiff Cannot Purport to be a Trademark and Simultaneously
>             Initiate a Lawsuit or File an Appeal**

Additionally, jurisdiction is lacking because the named plaintiff-appellant

purports to be just a registered trademark, rather than a human being or other

recognized legal entity with the right to sue and be sued.  Papers on behalf of the

trademark purportedly are filed by Brandon Joe Williams (a natural person) as the

agent of the trademark.  But Brandon Joe Williams (the human being) studiously

avoids describing himself as a plaintiff or appellant.  This formalistic attempt to

split the individual into one entity that can sue, but that cannot be effectively sued

or sanction in response to the pursuit of frivolous litigation, is another hallmark of

frivolous sovereign citizen litigation.  *See Sykes v. Rios*, No. 1:24-CV-01401-HBK

(PC), 2024 WL 5293769, at \*1 (E.D. Cal. Dec. 4, 2024) ("concepts embraced by

the sovereign citizen conspiracy theory . . . generally refutes the legitimacy of

government institutions and believes that a 'straw man' is created for each citizen,

separate and apart from their natural person, as part of a secret government

takeover").  Regardless, the actual thing that presently claims to be the party in suit

– a trademark – lacks capacity to sue at all and thus cannot pursue an appeal either.

Appellate jurisdiction is lacking for this reason as well: no appellant with capacity

to pursue an appeal is before this Court. Appellant cites to no authority wherein Congress under the relevant trademark statutes has authorized a trademark itself (as opposed to a trademark owner) to be a plaintiff in litigation or an appellant in an appellate proceeding. The appeal should be rejected for this independent basis. *See Naruto v. Slater*, 888 F.3d 418, 426 (9th Cir. 2018) (monkey lacks statutory standing to pursue copyright claim, due to absence of express Congressional authorization). Those engaged in fanciful "straw man" type legerdemain should be barred from pursuing claims in federal court.

## II.   THE DISTRICT COURT CORRECTLY GRANTED AMERICAN EXPRESS'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND

As it is difficult to determine which claims Plaintiff is specifically appealing the District Court's dismissal, American Express will address all claims dismissed in the MTD Order. However, Plaintiff does not specifically mention any of the claims in the Notice of Appeal, other than his claim for peonage. Therefore, all of his arguments are forfeited, with the exception of that claim. Additionally, to the extent that Plaintiff is also appealing the motion for reconsideration, in which Plaintiff brought no newly discovered evidence or viable arguments to change the outcome on the District Court's in the MTD Order, American Express addresses this issue simultaneously below.

### A.   Standard of Review

The Ninth Circuit reviews de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008).  "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d at 1104.  "A complaint that alleges only 'labels and conclusions' or a 'formulaic recitation of the elements of the cause of action" will not survive dismissal.'" *Cervantes*, 656 F.3d at 1040 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The district court's denial of leave to amend the complaint is reviewed for an abuse of discretion.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).  Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.  *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The Ninth Circuit reviews a denial of a motion for reconsideration for abuse of discretion.  *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).  "Whether such a denial rests on an inaccurate view of the law and is

therefore an abuse of discretion requires us to review the underlying legal

determination de novo." *Id.* (citations omitted).

### B. On the Merits, the District Court Correctly Ruled That Plaintiff Did Not Plead a Breach of Contract Claim

A claim for breach of contract requires the following elements: (i) the

existence of a contract; (ii) that the plaintiff performed its contractual obligations;

(iii) that the defendant breached a contractual provision; and (iv) that the

defendant's breach caused plaintiff to incur damages. *Richman v. Hartley*, 224

Cal. App. 4th 1182, 1186 (2014). If an action is based on an alleged breach of a

written contract, the terms must be set out verbatim in the body of the complaint,

or a written contract must be attached to the complaint and incorporated by

reference. *See FPI Dev.*, 231 Cal. App. 3d at 383.

Plaintiff failed to allege that American Express breached any specific

provision of any agreements with American Express. Additionally, Plaintiff failed

to attach any agreement to the complaint. Even if Plaintiff attached one of the

agreements to the complaint or referenced any of the provisions allegedly

breached, Plaintiff's breach of contract claim stems from a theory that American

Express should have accepted the Documents or Parcels as payments for the

Accounts. This theory has been rejected by numerous federal courts. *See*, *e.g.*,

*Johnson v. Wennes*, No. 08CV1798-L(JMA), 2009 WL 1228500, at *3 (S.D. Cal.

May 5, 2009) (district court dismissed claims relying on premise that mortgage was paid with promissory note); *Marvin v. Cap. One*, No. 1:15-CV-1310, 2016 WL 4548382, at \*4-6 (W.D. Mich. Aug. 16, 2016) (court dismissed *pro se* plaintiff's claims premised on theory that he paid his credit card debt with papers he called "promissory notes," that were not tied to anything of value, because such a theory is "nonsense"); *In re Walters*, No. 14-10119 (SMB), 2015 WL 3935237, at \*3 (Bankr. S.D.N.Y. June 25, 2015) (documents called "promissory notes" claiming to have value on their face are not legal tender). Plaintiff's argument that the Uniform Commercial Code governs "indorsements of negotiable instruments" is not supported by law and Plaintiff does not point to any authority supporting this proposition. (ER-78.) This is merely the same legal theory in different packaging, still unfounded in law, and the District Court correctly denied Plaintiff's Motion for Reconsideration as Plaintiff's filings were based on this premise. (ER-50— ER_50.)

### C. On the Merits, the District Court Correctly Ruled That Plaintiff Did Not Plead a Breach of Fiduciary Duty Claim

There can be no claim for a breach of fiduciary duty absent a fiduciary relationship. *Nymark*, 231 Cal. App. 3d 1089, 1097 (Ct. App. 1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement does not exceed the scope of its conventional role as a

36474882.v4

mere lender of money."). *Id.* at 1097. Here, Plaintiff's complaint is absent an allegation that American Express owed a fiduciary duty to Plaintiff. Therefore, the District Court was proper in dismissing this claim.

**D.    On the Merits, the District Court Correctly Ruled That Plaintiff Did Not Plead a violation of 18 U.S.C. §1589A**

Plaintiff's claim under peonage, slavery, or trafficking, 18 U.S.C. § 1593A, that American Express benefitted financially by keeping the Documents is without merit as American Express did not financially benefit from Plaintiff's Documents or Parcels because these items do not have monetary value. Under 18 U.S.C. § 1593A, the statute requires that the person engaging in a violation of this statute is someone who "knowingly benefits, financially or by receiving anything of value." Plaintiff failed to allege how American Express's could have possibly benefitted from Plaintiff's Documents or Parcels. Additionally, Plaintiff does not allege that American Express subjected him to a compulsory service or allege facts that are sufficient to establish that American Express committed a crime under this statute. *JOSHUA BATISTA, Plaintiff, v. AT&T INC., Defendant.*, No. 24-CV-8503 (JXN)(MAH), 2025 WL 1693893, at *12 (D.N.J. June 17, 2025) (dismissing a claim under 18 U.S.C. § 1593A when the plaintiff did not allege the type of compulsory service defendant subjected on plaintiff and the complaint lacked facts that were sufficient to show how defendant committed this crime).

26

**E.  On the Merits, the District Court Correctly Ruled That the Remaining Statutory Claims Do Not Provide a Private Right of Action, which is Fatal to Plaintiff's Statutory Claims**

Plaintiff's remaining claims are completely without merit and the district judge was correct in dismissing them as Plaintiff has no private right of action under any of the claims.  There is no private right of action under the Federal Reserve Act, 12 U.S.C. § 504.  *Ahamed v. Navy Fed. Credit Union*, No. 23-cv-1726-BAS-BLM, 2024 WL 1361899, at *4 (S.D. Cal. Mar. 29, 2024).  There is no private right of action under laundering of money instruments, 18 U.S.C. § 1956.  *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000).  There is no private right of action under transportation of stolen securities, 18 U.S.C. § 2314.  *Carvel v. Franchise Stores Realty Corp.*, No. 08 Civ. 8938(JGK), 2009 WL 4333652, at *11 (S.D.N.Y. 2009).  There is no private right of action under securities and commodities fraud, 18 U.S.C. § 1348.  *Wilson v. Tahbazof*, No. 23-cv-05624-KAW, 2023 WL 9233486, at *2 (N.D. Cal. Dec. 20, 2023).  There is no private right of action under sale into involuntary servitude, 18 U.S.C. § 1584.  *Cleveland v. Xiong*, 2023 WL 2354817, at 5 (E.D.Cal., 2023); *Compton v. Pavone*, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (no private right of action under federal criminal statutes, including Section 1584). There is no private right of action under peonage, 18 U.S.C. § 1581.  *Shetty v. Lewis*, No. 16-

CV-03112-BLF, 2016 WL 6462068, at *2 (N.D. Cal. Nov. 1, 2016).  As illustrated above, Plaintiff had no basis in law for bringing these claims and they were properly dismissed without leave to amend.

## CONCLUSION

American Express respectfully requests that the Court affirm the judgment for American Express.


DATED: July 30, 2025             Respectfully submitted,

                                 STEPTOE LLP
                                 STEPHEN J. NEWMAN
                                 BRIANNA M. BAUER
                                 JAZLYN R. CABULA

                                 By:   */s/ Stephen J. Newman*
                                          Stephen J. Newman

                                 Attorneys for Defendants-Appellees

## CERTIFICATE OF COMPLIANCE

1.      This brief contains 6,879 words and is in compliance with Fed. R.

App. P. 32(a)(7)(B). The brief's type size and typeface comply with Fed. R. App. P.

32(a)(5) and (6).

2.      I certify that this brief complies with the word limit of Cir. R. 32-1.

Dated: July 30, 2025

By:      */s/ Stephen J. Newman*
          Stephen J. Newman

29

## STATEMENT OF RELATED CASES

I certify that I am unaware of any related cases currently pending in this court.

Dated: July 30, 2025

By: _____*/s/ Stephen J. Newman*_____
Stephen J. Newman

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, a copy of the foregoing

**APPELLEES AMERICAN EXPRESS COMPANY AND AMERICAN**

**EXPRESS KABBAGE, INC.'S ANSWERING BRIEF** was filed electronically

through the court's CM/ECF System. Notice will automatically be electronically

mailed to the following individuals who are registered with the CM/ECF System

for this action:

Clerk USDC Los Angeles          cacd_appealfee@cacd.uscourts.gov


And, I hereby certify that on July 30, 2025, I caused to be served a true and

correct copy of **APPELLEES AMERICAN EXPRESS COMPANY AND**

**AMERICAN EXPRESS KABBAGE, INC.'S ANSWERING BRIEF** to the

following nonCM/ECF registered participants by U.S. Mail, postage prepaid, and

addressed to the following:

Brandon Joe Williams
P.O. Box 1962 Glendale
California 91209
Pro Se Appellant

_/s/ Stephen J. Newman_
Stephen J. Newman

31

36474882.v4