**No. 24-5426**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

BRANDON JOE WILLIAMS®,

Plaintiff–Appellant,

v.

AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC.,

Defendants–Appellees.

---

Appeal from the United States District Court
for the Central District of California
District Court Case No. 2:24-CV-01631-MWF-PVCx
The Hon. Michael W. Fitzgerald

---

**EXCERPTS OF RECORD**

**Volume 1 of 1**

---

STEPTOE LLP
STEPHEN J. NEWMAN
BRIANNA M. BAUER
JAZLYN R. CABULA
2029 Century Park East, Suite 980
Los Angeles, California 90067
(213) 439-9400

Attorneys for Defendants–Appellees
AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE, INC.

36474882.v2

# INDEX

**Page**

Minute Order Striking Plaintiff's Objection to Court Order,
Docket No. 41 (filed September 3, 2024)...……………………………………..5

Stricken Objections to Striking filed Documents,
Docket No. 40 (filed August 28, 2024) ……………………...…………….6

Order Striking Filed Documents from the Record,
Docket No. 39 (filed August 27, 2024)……………………………………..10

Stricken Notice of Motion and Motion for Judgment,
Docket No. 38 (filed August 24, 2024)………….………………………11

Objections to Order on Motion for Reconsideration,
Docket No. 37 (filed on August 7, 2024)…………………………………14

Minute Order Denying Plaintiff's Motion for Reconsideration,
Docket No. 36, (filed on August 2, 2024)…………………………..…….50

Response in Support of Motion for Reconsideration,
Docket No. 35 (filed on July 27, 2024)……………………………....….52

Opposition to Motion for Reconsideration,
Docket No. 34 (filed on July 22, 2024)……………………………..…….70

Motion for Reconsideration,
Docket No. 31 (filed July 13, 2024)……………….…..…………………77

Exhibit to Motion for Reconsideration,
Docket No. 31-1 (filed July 13, 2024)……………………..……...82

Minute Order on Defendant's Motion to Dismiss,
Docket No. 30 (filed on July 10, 2024)…………………………...……95

Reply in Support of Defendant's Motion to Dismiss,
Docket No. 26 (filed on April 29, 2024)………………………...……103

Response in Opposition to Defendant's Motion to Dismiss,
Docket No. 21 (filed on April 21, 2024)…………….…………………110

Revised Defendant's Notice of Motion and Motion to Dismiss,
Docket No. 16 (filed on April 4, 2024)…………….…………………...132

Complaint,
Docket No. 1 (filed on February 26, 2024)…………………….………152

Notice of Appeal,
Docket No. 42 (filed on September 4, 2024)……………………….…..171

Exhibit A to Notice of Appeal,
Docket No. 42-1 (filed on September 4, 2024)…………………….…...175

Exhibit B to Notice of Appeal,
Docket No. 42-2 (filed on September 4, 2024)…………………..….…180

Exhibit C to Notice of Appeal,
Docket No. 42-3 (filed on September 4, 2024)……………..……...…..188

Exhibit D to Notice of Appeal,
Docket No. 42-4 (filed on September 4, 2024)………………………...193

Exhibit E to Notice of Appeal,
Docket No. 42-5 (filed on September 4, 2024)………………………...206

Exhibit F to Notice of Appeal,
Docket No. 42-6 (filed on September 4, 2024)…………………....…...208

Exhibit G to Notice of Appeal,
Docket No. 42-7 (filed on September 4, 2024)……………………..…..244

Exhibit H to Notice of Appeal,
Docket No. 42-8 (filed on September 4, 2024)……………………..…...247

Exhibit I to Notice of Appeal,
Docket No. 42-9 (filed on September 4, 2024)………………....……...248

Exhibit J to Notice of Appeal,
Docket No. 42-10 (filed on September 4, 2024)………………………….252

District Court Docket Sheet…………………………………………253

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    **CV 24-1631-MWF(PVCx)**                    Date: September 3, 2024

Title    ***Brandon Joe Williams v. American Express Company, et al.***

Present: The Honorable:    MICHAEL W. FITZGERALD, United States District Judge

|  Rita Sanchez  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
Not Present                                                Not Present

**Proceedings:  (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER AND REQUEST TO REINSTATE PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT [40]**

The Court is in receipt of Plaintiff's Objection to the Court's Order Dated August 26, 2024 (the "Objection"), filed August 28, 2024.  (Docket No. 40). Plaintiff objects to the Court's Order (Docket No. 39) striking his Motion to Enter Final Judgment (Docket No. 38), and requests that his Motion to Enter Final Judgment be reinstated.

The Court **STRIKES** Plaintiff's Objection for the same reasons that the Motion to Enter Final Judgment was stricken.  Judgment was entered on **July 10, 2024**.  (Docket No. 30).  Plaintiff's Motion for Reconsideration (Docket No. 31) was denied on August 2, 2024.  (Docket No. 36).  Plaintiff's continued arguments that judgment has not been entered are groundless.

Any further filings regarding entry of judgment will be stricken without comment in this closed case.

IT IS SO ORDERED.

(6 of 259), Page 6 of 259    Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 6 of 259
Case 2:24-cv-01631-MWF-PVC    Document 40    Filed 08/28/24    Page 1 of 4    Page ID
#:431

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
### WESTERN DIVISION (LOS ANGELES)

## CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

|  |  |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br><br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

## OBJECTION TO THE COURT'S ORDER DATED August 26, 2024 (dkt. 39)

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, BRANDON JOE WILLIAMS®, hereby objects to the Court's Order dated August 26, 2024 (Dkt. 39), striking Plaintiff's Notice of Motion and Motion to Enter Final Judgment, and in support thereof states as follows:

1. **Court's July 10, 2024 Order (Dkt. 30) - Judgment vs. Final Judgment:**

   o The Court's Order dated July 10, 2024 (Dkt. 30) stated, "This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment."

   o While this language directed the Clerk to treat the order as an entry of judgment, it is important to note that this Order constituted a Judgment and not a Final

(7 of 259), Page 7 of 259    Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 7 of 259
Case 2:24-cv-01631-MWF-PVC    Document 40    Filed 08/28/24    Page 2 of 4   Page ID
#:432

Judgment. The Plaintiff specifically requested the entry of a Final Judgment to initiate an appeal.

o   The distinction between a Judgment and a Final Judgment is critical, as the latter is necessary to trigger the appeal process under the Federal Rules of Appellate Procedure. The Plaintiff's right to appeal hinges on the issuance of a Final Judgment, which has not been provided despite Plaintiff's request.

o   Additionally, the Plaintiff is confused by the recent Court's Order (Dkt. 39) which states, "This case was closed and judgment was entered on 7/10/2024." The Plaintiff believes that the Judge has erred in this statement, as not all matters were resolved, and thus a Final Judgment was neither entered on July 10, 2024, nor has it been entered on the docket subsequently.

o   The need for a Final Judgment before an appeal can be initiated is well established by the U.S. Supreme Court. In *Catlin v. United States*, the Court held that a "final decision" is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment (*Catlin v. United States*, 324 U.S. 229, 233 (1945)). Similarly, in *Firestone Tire & Rubber Co. v. Risjord*, the Court reinforced that an appeal generally cannot be taken until after a final judgment is entered, emphasizing that interlocutory orders are not typically appealable (*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

o   Additionally, the Supreme Court in *Digital Equipment Corp. v. Desktop Direct, Inc.* confirmed the importance of the final judgment rule in maintaining the efficiency of the judicial process and preventing piecemeal appeals (*Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

(8 of 259), Page 8 of 259    Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 8 of 259
Case 2:24-cv-01631-MWF-PVC    Document 40    Filed 08/28/24    Page 3 of 4    Page ID
#:433

2. **Federal Rule of Civil Procedure 58(a) - Separate Document Requirement:**

   o   Federal Rule of Civil Procedure 58(a) mandates that every judgment and amended judgment **must** be set out in a separate document, except for certain specified motions. The Order dated July 10, 2024, does not fall within any of the exceptions listed under Rule 58(a).

   o   Therefore, the Plaintiff believes that the rule's language makes it clear that the entry of judgment must be in a separate document, ensuring clarity and procedural correctness, especially in the context of initiating an appeal.

3. **Federal Rule of Civil Procedure 58(d) - Request for Entry:**

   o   Under Rule 58(d), a party may request that judgment be set out in a separate document as required by Rule 58(a). Exercising this right, Plaintiff filed a Notice and Motion to Enter Final Judgment, as the entry of Final Judgment by a separate document had not occurred.

   o   Plaintiff's filing was a rightful and procedurally appropriate action to secure the proper entry of Final Judgment, consistent with the Federal Rules of Civil Procedure, thereby safeguarding Plaintiff's right to appeal.

**RELIEF REQUESTED:**

Based on the foregoing, Plaintiff respectfully requests that this honorable court reverse the Court's Order dated August 26, 2024 (Dkt. 39), and allow the Plaintiff's filing at Docket 38 to remain on the docket as a viable filing. Additionally, Plaintiff requests that the Court reconsider its Order and permit the entry of a Final Judgment by a separate document in accordance with Federal Rule of Civil Procedure 58, ensuring the Plaintiff's ability to proceed with an appeal.

(9 of 259), Page 9 of 259    Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 9 of 259
Case 2:24-cv-01631-MWF-PVC    Document 40    Filed 08/28/24    Page 4 of 4    Page ID
#:434

August 28, 2024                          RESPECTFULLY SUBMITTED,


                                         BRANDON JOE WILLIAMS®


                                         BY: /s/ *Brandon Joe Williams*
                                         Brandon Joe Williams, Agent, Pro Se
                                         P.O. Box 1962
                                         Glendale, California 91209
                                         brandon@williamsandwilliamslawfirm.com

                                         (213) 309-7138

### Certificate of Service

        Plaintiff certifies that on August 28th, 2024, the foregoing *OBJECTION* was
filed with the Clerk of this Court via ECF.  I further certify that, as of the same
date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer                         Stephen J. Newman
STEPTOE LLP                              STEPTOE LLP
2029 Century Park East, 18th Floor       2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086               Los Angeles, CA 90067-3086
213-439-9400                             213-439-9400
bbauer@steptoe.com                       snewman@steptoe.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BRANDON JOE WILLIAMS,

                                              PLAINTIFF(S)

v.

AMERICAN EXPRESS COMPANY, et al.,

                                              DEFENDANT(S).

**CASE NUMBER**

CV 24-1631-MWF(PVCx)

**ORDER STRIKING FILED DOCUMENTS
FROM THE RECORD**

WHEREAS, the documents listed below are deficient for the following reason(s):

This case was closed and judgment was entered on 7/10/2024; see Order at Docket No. 30. An Order denying Plaintiff's Motion for Reconsideration was filed on 8/2/2024; see Order at Docket No. 36.

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by the Court:

| Document Entitled | Filed |
|---|---|
| Plaintiff's Notice of Motion and Motion to Enter Final Judgment | 08/24/2024 (DE 38) |

IT IS FURTHER ORDERED that the documents shall not be returned to the filing party; however, the Clerk shall note on the case docket that the documents are stricken from the record.

August 26, 2024
_____
Date

_____
United States District Judge

CV-80 (12/22)                    ORDER STRIKING FILED DOCUMENTS FROM THE RECORD

(11 of 259), Page 11 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 11 of 259
Case 2:24-cv-01631-MWF-PVC    Document 38    Filed 08/24/24    Page 1 of 3   Page ID
#:427

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

## CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

|  |  |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

## PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTER FINAL JUDGMENT

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Brandon Joe Williams, proceeding pro se, respectfully submits this *Motion to Enter Final Judgment* in accordance with Federal Rule of Civil Procedure 58. This Motion follows the Court's Orders dated July 10, 2024 (Docket No. 30), and August 2, 2024 (Docket No. 36), which granted Defendants' Motion to Dismiss and denied Plaintiff's Motion for Reconsideration. Notably, these Orders were entered without judicial signatures, raising concerns about their validity. Plaintiff has also filed Objections to these Orders on July 13, 2024 (Docket No. 31), and August 7, 2024 (Docket No. 37), respectively. To date, the Court has not addressed either of Plaintiff's Objections, further raising concerns about the integrity of the proceedings and due process. Plaintiff therefore moves for the entry of a final judgment to conclude this matter and to preserve all rights for potential appellate review.

**REQUEST FOR RELIEF:**

**WHEREFORE,** Plaintiff Brandon Joe Williams respectfully requests that this Honorable

Court grant the following relief:

1. **Entry of Final Judgment:** Enter final judgment in this case pursuant to Federal Rule of
   Civil Procedure 58, formally concluding the matter to allow for potential appellate
   review.

2. **Validation of Orders:** Provide clarification on the validity of the Orders dated July 10,
   2024 (Docket No. 30), and August 2, 2024 (Docket No. 36), particularly addressing the
   concern that these Orders were entered without judicial signatures, which raises questions
   about their legitimacy.

3. **Addressing Due Process Concerns:** Directly address the Plaintiff's Objections filed on
   July 13, 2024 (Docket No. 31), and August 7, 2024 (Docket No. 37), which have not yet
   been considered by the Court, thereby ensuring that Plaintiff's due process rights are fully
   respected.

4. **Any Further Relief:** Grant any further relief that the Court deems just and proper to
   ensure fairness and the integrity of the judicial process.

August 24, 2024                                    RESPECTFULLY SUBMITTED,

                                                   BRANDON JOE WILLIAMS®

                                                   BY: /s/ *Brandon Joe Williams*
                                                   Brandon Joe Williams, Agent, Pro Se
                                                   P.O. Box 1962
                                                   Glendale, California 91209
                                                   brandon@williamsandwilliamslawfirm.com

                                                   (213) 309-7138

## Certificate of Service

Plaintiff certifies that on August 24th, 2024, the foregoing *PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTER FINAL JUDGMENT* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

Stephen J. Newman
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
snewman@steptoe.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

### OBJECTION TO THE COURT'S ORDER DATED JULY 10 and August 2, 2024

COMES NOW Plaintiff BRANDON JOE WILLIAMS®, by and through Brandon Joe Williams, pro se, and hereby submits these Objections to the Court's Order(s) dated July 10 and August 2, 2024, which granted Defendants American Express Company and American Express Kabbage, Inc.'s Motion to Dismiss Plaintiff's Complaint without leave to amend and Denied Plaintiff's Motion for Reconsideration. Plaintiff respectfully asserts that the Court's decision was predicated on erroneous interpretations of the legal standards applicable to the claims presented, as well as a misapprehension of the factual allegations set forth in the Complaint. Specifically, Plaintiff contends that the dismissal was improper given the viable legal theories and factual basis that, if properly considered, substantiate the claims for relief sought. Therefore, Plaintiff objects to the Order on the following grounds:

**Objection 1: Violation of Local Rule 7-3**

Local Rule 7-3 states: "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion."

In this case, there was no meet and confer as required by Local Rule 7-3 prior to the filing of Defendants' Motion to Dismiss. This procedural misstep is significant and cannot be overlooked. The judge's decision to relieve the Defendants from compliance with this specific rule is beyond the Court's discretion and undermines the procedural fairness that Local Rule 7-3 is designed to ensure.

I have consistently sought live communication with the Defendants to discuss and potentially resolve issues related to my original complaint, including those pertaining to negotiable instruments, negotiation, indorsements, and UCC Article 3. The lack of a meet and confer deprived me of the opportunity to address and clarify these substantive issues, potentially averting the need for the present motion. Therefore, the failure to adhere to Local Rule 7-3 represents a procedural error that prejudiced my ability to fairly present my case.

**Objection 2: Lack of Signatures on Orders**

The orders issued by the Court on July 10, 2024, and August 2, 2024, lack the necessary judicial signatures, raising serious concerns about their legitimacy and validity. Without the appropriate signatures, these orders are void and should not have any binding legal effect. This

omission suggests a simulated legal process rather than a legitimate court order, thereby infringing upon my rights to a fair judicial proceeding.

The absence of judicial signatures on these orders means that my case was improperly dismissed and should never have been closed. A signed order is a fundamental requirement to validate the court's decisions and actions. Without such authentication, the orders lack the requisite legal authority, and my case remains unresolved.

Given these procedural deficiencies, the orders should be deemed invalid, and the dismissal of my case should be reversed. The proper judicial process must be followed to ensure the fair and just handling of my complaint.

**Objection 3: Abuse of Discretion and Simulated Legal Process**

In the orders dated July 10, 2024, the Court states: "While the Court takes the Local Rules seriously and has previously denied motions for failure to comply…" This statement is both disingenuous and indicative of an abuse of discretion. The inclusion of this language appears to be a superficial attempt to justify the Court's deviation from its established practices, undermining the integrity of the judicial process.

The assertion that the Court normally adheres strictly to Local Rules but made an exception in this instance raises serious concerns. It implies an arbitrary application of the rules, further compounded by the lack of signatures on the orders, which questions the authenticity of the judicial process being conducted. Without proper judicial signatures, it remains unclear who is responsible for these decisions, leading to a perception of a simulated legal process rather than a legitimate court proceeding.

I initiated this legal process by tendering $405 in Federal Reserve Notes, representing unconditional promises to pay. This payment underscores my expectation of a fair and legitimate judicial process. Instead, I have been met with procedural irregularities and a complete disregard for my right to have my case heard. The Court's actions, or lack thereof, suggest a deliberate effort to dismiss my case without proper consideration or due process.

Had I known that my case would be dismissed without genuine judicial oversight or a fair hearing, I would not have invested my time, negotiable instruments, and effort into this process. The Court's handling of this matter is not only ridiculous but also a blatant abuse of discretion that warrants immediate rectification.

**Objection 4: Denial of Opportunity to Clarify and Address UCC Article 3**

In the July 10, 2024 orders, the Court states: "While difficult to follow…" This characterization of my complaint as "difficult to follow" raises a significant issue regarding my right to a fair hearing. If my claims are indeed perceived as difficult to understand, the appropriate judicial response should be to provide a hearing or an opportunity for clarification rather than summarily dismissing my case.

The core of my arguments is grounded in UCC Article 3, which governs negotiable instruments. The absence of any substantive discussion or consideration of UCC Article 3 by both the defense and the judge suggests either an avoidance of the topic or a lack of understanding. As a pro se litigant, I am entitled to a fair opportunity to explain and substantiate my claims, especially when they are based on established legal principles.

The Court's refusal to grant a hearing or to engage with the legal issues I have raised deprives me of the chance to clarify my arguments and to ensure that the Court fully understands the basis of my claims. This lack of engagement is particularly troubling given the complexity and importance of UCC Article 3.

Rather than dismissing my case out of hand, the Court should have facilitated a more comprehensive examination of the issues at hand. This would benefit not only my case but also contribute to the broader legal understanding of all parties involved. The dismissal without a proper hearing or discussion is a failure of the judicial process to ensure fairness and due process.

**Objection 5: Misrepresentation of Plaintiff's Actions and Allegations of Conspiracy**

In the orders dated July 10, 2024, the Court states: "Plaintiff attempted to pay his debt obligations to AMEX using this ability to 'create currency.'" This assertion is a gross misrepresentation of my actions and intentions. At no point did I claim the ability to "create currency." My objective has always been to negotiate negotiable instruments through proper endorsements, as outlined in UCC Article 3.

The Court's mischaracterization of my actions as "attempting to create currency" is not only inaccurate but also undermines the credibility of my legitimate legal arguments. This erroneous portrayal suggests a fundamental misunderstanding or deliberate distortion of my case, leading me to question the fairness and impartiality of the judicial process in this matter.

The persistence of such misrepresentations, coupled with the lack of opportunity to clarify my position, has reached a point where I believe there may be a concerted effort to

prevent me from effectively presenting my case. This raises serious concerns about potential bias or a conspiracy against my right to speak and plead my case in a fair and open court.

I have approached this Court with the utmost respect, believing in its honorable commitment to justice. However, the ongoing misrepresentations and procedural irregularities are eroding my patience and trust in this process. I implore the Court to address these concerns transparently and to provide me with a fair opportunity to present my case as per the principles of justice and due process.

**Objection 6: Mischaracterization of Tendered Instrument and Failure to Recognize UCC 3-502**

In the orders dated July 10, 2024, the Court states: "Specifically, in January 2023, Plaintiff attempted to pay off his credit card bills and loans by sending three IRS 1099a forms to AMEX." This statement mischaracterizes my actions. I did not merely "attempt" to pay off my debts; I tendered a negotiable instrument, which was accepted by AMEX and never dishonored, as per UCC 3-502.

According to UCC 3-502, an instrument is considered dishonored if a necessary payment or acceptance is refused. In this case, the instrument I tendered was accepted by AMEX and there was no subsequent dishonor. This crucial detail has been overlooked or misrepresented in the Court's orders. The Court's failure to accurately recognize the nature of my actions under UCC Article 3 undermines the validity of the dismissal.

My actions were in full compliance with the provisions of UCC Article 3, specifically regarding the proper negotiation and handling of negotiable instruments. The Court's

misrepresentation not only distorts the facts but also disregards the legal framework governing

my actions.

The failure to acknowledge that the instrument was never dishonored per UCC 3-502 is a

significant oversight that affects the entire basis of the Court's decision. It is essential that the

Court accurately reflects the facts and applicable laws in its rulings to ensure a fair and just

process.

**Objection 7: Impossibility of Rejection and Application of UCC 3-502 and UCC 3-603(b)**

In the orders dated July 10, 2024, the Court states: "AMEX rejected these documents and

'parcels' as payment and closed Plaintiff's accounts." This statement is both a physical and legal

impossibility under the Uniform Commercial Code (UCC). According to UCC 3-502, the only

course of action for AMEX, upon receiving a negotiable instrument, would be to dishonor it if it

were not acceptable. This process involves explicit refusal or non-acceptance of the instrument

as payment, which did not occur in this case.

Since AMEX did not dishonor the negotiable instruments as required by UCC 3-502,

UCC 3-603(b) comes into effect. Under UCC 3-603(b), if a tender of payment is made to a

person entitled to enforce the instrument and the tender is refused, the obligation of the endorser

or accommodation party to pay the instrument is discharged to the extent of the amount of the

tender. In this case, since there was no dishonor, the obligations should be considered satisfied

according to UCC 3-603(b).

By stating that AMEX rejected the documents and parcels without following the proper

legal procedure of dishonor, the Court has ignored the governing provisions of the UCC, which

invalidates the basis for the closure of my accounts. The Court must recognize and apply the

appropriate UCC provisions to ensure a fair and just resolution.

**Objection 8: Misrepresentation of the Crux of the Complaint**

In the orders dated July 10, 2024, the Court states: "The crux of the Complaint is that

AMEX violated the law by refusing to accept Plaintiff's attempts to pay his outstanding debts."

This characterization is entirely untrue and misrepresents the central issue of my Complaint.

The actual crux of the Complaint is that AMEX violated the law by failing to properly

dishonor every single instrument that has ever been produced on these accounts, from their

inception, as required by UCC 3-502. Under UCC 3-502, an instrument must be dishonored if

payment or acceptance is refused or not obtained. AMEX's failure to follow this procedure

constitutes a violation of the law.

The Complaint is focused on AMEX's consistent neglect to legally dishonor the

negotiable instruments presented, thereby failing to comply with the mandatory provisions of

UCC Article 3. This procedural oversight by AMEX has resulted in the unlawful handling of my

accounts and the improper dismissal of my legitimate claims.

By inaccurately summarizing the Complaint's primary contention, the Court has

overlooked the core legal issue presented. It is imperative that the Court accurately reflects the

basis of my Complaint, which centers on the failure to dishonor instruments as per UCC 3-502,

to ensure a fair evaluation of my case.

**Objection 9: Misapplication of "Vapor Money Theory" and Lack of Opportunity for
Clarification**

In the orders dated July 10, 2024, the Court states: "This action appears to rely on a 'vapor money theory.' As one court explained…" This reference to the "vapor money theory" is a wildly inaccurate and delusional attempt to relate an entirely unrelated case to my pleadings. The cited court case has no relevance to my situation or the substance of my Complaint.

This mischaracterization is akin to comparing a theft case in Michigan to a fraud case in New Zealand—completely unrelated and inappropriate. Such a comparison distracts from the legitimate legal issues I have raised, primarily centered around UCC Article 3 and the proper handling of negotiable instruments.

The lack of judicial signatures on any of the orders further compounds the issue, raising questions about the legitimacy and transparency of the judicial process I am subjected to. It appears as though I am in a surreal scenario where orders are issued by secret officers of the court rather than by an identifiable and accountable judge.

I have repeatedly expressed my willingness to do ABSOLUTELY ANYTHING necessary to clarify my position and assist the Court in understanding the intricacies of UCC Article 3. The persistent refusal to grant me an opportunity to clarify or to hold a proper hearing deprives me of my right to a fair judicial process.

This process, as it stands, resembles a SIMULATED LEGAL PROCESS rather than a legitimate court proceeding. I urge the Court to rectify these procedural deficiencies and provide me with a fair chance to present my case and clarify any misunderstandings.

**Objection 10: Mischaracterization of Legal Theories and Denial of Opportunity to Plead Case**

In the orders dated July 10, 2024, the Court states: "[T]he 'vapor money,' 'unlawful money' or 'redemption' theories of debt...are all, in essence, based on the premise that 'because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'"

This statement is a gross mischaracterization of my legal theories and has no relevance to my pleadings. I am being unjustly associated with discredited legal theories that have nothing to do with the substance of my Complaint. The issues I have raised are grounded in the proper application of UCC Article 3 concerning negotiable instruments, not in any "vapor money" or "redemption" theory.

The Court's insistence on framing my case within this irrelevant context is an egregious error that undermines my right to a fair hearing. By force-feeding me these unrelated and discredited theories, the Court is not addressing the legitimate legal arguments I have put forth. Instead, it is dismissing my case without giving me the opportunity to plead my case based on the actual merits and relevant legal principles.

This mischaracterization effectively denies me the chance to be heard and to clarify my position. I have been clear in my willingness to do anything necessary to assist the Court in understanding UCC Article 3 and the specifics of my case. The Court's refusal to engage with the actual content of my pleadings and its reliance on unrelated legal theories is a significant procedural flaw that must be rectified.

**Objection 11: Irrelevant Case Law Cited and Misrepresentation of My Case**

In the orders dated July 10, 2024, the Court states: "Marvin v. Capital One, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing Green v. Pryce, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)). However, courts have uniformly rejected this theory and dismissed similar cases as frivolous."

The Court's reliance on Marvin v. Capital One and related case law is entirely misplaced and irrelevant to the specifics of my case. The cited cases involve situations that have no connection to the legitimate issues I have raised in my Complaint. My case does not involve "vapor money" or similar theories; it is centered on the proper application and interpretation of UCC Article 3 concerning negotiable instruments.

By equating my case with unrelated and discredited legal theories, the Court has fundamentally misunderstood and misrepresented the nature of my claims. This mischaracterization leads to an unjust dismissal of my case without addressing the substantive legal arguments I have put forth.

My case should be evaluated based on its own merits and the specific legal framework of UCC Article 3, not dismissed by erroneously associating it with unrelated cases. The improper application of irrelevant case law demonstrates a lack of understanding or a deliberate effort to discredit my legitimate claims.

I respectfully request that the Court recognize the distinct nature of my case and provide a fair opportunity to address the actual legal issues involved. This includes reconsidering the dismissal and allowing my case to proceed based on its own merits, rather than being dismissed on the basis of unrelated and legal situations.

**Objection 12: Misunderstanding and Misapplication of UCC 3-104 Regarding Bills of Exchange**

In the orders dated July 10, 2024, the Court states: "See id. at *5 (collecting cases in which courts have found the vapor money theory 'utterly frivolous' and 'patently ludicrous'); Bryant v. Washington Mutual Bank, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), aff'd 282 F. App'x 260 (4th Cir. 2008) ('Plaintiff's claim that her Bill of Exchange is a legitimate negotiable document [based on the redemption theory] is clearly nonsense in every detail. . . . [T]he legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.')."

The Court's reference to cases that dismiss the "vapor money theory" and similar arguments is irrelevant to the specifics of my case. The issue at hand involves the proper interpretation and application of UCC 3-104 regarding negotiable instruments, specifically a bill of exchange.

A bill of exchange is defined under UCC 3-104 as an unconditional order to pay a certain amount of money, and it is considered a legitimate negotiable instrument. The concept is not complex and is clearly outlined in the UCC. My Complaint is grounded in established principles of negotiable instruments law, not in any discredited or frivolous theories.

The Court's mischaracterization and misunderstanding of the nature of a bill of exchange under UCC 3-104 have led to an improper dismissal of my case. The legal framework and facts presented in my Complaint align with the legitimate use and negotiation of such instruments, and they warrant a thorough and fair examination.

By inaccurately equating my case with unrelated legal theories, the Court has failed to address the core issues based on UCC Article 3. I respectfully request that the Court reconsider its dismissal, taking into account the proper legal standards and the clear provisions of UCC 3-104 concerning bills of exchange.

**Objection 13: Misrepresentation and Narrow Focus on Breach of Contract Claim**

In the orders dated July 10, 2024, the Court states: "Plaintiff's individual claims fare no better upon closer examination. With respect to the breach of contract claim, the Complaint fails to identify any specific contract, let alone explain how that contract was breached. While Plaintiff asserts that AMEX's rejection of the 1099A forms and 'parcels' breached 'the contract's implied terms of reasonable handling of payment forms,' Plaintiff points to no authority in support this proposition. (Opp. at 4)."

The Court's narrow focus on a minor aspect of my breach of contract claim while ignoring the broader context and substantive issues raised in my Complaint is both unjust and misleading. This selective examination of my claim fails to address the entirety of my legal arguments and the comprehensive nature of my allegations.

My Complaint outlines multiple claims and legal theories, including but not limited to the improper handling and dishonor of negotiable instruments as per UCC Article 3, which are central to my case. By concentrating on a small fraction of my arguments and dismissing the entire Complaint on that basis, the Court has not provided a fair and balanced assessment of my claims.

The breach of contract claim is supported by the overall context of the contractual relationship and the obligations arising from the acceptance and handling of payment forms. The implied terms of reasonable handling are rooted in the established practices and principles governing negotiable instruments, which the Court has failed to acknowledge adequately.

It is both unreasonable and unjust for the Court to dismiss my claims based on a selective and narrow interpretation of my Complaint. I respectfully request that the Court reconsider its analysis, taking into account the full scope of my allegations and the relevant legal standards.

**Objection 14: Irrelevance of Fiduciary Duty Analysis**

In the orders dated July 10, 2024, the Court states: "Similarly, the Complaint fails to allege that AMEX owed a fiduciary duty to Plaintiff. Indeed, 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.' Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1097, 283 Cal. Rptr. 53 (1991)."

The Court's reliance on Nymark v. Heart Fed. Sav. & Loan Ass'n is irrelevant to my case as I am not a "borrower" in the context of a conventional loan transaction, nor is BRANDON JOE WILLIAMS® a borrower. The relationship between myself and AMEX extends beyond the simplistic framework of a borrower-lender dynamic.

My Complaint does not hinge on the conventional loan transaction paradigm but rather on the improper handling and dishonor of negotiable instruments as governed by UCC Article 3. The fiduciary duties at issue arise from the specific conduct and responsibilities associated with

the acceptance, negotiation, and handling of such instruments, which exceed the typical scope of a mere lending relationship.

The application of Nymark in this context is inappropriate and fails to address the unique aspects of my claims. By dismissing the fiduciary duty allegations based on an irrelevant legal standard, the Court has overlooked the substantive issues central to my case.

I respectfully request that the Court reconsider its analysis of fiduciary duty within the correct legal framework and in relation to the specific facts and claims presented in my Complaint.

**Objection 15: Misrepresentation of Lending Relationship**

In the orders dated July 10, 2024, the Court states: "Although Plaintiff contends that AMEX exceeded the scope of its role as a lender by providing advisory services and special assurances, such allegations are entirely absent from the Complaint. (Opp. at 6)."

Factually, AMEX never loaned me or BRANDON JOE WILLIAMS® a single penny. The assertion that there was a conventional lending relationship is fundamentally incorrect. If AMEX claims that they "loaned" me or BRANDON JOE WILLIAMS® money, they must provide proof of such a transaction. AMEX cannot substantiate this claim because no such loan was ever made.

My Complaint does not involve a traditional borrower-lender dynamic but rather issues related to the handling and dishonor of negotiable instruments under UCC Article 3. The Court's reliance on an incorrect understanding of the relationship between myself and AMEX has led to a misinterpretation of my claims.

The burden is on AMEX to prove that a loan was extended to me or BRANDON JOE WILLIAMS®. In the absence of such proof, the Court should not dismiss my claims based on an assumed lending relationship that never existed.

I respectfully request that the Court reconsider its findings, taking into account the factual inaccuracies regarding the alleged loan and focusing on the actual legal issues raised in my Complaint.

**Objection 16: Erroneous Dismissal Based on Mischaracterization of Claims**

In the orders dated July 10, 2024, the Court states: "Although the Court generally grants at least one opportunity to amend, it cannot do so here given the plainly frivolous nature of Plaintiff's allegations and reliance on a non-viable legal theory. The Court's view that amendment would be futile is further supported by Plaintiff's Proposed Amended Complaint (Docket No. 29-1), which still relies on a vapor money theory."

There is literally not a word in this entire docket that has anything to do with "vapor," "money," or "theories." The Court's assertion that my Complaint relies on a "vapor money theory" is a gross misrepresentation of my claims. This erroneous characterization is creating an entirely simulated legal process based on full-blown delusion. The legal issues I have raised are grounded in the proper application of UCC Article 3 concerning negotiable instruments, not in any discredited or frivolous theories.

By mischaracterizing my allegations as frivolous and baseless, the Court is unjustly denying me the opportunity to amend my Complaint. The dismissal based on these unfounded assertions prevents me from having my case fairly heard and evaluated on its actual merits.

The Court's decision to dismiss my Complaint without granting leave to amend is based on a fundamentally incorrect understanding of my claims. This decision disregards the legitimate legal principles I have cited and the substantive issues I have raised.

I respectfully request that the Court reconsider its dismissal, recognizing that the references to "vapor money theory" are entirely irrelevant and unrelated to the content of my pleadings. The Court should allow me the opportunity to amend my Complaint to ensure that my case is fairly and justly considered.

**Objection 17: Concerns About Potential Bias and Request for Transparency**

In the context of the orders dated July 10, 2024, and given the lack of signatures on these orders, I am compelled to question whether these orders are being signed by the actual judge. Upon reviewing the background of the judge, it appears that the judge is openly gay. This raises concerns about potential prejudice against my pleadings and writings.

I do not know what I may have done to warrant such massive and blatant disregard of my case. It brings to mind the discrimination that gay men faced in the 1990s, a time during which many, including myself, may have unwittingly contributed to the problem by laughing and pointing to fit in with the prevailing bigotry. If my past actions or views have prejudiced this court against me, I would like this to be brought to the forefront so that I can address it honestly, clearly, and directly.

I am not affiliated with any political party and do not support either side of the political spectrum. My focus is on fighting for justice for all minorities and individuals striving to

increase their understanding of their environment. This makes the apparent bias and the lack of

engagement with my case even more perplexing and unfair.

It feels like I am fighting shadows, and this lack of transparency and fairness is not only

ridiculous but also unjust. I am seeking justice and require the most basic of direction to achieve

that justice. If there is any reason for the court's treatment of my case, I respectfully request that

it be disclosed so that I can address it appropriately and ensure a fair hearing of my claims.

**Objection 18: Misrepresentation of Claims and Denial of Opportunity to Clarify**

In the orders dated August 2, 2024, the Court states: "Here, Plaintiff fails to meet his

burden of proving that the Court clearly erred in dismissing this action in its Order re:

Defendants' Motions to Dismiss (the 'Dismissal Order'), filed on July 10, 2024. (Docket No.

30). While Plaintiff's filings are largely unintelligible, Plaintiff contends that the Court failed to

consider that '[t]he majority of Plaintiff's claims pertain to the negotiability and indorsements of

negotiable instruments, which are governed by UCC Article 3.' (Motion at 2). But Plaintiff's

citations to the UCC fail to support his view that credit card transactions create currency or

negotiable instruments that can be used to eliminate a person's debt. (Reply at 11–12). Based on

the Court's review, the Motion, at its core, appears to reiterate the same frivolous legal theories

that the Court already considered and rejected in the Dismissal Order."

If my filings are deemed "largely unintelligible," it is imperative that I be given the

opportunity to clarify any aspects that may not be clear. I am more than willing to take any

necessary steps to help the Court understand my situation and pleadings accurately. My filings

and responses have never attempted to "support the view" that credit card transactions create

currency or negotiable instruments that can be used to eliminate a person's debt. It's not what I or the plaintiff "view," but is clearly the operations from UCC Article 3.

An unconditional promise to pay is a negotiable instrument under UCC Article 3. This is not a matter of personal view or perception but a well-established legal principle. There is no need to "support" this with additional views; it is a clear provision of UCC Article 3. My claims pertain to the proper handling, negotiation, and dishonor of such instruments, and the Court's misinterpretation of these claims as frivolous legal theories is unjustified.

By focusing on an inaccurate representation of my arguments, the Court has failed to address the actual substance of my claims. I respectfully request the opportunity to clarify any misunderstood aspects of my pleadings and to ensure that the Court fully comprehends the legal basis of my case, grounded in UCC Article 3.

## The following items will be in regard to the Guide to Judiciary Policy, Vol 2: Ethics and Judicial Conduct:
### Objection 19: Violation of Judicial Canon and Erosion of Public Confidence

Regarding Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities (A) Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

I feel as though all my confidence that I will be heard and listened to has been obliterated. As a brand-new pro se litigant, I have done nothing to deserve being completely ignored and not allowed a hearing or any kind of motion in my case. The Court's actions have significantly undermined my faith in the judicial process.

I have repeatedly sought the Court's guidance and direction to present my case effectively, yet I have been equated to unrelated legal theories and my legitimate claims have been dismissed without proper consideration. This treatment is contrary to the principles outlined in Canon 2, which mandates that judges act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

The Court's refusal to grant me a hearing or any meaningful opportunity to clarify my pleadings and responses has left me feeling disregarded and unjustly treated. My claims are grounded in established legal principles, specifically UCC Article 3, and deserve a fair hearing. Instead, I have been swept aside based on a misinterpretation and mischaracterization of my case.

I respectfully request that the Court reconsider its approach to my case, providing the necessary direction and an opportunity for me to be heard. Upholding the standards of Canon 2 is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 20: Addressing Potential Prejudice**

There must be something that has prejudiced me from achieving a response and hearing from this court. I insist that this prejudice be placed into the open to be handled and addressed like adults. As a pro se litigant, I deserve the opportunity to understand and address any factors that may be influencing the Court's decisions in my case.

The lack of response and hearing has left me feeling disregarded and unfairly treated. I am more than willing to address and handle any aspect that may be prejudicing the judge in this

case. It is imperative for the integrity of the judicial process that any potential biases or prejudices be openly acknowledged and addressed.

Transparency and fairness are essential to ensuring that justice is served. I respectfully request that the Court disclose any reasons for the apparent prejudice against my case so that I can respond appropriately and work towards a fair resolution. Addressing these concerns openly will allow us to move forward constructively and ensure that my case is evaluated on its true merits.

**Objection 21: Violation of Canon 2A and Erosion of Public Confidence**

Canon 2A states: "Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges." The treatment I have received in this case exemplifies the very conduct that Canon 2A warns against. My sincere effort to have my case heard has been met with mischaracterization, dismissal, and a comparison to irrelevant legal theories, rather than a fair evaluation of my claims.

I simply wanted to be heard, not compared to an entirely irrelevant idea and then ignored. The Court's handling of my case, including the refusal to grant a hearing or to provide direction, has significantly undermined my confidence in the judicial process. This conduct is irresponsible and improper, contributing to the erosion of public trust in the judiciary.

As a pro se litigant, I have sought justice and clarity from this Court. Instead, I have been dismissed without the opportunity to clarify my pleadings or to present my case fully. This treatment is not only unfair but also contrary to the principles of integrity and impartiality that Canon 2A seeks to uphold.

I respectfully request that the Court reconsider its approach to my case, ensuring that I am given a fair opportunity to be heard and that my claims are evaluated on their true merits. Upholding the standards of Canon 2A is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 22: Addressing Potential Perceptions of Impartiality Under Canon 2C**

Canon 2C states: "Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired." In Title 8, the definition of "organization" is in subsection (a)(28): "The term 'organization' means, but is not limited to, an organization, corporation, company, partnership, association, trust, foundation or fund; and includes a group of persons, whether or not incorporated, permanently or temporarily associated together with joint action on any subject or subjects."

I want to clarify that I hold no prejudice against any aspect of the judge, including being openly gay or any other characteristic. These aspects have absolutely nothing to do with my pleadings or responses. If there is any perception that my conduct or postings online have prejudiced this court, I wish to make it clear that much of what I post is intended as satire and humor. I am not homophobic or biased against any group that would cause this court to act with prejudice towards my case.

I come in peace, seeking relief from peonage and striving for justice. If there are any factors that have led the Court to perceive bias in my pleadings or responses, I insist that these be brought to the forefront so they can be directly addressed. It is crucial that any potential biases or misinterpretations are openly discussed to ensure a fair and impartial judicial process.

I am committed to addressing any concerns or misunderstandings that may have arisen and ensuring that my case is evaluated based on its merits, free from any form of prejudice. Upholding the standards of Canon 2C is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 23: Violation of Canon 3 and Experience of Prejudice**

Under Canon 3, it is stated: "The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased."

I am experiencing clear prejudice in the handling of my case. I am being compared to unrelated legal theories and practices, and my legitimate claims are being dismissed without proper consideration or reasoning. This treatment is silencing my voice and denying me the fair opportunity to present my case.

The judge's duties require them to perform their role with respect for all parties involved and to avoid behavior that is prejudiced or biased. However, the Court's actions in this case suggest a lack of impartiality and fairness. My attempts to clarify and explain my position have been ignored, and my pleadings have been mischaracterized, leading to an unjust dismissal.

The Court's behavior is contrary to the principles outlined in Canon 3, which mandate respect and impartiality in judicial conduct. I am entitled to a fair hearing and the opportunity to address any misunderstandings or mischaracterizations of my claims.

I respectfully request that the Court reconsider its approach, ensuring that my case is evaluated on its actual merits and that I am provided with a fair opportunity to be heard.

Upholding the standards of Canon 3 is essential for maintaining the integrity of the judicial process and ensuring that justice is served impartially.

**Objection 24: Addressing Assumptions and Ensuring Fair Treatment Under Canon 3(1)**

Under Canon 3, it is stated: "(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism."

There may be an assumption that I am a "sovereign citizen," but I want to make it unequivocally clear that I am not. This assumption appears to be influencing the Court's treatment of my case, similar to the prejudice that gay men faced in the 90s. The judge presiding over this case has had a long and distinguished career, having been posted in 2011 and serving in various capacities, including as an assistant U.S. attorney, since the 80s. However, it is crucial that past frustrations or biases are not projected onto me.

I am not a "citizen" of any nation on Earth and have not done anything to deserve being treated with disdain or ignored. The principles outlined in Canon 3(1) require the judge to maintain professional competence in the law and to be unswayed by partisan interests, public clamor, or fear of criticism. My case deserves to be heard based on its own merits, free from any prejudicial assumptions.

I want to be heard, no different than anyone else struggling to have their voice acknowledged in the judicial system. If there are any past frustrations or personal issues influencing the Court's treatment of my case, this is not only inappropriate but also a violation of the principles of fairness and impartiality that are foundational to the judicial process.

I respectfully request that the Court recognize and address any assumptions or biases that may be affecting the fair consideration of my case. I seek the same opportunity to present my claims and be heard as any other litigant, in accordance with the standards of professional competence and impartiality mandated by Canon 3(1).

**Objection 25: Violation of Canon 3(3) and Misinterpretation of Submissions**

Under Canon 3, it is stated: "(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process."

Throughout my submissions, I have not been belligerent or ridiculous. I have conducted myself with respect and courtesy, adhering to the expectations outlined in Canon 3(3). Despite this, my attempts to bring forward legitimate concerns have been misinterpreted and dismissed without proper consideration.

There appears to be a misunderstanding regarding my mention of criminal proceedings. It was perceived that I had "threatened" the defense with criminal action. However, my reference to criminal aspects pertains to the legal definition and implications of peonage, which is indeed a criminal matter under 18 U.S.C. § 4. My responsibility is to report and make known criminal acts, and peonage qualifies as such a criminal act.

I do not apologize for attempting to follow the law and reporting what I believe to be criminal conduct. My intent was to highlight the seriousness of the issues at hand, not to be

disrespectful or threatening. It is essential that the Court recognizes the distinction and treats my concerns with the dignity and respect mandated by Canon 3(3).

I respectfully request that the Court exercise patience and courtesy in reconsidering my case. My goal is to achieve justice and ensure that my claims are heard and evaluated fairly, in accordance with the principles of respectful and dignified judicial conduct.

**Objection 26: Violation of Canon 3(4) and Denial of Right to Be Heard**

Under Canon 3, it is stated: "(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."

I do not feel heard AT ALL — NOT ONE BIT. Despite my efforts to present my case and clarify my legal arguments, I have been met with dismissal and mischaracterization of my claims. This experience contradicts the mandate of Canon 3(4), which requires that every person with a legal interest in a proceeding be given the full right to be heard according to law.

The Court's actions have denied me the fundamental right to present my case and have my arguments considered on their merits. My pleadings and responses have been disregarded without the opportunity for a proper hearing or meaningful engagement. This treatment undermines the principles of fairness and justice that are central to the judicial process.

I respectfully request that the Court reconsider its approach and grant me the full right to be heard, as stipulated by Canon 3(4). Ensuring that my case is evaluated based on its true merits and that I am given a fair opportunity to present my claims is essential for upholding the integrity of the judicial process.

**Objection 27: Lack of Civility and Respect in Judicial Conduct**

Under Canon 3, it is stated: "(4) A judge should practice civility, by being patient, dignified, respectful, and courteous, in dealings with court personnel, including chambers staff."

I do not feel as though I have experienced a "patient, dignified, respectful, and courteous" judge in my dealings with this Court. My interactions and submissions have not been met with the civility and respect that Canon 3(4) mandates. Instead, I have faced dismissiveness and a lack of meaningful engagement with my legal arguments.

As a pro se litigant, I seek nothing more than to be treated with the civility and respect that every person involved in a judicial proceeding deserves. This includes being given the opportunity to present my case fully and having my claims considered fairly and respectfully.

I respectfully request that the Court practice the civility outlined in Canon 3(4) and provide a patient, dignified, respectful, and courteous consideration of my case. This approach is essential for ensuring that justice is served and that all parties feel heard and valued in the judicial process.

**Objection 28: Potential Bias and the Need for Judicial Disqualification**

Under Canon 3, it is stated: "(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

It appears as though I am experiencing massive prejudice in the handling of my case. This prejudice may stem from the judge's personal experiences or preconceived notions. For

example, the judge might have past negative experiences with individuals labeled as "sovereign citizens," or there may be unresolved issues related to the judge's struggles as a gay man. These factors could be influencing the judge's treatment of my case, leading to an unfair and biased process.

If the judge harbors any personal bias or prejudice, whether due to past experiences or any other reason, it is imperative that these issues be acknowledged and addressed. The idea that someone could be silenced under prejudice is entirely unacceptable. Everyone deserves the right to be heard, and no one should be denied this fundamental right due to personal biases or past experiences.

I acknowledge that I, too, have been guilty of prejudice in the past, but we must move forward and allow ourselves to forgive and listen to one another. The decline in listening and connecting with each other, particularly since Covid, is detrimental to our society. In order to have a better and more orderly world, we need to engage in more verbal intercourse and truly listen to each other.

I respectfully request that if there is any potential bias or prejudice affecting the judge's impartiality in my case, the judge should disqualify himself or herself to ensure a fair and just process. It is essential that my case be heard without prejudice, and I be given a fair opportunity to present my claims.

**Objection 29: Potential Prior Involvement and Mislabeling as a "Sovereign Citizen"**

Under Canon 3, it is stated: "(e) the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material

witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy."

It is very realistic that the situation I am facing involves preconceived notions or prior involvement by the judge that are influencing the handling of my case. Am I simply being viewed as a delusional "sovereign citizen" by this court and judge? This is not who I am. I am a noncitizen national of the United States in accordance with 8 U.S.C. § 1101(a)(22)(B).

If the judge has previously participated in any capacity related to cases involving so-called "sovereign citizens" or has expressed opinions about such cases, it could be affecting the impartiality required to fairly adjudicate my case. It is crucial that my case be judged on its own merits and not be influenced by stereotypes or past experiences that do not apply to me.

The mislabeling and misunderstanding of my legal status and arguments are leading to a denial of my right to a fair hearing. It is essential that the Court recognize and correct any biases that may stem from prior involvement or preconceived notions about "sovereign citizens."

I respectfully request that the judge consider disqualifying himself or herself if there is any potential for bias due to past governmental employment or previous opinions expressed about similar cases. My status and arguments should be evaluated based on the specific facts and laws pertinent to my case, free from any undue prejudice or bias.

**Objection 30: Desire for Understanding and Fair Hearing Under Canon 3A(3)**

Under Canon 3A(3), it is stated: "The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and businesslike while being patient and deliberate."

I understand that my "kind" may be considered annoying by the court. However, I assure you that I sincerely want to understand the legal proceedings and ensure my case is heard fairly. I spend countless hours in front of a phone or computer screen studying statutes and trying to clarify the definitions of words. I am not an individual attempting to exact revenge; I am simply seeking an avenue to be heard and to understand the legal principles involved in my case.

My intentions are genuine, and my primary goal is to gain a meaningful understanding of the legal issues and processes. If given the chance to understand everything in my pleadings in a meaningful way, I would forgo any "monetary" compensation, such as unconditional promises and orders to pay. My focus is on achieving clarity and understanding, not on accumulating negotiable instruments.

The Court's duty to hear all proceedings fairly and with patience is crucial for ensuring justice. I respectfully request that the Court exercise patience and provide me with the opportunity to understand and present my case fully. This approach aligns with the principles outlined in Canon 3A(3) and ensures that the judicial process is both efficient and just.

**Objection 31: Prejudice and Erosion of Trust Under Canon 3A(3)**

Under Canon 3A(3), it is stated: "The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice, or bias."

I feel as though I have been prejudiced against in the handling of my case, which has significantly eroded my trust in the judicial system. Despite my diligent efforts to reach this point and my genuine interest in learning and understanding the legal processes, I am being blocked for an entirely delusional reason that has nothing to do with my complaint or pleadings.

The Court's actions have not reflected the duty to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Instead, I have experienced behavior that could reasonably be interpreted as prejudice or bias, which undermines the respect and fairness that should characterize all judicial proceedings.

I respectfully request that the Court reconsider its approach and ensure that my case is evaluated fairly and impartially, free from any undue prejudice or bias. Upholding the standards of Canon 3A(3) is essential for restoring my trust in the judicial system and ensuring that justice is served in a manner that is respectful and impartial.

**Objection 32: Concerns About Ex Parte Communications and Prejudicial Labeling Under Canon 3A(4)**

Under Canon 3A(4), it is stated: "The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding. A judge may consult with other judges or with court personnel whose function is to aid the judge in carrying out adjudicative responsibilities. A judge should make reasonable efforts to ensure that law clerks and other court personnel comply with this provision."

I feel as though I have been unfairly labeled a "sovereign citizen," which has prejudiced my case and led to a biased handling of my proceedings. This labeling has created a situation

where it seems that nothing I can do will change this perception, much like the prejudices faced

by gay men in the 80s and 90s. This is unacceptable and deeply concerning for both of us, as it

undermines the fairness and impartiality that are supposed to be the foundation of the judicial

process.

The restriction on ex parte communications is meant to ensure that all parties are treated

fairly and that no undue influence or bias affects the outcome of a case. It is essential that this

restriction be strictly adhered to, and that any preconceived notions or labels be set aside to

ensure a fair hearing.

I am sincerely sorry for any prejudices the judge may have faced in the past, and I

understand how damaging such labels can be. However, I respectfully request that the Court

recognize and correct any biases or prejudices that may be influencing the handling of my case.

It is crucial that I am given a fair opportunity to present my claims without being dismissed

based on an inaccurate and prejudicial label.

I request that the Court take reasonable efforts to ensure that all court personnel comply

with the provisions against ex parte communications and that my case is evaluated impartially

and fairly, based on its own merits.

**Objection 33: Right to Be Heard and Avoidance of Unnecessary Delays Under Canon 3A(5)**

Under Canon 3A(5), it is stated: "In disposing of matters promptly, efficiently, and fairly,

a judge must demonstrate due regard for the rights of the parties to be heard and to have issues

resolved without unnecessary cost or delay. A judge should monitor and supervise cases to

reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs."

I understand that my "kind" may be classified as a waste of time in the court's eyes. However, this classification is unjust and does not apply to my situation. I am earnestly attempting to understand and apply UCC Article 3 to the best of my ability.

The principles outlined in Canon 3A(5) require the judge to dispose of matters promptly, efficiently, and fairly, with due regard for the rights of the parties to be heard. This includes resolving issues without unnecessary cost or delay. Despite my efforts to engage with the court process and present my claims, I have faced delays and dismissals without the opportunity to fully explain and clarify my position.

My genuine intent is to learn and understand the legal principles governing my case. The dismissal of my case without proper consideration or hearing undermines the principles of fairness and efficiency mandated by Canon 3A(5). It is crucial that I am given the opportunity to present my case and have it evaluated on its merits, rather than being dismissed based on a prejudicial classification.

I respectfully request that the Court reconsider its approach, ensuring that my case is handled promptly, efficiently, and fairly. By providing me with the opportunity to be heard and addressing my issues without unnecessary delay, the Court can uphold the standards of justice and fairness that are essential to the judicial process.

**Final Plea: Earnest Request for Fair Hearing and Consideration**

I truly hope that this situation can culminate in my case being heard. Am I delusional? Will my case be related to something irrelevant forever? Will I die alone? Probably. But I want

this court to realize that I am trying to the best of my ability to present the facts and uncover the truth to the best of my ability.

I am not seeking to waste the Court's time or resources; rather, I am earnestly attempting to understand and apply the principles of UCC Article 3. My intentions are genuine, and my efforts are sincere. All I seek is a fair opportunity to present my case and have it evaluated on its merits.

I respectfully ask the Court to reconsider its approach and provide me with the opportunity to be heard. This process is not just about resolving a legal dispute but also about restoring my faith in the judicial system and ensuring that justice is served impartially.

Thank you for considering my plea. I am grateful for any opportunity to clarify my position and present my case in a fair and just manner.

**PRAYER FOR RELIEF**
WHEREFORE, Plaintiff respectfully prays for the following relief:

1. **Reconsideration of Dismissal**:
   - That the Court reconsider its order dated July 10, 2024, and August 2, 2024, and provide Plaintiff with a fair opportunity to clarify and present the facts and legal arguments pertinent to the case.

2. **Opportunity to Amend Complaint**:
   - That the Court grant Plaintiff leave to amend the Complaint to address any deficiencies identified and ensure that the claims are evaluated on their true merits.

3. **Fair Hearing**:

  o That the Court schedule a hearing to allow Plaintiff to fully explain and support the claims made in the Complaint, including the proper application of UCC Article 3 concerning negotiable instruments.

4. **Correction of Mischaracterizations**:

  o That the Court recognize and correct any mischaracterizations of Plaintiff's claims, ensuring that the legal issues are addressed accurately and fairly.

5. **Acknowledgment of Plaintiff's Efforts**:

  o That the Court acknowledge Plaintiff's genuine efforts to understand and apply legal principles and provide guidance where necessary to facilitate a fair judicial process.

6. **Addressing Potential Bias**:

  o That the Court openly address any potential biases or prejudices that may have influenced the handling of Plaintiff's case, ensuring impartiality and fairness in the judicial process.

7. **Restoration of Public Confidence**:

  o That the Court take steps to restore Plaintiff's confidence in the integrity and impartiality of the judiciary by demonstrating respect, patience, and fairness in all proceedings.

8. **Any Other Relief**:

  o That the Court grant any other relief that it deems just and proper in order to ensure a fair and just resolution of this matter.

August 7, 2024                                  RESPECTFULLY SUBMITTED,


                                                BRANDON JOE WILLIAMS®


                                                BY: /s/ *Brandon Joe Williams*
                                                Brandon Joe Williams, Agent, Pro Se
                                                P.O. Box 1962
                                                Glendale, California 91209
                                                brandon@williamsandwilliamslawfirm.com

                                                (747) 273-0799

### Certificate of Service

   Plaintiff certifies that on August 7th, 2024, the foregoing *OBJECTION* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer                                Stephen J. Newman
STEPTOE LLP                                     STEPTOE LLP
2029 Century Park East, 18th Floor              2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086                      Los Angeles, CA 90067-3086
213-439-9400                                    213-439-9400
bbauer@steptoe.com                              snewman@steptoe.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-1631-MWF (PVCx)                 Date:  August 2, 2024
Title:      Brandon Joe Williams v. American Express Company, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendants:
None Present                           None Present

**Proceedings (In Chambers):**  ORDER DENYING PLAINTIFF'S MOTION FOR
                                RECONSIDERATION [31]

Before the Court is pro se Plaintiff Brandon Joe Williams' Motion for
Reconsideration (the "Motion"), filed on July 13, 2024.  (Docket No. 31).  Defendants
American Express Company and American Express Kabbage, Inc. (collectively,
"AMEX") filed an Opposition on July 22, 2024.  (Docket No. 34).  Plaintiff filed a
Reply on July 27, 2024.  (Docket No. 35).

For the reasons discussed below, the Motion is **DENIED**.

A motion for reconsideration "should not be granted, absent highly unusual
circumstances, unless the district court is presented with newly discovered evidence,
committed clear error, or if there is an intervening change in the controlling law."
*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th
Cir. 2009) (citation omitted).  The movant bears the burden of proving that
reconsideration is proper.  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th
Cir. 1999).

"Courts in this district have interpreted Local Rule 7-18 to be coextensive with
Rules 59(e) and 60(b)."  *Gish v. Newsom*, No. EDCV 20-755-JGB (KKx), 2020 WL
6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted)).  Under Local Rule 7-18, a
motion for reconsideration may be made only on the grounds of: (a) a material
difference in fact or law from that presented to the Court that, in the exercise of
reasonable diligence, could not have been known to the party moving for

---

**CIVIL MINUTES—GENERAL**                                            1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-1631-MWF (PVCx)**          **Date:** **August 2, 2024**
Title:      Brandon Joe Williams v. American Express Company, et al.

reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

Here, Plaintiff fails to meet his burden of proving that the Court clearly erred in dismissing this action in its Order re: Defendants' Motions to Dismiss (the "Dismissal Order"), filed on July 10, 2024. (Docket No. 30). While Plaintiff's filings are largely unintelligible, Plaintiff contends that the Court failed to consider that "[t]he majority of Plaintiff's claims pertain to the negotiability and indorsements of negotiable instruments, which are governed by UCC Article 3." (Motion at 2). But Plaintiff's citations to the UCC fail to support his view that credit card transactions create currency or negotiable instruments that can be used to eliminate a person's debt. (Reply at 11–12). Based on the Court's review, the Motion, at its core, appears to reiterate the same frivolous legal theories that the Court already considered and rejected in the Dismissal Order.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

The Court notes that Plaintiff does not have a lawyer. Parties in court without a lawyer are called "*pro se* litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

|  |  |
|---|---|
| BRANDON JOE WILLIAMS®, | |
| Plaintiff, | |
| v. | **Honorable Judge Michael W. Fitzgerald** |
| | **Magistrate Judge Pedro V. Castillo** |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. | |
| Defendants. | |

---

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

COMES NOW Plaintiff, BRANDON JOE WILLIAMS®, by and through Brandon Joe Williams, Agent, Pro Se, and respectfully submits this Reply to Defendant American Express's Response in Opposition to Plaintiff's Motion for Reconsideration. Plaintiff maintains that the Court's Order dated July 10, 2024, dismissing the complaint, was based on misunderstandings and misinterpretations of the facts and legal arguments presented. This reply seeks to address and clarify these points systematically, demonstrating the validity of Plaintiff's claims regarding the negotiability and indorsements of negotiable instruments under UCC Article 3, which were overlooked or misunderstood in the initial decision.

**GENERAL REBUTTALS**

1.      On page 2, Defendants state that Plaintiff "sent money to American Express in the form of the 'Documents,' which he asserts are the equivalent of cash or currency." This statement reflects a misunderstanding of the definitions involved. The definition of "money" explicitly "does not embrace notes, bonds, evidences of debt, or other personal or real estate." In contrast, the definition of "currency" does include these additional items, indicating that the defense is confused on this subject.

Cash, on the other hand, is defined as "negotiable instruments in physical form that have been indorsed payable to the bearer or with a blank indorsement." This is supported by the last sentence of UCC 3-201(c), which states: "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."

Frankly, Plaintiff is not entirely sure if the 1099a forms qualify as unconditional promises or orders to pay in accordance with UCC 3-104. The 1099a form definitely shows debt but does not indicate that both the creditor and debtor are in agreement, similar to what is seen in a security interest that becomes a UCC1 Financing Statement. However, whether the 1099a forms are considered such or not makes absolutely no difference to these proceedings. As mentioned in my objections, these mailed-in instruments can be entirely removed from the complaint, leaving 99% of the original complaint intact.

2.      On page 2, Defendants state: "American Express then extended credit to Plaintiff, which Plaintiff believes he already paid for with the Documents." This is patently untrue. American Express offered to swap all the unconditional promises to pay on that account with Federal Reserve Notes. The definition of "banking" from the American Bankers Association is very clear that Federal Reserve services are a major part of banking: "The word 'bank' will be used to refer

to any organization engaged in the business of banking, which is authorized to access Federal Reserve provided payment services or act as a paying bank. This includes chartered financial service providers such as commercial banks, saving banks and credit unions as well as U.S. agencies or offices of foreign banks or foreign governments or central banks, and units of Federal or State Government. A bank's eligibility to be issued a routing number is determined by the criteria specified in Section II of the Policy."

One of my personal favorite definitions of "credit" comes from 18 USC 891(1): "To extend credit means to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment or satisfaction of any debt or claim, whether acknowledged or disputed, valid or invalid, and however arising, may or will be deferred."

American Express never extended me the ability to defer payment because each and every transaction using the "credit card" produced real, live currency called an unconditional promise to pay. Therefore, all necessary performance was done instantly, and there was never any gap between incurring a "debt" and performance on that debt. All charges produce an unconditional promise to pay, and when I "sign" (meaning INDORSE) on a computer screen, for example, at a coffee shop, I am actually INDORSING that instrument to prepare it for negotiation. This is not "deferring" any performance at all beyond maybe the few moments between when the currency is produced and when the indorsement and negotiation take place. Even then, performance is completed because the Cardmember Agreement stipulates that the promise to pay is created even if the indorsement never takes place. This may explain why everything is indorsed with a blank indorsement.

Originally, I believed that I needed to send in some sort of external payment, hence the 1099a instruments. However, I later learned that the submission of those bills was not required and all that needed to be clarified was the NEGOTIATION and the INDORSEMENTS of all the unconditional promises to pay that have been generated on the accounts (currency) since the inception of the accounts, in accordance with UCC Article 3.

3.      In the Cardmember Agreement, there is a section entitled "How to make payments" which states: "Make payments to us in U.S. dollars with: a single check drawn on a U.S. bank, or a single negotiable instrument clearable through the U.S. banking system, for example a money order, or…" This is clear evidence that negotiable instruments can be used to pay the account, as a Federal Reserve Note is a negotiable instrument.

Furthermore, there is another section in the agreement that mentions making "a payment marked with any restrictive language," which refers to a restrictive indorsement. This language further supports the use of negotiable instruments in satisfying payment obligations. I will attach this as *Exhibit A* and highlight the relevant sections with a red line to emphasize this point.

4.      On page 2, in subnote 1, Defendants describe the difference between persons, citing State local rules to justify their theory that a BAR attorney needs to represent another person. This is misleading as this is a Federal case, and such an argument attempts to mix jurisdictions, potentially constituting fraud upon this most honorable court.

Beyond the possibility of local rules, the production of unconditional promises to pay via American Express occurs with each credit card transaction. An entity known as an "ens legis" or

"franchise" (my name in all capital letters) is involved in the transaction. I hope to explore this

further in discovery, as my current findings on this subject are extensive and fascinating.

A crucial aspect is found in UCC 9-307, entitled "LOCATION OF DEBTOR." When

considering our common bearer security used as currency, called a "Federal Reserve Note" (an

unconditional promise to pay), there are two parties involved: "United States" and "Federal

Reserve." UCC 9-307(h) states: "The United States is located in the District of Columbia."

According to 18 USC 8, "The term 'obligation or other security of the United States'

includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes,

Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates,

silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money,

drawn by or upon authorized officers of the United States, stamps and other representatives of

value, of whatever denomination, issued under any Act of Congress, and canceled United States

stamps."

Thus, UCC 9-307 and 18 USC 8 identify a "person" named "United States," located in

the District of Columbia, as the DEBTOR. The unconditional promise to pay, indorsed by the

Treasury with a blank indorsement, is the Federal Reserve Note. This is the CURRENCY (not

"money") used in commercial transactions and is a bearer security.

UCC 3-102(a) clarifies: "This Article applies to negotiable instruments. It does not apply

to money." None of this is discussing money.

Subnote 1 also addresses the term "natural person." This term is often misconstrued. A

clear example is: "A person is such, not because he is human, but because rights and duties are

ascribed to him. The person is the legal subject or substance of which the rights and duties are attributes. An individual human being considered as having such attributes is what lawyers call a natural person." (*Pollock, First Book of Jurisprudence* 110. Gray, Nature and Sources of Law, ch. IL)

The term "individual" is similarly ambiguous. It denotes a single person as distinguished from a group or class and may include both private or natural persons and artificial persons, depending on the context.

The terms "natural person" and "individual" are vague and open to interpretation, failing to clearly distinguish between living and non-living persons. If the defense wishes to explore these terms, I am prepared to discuss them at length. However, the terms "ens legis" for a legal fiction and "man/woman" for a flesh-body provide clearer distinctions.

Thus, the defense's argument about the necessity of BAR membership is entirely false and wastes the court's time.

5.    Regarding the parcels and their contents, as mentioned on page 2 and continuing onto page 3, this is entirely irrelevant to the core of my complaint. My complaint could easily be amended to remove all references to the parcels, which would only eliminate about 1% of its content. The essence of my complaint is 99% focused on the NEGOTIATION and INDORSEMENTS of all unconditional promises to pay and unconditional orders to pay that are associated with the accounts. This has been made abundantly clear in multiple statements, using various approaches to convey the same fundamental point. Reiterating this further seems unnecessary.

6.      I find it noteworthy that the defense continues to employ the "vapor money theory" argument on page 3. This repetitive assertion is akin to addressing an infant's misunderstanding. Once again, I am not discussing "vapor," "money," or "theories." My focus is strictly on negotiable instruments, negotiation, indorsements, and UCC Article 3. I will continue to reiterate this as necessary, but if the defense persists in mischaracterizing my arguments, I will be compelled to motion the court for the defense to undergo a competency evaluation.

7.      On page 3, the defense states: "However, Plaintiff's Motion to Amend Complaint was nothing more than Plaintiff's attempt to avoid dismissal by repackaging his claims brought under federal criminal statutes as civil causes of action." This statement dismisses my efforts as a new pro se litigant. As someone new to the legal process, my amended complaint was submitted in good faith to demonstrate to this honorable court that I am willing to correct course as needed and am actively learning and adjusting to ensure my pleadings are properly heard.

Rather than viewing this as a point of attack, it should be seen as a demonstration of good faith. I could have chosen to respond with anger or belligerence, but instead, I conducted extensive research on how to amend my complaint to ensure it was taken seriously. I have never, and would never, pursue frivolous or non-viable causes of action. Each cause of action included in my amended complaint was carefully studied and determined to be appropriate for this situation. This shows my commitment to adhering to proper legal standards and ensuring my claims are valid and well-founded.

8.      At the top of page 4, the defense states: "Plaintiff believes that the Court did not consider his claims concerning the 'negotiable instruments' he purportedly sent to American Express." This is incorrect. Aside from the 1099a instruments, I never "sent" anything to American

Express. The unconditional promises to pay generated in each individual credit card transaction were NEGOTIATED. I have no issue removing the 1099a instruments from the complaint, as they constitute only 1% of the overall content. The core of my complaint, 99%, does not involve anything that I "sent" to American Express or Kabbage. Instead, it concerns the unconditional promises and orders that were generated, their NEGOTIATION, and their INDORSEMENTS.

9.      On page 4, the defense states: "Plaintiff believes this 'unconditional promise to pay' becomes both a 'negotiable instrument' and 'blank indorsement' when he signs a receipt following a purchase." This is not merely what "plaintiff believes," but what is clearly stated in UCC 3-104:

"(a) Except as provided in subsections (c) and (d), 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor."

The unconditional promise to pay is generated when the credit card transaction takes place. The NEGOTIATION of that negotiable instrument is determined by the INDORSEMENT to prepare it for TENDER back to American Express. It is then DELIVERED, meaning it is "accepted" by American Express. American Express becomes the HOLDER, and this cycle begins anew.

10.     On page 4, the defense states: "Plaintiff believes this 'negotiable instrument' or 'blank indorsement' has monetary value." Speaking of "monetary value" in the context of negotiable instruments can be misleading and requires clarification for this most honorable court. UCC 3-301(b) explains this as follows: "if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken."

Thus, negotiating a note, which is then delivered (the core issue of my complaint), suspends the obligation in the same manner as if "money" were issued. To be VERY clear, this is the "monetary value" of a note or bill.

11.     On page 4, the defense states: "Based on the foregoing, it is clear that Plaintiff's claims are nonsensical and without basis in law. No amount of explanation by Plaintiff can make his claims viable." This comment highlights why I have to keep repeating myself. Either the defense has a strong aversion to UCC Article 3 or is simply unaware of its principles. For the record, I find UCC Article 3 to be one of the most profound and enlightening subjects I have had the privilege to study and understand.

12.     As a point of curiosity and to demonstrate my devotion to research and law, I would like to share a fascinating historical point that may interest this most honorable court. Referring to the

original unincorporated California Constitution of 1849 (before the second, incorporated version of the State was created), we find some very interesting warnings about this situation in Article IV. I obtained this information from a local law library, as I could not find a copy online:

"Sec 34: The Legislature shall have no power to pass any act granting any charter for banking purposes; but associations may be formed, under general laws, for the deposit of gold and silver, but no such association shall make, issue, or put in circulation any bill, check, ticket, certificate, promissory note, or other paper, or the paper of any bank, to circulate as money.

Sec 35: The Legislature of this State shall prohibit, by law, any person or persons, association, company, or corporation, from exercising the privileges of banking, or creating paper to circulate as money."

It was somewhat shortly after this 1849 Constitution that the secondary entity known as the "United States" was incorporated in 1871, as defined in 28 USC 3002(15)(A), which defines "United States" as "a Federal corporation." Following this, the new incorporated version of the "State of California" was issued its own Constitution in 1879. The original 1849 Constitution still survives today in 2024, within the unincorporated version of the State. Therefore, the use of Federal Reserve Notes is, technically, illegal in California as a method of currency, due to them being promissory notes.

13.     On page 5, the defense states: "In the present case, the Court correctly dismissed Plaintiff's claims against American Express because they are patently frivolous, and Plaintiff has presented no new argument as to why his claims are viable." This assertion is incorrect. The dismissal primarily referenced the 1099a instruments, which constitute only 1% of the overall

pleadings. The core of my complaint, which involves the NEGOTIATION and INDORSEMENTS of negotiable instruments, was not adequately addressed in the dismissal. Additionally, it appears that the judge either misunderstood my complaint or was confused, as my pleadings have nothing to do with "money." I filed a negotiable instruments case, NOT a "money" case.

14.     On page 5, the defense states: "Plaintiff (with or without his trademark) cannot create currency by making purchases with a credit card." This statement reflects a fundamental misunderstanding. EVERYONE, including the judges involved in this case, is "creating currency" EVERY SINGLE TIME THEY PROCESS A TRANSACTION WITH THEIR CREDIT CARD. This is not exclusive to just the plaintiff or myself as the agent. To be extensively clear on this point: **EVERY SINGLE CREDIT CARD TRANSACTION THAT OCCURS IN THIS COUNTRY PRODUCES AN UNCONDITIONAL PROMISE TO PAY. A FEDERAL RESERVE NOTE IS AN UNCONDITIONAL PROMISE TO PAY.** The definition of "currency" includes notes, bills, and evidences of debt. **EVERY SINGLE INDIVIDUAL WHO USES A CREDIT CARD BECOMES THE "HOLDER" OF THAT UNCONDITIONAL PROMISE TO PAY AND THEN "INDORSES" THAT NOTE TO PREPARE IT FOR NEGOTIATION.**

15.     On page 5, the defense states: "Plaintiff (with or without his trademark) cannot create currency by signing a receipt following a credit card purchase." This statement is fundamentally flawed. Neither myself as the agent nor the plaintiff have the option to "not create currency." Currency is **A-L-W-A-Y-S** created from a credit card transaction. Even if I took extraordinary measures to prevent currency from being created, it would have **ABSOLUTELY NO EFFECT**

**WHATSOEVER**. Currency is **A-L-W-A-Y-S** created whenever a brand-new unconditional promise or order is generated.

For instance, when the most honorable judge of this case issues an unconditional order to pay, such as in sanctions, he/she is **CREATING CURRENCY** by issuing that order. Sanctions are "delivered" (meaning "accepted"), and the person being ordered becomes the HOLDER. The HOLDER then indorses the instrument to prepare the bill of exchange for negotiation. The HOLDER then tenders it back to the court, and the court accepts that tender by having it delivered into the docket. The court then becomes the HOLDER and performs or dishonors the instrument in accordance with UCC 3-502. There is **NO OTHER WAY** to dishonor an instrument besides what is found in UCC 3-502.

This is how the real world operates, and any attempt by the defendants to divert me from the truth located in UCC Article 3 is futile. UCC Article 3 is the most empowering body of text I have ever had the pleasure to study. I am profoundly grateful for the existence of such a powerful body of law and thank this court for serving as an enforcement arm for such freeing and powerful technology.

16.     On page 5, the defense states: "Plaintiff cannot viably claim the documents he purportedly sent to American Express have monetary value, are currency, or are equivalent to 'US dollars' just because he believes them to be." The term "legal tender," which encompasses the definition of "US dollars," is defined in 31 USC 5103 as: "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts."

The definition of "currency" includes notes, bills, and evidences of debt. UCC 3-104 defines a debt instrument as "an unconditional promise or order to pay." An unconditional promise to pay is called a "promissory note" or "note" for short. An "unconditional order to pay" is a "bill of exchange" or "bill" for short. A Federal Reserve Note is an unconditional promise to pay between two persons: "United States" (who is "located in the District of Columbia" according to UCC 9-307(h)) and "Federal Reserve." This concept is straightforward, so either the defense is feigning ignorance or genuinely lacks understanding, neither of which constitutes a valid defense.

17.    On page 5, the defense states: "American Express did not violate any law by not accepting his illegitimate forms of payment." This is patently false as the instruments were not properly dishonored in accordance with UCC 3-502, and UCC 3-603(b) applies: "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates."

If the defendants physically received the instruments, which they have already admitted to, then they "accepted" the instruments and would need to properly dishonor them as a payment in accordance with UCC 3-502. If they cannot dishonor the instruments in accordance with UCC 3-502, then they **M-U-S-T** be applied to the accounts.

Thus, not only did they violate the laws of UCC 3-502, they also violated UCC 3-603(b). Beyond this, it is important to note that this point pertains to only 1% of the complaint.

18.     On page 5, the defense states: "American Express also did not commit any wrong by purportedly failing to tell Plaintiff that he could create currency, which apparently now Plaintiff claims is the true subject of his Complaint." This assertion is convoluted. The creation of currency was never the primary concern; the focus was on the NEGOTIATION and INDORSEMENT of produced unconditional promises to pay. This constitutes a significant portion of the individual line items in the original complaint. If we were to review the original complaint LINE BY LINE, this misunderstanding would be clarified. However, such a detailed examination would likely need to be conducted in person.

19.     At the bottom of page 5, the defense states: "Plaintiff also failed to cite to any case law or statute that supports his frivolous legal theories." I have diligently searched for case law on the subjects of NEGOTIATION and INDORSEMENT and have found little to none. I believe this represents an entirely new avenue of legal discovery, and I am very excited about the opportunity to create case law on this subject. This would allow others to experience the same incredible freedom I have found in UCC Article 3.

Sticking to the original texts of UCC Article 3 is more pure and closer to the truth than relying on previous interpretations. Therefore, I prefer to focus on the actual texts of UCC Article 3 and the basic functionality of negotiable instruments, rather than case law, especially since the operation of negotiable instruments is very uniform at the federal level.

20.     On page 5, leading into page 6, the defense states: "American Express already explained at length that Plaintiff's claims fail because he failed to allege that he sent legitimate forms of payment to American Express to pay his debt on the Accounts." This assertion is incorrect. "Legitimate forms of payment," as defined even in the attached Cardmember Agreement in *Exhibit A*, include "negotiable instruments," which are defined in UCC 3-104 as "an

unconditional promise or order to pay." Therefore, either the defense is quite ignorant of this fact or is simply pretending to be.

21.     On page 6, the defense states: "Moreover, the Uniform Commercial Code does not support Plaintiff's claims. Plaintiff simply misconstrues UCC provisions that define negotiable instruments in connection with commercial transactions. Nowhere does the UCC support Plaintiff's contention that he (with or without his trademark) can create currency." This particular paragraph actually caused Brandon Joe Williams to laugh out loud when read, so thank you for that. This entire paragraph suggests a couple of possibilities:

1. The defense has no clue about the intricacies and glories of UCC Article 3 and is attempting to dismiss its applicability in a terribly ineffective manner. This might be due to their ego being challenged by a pro se litigant possessing substantial knowledge of a subject they are not familiar with, while they are attempting to defend a massive financial corporation. This response, in opposition to reconsideration, was made by a partner at a large law firm with extensive legal experience. The idea that a very new pro se litigant is discussing UCC Article 3 might be unsettling for Mr. Newman.

2. The defense realizes that UCC Article 3 is indeed correct and appropriate for this situation and is attempting to deflect it to mislead this honorable court, which would constitute fraud. Such behavior should be held in contempt. If the defense continues to feign ignorance on this subject, I will be compelled to file motions for contempt against the defense and lodge complaints with the BAR for attempting to perpetrate fraud upon this honorable court.

22.     In conclusion, the defense is obviously either VERY ignorant or pretending to be on the subject of UCC Article 3. What the plaintiff needs is the chance to explain the situation with careful attention to UCC Article 3. Everything has been explained here as well as in previous filings, but it may require this honorable court to review the situation multiple times and in multiple ways to gain a clear understanding. I am more than willing to conduct presentations, create PowerPoints, act out scenes, or take any other necessary steps to ensure a full understanding of the operations of NEGOTIATION, INDORSEMENTS, and UCC Article 3. Thank you very much for this opportunity to be heard and to seek relief for the egregious crime of debt slavery, commonly known as "peonage."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Joe Williams respectfully requests that this Honorable Court:

1. **Reconsider the dismissal of Plaintiff's complaint** in light of the comprehensive objections and rebuttals presented herein, which clarify the focus on the negotiation and indorsements of negotiable instruments under UCC Article 3, rather than any irrelevant theories about money.

2. **Grant a hearing** to allow Plaintiff to present a detailed explanation of the relevant provisions of UCC Article 3 and to address the significant misunderstandings surrounding the negotiation and indorsements of negotiable instruments, which are central to Plaintiff's claims.

3. **Allow Plaintiff to amend the complaint** to remove any references to the 1099a forms, thereby streamlining the complaint to focus solely on the issues of negotiation and indorsements under UCC Article 3.

4. **Recognize that Plaintiff's claims are not frivolous** and are grounded in established legal principles governing negotiable instruments, warranting full consideration and adjudication by this Court.

5. **Provide any further relief that this Court deems just and proper** to ensure that Plaintiff's claims are fully heard and fairly adjudicated, including but not limited to, compensation for any damages incurred due to the wrongful dismissal and unjust enrichment by American Express.

6. **Address the defendants' actions** which may constitute contempt or fraud upon this honorable court, and take appropriate measures to ensure that justice is served.

Plaintiff is committed to presenting this case clearly and thoroughly, using all necessary means to ensure that the operations of negotiation, indorsements, and UCC Article 3 are fully understood.

July 27, 2024                RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: _/s/ Brandon Joe Williams_
Brandon Joe Williams, Agent, Pro Se
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## Certificate of Service

      Plaintiff certifies that on July 27th, 2024, the foregoing PLAINTIFF'S *REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

Stephen J. Newman
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
snewman@steptoe.com

Stephen J. Newman (SBN 181570)
*snewman@steptoe.com*
Brianna M. Bauer (SBN 348309)
*bbauer@steptoe.com*
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400/Facsimile: (213) 439-9598
Email: *docketing@steptoe.com*

Attorneys for Defendant
  AMERICAN EXPRESS COMPANY and AMERICAN
  EXPRESS KABBAGE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS, | Case No. 2:24-CV-01631-MWF-PVCx |
| Plaintiff, | [Assigned to the Hon. Michael W. Fitzgerald] |
| vs. | |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC, | **AMERICAN EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Express Company and American Express Kabbage, Inc. (collectively "American Express") hereby file their Response in Opposition to Plaintiff's Motion for Reconsideration.  As explained below, Plaintiff's Motion for Reconsideration must be denied.

## I.    BACKROUND INFORMATION

On February 16, 2023, Plaintiff filed a Complaint against American Express.  (ECF No. 1.)  Plaintiff brought eleven causes of action against American Express in connection with his two American Express credit card accounts, and two Kabbage loan plan accounts (the "Accounts").  (Id.)

Plaintiff's causes of action stem from the theory that he, with his trademark BRANDON JOE WILLIAMS®,[1] sent money to American Express in the form of the "Documents"[2], which he asserts are the equivalent of cash or currency.  (Id. ¶¶ 50, 52.)  American Express then extended credit to Plaintiff, which Plaintiff believes he already paid for with the Documents.  (Id. ¶ 148.)  Plaintiff then sent the "Parcels"[3],

---

[1] To the extent that Plaintiff brings his Motion for Reconsideration as a non-human entity, the Court should deny the motion because a non-human entity cannot appear pro se in this Court and must be represented by a member of this Court's bar.  See Civil Local Rule 83-2.1.1.1 ("an appearance before the Court on behalf of another person, an organizer, of a class may be made only by members of the Bar of this Court"); Civil Local Rule 83-2.2 ("any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to another person [. . . .]"); Civil Local Rule 83-2.2.2 ("Only individuals may represent themselves as pro se."); see also Merco Constr. Engineers, Inc. v. Mun. Ct., 21 Cal. 3d 724, 729 (1978) (only natural persons may appear pro se); cf. Naruto v. Slater, 888 F.3d 418, 426 (9th Cir. 2018) (monkey lacks standing to sue under the Copyright Act).  Mr. Williams (in whatever form he takes) is not a licensed attorney and so may not represent whatever legal entity he thinks is involved in this case, other than himself personally, as a natural person.  His apparent theory – that he can create a legal entity separate from himself – dooms his ability to represent such legal entity in any judicial proceedings whatsoever, because he is not a licensed attorney.

[2] "Documents" are three documents Plaintiff purportedly sent to American Express on or around June 2022.  Plaintiff defines these three documents as "conditional acceptance[s]", "bill[s] of exchange", "promissory note[s]", "negotiable instrument[s]", "collateral securities", "Federal Reserve Notes", and "blank indorsements."  (See e.g. ECF No. 1 ¶¶ 28, 31, 33, 41, 48.)

[3] "Parcels" are three documents Plaintiff purportedly sent to American Express on or around June and July 2023.  (ECF No. 1 ¶ 57-67.)

(72 of 259), Page 72 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 72 of 259
Case 2:24-cv-01631-MWF-PVC    Document 34    Filed 07/22/24    Page 3 of 7    Page ID
#:363

1  believing that American Express would accept them as payment since the Parcels

2  contain special indorsements.  (Id. ¶¶ 57-72.)

3       On April 3, 2024, American Express filed a Notice of Motion and Motion to

4  Dismiss (the "Motion to Dismiss").  (ECF No. 16.)  American Express explained that

5  Plaintiff has not, and cannot, plead a viable cause of action against American Express

6  because it is based on a "vapor money" theory that was firmly rejected in federal

7  court.  (ECF No. 16, Section III(B) n. 5.)  Crucially, the Motion to Dismiss

8  concerned <u>all documents</u> Plaintiff alleged to have sent American Express in the

9  Complaint, not just the 1099 forms.  (Id., Section II at 8-9.)

10       Additionally, American Express further explained that Plaintiff failed to state a

11  claim under several federal criminal statutes because those statutes do not provide for

12  a civil, private right of action.  (Id., Section III(E).)  Plaintiff conceded this point in

13  his Opposition to the Motion to Dismiss.  (ECF No. 21, Sections IX-XV.)

14       On June 14, 2024, Plaintiff filed a Notice of Motion and Motion for Leave to

15  Amend Complaint ("Motion to Amend Complaint").  (ECF No. 29.)  In doing so,

16  Plaintiff claims that the proposed Amended Complaint "includes new allegations and

17  claims that have arisen based on additional facts and circumstances that have come to

18  light since the original Complaint."  (Id. ¶ 1.)  However, Plaintiff's Motion to Amend

19  Complaint was nothing more than Plaintiff's attempt to avoid dismissal by

20  repackaging his claims brought under federal criminal statutes as civil causes of

21  action.

22       On July 10, 2024, the Court correctly issued an order granting American

23  Express's Motion to Dismiss, and denying Plaintiff's Motion to Amend Complaint

24  on futility grounds (the "Order").  (ECF No. 30.)

25       On July 13, 2024, Plaintiff filed a Motion for Reconsideration of the Order.

26  (ECF No. 31 at 1 ¶ 1, 2-3.)  Plaintiff additionally filed objections to the Order in

27  support of his Motion for Reconsideration (the "Objections").  (ECF No. 32.)  In

28

(73 of 259), Page 73 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 73 of 259
Case 2:24-cv-01631-MWF-PVC  Document 34  Filed 07/22/24  Page 4 of 7  Page ID
#:364

1   doing so, Plaintiff believes that the Court did not consider his claims concerning the

2   "negotiable instruments" he purportedly sent to American Express.  (EC No. 31 at 5,

3   Sections II(A)-(B).)

4          Specifically, Plaintiff claims that he and his trademark, BRANDON JOE

5   WILLIAMS ®, operate as one entity.  (ECF No. 32, Section "General Objections –

6   Paragraph 1" ¶ 1.)  Plaintiff (with his trademark) purportedly created an

7   "unconditional promise to pay" every time Plaintiff purchased something using his

8   American Express credit card.  (Id. ¶ 6.)  Plaintiff believes this "unconditional

9   promise to pay" becomes both a "negotiable instrument" and "blank indorsement"

10  when he signs a receipt following a purchase.  (Id. ¶¶ 8, 12.)  Plaintiff believes this

11  "negotiable instrument" or "blank indorsement" has monetary value.  (ECF No. 32,

12  Section "General Objections – Paragraph 2" ¶ 17) ("We are all 'creating currency'

13  every single time we use our credit cards by producing a brand-spanking new

14  unconditional promise to pay").  Plaintiff also believes American Express acted

15  wrongly by not telling him that these "negotiable instruments" have value or are the

16  equivalent of "US dollars".  (Id. ¶¶ 20-21.)  By doing so, American Express

17  purportedly "created debt slaves out of everyone".  (ECF No. 32, Section "General

18  Objections – Subsection A" ¶ 43.)

19         Based on the foregoing, it is clear that Plaintiff's claims are nonsensical and

20  without basis in law.  No amount of explanation by Plaintiff can make his claims

21  viable. This Court was correct in dismissing Plaintiff's claims against American

22  Express, and denying his Motion to Amend Complaint.  As such, and as discussed

23  more fully below, American Express requests this Court to deny Plaintiff's Motion

24  for Reconsideration.

25  ///

26  ///

27

28

(74 of 259), Page 74 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 74 of 259
Case 2:24-cv-01631-MWF-PVC   Document 34   Filed 07/22/24   Page 5 of 7   Page ID
#:365

## II.   ARGUMENT

### A.   This Court Should Deny Plaintiff's Motion for Reconsideration Because Plaintiff's Claims Are Patently Frivolous

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to amend a judgment within ten days of the filing of the judgment.  Fed. R. Civ. P. 59(e).  However, such a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed a clear error, or if there is an intervening change in the controlling law."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quoting Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) (court denied motion for reconsideration because plaintiff presented no arguments that had not already been raised).

In the present case, the Court correctly dismissed Plaintiff's claims against American Express because they are patently frivolous, and Plaintiff has presented no new argument as to why his claims are viable.  Plaintiff (with or without his trademark) cannot create currency by making purchases with a credit card.  Plaintiff (with or without his trademark) cannot create currency by signing a receipt following a credit card purchase.  Plaintiff cannot viably claim the documents he purportedly sent to American Express have monetary value, are currency, or are equivalent to "US dollars" just because he believes them to be.  American Express did not violate any law by not accepting his illegitimate forms of payment.  American Express also did not commit any wrong by purportedly failing to tell Plaintiff that he could create currency, which apparently now Plaintiff claims is the true subject of his Complaint. (ECF No. 31, Sections II(A)-(C).)

Plaintiff also failed to cite to any case law or statute that supports his frivolous legal theories.  American Express already explained at length that Plaintiff's claims fail because he failed to allege that he sent legitimate forms of payment to American

(75 of 259), Page 75 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 75 of 259
Case 2:24-cv-01631-MWF-PVC    Document 34    Filed 07/22/24    Page 6 of 7    Page ID
#:366

Express to pay his debt on the Accounts.  (ECF No. 16, Section III(B); ECF No. 26, Section II(B).)  Moreover, the Uniform Commercial Code does not support Plaintiff's claims.  Plaintiff simply misconstrues UCC provisions that define negotiable instruments in connection with commercial transactions.  Nowhere does the UCC support Plaintiff's contention that he (with or without his trademark) can create currency.

Accordingly, American Express requests that this Court deny Plaintiff's Motion for Reconsideration.

## CONCLUSION

Based on the foregoing, American Express respectfully requests this Court to deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

DATED:  July 22, 2024

By:    /s/  Stephen J. Newman
STEPHEN J. NEWMAN
BRIANNA M. BAUER
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone:  (213) 439-9400
Facsimile:  (213) 439-9598
snewman@steptoe.com
bbauer@steptoe.com
docketing@steptoe.com

Attorneys for Defendant
   AMERICAN EXPRESS
   COMPANY and AMERICAN
   EXPRESS KABBAGE, INC.

(76 of 259), Page 76 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 76 of 259
Case 2:24-cv-01631-MWF-PVC    Document 34    Filed 07/22/24    Page 7 of 7   Page ID
#:367

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on July 22, 2024, a copy of the foregoing **AMERICAN**

3   **EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR**

4   **RECONSIDERATION** was filed electronically and served by U.S. Mail on anyone

5   unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all

6   parties by operation of the court's electronic filing system or by mail to anyone

7   unable to accept electronic filing as indicated on the Notice of Electronic Filing.

8   Parties may access this filing through the court's CM/ECF System.

9

10                                          */s/ Stephen J. Newman*
                                   _____
11                                        Stephen J. Newman

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

CERTIFICATE OF SERVICE
Case No. 2:24-CV-01631-MWF-PVC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT of CALIFORNIA**
**WESTERN DIVISION (LOS ANGELES)**

CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN EXPRESS COMPANY;<br>AMERICAN EXPRESS KABBAGE<br>INC.<br>        Defendants. | **Honorable Judge Michael W. Fitzgerald**<br>**Magistrate Judge Pedro V. Castillo** |

## MOTION FOR RECONSIDERATION

**COMES NOW** Plaintiff, BRANDON JOE WILLIAMS®, respectfully submits this

Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59, seeking

reconsideration of the Court's Order dated July 10, 2024, which dismissed Plaintiff's complaint.

This motion is based on the grounds that the Court overlooked or misunderstood significant

aspects of the Plaintiff's pleadings, specifically regarding the negotiability and indorsements of

negotiable instruments under UCC Article 3.

## I. BACKGROUND

Plaintiff initiated this action pro se on February 26, 2024. The complaint alleges that

Plaintiff, as the "represented person" BRANDON JOE WILLIAMS®, and the "fiduciary"

Brandon Joe Williams, engaged in lawful financial activities involving negotiable instruments,

which were misunderstood by the Defendants and the Court. The complaint detailed numerous

aspects of negotiability and indorsements under UCC Article 3, which were not adequately considered in the Court's Order.

## II. ARGUMENT

### A. The Court Misunderstood the Core of Plaintiff's Complaint

The Court's Order primarily focused on the submission of 1099a forms, which constitutes only about 1% of the overall complaint. The majority of Plaintiff's claims pertain to the negotiability and indorsements of negotiable instruments, which are governed by UCC Article 3. The Plaintiff contends that these crucial aspects were either ignored or misunderstood, leading to an unjust dismissal.

### B. Significant Aspects of UCC Article 3 Were Overlooked

Plaintiff's claims involve detailed explanations of terms such as "negotiability" and "indorsements," which are fundamental to understanding the complaint. The Court's failure to address these terms and their implications indicates a misunderstanding that warrants reconsideration.

### C. Plaintiff Seeks an Opportunity to Clarify Confusions

Plaintiff is prepared to provide comprehensive explanations and evidence to clarify any confusions regarding UCC Article 3. A hearing would allow Plaintiff to present this information effectively, ensuring that the Court fully understands the legal basis of the claims.

### D. Amendment of the Complaint Should Be Allowed

Plaintiff seeks leave to amend the complaint to remove references to the 1099a forms and Title 18 claims, thereby focusing solely on the relevant issues of negotiability and indorsements. This amendment would streamline the complaint and eliminate any irrelevant aspects that may have contributed to the Court's misunderstanding.

**E. Legal Basis for Reconsideration**

Reconsideration is appropriate when the Court has committed clear error or the initial decision was manifestly unjust. In ***School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)**, the Ninth Circuit held that reconsideration under Rule 59(e) is justified if there is clear error or manifest injustice. The Plaintiff contends that the Court's dismissal of the complaint constitutes clear error, as it overlooked the primary focus of the pleadings on negotiability and indorsements under UCC Article 3.

**III. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brandon Joe Williams respectfully requests that this Honorable Court:

1. Reconsider the dismissal of Plaintiff's complaint in light of the comprehensive objections presented herein, which clarify the focus on negotiability and indorsements of negotiable instruments, and not on the 1099a submissions or any irrelevant theories about money.

2. Grant a hearing to allow Plaintiff to present a detailed explanation of the relevant provisions of UCC Article 3 and the significant misunderstandings surrounding negotiability and indorsements, which are central to the Plaintiff's claims.

3. Allow Plaintiff to amend the complaint to remove any references to the 1099a forms and Title 18 claims, thereby streamlining the complaint to focus solely on the issues of negotiability and indorsements under UCC Article 3.

4. Recognize that Plaintiff's claims are not frivolous and are grounded in established legal principles governing negotiable instruments, which warrant full consideration and adjudication by this Court.

5. Provide any further relief that this Court deems just and proper to ensure that Plaintiff's claims are fully heard and fairly adjudicated, including but not limited to, compensation for any damages incurred due to the wrongful dismissal and unjust enrichment by AMEX.

July 13, 2024                                    RESPECTFULLY SUBMITTED,

                                                BRANDON JOE WILLIAMS®

                                                BY: /s/ *Brandon Joe Williams*
                                                Brandon Joe Williams, Agent, Pro Se
                                                P.O. Box 1962
                                                Glendale, California 91209
                                                brandon@williamsandwilliamslawfirm.com

                                                (213) 309-7138

## Certificate of Service

Plaintiff certifies that on July 13th, 2024, the foregoing *Motion for Reconsideration* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor

Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

BRANDON JOE WILLIAMS®,

      Plaintiff,

    v.

AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE
INC.

      Defendants.

**Honorable Judge Michael W. Fitzgerald**
**Magistrate Judge Pedro V. Castillo**

---

### OBJECTION TO THE COURT'S ORDER DATED JULY 10, 2024

**COMES NOW** Plaintiff BRANDON JOE WILLIAMS®, and respectfully submits this objection to the Court's order dated July 10, 2024, which granted the Defendants' Motion to Dismiss and denied Plaintiff's Motion to Strike, among other motions. This objection is grounded in the belief that the Court erred in its conclusions regarding the validity of Plaintiff's claims and the application of the Local Rules. The Plaintiff contends that the Court's decision to dismiss the case based on the "vapor money theory" was unjust, and that Plaintiff's claims were not properly considered on their merits. Additionally, Plaintiff asserts that the denial of the Motion to Amend the Complaint unjustly precludes the presentation of significant new evidence and legal arguments that could substantiate the claims against the Defendants, American Express Company and American Express Kabbage, Inc. This objection aims to address these concerns and seek a reconsideration of the dismissal order. Furthermore, this objection is submitted to

preserve the record for potential appellate review, ensuring that all pertinent arguments and issues are fully documented for consideration by a higher court.

**from Section II - BACKGROUND**

**General Objections – Paragraph 1**

1. In accordance with UCC 3-307, BRANDON JOE WILLIAMS® is the "represented person" and "Brandon Joe Williams" is the "fiduciary" in the relationship with AMEX. There are two "persons" here operating as one. This is the structure of ALL credit accounts that manufacture negotiable instruments, not just this one. Most people are simply not aware of this fact. I wrote this complaint in order to highlight the truth of the contract.

2. The represented person is not a man or woman. It is an ens legis.

3. In the most self-evident terms possible, the idea that "BRANDON JOE WILLIAMS®" is a "franchise" is quite evident in the fact that the "Franchise Tax Board" collects State taxes in our names in California. If you have a State tax liability yourself, most honorable judge, you "pay" those taxes under your name in all capital letters as a "franchise."

4. A franchise is a business. A franchise is a person.

5. Brandon Joe Williams does, factually, have a registered trademark on his franchise "BRANDON JOE WILLIAMS®" - which is #97335158. This is not a pending trademark but is a fully completed and entirely issued trademark that has gone through each step of the USPTO process. I will attach this evidence as ***Exhibit A***.

6. Every time I place my credit card in a credit card processing device, an UNCONDITIONAL PROMISE TO PAY is produced.

7. This promise to pay, in itself, is a negotiable instrument in accordance with UCC 3-104.

8. This is why both you and I (you do the same thing that I'm describing here, honorable judge) have to "sign" the receipt. To "sign" is to "indorse."

9. In accordance with UCC 3-204, we have the definition of "indorsement": "(a) "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument."

10. This is not exclusive to my complaint, pleadings or claims. Everything I am explaining here is all the same for your personal loans, credit cards, etc, most honorable judge. These exact same causes of action are being committed on you as they are on me and my principal, BRANDON JOE WILLIAMS®. It is simply unknown to everyone. You are indorsing all your unconditional promises to pay with what is called a "blank indorsement."

11. UCC § 3-205, entitled "SPECIAL INDORSEMENT; BLANK INDORSEMENT; ANOMALOUS INDORSEMENT." states: "(a) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in Section 3-110 apply to special indorsements.

(b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes

payable to bearer and may be negotiated by transfer of possession alone until specially

indorsed."

12. You and I both, most honorable judge, have been indorsing everything with a blank

indorsement without knowing it. Then that unconditional promise to pay, which is a

negotiable instrument, is a valuable security with real tangible value. Then that

instrument can be exchanged or also swapped for Federal Reserve Notes at the Federal

Reserve Discount Window (in accordance with 12 USC 412).

**General Objections – Paragraph 2**

13. While Brandon Joe Williams did send in 3 1099a forms, this is only about 1% of the

overall complaint and 99% of the complaint has been overlooked and was not mentioned

in the orders.

14. I understand that this entire subject of UCC Article 3 is confusing and difficult to

understand, but I am attempting to explain it the best I can. If given a hearing, I believe a

greater understanding and clarity can be achieved from live discourse. I assure you that I

have spent hundreds of hours attempting to understand this and will not waste your time.

15. 99% of my complaint involves the NEGOTIABILITY of negotiable instruments that are

already on the account. These claims have NOTHING to do with the 3 1099a forms that

were sent to perform on the account.

16. Because of the above, it appears as though my case has been dismissed based on 1% of

the overall complaint. While I understand that this subject is confusing, this is not

acceptable, and I deserve to have my pleadings fully heard and understood by this most

honorable court.

17. It is said here that: "Plaintiff attempted to pay his debt obligations to AMEX using this ability to "create currency." The problem is that I was, unknowingly, indorsing everything with a blank indorsement rather than with a special indorsement. We are all "creating currency" every single time we use our credit cards by producing a brand-spanking new unconditional promise to pay. This is not novel or special to my case. Again, what my pleadings are regarding is only and explicitly the NEGOTIATION of those instruments that are being produced. I cannot stress this enough. You could sum my whole pleadings up by saying "fraud regarding NEGOTIABILITY."

18. Again, this case is regarding two key words that I wish I would actually see written from the court and the defense: these words are "NEGOTIABILITY" and "INDORSEMENT." Without the use of these words in orders and other documents coming from AMEX or the court, I am unsure that my complaint or pleadings are understood or even being heard at all. Talking about "money" or "vapor" or "theories" is solid evidence that my pleadings are being ENTIRELY disregarded WITHOUT evaluation.

19. UCC 3-207 is entitled "REACQUISITION" and states the following: "Reacquisition of an instrument occurs if it is transferred to a former holder, by negotiation or otherwise. A former holder who reacquires the instrument may cancel indorsements made after the reacquirer first became a holder of the instrument. If the cancellation causes the instrument to be payable to the reacquirer or to bearer, the reacquirer may negotiate the instrument. An indorser whose indorsement is canceled is discharged, and the discharge is effective against any subsequent holder."

20. What I am doing is claiming fraud on the original negotiation of EVERY instrument that has ever been produced on the account (not anything that I mailed in or issued to

AMEX). This fraud is based off the duty that AMEX had in making sure that I understood basic negotiation. No one, even an insane person, would do a blank indorsement on all these valuable unconditional promises to pay if they knew that they all have the exact same value in law as Federal Reserve Notes and that they are exchangeable for Federal Reserve Notes via the process found in 12 USC 412. This is not a conspiracy theory and is fully and entirely governed by UCC Article 3. AMEX breached the duty they have of making sure that I understand the terms and conditions of the contract and, by making sure that I did NOT understand the negotiation process, they were unjustly enriched by being able to essentially take every single unconditional promise and order on the account for themselves due to me doing a blank indorsement rather than a special indorsement. Again, this is the EXACT same situation in your own personal life, most honorable judge. This is the exact same "conspiracy" that is happening to everyone who is not stating the payee on their credit transaction securities. This is much bigger than just you and I.

21. "US dollars" are defined as only two things: 1. Unconditional promises to pay and 2. Unconditional orders to pay. This is in accordance with UCC 3-104. Again, I want to reiterate this again, I am ONLY talking about negotiable instruments here and I am absolutely, positively NOT talking about "money" in absolutely ANY respect at all whatsoever. I filed a NEGOTIABLE INSTRUMENTS case, NOT a "money" case.

**from Section III – LEGAL STANDARD**

**General Objections**

22. The idea that my complaint is not "plausible on its face" is only possible due to a lack of understanding of this most honorable court, not due to the actual pleadings set forth. I am willing to bring a full printout of UCC Article 3 into court in order to hash out and clarify all confusions and I am also preparing to do the same with a jury (which I understand is a huge undertaking, but I have been working hard for a long time to be able to do this). I have tons of educational material available online on this subject and I have been on literally over 100 shows and podcasts speaking about the subject of negotiable instruments.

23. I can tell by these orders that there are serious and intense misunderstandings in regards to negotiable instruments and I am fully prepared to assist my principal, the court, and the defense in fully understanding each and every individual word and line of UCC Article 3.

24. I produce quite a bit of educational material on UCC Article 3 and have been honing my ability to explain this information in a digestible way for almost 2 years. This may simply be more than what the written words can achieve and require more of a "song and dance" to achieve understanding with this most honorable court. Of which I am ready and willing to do.

**from Section IV - DISCUSSION**

**General Objections – SUBSECTION "A" (failure to state a claim)**

25. It is evident by the orders to dismiss that about 99% of the overall pleadings in my complaint were either ignored or misunderstood. Due to my lack of contact with the court in a meaningful way, I am erring on the side of a misunderstanding. Again, 99% of my pleadings are as regards to "NEGOTIABILITY" and "INDORSEMENTS" (NOT the

1099a payments, which account for 1% of the overall pleadings and could literally be removed entirely from the complaint without my complaint suffering hardly at all).

26. The submission of the 1099a bills is nothing more than a story-telling aspect of the complaint and in no way constitutes more than 1% of my overall causes of action, complaint, evidence, or anything else. I could even amend the complaint and simply remove it entirely and it would make ZERO difference to my pleadings.

27. The operation of negotiable instruments is quite simple, once studied in a serious way. I have developed an acronym to help in the understanding of this complicated subject and it is called "HITA." It stands for "Holder-Indorsement-Tender-Acceptance" and is a simplified way to describe the process of "NEGOTIATION."

28. One becomes the holder by possessing the note or bill, then indorses the note or bill to prepare it for negotiation, then unconditionally offers the note or bill (tender), then the note or bill is delivered (which is the definition of "accepted"). Then the cycle starts anew where the receiver is now the holder and "HITA" begins again from the beginning.

29. This entire system is akin to playing catch in the backyard with a baseball. And the rules of "dishonor" (meaning the rules of "you screwed up") are limited only to what is found in UCC 3-502. There are NO OTHER WAYS TO DISHONOR AN INSTRUMENT.

30. In this section there is talk of something called a "vapor money theory." I would like to be absolutely and entirely clear that NOTHING in my entire complaint, NOTHING in my pleadings, NOTHING I am talking about here and NOTHING I will be talking about later in this suit has to do with "money." I am NOT talking about "money," I don't want to talk about "money," talking about money is a waste of this court's valuable time and I want to get off of that irrelevant and wasteful subject as RAPIDLY as possible and steer

COMPLETELY clear of it for the remainder of these proceedings and any appeals that may be needed to get relief on my situation.

31. I'm not entirely sure what "redemption" is. I'm not sure it is relevant due to not remembering that being mentioned in UCC Article 3.

32. I filed this case as a negotiable instruments case, not as a "money" case. UCC 3-102 does all the heavy lifting for me: "(a) This Article applies to negotiable instruments. It does not apply to money" - again, we are NOT talking about "money," or "vapor money" or any "theories." We are talking about negotiable instruments and UCC Article 3. Any assumption that I am talking about anything else is a STRONG objection from me as ENTIRELY irrelevant and is fraud upon this most honorable court.

33. Any talk about "money," regardless of who is talking about it, is ENTIRELY irrelevant and proves that there are some serious misunderstandings in this most honorable court regarding my pleadings. I am not, have not been and WILL NOT BE speaking on the subject of "money" AT ALL. This suit does not involve the subject of money. This is a negotiable instrument case, which is governed by UCC Article 3, exclusively.

34. I am well aware of HJR-192 and the Emergency Banking Act of 1933. I am not basing my pleadings or argument on either of those things and have never mentioned either of those things in anything I have submitted to this most honorable court. I am operating only and exclusively from UCC Article 3, of which I have a great veneration and interest in. I need nothing more and nothing less than UCC Article 3 to take this case to a victory.

35. A "bill of exchange" is defined as "an unconditional order to pay." "Pay" or "payment" is defined as "to perform on a duty, contract or obligation." To "pay" does not exclusively mean with a specific type of promissory note called a "Federal Reserve Note." "US

dollars" are defined as negotiable instruments so ALL negotiable instruments are able to be used to perform on a duty, contract or obligation.

36. I am claiming, in my complaint, all previous promissory notes and bills of exchange on all accounts since the inception of our accounts with AMEX. But the primary focus is the negotiation of the NOTES that are produced from each credit transaction. The bills of exchange are secondary aspects of the overall obligations, but have also been claimed by the qualified/special indorsement found in my complaint.

37. I understand that the Title 18 claims have no private right to action. As a new pro se litigant, both myself as the agent and my principal are both trying to understand this process and procedure as rapidly as possible. This is all new to us and I assure you that I study all night and day in an attempt to become more knowledgeable, more clear, more concise and more friendly. We are both far from perfect and genuinely hope we can get an opportunity to properly plead our claims.

38. This is why the amended complaint was filed, to correct and eliminate all the causes of action that are now realized to be futile (Title 18) and to replace them with realistic and relevant claims.

39. Due to this, everything in this write-up is all objections and both BRANDON JOE WILLIAMS® and Brandon Joe Williams acknowledge the tremendous confusion and difficulties as regards to negotiable instruments and UCC Article 3. Again, we are not speaking about "vapor" or "money" or any "theories." I have taken the time to download the complaint in Martin v Capitol One and it appears as though he sent promissory notes in to perform on the account. This is an entirely irrelevant case to mine. Again, 99% of my case is regarding the "NEGOTIABILITY" and "INDORSEMENTS" of all of the

instruments that were produced on the account each and every time a credit card transaction took place. There is literally a "promise to pay" section right in the cardmember agreement. I will attach a screenshot of that section of my cardmember agreement at Exhibit B. All transactions with a credit card are unconditional promises to pay (Federal Reserve Notes are also unconditional promises to pay).

40. Federal Reserve Notes ARE NOT "money." They are unconditional promises to pay. Again, I want to be clear, I am absolutely, positively, decisively, entirely and completely NOT talking anywhere in my pleadings about "money."

41. I am fully prepared to explain, draw, act out, dance, sing, break dance on tables, or anything else required to get my pleadings understood in a way to allow this most honorable court to move forward in helping both myself and BRANDON JOE WILLIAMS® achieve the relief requested in the original complaint.

42. If the above objections and subsequent motions are not enough for reconsideration, I will be using all these objections to go to appeals and will also be writing a complaint due to the fact that I am not even being given an opportunity to explain myself, give examples or plead my case.

43. AMEX has created debt slaves out of everyone through one simple trick: blank indorsements rather than qualified and/or special indorsements. It's literally that simple and my entire pleadings can be summed up through this description. The 1099a submissions are irrelevant to that.

**PRAYER FOR RELIEF**

(93 of 259), Page 93 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 93 of 259
Case 2:24-cv-01631-MWF-PVC   Document 31-1   Filed 07/13/24   Page 12 of 13   Page ID
#:341

**WHEREFORE**, Plaintiff BRANDON JOE WILLIAMS® respectfully requests that this Honorable Court:

1. Reconsider the dismissal of Plaintiff's complaint in light of the comprehensive objections presented herein, which clarify the focus on negotiability and indorsements of negotiable instruments, and not on the 1099a submissions or any irrelevant theories about money.

2. Grant a hearing to allow Plaintiff to present a detailed explanation of the relevant provisions of UCC Article 3 and the significant misunderstandings surrounding negotiability and indorsements, which are central to the Plaintiff's claims.

3. Allow Plaintiff to amend the complaint to remove any references to the 1099a forms and Title 18 claims, thereby streamlining the complaint to focus solely on the issues of negotiability and indorsements under UCC Article 3.

4. Recognize that Plaintiff's claims are not frivolous and are grounded in established legal principles governing negotiable instruments, which warrant full consideration and adjudication by this Court.

5. Provide any further relief that this Court deems just and proper to ensure that Plaintiff's claims are fully heard and fairly adjudicated, including but not limited to, compensation for any damages incurred due to the wrongful dismissal and unjust enrichment by AMEX.

6. Preserve the record for potential appellate review to ensure that all pertinent arguments and issues are fully documented for consideration by a higher court, if necessary.

(94 of 259), Page 94 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 94 of 259
Case 2:24-cv-01631-MWF-PVC   Document 31-1   Filed 07/13/24   Page 13 of 13   Page ID
#:342

July 13, 2024                                    RESPECTFULLY SUBMITTED,


                                                BRANDON JOE WILLIAMS®


                                                BY: /s/ *Brandon Joe Williams*
                                                Brandon Joe Williams, Agent, Pro Se
                                                P.O. Box 1962
                                                Glendale, California 91209
                                                brandon@williamsandwilliamslawfirm.com

                                                (213) 309-7138

## Certificate of Service

Plaintiff certifies that on July 13th, 2024, the foregoing *OBJECTION* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

Case No.  CV 24-1631-MWF (PVCx)                    Date:  July 10, 2024
Title:  Brandon Joe Williams v. American Express Company, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE: DEFENDANTS' MOTIONS TO DISMISS [15] [16]; DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 7-3 [20]; PLAINTIFF'S MOTION TO STRIKE [22]; PLAINTIFF'S MOTION TO AMEND [29]; ENTRY OF JUDGMENT

Before the Court are four related motions:

The first is Defendants American Express Company's and American Express Kabbage, Inc.'s (collectively, "AMEX") Motion to Dismiss, filed on April 3, 2024. (Docket No. 15).  AMEX subsequently filed a revised Motion to Dismiss (the "MTD") on April 4, 2024.  (Docket No. 16).  Plaintiff Brandon Joe Williams filed an Opposition on April 21, 2024.  (Docket No. 21).  AMEX filed a Reply on April 29, 2024.  (Docket No. 26).

The second is AMEX's Motion for Relief from Local Rule 7-3 (the "Motion for Relief"), filed on April 19, 2024.  (Docket No. 20).  Plaintiff filed an Opposition on April 21, 2024.  (Docket No. 23).

The third is Plaintiff's Motion to Strike the Motion to Dismiss (the "MTS"), filed on April 21, 2024.  (Docket No. 22).  AMEX filed an Opposition on April 29, 2024.  (Docket No. 27).  Plaintiff filed a Reply on May 1, 2024.  (Docket No. 28).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-1631-MWF (PVCx)                **Date:** July 10, 2024
Title:  Brandon Joe Williams v. American Express Company, et al.

The fourth is Plaintiff's Motion to Amend Complaint (the "Motion to Amend"), filed on June 14, 2024.  (Docket No. 29).  No opposition or reply was filed.

The motions were noticed to be heard on **May 6 and 20, 2024**.  The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearings were therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- The Motion for Relief is **GRANTED** given the lack of substantial prejudice to Plaintiff due to AMEX's alleged failure to comply with the Local Rules. For the same reason, the MTS is **DENIED**.

- The MTD is **GRANTED** to the extent it seeks dismissal of this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  To the extent AMEX requests the Court to sanction Plaintiff by awarding attorneys' fees, that request is **DENIED**.

- The Motion to Amend is **DENIED** because any amendment would be futile.

## I.  **LOCAL RULES**

As an initial matter, Plaintiff requests that the Court strike the MTD for AMEX's failure to comply with Local Rules 7-3, 7-5, 7-6, and 7-12.  (MTS at 3–5).  In response, AMEX argues that any failure to satisfy the meet and confer requirements set forth in Local Rule 7-3 is justified because Plaintiff threatened criminal prosecution during previous attempts to meet and confer.  (Relief Motion at 5–6, 8–9).  AMEX also contends that the remaining Local Rules do not apply to the MTD.  (MTS Opp. at 2–3).

While the Court takes the Local Rules seriously and has previously denied motions for failure to comply, the Court does not believe there was substantial prejudice or that further conferences of counsel would have led to a different outcome.

---

**CIVIL MINUTES—GENERAL**                          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

The Court also agrees with AMEX that Local Rules 7-5, 7-6, and 7-12 are inapplicable here. The Court will therefore decide the merits of the MTD given the lack of substantial prejudice to Plaintiff.

Accordingly, the Relief Motion is **GRANTED**, and the MTS is **DENIED**.

## II. <u>BACKGROUND</u>

Plaintiff initiated this action *pro se* on February 26, 2024. (*See* Complaint (Docket No. 1)). While difficult to follow, the Complaint appears to allege that Plaintiff holds a trademark of his own name "BRANDON JOE WILLIAMS®." (*Id.* ¶¶ 13–18). According to Plaintiff, "BRANDON JOE WILLIAMS® "is able to legally create currency because it is a Federal Reserve member bank." (*Id.* ¶ 44).

Plaintiff attempted to pay his debt obligations to AMEX using this ability to "create currency." (*Id.* ¶¶ 10–13, 44). Specifically, in January 2023, Plaintiff attempted to pay off his credit card bills and loans by sending three IRS 1099a forms to AMEX. (*Id.* ¶ 52). Plaintiff followed up in May 2023 with three "parcels," which ordered AMEX's CFO "to apply the positive value of the negotiable instruments on the account to set-off the account and bring it to zero." (*Id.* ¶¶ 57–68). According to Plaintiff, the "order inside the parcels were a payment for US dollars." (*Id.* ¶ 73). AMEX rejected these documents and "parcels" as payment and closed Plaintiff's accounts. (*Id.* ¶ 89).

Based on the foregoing allegations, the Complaint asserts eleven claims for relief: (1) breach of contract; (2) breach of fiduciary duties; (3) violation of the Federal Reserve Act, 12 U.S.C. § 504; (4) laundering of monetary instruments, 18 U.S.C. § 1956; (5) transportation of stolen securities, 18 U.S.C. § 2314; (6) securities and commodities fraud, 18 U.S.C. § 1348; (7) peonage, 18 U.S.C. § 1581; (8) enticement into slavery, 18 U.S.C. § 1583; (9) sale into involuntary servitude, 18 U.S.C. § 1584; (10) forced labor, 18 U.S.C. § 1589; and (11) benefitting financially from peonage, slavery, and trafficking in persons, 18 U.S.C. § 1593A.

---

**CIVIL MINUTES—GENERAL**                                          3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

## III. **LEGAL STANDARD**

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## IV. **DISCUSSION**

### A. **Failure to State a Claim**

AMEX contends that each of Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). The Court agrees.

The crux of the Complaint is that AMEX violated the law by refusing to accept Plaintiff's attempts to pay his outstanding debts. Based on the Court's review of the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

Complaint, this action appears to rely on a "vapor money theory." As one court explained:

> [T]he "vapor money," "unlawful money" or "redemption" theories of debt . . . are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender."

*Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing *Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)). However, courts have uniformly rejected this theory and dismissed similar cases as frivolous. *See id.* at *5 (collecting cases in which courts have found the vapor money theory "utterly frivolous" and "patently ludicrous"); *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), *aff'd* 282 F. App'x 260 (4th Cir. 2008) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable document [based on the redemption theory] is clearly nonsense in every detail. . . . [T]he legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.").

Plaintiff's individual claims fare no better upon closer examination. With respect to the breach of contract claim, the Complaint fails to identify any specific contract, let alone explain how that contract was breached. While Plaintiff asserts that AMEX's rejection of the 1099A forms and "parcels" breached "the contract's implied terms of reasonable handling of payment forms," Plaintiff points to no authority in support this proposition. (Opp. at 4.)

Similarly, the Complaint fails to allege that AMEX owed a fiduciary duty to Plaintiff. Indeed, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1097, 283 Cal. Rptr. 53 (1991) (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

omitted). Although Plaintiff contends that AMEX exceeded the scope of its role as a lender by providing advisory services and special assurances, such allegations are entirely absent from the Complaint. (Opp. at 6).

The Complaint also fails to allege a claim for forced labor in violation of 18 U.S.C. § 1589 or for benefitting financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A. As AMEX correctly notes, a refusal "to accept illegitimate forms of payment" does not give rise to such claims. (*See* MTD at 17–18).

Finally, Plaintiff's remaining claims fail because neither the Federal Reserve Act nor the various federal criminal statutes on which Plaintiff relies authorize a private right of action. *See Ahamed v. Navy Fed. Credit Union*, No. 23-cv-1726-BAS-BLM, 2024 WL 1361899, at *4 (S.D. Cal. Mar. 29, 2024) (noting that "there is no private right of action for Plaintiff's claim that Defendant violated the Federal Reserve Act"); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (holding that 18 U.S.C. § 1956 does not create a private right of action); *Carvel v. Franchise Stroes Realty Corp.*, No. 08 Civ. 8938(JGK), 2009 WL 4333652, at *11 (S.D.N.Y. 2009) (finding that 18 U.S.C. § 2314 does not provide a private right of action); *Wilson v. Tahbazof*, No. 23-cv-05624-KAW, 2023 WL 9233486, at *2 (N.D. Cal. Dec. 20, 2023) (dismissing action with prejudice because "courts have found no private cause of action under 18 U.S.C. § 1348); *Shetty v. Lewis*, No. 16-CV-03112-BLF, 2016 WL 6462068, at *2 (N.D. Cal. Nov. 1, 2016) (concluding that neither 18 U.S.C. §§ 1584 and 1581 provides a private right of action); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) ("[I]t is well settled that neither 18 U.S.C. § 242 nor § 1583, both of which are criminal statutes, provide a private right of action.").

Accordingly, the MTD is **GRANTED** with respect to all eleven claims. To the extent the MTD requests the Court to sanction Plaintiff by awarding attorneys' fees (*see* MTD at 18), that request is **DENIED**.

---

CIVIL MINUTES—GENERAL                                                     6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-1631-MWF (PVCx)                    Date:  July 10, 2024
Title:  Brandon Joe Williams v. American Express Company, et al.

### B.    Leave to Amend

Plaintiff also seeks leave to amend to add new factual allegations and legal claims against AMEX.  (*See* Motion to Amend).  According to Plaintiff, the amendments "address issues related to peonage, breach of contract, breach of fiduciary duties, money had and received, fraud, unlawful conversion, and unjust enrichment." (*Id.* at 2).

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Although the Court generally grants at least one opportunity to amend, it cannot do so here given the plainly frivolous nature of Plaintiff's allegations and reliance on a non-viable legal theory.  The Court's view that amendment would be futile is further supported by Plaintiff's Proposed Amended Complaint (Docket No. 29-1), which still relies on a vapor money theory.

Accordingly, the Motion to Amend is **DENIED**.  The MTD is therefore **GRANTED** *without leave to amend*, and this action is **DISMISSED**.

IT IS SO ORDERED.

---

CIVIL MINUTES—GENERAL                                                      7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-1631-MWF (PVCx)**                    **Date:  July 10, 2024**
Title:  Brandon Joe Williams v. American Express Company, et al.

     This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

---

**CIVIL MINUTES—GENERAL**                                                     **8**

Stephen J. Newman (SBN 181570)
snewman@steptoe.com
Brianna M. Bauer (SBN 348309)
bbauer@steptoe.com
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400/Facsimile: (213) 439-9598
Email: docketing@steptoe.com

Attorneys for Defendant
  AMERICAN EXPRESS COMPANY and AMERICAN
  EXPRESS KABBAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS, | Case No. 2:24-CV-01631-MWF-PVCx |
| Plaintiff, | [Assigned to the Hon. Michael W. Fitzgerald] |
| vs. | **AMERICAN EXPRESS'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC, | |
| Defendants. | |

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Express Company and American Express Kabbage, Inc. (collectively "American Express") file this Reply in support of their Motion to Dismiss Plaintiff's Complaint [ECF No. 16] ("the Motion") and in response to Plaintiff's Response in Opposition to Defendants Motion to Dismiss [ECF No. 21] (the "Opposition").

### I.    INTRODUCTION

California district courts have "thoroughly rejected" the "vapor money" theory upon which Plaintiff's Complaint is based. See Lawson v. CitiCorp Trust Bank, FSB, No. 2:11-cv-01163, 2011 WL 3439223, *3 (E.D.Cal. Aug. 5, 2011). Plaintiff has not presented any argument or case law to this Court to show that he has stated any viable cause of action against American Express in this matter and he never can.

First, American Express did not violate Local Rules 7-5 and 7-6 by not offering evidence to support the Motion. American Express filed a Motion to Dismiss. American Express is not permitted to submit evidence in support of its Motion since this Court may only consider the allegations in Plaintiff's Complaint in assessing whether his claims will survive American Express's Motion.

Second, there is no dispute as to the value of the "Documents" and "Parcels" Plaintiff sent to American Express. By Plaintiff's own admission, Plaintiff claims that the "Documents" and "Parcels" have value because the trademark BRANDON JOE WILLIAMS® can create legal currency. California district courts have long rejected such documents as legitimate forms of payment. See id.

Third, the law is clear that even pro se plaintiffs must plead their own claims without assistance of the court. Plaintiff improperly asks this Court to find related civil causes of action on his behalf in order to avoid dismissal of his claims.[1] It is

---

[1] We note that Plaintiff represents himself in this matter and on his website as an "attorney."

Plaintiff's obligation to plead a viable cause of action without the assistance of this Court.

For these reasons, this Court should dismiss the Complaint under 12(b)(6) of the Federal Rules of Civil Procedure with prejudice.

## II.     ARGUMENT

### A.     Local Rules 7-5 and 7-6 Are Not Applicable to the Motion

Plaintiff argues that the Motion should be denied for failure to comply with Local Rules 7-5 and 7-6, which require that motions be supported by evidence.[2] (ECF No. 16 at 1 ¶ 2.)  However, Plaintiff is incorrect.  A court may only consider the four corners of a plaintiff's complaint when assessing whether the plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Here, American Express was not permitted to submit evidence to support its Motion.  Even if American Express attempted to submit evidence in support of this Motion, this Court cannot consider it.  Thus, Plaintiff's argument fails.

### B.     Plaintiff's Claims Fail as a Matter of Law Because Plaintiff's Documents and Parcels Are Not Legitimate Forms of Payment

Based on the Complaint, Plaintiff's claims against American Express are based on the theory that American Express acted wrongly in not accepting non-legitimate forms of payment for the payment of his debts.  (ECF No. 1.)  In the Opposition, Plaintiff also argues that dismissing his claims at this stage is improper because he believes that the "Documents" and "Parcels" he sent to American Express are legitimate forms of payment.  (ECF No. 21 at 19 ¶ 1.)  However, as stated in the Motion, Plaintiff's beliefs have been thoroughly rejected by California state and

---

[2] Plaintiff also cites to the conferral requirement under Local Rule 7-3 as grounds to deny the Motion.  On April 19, 2024, American Express filed a Motion for Relief from Local Rule 7-3 due to Plaintiff's bad faith claims, inappropriate behavior, and given that such relief would not prejudice the Plaintiff.  (ECF No. 20.)  American Express incorporates all arguments made in its Motion for Relief as if the same were fully set forth herein.

federal courts.  See Lawson v. CitiCorp Trust Bank, FSB, No. 2:11-cv-01163 2011, WL 3439223, *4 (E.D.Cal. Aug. 5, 2011) (noting that California state and federal courts have uniformly rejected cases based upon the "vapor money theory" and "even sanctioned some pro se litigants for pursuing this frivolous and improbable theory.")

American Express extended two credit cards and two loans (the "Accounts") the Plaintiff.  (ECF No. 1 ¶¶ 10-13.)  Plaintiff then accrued debt on these Accounts.  (See Id. ¶¶ 10-13, 29.)  Plaintiff purportedly sent multiple documents to American Express to pay off these debts.  (Id. ¶¶ 52, 56-68, 72.)  However, Plaintiff does not allege that he sent legitimate forms of payment, such as: (i) a check clearable through the U.S. banking system; (ii) a negotiable instrument clearable through the U.S. banking system, like a money order; or (iii) an electronic payment clearable through the U.S. banking system.  See Lull v. Cnty. of Sacramento, No. 2:18-cv-1020-MCE-EFB-PS, 2019 WL 4274087, *2 (E.D.Cal. Sept. 10, 2019) (citing to collection of cases showing that checks, money orders, and electronic payments are legitimate forms of payment under federal law).  Instead, Plaintiff claims that these documents have "value" because BRANDON JOE WILLIAMS®[3] is able to legally create currency as a member of the Federal Reserve Bank.  (ECF No. 1 ¶¶ 44-45.)  This is simply illogical.  A trademark cannot create currency.  Documents do not become the equivalent of cash because Plaintiff believes they should.

Moreover, federal courts have dismissed claims brought under theories that are the same or similar to Plaintiff's.  (ECF No. 16 at 11 ¶ 2 n. 5.)  For instance, in Marvin v. Capital One,[4] the pro se plaintiff alleged that he sent two documents he

---

[3] As discussed in the Motion, BRANDON JOE WILLIAMS® does not have standing to sue as a trademark.  See Fed. R. Civ. P. 17(b).  Plaintiff also cannot sue on behalf of the trademark BRANDON JOE WILLIAMS® since there is no statute authorizing him to do so.  See Naruto v. Slater, 888 F.3d 418, (9th Cir. 2018).  As such, Plaintiff's claims against American Express related to BRANDON JOE WILLIAMS® should be dismissed for lack of standing.

[4] 2016 WL 4548382 (W.D.Mich. 2016).

claimed to be "promissory notes" to Capital One to pay off debts he accrued on his
credit card account.  Id. at *1.  The plaintiff believed that by sending those
documents, he made payments with "actual Dollars" and "Federal Reserve Notes".
Id. at *2.  When Capital One refused to accept the plaintiff's payments, the plaintiff
filed a lawsuit alleging that he was forced into slavery and was "relegated to a status
of peonage."  Id. at *1.  The Marvin court dismissed the plaintiff's claims because
such claims are "nonsense" and "frivolous."  Id. at * 4.

Accordingly, there is no dispute as to the value of the "Documents" or
"Parcels".  Plaintiff failed to state a claim because his claims are premised on a
theory without basis in law and which has been wholly rejected by the courts.

### C.  It Is Plaintiff's Burden to Plead Viable Causes of Action Against American Express

Plaintiff admits that there are no civil, private rights of action for his claims
under sections 1956, 2314, 1348, 1581, 1583, 1584 of the United States Code, Title
18.  (Opposition at 8-18.)  However, in his Opposition, Plaintiff now asks this Court
to find related civil causes of action that he can pursue against American Express.
(Id.)  This is inappropriate.

Under the Federal Rules of Civil Procedure, it is a "plaintiff's obligation to
provide the 'grounds' of his 'entitlement to relief' [. . . .]"  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  While pro se
plaintiffs are "held to less stringent standards than formal pleadings drafted by
lawyers," "the liberal construction does not require the Court to conjure up unpled
allegations" nor "rewrite a complaint to include claims that were never presented."
Marvin v. Capital One, 1:15-CV-1310, 2016 WL 4548382, at *3 (W.D.Mich. 2016)
(citing to Dietz v. Sanders, 100 F. App'x 334, 338 (6th Cir. 2004) and Rogers v.
Detroit Police Dep't, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009)) (internal
quotations omitted).  As such, Plaintiff cannot ask this Court to rewrite his Complaint

to include civil causes of action he never pled or to ask this judiciary to act as his legal counsel. Accordingly, the Court should reject Plaintiff's request and dismiss those claims in their entirety.

## CONCLUSION

WHEREFORE, American Express respectfully requests this Court to enter an order: (i) granting American Express's motion to dismiss; (ii) dismissing Plaintiff's claims against American Express; (iii) awarding American Express its costs and fees incurred in having to defend this action; and (iv) granting any other relief this Court deems necessary or appropriate.

Respectfully submitted,

DATE: April 29, 2024

By:     */s/  Brianna M. Bauer*
        STEPHEN J. NEWMAN
        BRIANNA M. BAUER
        **STEPTOE LLP**
        2029 Century Park East, 18th Floor
        Los Angeles, California 90067-3086
        Telephone: (213) 439-9400
        Facsimile: (213) 439-9598
        snewman@steptoe.com
        bbauer@steptoe.com
        docketing@steptoe.com

        Attorneys for Defendant
        AMERICAN EXPRESS
        COMPANY and AMERICAN
        EXPRESS KABBAGE, INC.

(109 of 259) Page 109 of 269 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 109 of 259
Case 2:24-cv-01631-MWF-PVC    Document 26    Filed 04/29/24    Page 7 of 7    Page ID
#:281

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2024, a copy of the foregoing **AMERICAN EXPRESS'S REPLY IN SUPPORT OF MOTION TO DISMISS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
*/s/ Brianna M. Bauer*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT of CALIFORNIA**
**WESTERN DIVISION (LOS ANGELES)**

CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS, | **Honorable Judge Michael W. Fitzgerald** |
| Plaintiff, | **Magistrate Judge Pedro V. Castillo** |
| v. | |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. | HEARING DATE:  May 6, 2024 |
| Defendants. | TIME:  10:00 AM |
| | ROOM:  5A |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

COMES NOW, BRANDON JOE WILLIAMS, plaintiff, by and through, Brandon Joe Williams, Agent, Pro Se, and hereby files this *Response in Opposition of Defendants Motion to Dismiss,* pursuant to F.R.Civ.P. 7 and Local Rule 7-9, in the Cause captioned above, in support thereof, would show this honorable court the following:

### I. Procedural Discrepancies

The Plaintiff contends that the *Motion to Dismiss* filed by the defendants fails to comply with several critical procedural requirements as outlined in the Local Rules, particularly Local Rules 7-3, 7-5, and 7-6. The following sections detail these violations and argue for the necessity of the court's thorough review and consideration.

### II. Substantive Arguments Against Dismissal

In addition to procedural concerns, this response will address the substantive aspects of the claims made by the Plaintiff, demonstrating their legal validity and the factual disputes that preclude a dismissal at this procedural stage.

### III. Point-by-Point Rebuttal to Defendants' Motion to Dismiss

1) **Lack of Evidentiary Support**: Contrary to the requirements of substantiated legal claims, the defendants have failed to provide any factual evidence to counter the plaintiff's allegations. Mere general assertions without factual or legal substantiation are insufficient to meet the burden of proof required under *Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F Supp. 647.*, which mandates that motions to dismiss must be supported by evidence when factual disputes are present.

2) **Allegations of Illegitimate Forms of Payment**: The defendants claim that the plaintiff provided 'illegitimate forms of payment,' yet they have not substantiated this claim with any evidence. Under the rules of civil procedure, such an assertion must be supported by concrete evidence, not merely by the allegations in the motion.

3) **Mischaracterization of Plaintiff's Status**: The plaintiff has not claimed to be a 'lender' capable of creating cash, as inaccurately described by the defendants. Rather, the plaintiff maintains that they are the original creditor, and any representations to the contrary by the defendants are misleading and unsupported by the factual record.

### IV. Rebuttal to Plaintiff's Allegations as Characterized by Defendants

The defendants summarize the causes of action brought by the plaintiff, but they fail to accurately interpret the legal and factual bases of these claims. The following points clarify the plaintiff's position and correct misconceptions presented by the defendants:

1) **Misinterpretation of Credit and Payment**: Defendants acknowledge that "American Express then extended credit to Plaintiff, which Plaintiff believes he already paid for with the Documents." It is essential to distinguish between a bank lending money and extending credit. As established in *First Nat'l Bank of Tallapoosa v. Monroe*, a bank can lend its money, but not its credit (135 Ga 614, 69 S.E. 1123 (1911)). The plaintiff's argument is based on the premise that the transactions involved actual value, contrary to the defendants' characterization of them as mere 'documents not tied to anything of value.' This point challenges the defendants' assertion by clarifying that the nature of the transaction involved legally recognized instruments of value.

## V. Rebuttal to Defendant's Argument on Standard of Review

The defendants reference the Standard of Review under Rule 12(b)(6) to argue that the complaint does not state a plausible claim for relief and hence should be dismissed. However, the plaintiff contends that the complaint meets the plausibility standard set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly* and further clarified in *Ashcroft v. Iqbal*. The plaintiff provides more than mere "labels and conclusions," and the factual context of the claims allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1) **Meeting the Plausibility Standard**: The Complaint articulates grounds that suggest more than a sheer possibility that a defendant has acted unlawfully. As such, the factual allegations raised are sufficient to raise a right to relief above the speculative level, thus satisfying the requirement for a claim to be plausible on its face.

2) **Defendants' Lack of Proof**: At this stage of the proceedings, it is crucial to note that the defendants have not provided concrete proof that refutes the plaintiff's assertions that the documents and parcels sent were not legal tender. The mere denial of the nature of these documents without substantial evidence or detailed examination goes against the principle that at

the motion to dismiss stage, the truth of the plaintiff's allegations is assumed. This presumption necessitates a more thorough examination than what is provided by a mere dismissal based on defendants' assertions.

3) **Premature Dismissal is Nonsensical**: Dismissing the complaint at this juncture without allowing for a factual determination of the nature of the documents and parcels described is premature and nonsensical. It deprives the plaintiff of the opportunity to prove his claims, which may indeed be grounded in factual legalities not yet fully explored or understood at this dismissal stage.

## VI. Rebuttal to Defendant's Argument on Breach of Contract

The defendants argue that the plaintiff has failed to state a claim for breach of contract by not specifically alleging how American Express breached the terms of the contract. However, this assertion fails to consider the plausibility standard that merely requires the complaint to outline enough factual matter, taken as true, to suggest that the claim is plausible.

1) **Existence and Details of Contractual Obligations**: The existence of a contract is evidenced by the credit card accounts and loan agreements extended to the plaintiff by American Express. At this stage, detailed contract terms are not required to be pleaded verbatim but must simply indicate the existence and breach of such contracts.

2) **Plaintiff's Performance and Defendant's Breach**: The plaintiff alleges performing contractual obligations by submitting documents intended as payment, which were rejected by American Express. This rejection is asserted as a breach of the contract's implied terms of reasonable handling of payment forms.

3) **Damages Resulting from Breach**: The plaintiff claims to have incurred damages as a result of the breach, which satisfies the requirement to claim that a breach has caused harm. This includes financial liabilities and potential harm from the breach of accepting agreed forms of payment.

The legal standards for assessing a breach of contract under Rule 12(b)(6) are grounded in the requirement that a complaint must articulate a plausible claim for relief. As established by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the complaint must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action. It requires sufficient factual matter, accepted as true, to make a claim plausible on its face. This standard ensures that the plaintiff's allegations of breach are grounded in factual assertions sufficient to raise a right to relief above the speculative level.

Given these points, the plaintiff respectfully requests that the court deny the motion to dismiss the breach of contract claim, as the allegations in the complaint sufficiently articulate a plausible claim that should be explored in discovery rather than dismissed at this preliminary stage.

## VII. Rebuttal to Defendant's Argument on Breach of Fiduciary Duty

The defendants assert that no fiduciary relationship exists between the plaintiff and American Express, citing the general rule that financial institutions do not owe a fiduciary duty in typical lender-borrower relationships. However, this overlooks the specific allegations and interactions that may elevate the relationship beyond mere conventional transactions.

1) **Beyond Conventional Lender-Borrower Dynamics**: The relationship between the plaintiff and American Express involved more than standard credit issuance. Allegations suggest interactions that could imply a fiduciary relationship, including advisory roles or special assurances that induced a higher level of trust and reliance from the plaintiff.

2) **Specific Allegations Overlooked**: The complaint suggests behaviors by American Express that extended beyond those of a mere lender, potentially including advisory services or special terms that characterize fiduciary relationships.

3) **Legal Standards and Precedents**: While *Nymark* provides a general precedent, it also allows for exceptions where the financial institution's role exceeds conventional activities, recognizing fiduciary duties in relationships where additional advisory or protective roles are undertaken.

4) **Request for Judicial Consideration**: Dismissing the claim at this stage is premature. The nature and extent of the relationship should be examined during discovery to determine if American Express's actions might constitute a fiduciary duty.

**Conclusion**: The plaintiff requests that the claim for breach of fiduciary duty proceed to discovery to explore the detailed nature of the interactions and determine if a fiduciary relationship was indeed established based on specific actions and commitments by American Express.

**VIII. Rebuttal to Defendant's Argument on the Federal Reserve Act**

The defendants assert that the plaintiff has not stated a valid claim under the Federal Reserve Act, particularly 12 U.S.C. § 504, arguing that there is no provision within the Act that requires financial institutions to honor the types of payments alleged by the plaintiff. This

interpretation may overlook broader implications and specific allegations relevant to the Act's enforcement provisions.

1) **Misinterpretation of the Act's Provisions**: The plaintiff alleges that American Express violated specific directives that fall under the regulatory scope of the Federal Reserve Act. While the defendant notes that Section 504 deals with penalties for violations of specified sections, the plaintiff's allegations suggest a broader interpretation where actions or omissions by American Express could be seen as contrary to the regulatory expectations set forth under the Act.

2) **Broad Application of Section 504**: Section 504 permits civil damages for violations of certain provisions, including those related to fiduciary breaches, which the plaintiff contends were part of the operational misconduct by American Express. Even if traditionally the Act does not cover every consumer-bank dispute, the specific actions of American Express are alleged to fall within behaviors potentially regulated under the Act.

3) **Need for Factual Determination**: The claim under the Federal Reserve Act should not be dismissed summarily without a factual examination of whether American Express's actions might constitute a violation of the regulatory frameworks intended to govern such financial transactions. Dismissal at this stage precludes necessary exploration of the facts which could substantiate the plaintiff's claims.

4) **Legal Precedents and Interpretations**: Legal precedents support a flexible interpretation of regulatory statutes when the alleged actions fall within a gray area of regulatory oversight. The court should consider whether American Express's refusal to act as directed by the plaintiff, assuming such directives were legally grounded, might fall under behaviors the Act intends to regulate or penalize.

**Conclusion**: The plaintiff requests that the court allow for discovery to explore the nature of the claims under the Federal Reserve Act, as a premature dismissal would prevent a thorough examination of potentially significant regulatory violations. The allegations merit a closer factual and legal analysis to determine their validity under the Act.

## IX. Rebuttal to Defendant's Argument Regarding Lack of Civil, Private Right of Action Under Federal Criminal Statutes

The defendants claim that the plaintiff's causes of action based on certain federal criminal statutes are inadmissible because these statutes do not provide for a civil, private right of action. This assertion may overlook broader legal interpretations and the potential for related civil liabilities.

1) **Misunderstanding of Statutory Interpretation**: The plaintiff's claims may leverage related civil liabilities that arise from the conduct proscribed by the criminal statutes, not solely direct statutory rights. Criminal statutes often inform standards of conduct that establish duties whose breach leads to civil liabilities under other statutes or common law principles.

2) **Alternative Legal Theories for Civil Liability**: The complaint may invoke other statutes or legal principles that provide a basis for civil liability based on conduct also proscribed as criminal. Civil claims like fraud or breach of fiduciary duty often parallel criminal prohibitions but are grounded in separate legal bases for recovery.

3) **Judicial Precedents Supporting Civil Claims Derived from Criminal Prohibitions**: Courts have recognized that while certain criminal statutes do not provide a direct private right of action, they create legal duties or standards of conduct that can give rise to civil liability under state law or under implied causes of action.

4) **Request for Judicial Consideration of Implied Rights or Related Statutes**: The plaintiff requests that the court consider the alleged violations of criminal statutes by American Express to substantively inform related civil claims, supporting a broader interpretation of law to provide remedies for wrongful acts that result in personal harm or damages.

**Conclusion**: The court is encouraged to examine the broader legal context and the relationship between the criminal prohibitions and potential civil liabilities that may arise from the same conduct, rather than dismissing the claims prematurely based on the absence of an explicit civil, private right of action.

## X. Rebuttal to Defendant's Argument Regarding Lack of a Civil, Private Right of Action Under 18 U.S.C. § 1956

The defendants assert that the plaintiff cannot bring a claim under 18 U.S.C. § 1956, as it does not provide for a private right of action for alleged violations of its money laundering provisions. While federal courts have generally not recognized a private right of action directly under Section 1956, the plaintiff's claims may invoke broader legal principles and related statutes that address the underlying conduct attributed to American Express.

1) **Understanding of 18 U.S.C. § 1956 and Related Legal Frameworks**: Although Section 1956 does not explicitly provide a private right of action, the behaviors it proscribes (money laundering) may constitute part of a broader pattern of conduct that infringes on other statutory or common law rights. Claims might be pursued under statutes that address similar misconduct but do provide for civil remedies, or under state laws that penalize equivalent behavior.

2) **Indirect Civil Implications of Criminal Statutes**: Legal precedent acknowledges that while specific criminal statutes may not grant a direct civil remedy, the conduct they proscribe can still

form the basis of civil claims under associated legal doctrines, such as fraud, deceit, or breach of fiduciary duties.

3) **Judicial Interpretations and Expansions**: Courts have, in some instances, recognized implied causes of action when the conduct significantly violates public policy or statutory purposes broadly protected under other laws, as discussed in cases like Cort v. Ash.

4) **Request for Consideration of Ancillary Claims**: The plaintiff requests that the court consider the full context and implications of American Express's alleged actions under a comprehensive legal analysis, including examining related civil claims that may be supported by the facts underpinning the alleged money laundering activities.

**Conclusion**: Dismissing the claim on the grounds of no direct private right of action under Section 1956 is too narrow an interpretation and disregards potential applicability of other legal principles that could redress the alleged misconduct. The court is urged to allow the exploration of all related claims during the discovery process to fully address any wrongful conduct that overlaps with behaviors typically associated with money laundering.

## XI. Rebuttal to Defendant's Argument on Lack of a Civil, Private Right of Action Under 18 U.S.C. § 2314

The defendants assert that the plaintiff's cause of action under 18 U.S.C. § 2314 is untenable because the statute does not provide for a civil, private right of action and because the plaintiff's claims regarding 'collateral securities' do not involve stolen goods, wares, merchandise, securities, or monies in the traditional sense. While Section 2314 is primarily criminal, the conduct alleged may still give rise to civil claims under different legal theories.

1) **Clarification of Allegations**: The plaintiff alleges conduct by American Express that may implicate broader issues of misrepresentation, misappropriation, or fraud, which resonate with civil liabilities under other legal frameworks such as state fraud statutes or common law torts, independent of the criminal statute's direct application.

2) **Analogous Civil Claims**: Behaviors criminalized under Section 2314 can form the basis for civil claims under theories of conversion, unjust enrichment, or fraud, relying on established principles of civil law rather than a direct private right of action under the criminal statute.

3) **Judicial Interpretations and Related Statutes**: Judicial precedents recognize the possibility of civil liability arising from conduct criminalized under statutes like Section 2314, particularly when such conduct also constitutes a breach of civil duties.

4) **Request for Broader Legal Consideration**: The plaintiff requests a comprehensive examination of the alleged actions of American Express within the full scope of applicable civil laws to ensure that all potential legal remedies are considered.

**Conclusion**: Dismissal based solely on the absence of a direct private right of action under Section 2314 is overly restrictive. The court should allow exploration of all related civil claims that address the described conduct, ensuring a thorough and reflective legal inquiry.

## XII. Rebuttal to Defendant's Argument on Lack of a Civil, Private Right of Action Under 18 U.S.C. § 1348

The defendants argue that no civil, private right of action exists under 18 U.S.C. § 1348, which addresses securities fraud, and further claim that the plaintiff's accounts do not constitute securities. While Section 1348 primarily provides for criminal penalties, the substance of the plaintiff's allegations may invoke relevant legal principles supporting civil claims.

1) **Clarification and Relevance of Allegations**: The plaintiff's concerns about misrepresentation and nondisclosure in a financial context, although cited under a criminal statute, resonate with civil liabilities under other legal frameworks such as state fraud statutes or common law tort claims.

2) **Civil Implications of Criminal Provisions**: While Section 1348 does not provide a civil remedy, the behaviors it criminalizes can form the basis for civil claims under theories of fraud, deceit, or breach of contract, supported by broader principles of civil liability.

3) **Broader Interpretation of "Securities"**: The nature of the alleged 'collateral securities' and the obligations associated with them require a detailed examination to determine their classification and relevance under securities law, potentially broadening the interpretation of what constitutes securities.

4) **Judicial Interpretations and Related Legal Doctrines**: Courts have recognized that criminal statutes can inform civil liabilities, particularly when the conduct impacts individual rights or involves substantial public interest. The court should consider whether the alleged misconduct, if proven, could give rise to civil liabilities under related legal doctrines.

**Conclusion**: Dismissal based solely on the absence of a direct private right of action under Section 1348 is overly restrictive and fails to capture the essence of the alleged misconduct. The court is urged to allow exploration of all related civil claims that address the described conduct, ensuring a thorough and holistic legal inquiry.

### XIII. Rebuttal to Defendant's Argument on Lack of a Civil, Private Right of Action Under 18 U.S.C. § 1581

The defendants argue that the plaintiff's claim under 18 U.S.C. § 1581, which addresses peonage, is untenable because the statute does not provide for a private civil remedy and because the plaintiff has not sufficiently alleged conditions constitutive of peonage. While it is correct that direct civil claims under Section 1581 are unsupported, the plaintiff's allegations invite a broader legal review.

1) **Broader Legal Implications of the Alleged Conduct**: Although Section 1581 does not provide a civil remedy, the plaintiff's allegations of conditions resembling peonage could implicate other legal provisions, such as those under the Thirteenth Amendment or related civil rights statutes that prohibit involuntary servitude and provide for civil damages.

2) **Civil Rights Statutes and Analogous Claims**: Various civil rights laws, such as those articulated in 42 U.S.C. § 1981 and other statutes, might provide a basis for civil claims where actions effectively reduce a person's status to one akin to a peon or indentured servant, even if not labeled explicitly as peonage.

3) **Judicial Interpretations Supporting Broader Applications**: Courts have recognized the need to interpret criminal statutes as informing civil claims when the actions in question have significant civil rights implications, offering a legal framework for civil recourse in cases involving economic coercion or control.

4) **Illustrative Case Law**: In *United States v. Kozminski*, 487 U.S. 931 (1988), the Supreme Court discussed conditions under which coercion could rise to the level of involuntary servitude prohibited by the Thirteenth Amendment, potentially offering a legal framework for civil recourse in extreme cases.

**Conclusion**: The plaintiff requests that the court consider all related legal avenues for redress, including potential civil claims under civil rights statutes that address the core issues described under Section 1581. Dismissal should not be summary but should allow for a detailed examination of the factual context and applicable legal standards.

### XIV. Rebuttal to Defendant's Argument on Lack of a Civil, Private Right of Action Under 18 U.S.C. § 1583

The defendants contend that the plaintiff's claim under 18 U.S.C. § 1583, which deals with enticement into slavery, is baseless both legally and factually. They argue there is no civil, private right of action and the factual circumstances described do not constitute slavery or involuntary servitude. While direct civil claims under Section 1583 are not supported, the broader allegations may implicate related legal doctrines that deserve judicial consideration.

1) **Expanding the Context of Allegations**: While the plaintiff's use of terms like 'slavery' and 'enticement' under Section 1583 might initially seem incongruous, these terms, within the context of the plaintiff's allegations, may metaphorically express coercive or exploitative financial practices. The court should consider the substance of the allegations—that the plaintiff felt compelled under undue pressure or deceptive practices, which, while not literal slavery, could invoke protections under consumer protection laws or other civil statutes addressing coercive financial practices.

2) **Related Civil Claims and Statutes**: The allegations might resonate under broader civil rights or consumer protection frameworks that address coercive or deceptive financial practices. For instance, laws that govern unfair business practices or deceptive debt collection might offer a more suitable avenue for these claims, even though Section 1583 itself does not.

3) **Judicial Interpretations and Analogous Legal Principles**: Courts have occasionally recognized civil implications for criminal statutes when the behaviors significantly affect personal freedoms or involve substantial coercion, particularly in consumer finance. For example, the Fair Debt Collection Practices Act and similar state laws sometimes interpret coercive debt collection practices as actionable under civil law.

4) **Legal Precedents**: While specific precedents directly applying Section 1583 to civil claims may not exist, legal principles from related areas may provide support. For instance, cases under anti-coercion or anti-deception statutes might offer insights into how courts handle claims of undue pressure or exploitation, even when not explicitly framed as 'slavery.'

**Conclusion**: The plaintiff requests that the court not dismiss the claim summarily based solely on the narrow interpretation of Section 1583 but consider the broader legal context and implications of the alleged conduct. An exploration of all related legal avenues during discovery is essential to determine the full scope of any potentially wrongful conduct and appropriate remedies.

## XV. Rebuttal to Defendant's Argument on Lack of a Civil, Private Right of Action Under 18 U.S.C. § 1584

The defendants argue that the plaintiff's claim under 18 U.S.C. § 1584, addressing involuntary servitude, lacks basis because the statute does not provide a civil, private right of action, and the plaintiff's factual allegations do not meet the legal definition of involuntary servitude. Although direct civil claims under Section 1584 are not supported, it is crucial to consider the broader implications of the alleged conduct.

1) **Broader Implications of Alleged Conduct**: The plaintiff's use of the term 'involuntary servitude' may be seen as an expression of being subjected to undue pressure or coercive financial practices. While not involuntary servitude in the traditional sense, these practices could potentially be actionable under consumer protection laws or other statutes addressing economic coercion or exploitation.

2) **Potential Civil Law Avenues**: Although Section 1584 is a criminal statute without a civil counterpart, the conduct it criminalizes might support civil claims under theories of undue influence, economic duress, or unfair business practices under state laws. Such statutes often provide remedies for coercive behaviors that, while not amounting to criminal involuntary servitude, are nonetheless harmful and restrict personal freedom.

3) **Legal Analogies and Precedents**: Legal doctrines such as economic duress or constructive fraud may provide a framework for civil action where one party has been coerced into a transaction to their detriment under unfair terms. Courts have recognized that severe economic pressure can constitute a form of compulsion comparable to more direct forms of coercion.

4) **Judicial Interpretations**: The courts have occasionally expanded the interpretation of what constitutes coercive practices beyond the strict confines of criminal statutes. In scenarios where economic or other non-physical pressures effectively reduce an individual's autonomy, such interpretations could provide a basis for civil litigation.

**Conclusion**: The plaintiff urges the court to consider not only the literal terms of 18 U.S.C. § 1584 but also the broader legal context in which American Express's actions are alleged to have occurred. Dismissal of the claim solely based on the lack of a direct civil action under the statute overlooks potential civil liabilities that could address the conduct described. An in-depth

examination of these claims during discovery is warranted to fully understand and adjudicate the matter.

### XVI. Rebuttal to Defendant's Argument on Lack of a Claim Under 18 U.S.C. § 1589

The defendants argue that the plaintiff failed to state a claim under 18 U.S.C. § 1589 by asserting that American Express did not engage in activities that forced the plaintiff into labor or coerced services as defined under the statute. This assertion may narrowly interpret the plaintiff's claims and overlook broader legal interpretations that might support an action under this or analogous statutes.

1) **Clarification of Allegations**: The plaintiff alleges that actions taken by American Express coerced him into providing payments under conditions that he equates to forced labor or services. While not traditional labor, the plaintiff's use of 'forced to provide...Federal Reserve Notes' metaphorically suggests an undue and coercive pressure that could be construed within broader interpretations of what constitutes 'service' or 'labor' under extreme conditions of financial duress.

2) **Broader Interpretations of Coercion and Force**: Federal courts have interpreted Section 1589 broadly, recognizing various forms of coercion beyond physical threats, including economic coercion and the imposition of severe financial consequences as potential triggers for forced labor claims. The plaintiff's allegations might not directly align with traditional examples of labor but could conceptually fit within these broader interpretations if the coercion was significant enough to effectively reduce his autonomy or force actions against his will under severe penalty.

3) **Potential for Economic Duress and Coercive Control**: While traditionally applied to physical or overt threats of harm, economic duress and coercive financial practices can also constitute a form of 'harm' under expanded interpretations of statutes like Section 1589. If the plaintiff was coerced into providing payment to avoid disastrous financial consequences orchestrated by the defendant, this might rise to the level of coercion contemplated by the statute.

4) **Legal Precedents and Analogous Cases**: Courts have recognized unconventional applications of labor trafficking laws in cases where individuals were coerced into unwanted actions through non-physical means. For instance, expanding on *United States v. Sheikh*, if the plaintiff can demonstrate that American Express's actions created a belief that non-compliance would result in severe detriment, there might be grounds to consider this within the ambit of Section 1589.

**Conclusion**: The plaintiff requests the court to consider the full context and implications of American Express's actions and not dismiss the claim summarily based on a narrow interpretation of Section 1589. An exploration of all related facts during discovery is essential to fully understand the nature of the coercion alleged and to determine whether it could be actionable under this or related statutes.

## XVII. Rebuttal to Defendant's Argument on Lack of a Claim Under 18 U.S.C. § 1593A

The defendants argue that the plaintiff's claim under 18 U.S.C. § 1593A is without merit, contending that American Express did not financially benefit from the plaintiff's documents or parcels because they are not tied to anything of value. They also claim that there has been no conduct by American Express related to peonage, slavery, or trafficking. This narrow interpretation dismisses the potential broader implications of the plaintiff's allegations.

1) **Clarification of Financial Benefit**: The plaintiff's allegations that American Express benefitted financially from retaining the documents and parcels, despite their disputed value, should be considered within the broader context of how companies can benefit from practices that may not involve traditional forms of financial transactions. The benefit could be construed as retaining a financial advantage over the plaintiff through practices that could be deemed coercive or exploitative, fitting broader definitions under Section 1593A.

2) **Reframing the Allegations**: While the plaintiff's use of terms like peonage and slavery may be metaphorical, they serve to underscore the perceived severity of American Express's actions under the guise of standard financial operations. These terms, in the legal claim, might point to systemic practices that indirectly create or maintain conditions that the plaintiff equates to severe economic coercion or constraint.

3) **Broader Legal Interpretations**: Courts have recognized that the financial benefit from activities related to involuntary servitude doesn't need to stem directly from the labor or coercion itself but may also arise from ancillary practices that perpetuate dependency or compliance. This broader interpretation can encompass a range of exploitative practices that might not neatly fit traditional understandings of trafficking but still fall under the statute's intent to prevent economic exploitation.

4) **Judicial Precedents and Analogous Cases**: Legal precedents involving economic exploitation and coercion could provide a foundation for interpreting the plaintiff's claims within the context of Section 1593A. Cases interpreting financial benefits as encompassing indirect advantages from coercive practices could support a broader understanding of what constitutes "benefitting financially" under this statute.

**Conclusion**: The plaintiff urges the court to adopt a broader interpretation of the alleged conduct and the potential financial benefits derived therefrom under Section 1593A. Rather than dismissing the claim based on a narrow interpretation of value and direct financial transactions, the court should consider the full scope of American Express's actions and their potential implications under the law. This approach will ensure a comprehensive examination of all related facts and legal arguments.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff, Brandon Joe Williams, respectfully requests that this Court:

1. Deny American Express's Motion to Dismiss in its entirety based on the grounds that the claims presented do raise significant issues of law and fact that merit a thorough judicial examination, and that dismissing the claims at this stage would prevent a full and fair resolution of these matters.

2. Allow the Case to Proceed to Discovery, where all facts pertinent to the claims can be fully explored and developed, and where evidence can be gathered to substantiate the allegations made in the complaint, particularly those involving complex interpretations of law and potentially coercive practices.

3. Award Costs and Fees to Plaintiff, should it become evident through the course of proceedings that the actions of American Express were in violation of statutory or common law as alleged, and that the plaintiff incurred significant expenses in bringing these matters to light and seeking justice.

4. Grant Such Other Relief as the Court Deems Just and Proper to fully address any and all legal and equitable issues presented by this case and to provide complete redress to the plaintiff for any wrongs found to have been committed.

Plaintiff asserts that the issues at stake are of significant legal and moral importance, involving not just the interpretation of contractual and statutory obligations but also fundamental questions about fairness and justice in financial dealings. The relief sought is thus framed to ensure that the case is considered on its full merits, that justice is served, and that similar misconduct may be deterred in the future.

April 21, 2024                                             RESPECTFULLY SUBMITTED,

                                                          BRANDON JOE WILLIAMS

                                                          BY: /s/ *Brandon Joe Williams*
                                                          Brandon Joe Williams, Agent, Pro Se
                                                          P.O. Box 1962
                                                          Glendale, California 91209
                                                          brandon@williamsandwilliamslawfirm.com

                                                          (213) 309-7138

## Certificate of Service

Plaintiff certifies that on April 21st, 2024, the foregoing *Response in Opposition to Defendants Motion to Dismiss* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

213-439-9400
bbauer@steptoe.com

1  Stephen J. Newman (SBN 181570)
   *snewman@steptoe.com*
2  Brianna M. Bauer (SBN 348309*)*
   *bbauer@steptoe.com*
3  **STEPTOE LLP**
   2029 Century Park East, 18th Floor
4  Los Angeles, California 90067-3086
   Telephone: (213) 439-9400/Facsimile: (213) 439-9598
5  Email: *docketing@steptoe.com*

6

7  Attorneys for Defendant
     AMERICAN EXPRESS COMPANY and AMERICAN
8    EXPRESS KABBAGE, INC.

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12  BRANDON JOE WILLIAMS,              )  Case No. 2:24-CV-01631-MWF-PVCx
                                       )
13          Plaintiff,                 )  [Assigned to the Hon. Michael W.
                                       )  Fitzgerald]
14       vs.                           )
                                       )  **REVISED NOTICE OF MOTION**
15  AMERICAN EXPRESS COMPANY;          )  **AND MOTION TO DISMISS;**
    AMERICAN EXPRESS KABBAGE,          )  **MEMORANDUM OF POINTS AND**
16  INC,                               )  **AUTHORITIES IN SUPPORT**
                                       )  **THEREOF**
17          Defendants.                )
                                       )  DATE:     May 6, 2024
18                                     )  TIME:     10:00 AM
                                       )  DEPT:     5A
19  _____)

20

21

22

23

24

25

26

27

28

(133 of 259) Page 133 of 259
Case: 24-5426  07/30/2025  DktEntry: 14.1, Page 133 of 259
Case 2:24-cv-01631-MWF-PVC  Document 16  Filed 04/04/24  Page 2 of 20  Page ID #:98

1  **TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE** that, on May 6, 2024 at 10:00 a.m., or as soon as

3  thereafter as counsel may be heard, in Courtroom 5A of First Street Courthouse of

4  the United States District Court for the Central District of California, located at 350

5  West First Street, Los Angeles, California 90012, Defendants American Express

6  Company and American Express Kabbage, Inc. (collectively, "American Express"),

7  will and hereby do move the Court for an order dismissing Plaintiff Brandon Joe

8  William's ("Plaintiff") Complaint in its entirety and without leave to amend.

9      The Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6).

10  Plaintiff brings eleven causes of action against American Express: (i) breach of

11  contract; (ii) breach of fiduciary duty; (iii) violation of the Federal Reserve Act, 12

12  U.S.C. § 504; (iv) laundering of money instruments, 18 U.S.C. § 1956; (v)

13  transportation of stolen securities, 18 U.S.C. § 2314; (vi) securities and commodities

14  fraud, 18 U.S.C. § 1348; (vii) peonage, 18 U.S.C. § 1581; (viii) enticement into

15  slavery, 18 U.S.C. § 1583; (ix) sale into involuntary servitude, 18 U.S.C. § 1584; (x)

16  forced labor, 18 U.S.C. § 1589; and (xi) benefitting financially from peonage,

17  slavery, and trafficking of persons, 18 U.S.C. § 1593A.  These claims fail as a matter

18  of law because:

19      1.    Plaintiff failed to state a claim against American Express for breach of

20  contract given that Plaintiff failed to allege that American Express violated any

21  provision of their agreements;

22      2.    Plaintiff failed to state a claim for breach of fiduciary duty since he

23  failed to allege that American Express and Plaintiff have a fiduciary relationship;

24      3.    Plaintiff failed to allege any conduct giving rise to a claim under the

25  Federal Reserve Act;

26

27

28

- 1 -

(134 of 259) Page 134 of 259
Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 134 of 259
Case 2:24-cv-01631-MWF-PVC   Document 16   Filed 04/04/24   Page 3 of 20   Page ID #:99

1    4.    Plaintiff failed to state a claim under several criminal federal statutes

2 since these statutes do not authorize individuals to bring civil, private rights of

3 action.

4    5.    Plaintiff failed to state a claim under the federal criminal statutes

5 because simple debt collection practices do not amount to securities-related crimes,

6 money laundering, peonage, slavery, or trafficking of Plaintiff.

7    The Motion is based upon this Notice of Motion and Motion, the

8 accompanying Memorandum of Points and Authorities, the pleadings and records on

9 file herein, such further papers as may be filed in connection with the motion and

10 such further argument and evidence as may be presented in connection with the

11 hearing on the Motion.

**STEPTOE LLP**

14 Dated:  April 4, 2024        By:  /s/ *Brianna M. Bauer*

STEPHEN J. NEWMAN
BRIANNA M. BAUER

Attorneys for Defendant
AMERICAN EXPRESS COMPANY
and AMERICAN EXPRESS
KABBAGE, INC.

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................7

I. INTRODUCTION ................................................................................................7

II. PLAINTIFF'S ALLEGATIONS .........................................................................8

III. ARGUMENT ....................................................................................................10

    A. Standard of Review ...................................................................................10

    B. Plaintiff Failed to State a Claim for Breach of Contract ..........................11

    C. Plaintiff Failed to Allege a Fiduciary Relationship to State a Claim for
       Breach of Fiduciary Duty ..........................................................................12

    D. Plaintiff Failed to State a Claim Under the Federal Reserve Act.............12

    E. Plaintiff Failed to State a Claim Under Several Federal Criminal Statutes,
       Given That There Is No Civil, Private Right of Action............................13

       1. Plaintiff Failed to State a Claim for Laundering of Money
          Instruments ....................................................................................13

       2. Plaintiff Failed to State a Claim Under 18 U.S.C. § 2314............14

       3. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1348............14

       4. Plaintiff Failed to State a Claim for Peonage .............................15

       5. Plaintiff Failed to State a Claim for Enticement into Slavery ......15

       6. Plaintiff Failed to State a Claim for Involuntary Servitude..........16

    F. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1589........................17

    G. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1593A......................17

CONCLUSION ........................................................................................................18

1

## TABLE OF AUTHORITIES

2

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)................................................................10

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)................................................................10

Bendeck v. U.S. Bank Nat'l Ass'n,
   No. CV 17-00180.................................................................11

Carroll v. U.S. Equities Corp.,
   No. 1:18-CV-667, 2020 WL 11563716 (N.D.N.Y. Nov. 30, 2020) ..................14

Cleveland v. Xiong,
   2023 WL 2354817 (E.D.Cal., 2023) ..............................................16

Compton v. Pavone,
   No. 21-931, 2022 WL 1039966 (2d Cir. Apr. 7, 2022)...............................16

Constantino Cuara R. v. Satellite Control Network,
   No. 2:23-CV-00596, 2023 WL 5748114 (D. Utah Sept. 5, 2023) ..................14

Cooper v. N. Jersey Tr. Co. of Ridgewood, N. J.,
   226 F. Supp. 972 (S.D.N.Y. 1964) ...............................................14

de Pacheco v. Martinez,
   515 F. Supp. 2d 773 (S.D. Tex. 2007).............................................13

Dubai Islamic Bank v. Citibank, N.A.,
   126 F. Supp. 2d 659 (S.D.N.Y. 2000) .............................................13

FPI Dev., Inc. v. Nakashima,
   231 Cal. App. 3d 367 (Ct. App. 1991) ............................................11

Jensen v. Quality Loan Service Corp.,
   702 F.Supp.2d 1183 (E.D.Cal., 2010) .............................................10

Johnson v. Wennes,
   No. 08CV1798-L(JMA), 2009 WL 1228500 (S.D. Cal. May 5, 2009).............11

- 4 -

Marvin v. Cap. One,
 No. 1:15-CV-1310, 2016 WL 4548382 (W.D. Mich. Aug. 16, 2016) .............11

McLaughlin v. CitiMortgage, Inc.,
 726 F. Supp. 2d 201 (D. Conn. 2010) .................................................................15

Moya v. Chase Cardmember Serv.,
 661 F. Supp. 2d 1129 (N.D. Cal. 2009) .............................................................16

Nymark v. Heart Fed. Sav. & Loan Assn.,
 231 Cal. App. 3d 1089 (Ct. App. 1991) ............................................................12

O'Hara v. MortgageIT, Inc.,
 No. 3:18-CV-01672 (MPS), 2019 WL 4645986 (D. Conn. Sept. 24,
 2019) ......................................................................................................................14

Richman v. Hartley,
 224 Cal. App. 4th 1182 (2014) ............................................................................11

Risley v. Hawk,
 918 F. Supp. 18 (D.D.C. 1996) ............................................................................15

Schur v. Berntsen,
 2022 WL 1294967 (D.Utah, 2022) ......................................................................15

Shetty v. Lewis,
 No. 16-CV-03112-BLF, 2016 WL 6462068 (N.D. Cal. Nov. 1, 2016) .............15

Smith v. Crowl,
 No. 123CV01474JLTBAM, 2023 WL 8261325 (E.D. Cal. Nov. 29,
 2023) ......................................................................................................................14

Thompson v. Kramer,
 No. CIV. A. 93-2290, 1994 WL 725953 (E.D. Pa. Dec. 29, 1994) ...................13

United States v. Sheikh,
 481 F.Supp.3d 1052 (E.D.Cal., 2020) .................................................................17

In re Walters,
 No. 14-10119 (SMB), 2015 WL 3935237 (Bankr. S.D.N.Y. June 25,
 2015) ......................................................................................................................11

**Statutes**

12 U.S.C § 504 ................................................................................................ 8, 12

18 U.S.C. 1589 ............................................................................................... 8, 17

18 U.S.C. § 242 .................................................................................................. 16

18 U.S.C. § 1348 ................................................................................... 8, 14, 15

18 U.S.C. § 1581 ............................................................................................ 8, 15

18 U.S.C. § 1583 ..................................................................................... 8, 15, 16

18 U.S.C. § 1583(a) ........................................................................................... 15

18 U.S.C. § 1584 ............................................................................................ 8, 16

18 U.S.C. § 1584(a) ........................................................................................... 16

18 U.S.C. § 1589 ............................................................................................ 8, 17

18 U.S.C. § 1593A .................................................................................. 8, 17, 18

18 U.S.C. § 1956 ............................................................................................ 8, 13

18 U.S.C. § 2314 ............................................................................................ 9, 15

**Other Authorities**

Fed. R. Civ. P. 17(b) ........................................................................................... 8

Fed. R. Civ. P. 12(b)(6) .................................................................................. 8, 10

Peonage, Black's Law Dictionary (11th ed. 2019) ........................................... 15

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendants American Express Company and American Express Kabbage, Inc. ("American Express")[1] respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff Brandon Joe Williams's ("Plaintiff") Complaint.

## I.   INTRODUCTION

The Complaint filed by Plaintiff is without merit and should be dismissed with prejudice.  The eleven causes of action in Plaintiff's Complaint are all based on the same simple and baseless premise - that American Express violated multiple statutes by refusing to accept illegitimate forms of payment (in the form of Documents and Parcels not tied to anything of value) as payment towards the balances on his credit card accounts and loans.  Under no statutes nor set of facts is American Express liable for refusing to accept non-negotiable instruments or pretend money as satisfaction of a debt.  Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

Plaintiff's claims stem from the belief that American Express violated state and federal laws for not accepting illegitimate forms of payment on his American Express accounts.  Plaintiff's claims are premised on the theory that:  (i) Plaintiff is a "lender" that is able to create cash; (ii) Plaintiff sent documents – not tied to anything of value – to American Express as payment for his American Express accounts; and (iii) American Express acted wrongly for not accepting these illegitimate forms of payment.  Indeed, Plaintiff goes as far to say that American Express's refusal to accept illegitimate forms of payment amounts to peonage, enticement into slavery, sale into involuntary servitude, and forced labor.  Plaintiff's theory is not only

---

[1] American Express Kabbage, Inc. does not issue credit cards, and therefore is not liable for any claims relating to American Express credit cards.  Moreover, American Express Company is a parent company of various American Express entities. However, American Express Company does not issue loans nor does it issue credit cards to consumers.  As such, American Express Company is not liable for any of the matters described in the Complaint.

- 7 -

1    without basis in law, but is completely nonsensical.  Accordingly, and as more fully

2    set forth below, the Court should dismiss the Complaint under 12(b)(6) of the

3    Federal Rules of Civil Procedure with prejudice.

## II.    PLAINTIFF'S ALLEGATIONS

5         Plaintiff brings the following causes of action against American Express in

6    connection with his two American Express credit card accounts, and two Kabbage

7    loan plan accounts (the "Accounts"): (i) breach of contract; (ii) breach of fiduciary

8    duty; (iii) violation of the Federal Reserve Act, 12 U.S.C. § 504; (iv) laundering of

9    money instruments, 18 U.S.C. § 1956; (v) transportation of stolen securities, 18

10   U.S.C. § 2314; (vi) securities and commodities fraud, 18 U.S.C. § 1348; (vii)

11   peonage, 18 U.S.C. § 1581; (viii) enticement into slavery, 18 U.S.C. § 1583; (ix) sale

12   into involuntary servitude, 18 U.S.C. § 1584; (x) forced labor, 18 U.S.C. § 1589; and

13   (xi) benefitting financially from peonage, slavery, and trafficking of persons, 18

14   U.S.C. § 1593A.  (ECF No. 1.)  However, Plaintiff's allegations do not support any

15   of these causes of action.

16        In the Complaint, Plaintiff describes himself as an individual that holds a

17   trademark of his own name "BRANDON JOE WILLIAMS®".[2]  (ECF No. 1 ¶ 14.)

18   From this trademark, Plaintiff claims that BRANDON JOE WILLIAMS® is a lender

19   and legally able to create currency through the Federal Reserve Bank.  (Id. ¶¶ 44-45,

20   149.)  On or around June 2022, Plaintiff opened the Accounts with American

21   Express, and thus American Express extended credit to Plaintiff in the form of two

22   credit card accounts and two loans.  (Id. ¶¶ 10-13.)  Around the same time, Plaintiff

23   sent three documents (the "Documents")[3] – not tied to anything of value – to

---

[2] BRANDON JOE WILLIAMS®, which Plaintiff identifies as a trademark, does not have standing to sue as a trademark.  See Fed. R. Civ. P. 17(b).  As such, to the extent that Plaintiff alleges claims against American Express as BRANDON JOE WILLIAMS®, Plaintiff's claims against American Express should be dismissed for lack of standing.

[3] In the Complaint, Plaintiff defines these three documents as "conditional acceptance[s]", "bill[s] of exchange", "promissory note[s]", "negotiable instrument[s]", "collateral securities", "Federal Reserve Notes", and "blank indorsements."  (See e.g. ECF No. ¶¶ 28, 31, 33, 41, 48.)

- 8 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

1   American Express "to pay the entire amounts of all the above accounts."  (ECF No. 1

2   ¶ 52.)  In other words, Plaintiff alleges that the Documents are the equivalent of cash,

3   which he then used to pay for the extension of credit on the Accounts.

4          On or around January 2023, Plaintiff purportedly sent another document to

5   American Express instructing it to apply the Documents as payment for the

6   Accounts.  (ECF No. 1 ¶ 56.)  On or around June and July 2023, Plaintiff sent

7   American Express three additional documents (the "Parcels")[4] – not tied to anything

8   of value – to American Express.  (Id. ¶¶ 57-67.)  In the Parcels, Plaintiff instructs

9   American Express to apply the Parcels for payment on the Accounts.  (Id. ¶ 68.)

10  Plaintiff claims that the Parcels are the equivalent of "U.S. dollars."  (Id. ¶ 72.)

11  Sometime afterwards, American Express closed the Accounts.  (Id. ¶ 89.)

12         Fundamentally, Plaintiff alleges that he, in his capacity as BRANDON JOE

13  WILLIAMS®, sent money to American Express in the form of the Documents,

14  which he asserts are the equivalent of cash.  (Id. ¶¶ 50, 52.)  American Express then

15  extended credit to Plaintiff, which Plaintiff believes he already paid for with the

16  Documents.  (Id. ¶ 148.)  Plaintiff then sent the Parcels, believing that American

17  Express would accept them as payment since the Parcels contain special

18  indorsements. (Id. ¶¶ 57-72.)  Based on these beliefs, Plaintiff claims that American

19  Express violated state and federal law in not accepting the Documents (or the

20  Parcels) for payment on the Accounts.  However, Plaintiff's beliefs are not the law.

21  Importantly, Plaintiff does not allege:

22              1. He sent legitimate forms of payment to American Express;

23              2. Any fact relating to money laundering;

24              3. Any fact relating to securities; nor

25              4. Any fact relating to peonage, enticement into slavery, or forced labor.

26

27  _____

[4] Plaintiff defines these three additional documents as "parcels," which contain what he describes
28  as "special indorsements". (See ECF No. 1 ¶¶ 57-67, 69, 75.)

- 9 -

1    As such, Plaintiff's claims simply fail as a matter of law and should be

2 dismissed.

3                              **III.    ARGUMENT**

4    **A.    Standard of Review**

5    Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

6 "contain something more . . . than . . . a statement of facts that merely creates a

7 suspicion [of] a legally cognizable right of action." <u>Bell Atl. Corp. v. Twombly</u>, 550

8 U.S. 544, 555 (2007) (internal citation omitted).  A "plaintiff's obligation to provide

9 the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,

10 and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>

11 "[T]hat a court must accept as true all of the allegations contained in a complaint is

12 inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of

13 action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>,

14 556 U.S. 662, 678 (2009).  The court is "not bound to accept as true a legal

15 conclusion couched as a factual allegation."  <u>Id.</u> (internal quotations and citation

16 omitted).  "[O]nly a complaint that states a plausible claim for relief survives a

17 motion to dismiss."  <u>Id.</u> at 679.

18    Pro se complaints are entitled to liberal construction.  <u>Id.</u>  However, dismissal

19 is proper where there is either the lack of a cognizable legal theory or the absence of

20 sufficient facts alleged.  <u>Jensen v. Quality Loan Service Corp.</u>, 702 F.Supp.2d 1183,

21 1187 (E.D.Cal., 2010).  Here, even with the most liberal of constructions, Plaintiff

22 has absolutely no legal cause of action against American Express because it refused

23 to accept Plaintiff's Documents or Parcels as payment for Plaintiff's outstanding

24 debts on the Accounts.  Accordingly, Plaintiff's Complaint should be dismissed with

25 prejudice.

26 ///

27 ///

28

- 10 -

**B.     Plaintiff Failed to State a Claim for Breach of Contract**

A claim for breach of contract requires the following elements: (i) the existence of a contract; (ii) that the plaintiff performed its contractual obligations; (iii) that the defendant breached a contractual provision; and (iv) that the defendant's breach caused plaintiff to incur damages.  <u>Richman v. Hartley</u>, 224 Cal. App. 4th 1182, 1186 (2014).  If an action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint, or a written contract must be attached to the complaint and incorporated by reference.  See <u>FPI Dev., Inc. v. Nakashima</u>, 231 Cal. App. 3d 367, 383 (Ct. App. 1991).

Here, Plaintiff failed to allege that American Express breached <u>any</u> provision of his agreements with American Express to support a claim for breach of contract. Indeed, Plaintiff failed to include any language from the agreements specifying what he believes American Express breached.  Moreover, Plaintiff's breach of contract claim stems from a theory that American Express should have accepted Documents or Parcels – which are not tied to anything of value – as payment for the Accounts. This theory, and similar theories, have been soundly rejected in federal court.[5]

Accordingly, the Court should find that Plaintiff has not stated, and cannot state, a breach of contract claim against American Express.

///

///

---

[5] <u>See e.g.</u> <u>Johnson v. Wennes</u>, No. 08CV1798-L(JMA), 2009 WL 1228500, at *3 (S.D. Cal. May 5, 2009) (district court dismissed claims relying on premise that mortgage was paid with promissory note); <u>Marvin v. Cap. One</u>, No. 1:15-CV-1310, 2016 WL 4548382, at *4-6 (W.D. Mich. Aug. 16, 2016) (court dismissed pro se plaintiff's claims premised on theory that he paid his credit card debt with papers he called "promissory notes," that were not tied to anything of value, because such a theory is "nonsense"); <u>In re Walters</u>, No. 14-10119 (SMB), 2015 WL 3935237, at *3 (Bankr. S.D.N.Y. June 25, 2015) (documents called "promissory notes" claiming to have value on their face are not legal tender); <u>Bendeck v. U.S. Bank Nat'l Ass'n</u>, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *1-2 (D. Haw. June 23, 2017) ("This court readily rejects the 'promissory note is money' premise as absurd and frivolous").

1
2

**C.    Plaintiff Failed to Allege a Fiduciary Relationship to State a Claim for Breach of Fiduciary Duty**

3
4
5
6
7

There can be no claim for a breach of fiduciary duty absent a fiduciary relationship.  <u>Nymark v. Heart Fed. Sav. & Loan Assn.</u>, 231 Cal. App. 3d 1089, 1097 (Ct. App. 1991).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement does not exceed the scope of its conventional role as a mere lender of money.").  <u>Id.</u> at 1097.

8
9
10
11

In our case, Plaintiff did not demonstrate that American Express owed a fiduciary duty to Plaintiff because Plaintiff only alleged that both parties engaged in arm's length transactions, i.e., opening the Accounts.  Accordingly, the Court should dismiss Plaintiff's claim for breach of fiduciary duty.

12

**D.    Plaintiff Failed to State a Claim Under the Federal Reserve Act**

13
14
15

Plaintiff alleges that American Express violated the Federal Reserve Act, 12 U.S.C. § 504, for "failure to follow the orders of Brandon Joe Williams."  (ECF No. 1 ¶ 105.)  However, this claim is without merit.

16
17
18
19
20
21
22

Section 504 permits civil damages for a violation of certain provisions under the Federal Reserve Act.  12 U.S.C § 504(a) ("Any member bank [. . .] who violates any provision of section 371c, 371c-1, 375, 375a, 375b, 376, or 503 of this title, or any regulation pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which the violation continues.")  Section 504 also permits civil damages for breach of fiduciary duty.  12 U.S.C § 504(b)(1)(C); 12 U.S.C. § 504(c)(1)(C).

23
24
25
26
27

Here, Plaintiff has failed to allege any conduct by American Express that would violate the Federal Reserve Act.  First, as discussed in Section III(C), *supra*, American Express does not have a fiduciary relationship with Plaintiff, and thus did not breach any fiduciary relationship with Plaintiff.  Moreover, no provision of the Federal Reserve Act obligates financial institutions like American Express to accept

28

1  illegitimate forms of payment from consumers.  Thus, Plaintiff's claim fails as a

2  matter of law.  Accordingly, the Court should dismiss Plaintiff's claim under the

3  Federal Reserve Act.

4      **E.**    **Plaintiff Failed to State a Claim Under Several Federal Criminal**

5      **Statutes, Given That There Is No Civil, Private Right of Action**

6      As further discussed hereunder, Plaintiff has failed to state a claim for six

7  causes of action against American Express given that these federal criminal statutes

8  do not authorize Plaintiff to bring a civil, private right of action.  Accordingly,

9  American Express respectfully requests that the Court dismiss these causes of action.

10      **1.**    **Plaintiff Failed to State a Claim for Laundering of Money**

11      **Instruments**

12      Section 1956, Title 18 of the United States Code prohibits, in part, a person

13  from knowingly conducting (or attempting to conduct) a financial transaction that

14  "proceeds from some unlawful activity."  18 U.S.C. § 1956.  Federal courts have not

15  recognized a private right of action under Section 1956.  <u>See e.g.</u>, <u>de Pacheco v.</u>

16  <u>Martinez</u>, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007); <u>Dubai Islamic Bank v.</u>

17  <u>Citibank, N.A.</u>, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000); <u>Thompson v. Kramer</u>,

18  No. CIV. A. 93-2290, 1994 WL 725953, at *15 (E.D. Pa. Dec. 29, 1994) ("plaintiff

19  has not pointed to [. . .] anything in the legislative history of [18 U.S.C. § 1956] that

20  would indicate that Congress intended to provide a civil cause of action for [violation

21  of 18 U.S.C. § 1956]").  Here, Plaintiff fails to state, and cannot state, a claim against

22  American Express under Section 1956 since he has no civil, private right of action to

23  bring a claim under this statute.  Additionally, Plaintiff has not alleged any facts that

24  would indicate that American Express engaged in any money laundering activities

25  whatsoever.  As such, the Court should dismiss Plaintiff's Section 1956 claim.

26  ///

27  ///

28

- 13 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

ER_145

1

### 2. Plaintiff Failed to State a Claim Under 18 U.S.C. § 2314

2

Plaintiff brings his fifth cause of action under 18 U.S.C. § 2314, based on the

3 belief that American Express fraudulently took possession of "collateral securities,"

4 which seem to be the Documents Plaintiff sent to American Express. (See ECF

5 No. 1 ¶ 112.) Not only is Plaintiff's claim illogical, but is without basis in law.

6

Section 2314 makes it a federal offense to transport in interstate commerce

7 stolen goods, wares, merchandize, securities or monies. 18 U.S.C. § 2314. There is

8 no civil, private right of action under Section 2314. See id.; see also Cooper v. N.

9 Jersey Tr. Co. of Ridgewood, N. J., 226 F. Supp. 972, 979-980 (S.D.N.Y. 1964);

10 Carroll v. U.S. Equities Corp., No. 1:18-CV-667, 2020 WL 11563716, at *13

11 (N.D.N.Y. Nov. 30, 2020) (plaintiff failed to show that there was an implied private

12 right of action under Section 2314); O'Hara v. MortgageIT, Inc., No. 3:18-CV-01672

13 (MPS), 2019 WL 4645986, at * 7 (D. Conn. Sept. 24, 2019) ("[18 U.S.C. § 2314

14 does] not specifically authorize a private, civil cause of action").

15

Here, Plaintiff failed state a claim under Section 2314 because there is no civil,

16 private right of action. Plaintiff also did not allege any conduct having to do with

17 securities, given that the Accounts are loans and credit card accounts. As such, this

18 Court should dismiss Plaintiff's Section 2314 claim.

19

### 3. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1348

20

Plaintiff similarly brings a security-related claim against American Express

21 under 18 U.S.C. § 1348. Specifically, he alleges that American Express committed

22 securities fraud by failing to disclose "terms and options" concerning his "collateral

23 securities." (ECF No. 1 ¶¶ 120-121.) However, Section 1348 does not provide for a

24 civil, private right of action. Smith v. Crowl, No. 123CV01474JLTBAM, 2023 WL

25 8261325, at *3 (E.D. Cal. Nov. 29, 2023) (citing to Del Elmer; Zachay v. Metzger,

26 967 F. Supp. 398, 403 (S.D. Cal. 1997)); Constantino Cuara R. v. Satellite Control

27 Network, No. 2:23-CV-00596, 2023 WL 5748114, at *2 (D. Utah Sept. 5, 2023)

28

- 14 -

(plaintiff failed to state a claim under Section 1348 since Section 1348 does not create a private right of action.)  Again, Plaintiff's Accounts are also not securities, so Section 1348 would not be applicable even if there was a civil, private right of action.  As such, the Court should dismiss Plaintiffs Section 1348 claim.

### 4.    Plaintiff Failed to State a Claim for Peonage

Plaintiff brings his seventh cause of action against American Express under 18 U.S.C. § 1581.  Section 1581 is a criminal statute that prohibits holding or returning a person into a condition of "peonage."  "Peonage" is "the status of condition of compulsory service based upon indebtedness of the peon to the master [. . . .]." Peonage, Black's Law Dictionary (11th ed. 2019).  There is no civil, private right of action under Section 1581.  Shetty v. Lewis, No. 16-CV-03112-BLF, 2016 WL 6462068, at *2 (N.D. Cal. Nov. 1, 2016); see Schur v. Berntsen, 2022 WL 1294967, at *3 (D.Utah, 2022).  As such, Plaintiff cannot state a claim under Section 1581 since there is no civil, private right of action.  Plaintiff also failed to allege any facts indicating that American Express held Plaintiff in a condition of peonage.  Thus, the Court should dismiss Plaintiff's peonage claim.

### 5.    Plaintiff Failed to State a Claim for Enticement into Slavery

Plaintiff brings his eighth cause of action under 18 U.S.C. § 1583, claiming that he was enticed into slavery by sending "negotiable instruments" or "Federal Reserve Notes" to prevent his credit score from being attacked.  (ECF No. 1 ¶¶ 130-135.)  This claim is absurd.

Under Section 1583, Title 18 of the United States Code, it is prohibited for any person to kidnap, carry away, entice, persuade, induce a person to be sold into involuntary servitude or to be held as a slave.  18 U.S.C. § 1583(a).  Section 1583 does not create a civil, private right of action.  Risley v. Hawk, 918 F. Supp. 18, 21 (D.D.C. 1996); McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 220 (D. Conn. 2010) ("[E]ven if Mr. Ade Bey had alleged facts to support these fantastical

- 15 -

allegations – which he has not done – it is well settled that neither 18 U.S.C. § 242

nor § 1583, both of which are criminal statutes, provide a private right of action.")

Here, Plaintiff cannot bring a Section 1583 claim because he has no civil,

private right of action under Section 1583.  Plaintiff also failed to allege facts

indicating that American Express enticed Plaintiff into slavery.  To the contrary,

requiring recognized forms of negotiable instruments as payment on the Accounts is

not a form slavery, nor does it suggest that American Express enticed Plaintiff into

slavery.  Indeed, simple debt collection does not amount to a violation under

California law.  Moya v. Chase Cardmember Serv., 661 F. Supp. 2d 1129, 1132-33

(N.D. Cal. 2009) (credit card company did not violate California's Rosenthal Fair

Debt Collection Practices Act by sending letter to consumer requesting payment).

As such, the Court should dismiss Plaintiff's Section 1583 claim.

### 6. Plaintiff Failed to State a Claim for Involuntary Servitude

Plaintiff brings his ninth cause of action under 18 U.S.C. § 1584, which is a

criminal statute that prohibits "knowingly and willfully" holding a person into

involuntary servitude.  18 U.S.C. § 1584(a).  Similar to Plaintiff's eighth cause of

action, Plaintiff believes that American Express forced Plaintiff into a condition of

involuntary servitude by purportedly forcing him to provide "Federal Reserve Notes"

to prevent "his credit score from being attacked."  (ECF No. ¶¶ 136-139.)  However,

Plaintiff does not have a civil, private right of action under Section 1584.  Cleveland

v. Xiong, 2023 WL 2354817, at  5 (E.D.Cal., 2023); Compton v. Pavone, No. 21-

931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (no private right of action under

federal criminal statutes, including Section 1584).  As such, Plaintiff cannot bring a

claim under Section 1584.  Additionally, just as Plaintiff failed to allege that it

enticed Plaintiff into slavery, Plaintiff also failed to allege any conduct indicating

that American Express held Plaintiff in involuntary servitude.  Thus, the Court

should dismiss Plaintiff's Section 1584 claim.

**F.     Plaintiff Failed to State a Claim Under 18 U.S.C. § 1589**

Plaintiff brings his tenth cause of action under 18 U.S.C. § 1589, which is the Trafficking Victims Protection Reauthorization Act, claiming that American Express violated this statute when "Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral securities were purloined via blank indorsement." (ECF No. 1 ¶ 142.)  While unclear, Plaintiff seems to allege that Plaintiff was forced into labor or services when American Express refused to accept his illegitimate forms payment on the Accounts.  However, Plaintiff failed to allege, and cannot allege, any conduct by American Express giving rise to a violation of Section 1589.

Section 1589 is a criminal statute which prohibits obtaining labor or services through use of force or harm, threats of force or harm, or through a scheme in which a person is led to believe that another will suffer serious harm or physical restraint. 18 U.S.C. 1589.  Federal courts have interpreted Section 1589 "broadly to cover harm such as failure to pay wages or threats of immigration harm."  United States v. Sheikh, 481 F.Supp.3d 1052 (E.D.Cal., 2020).  In our case, Plaintiff failed to allege any facts indicating that American Express forced him into labor, such as failing to pay him wages.  Nor has Plaintiff alleged conduct indicating that American Express led him to believe that he would suffer serious physical harm or restraint.  American Express is not obligated to accept illegitimate forms of payment under state or federal law, and thus failure to accept his payments do not give rise to a Section 1589 claim.  As such, the Court should dismiss Plaintiff's Section 1589 claim.

**G.     Plaintiff Failed to State a Claim Under 18 U.S.C. § 1593A**

Plaintiff's alleges, citing to 18 U.S.C. § 1593A, that American Express knowingly benefitted financially from peonage, slavery, or trafficking of Plaintiff. 18 U.S.C. § 1593A.  This claim stems from the belief that American Express benefitted financially by keeping the Documents – which are not tied to anything of value – that Plaintiff sent to American Express.  (ECF No. 1 ¶ 47.)  However,

- 17 -

1    Plaintiff's claims are without merit. American Express did not financially benefit

2    from Plaintiff's Documents or Parcels because they are not tied to anything of value.

3    Plaintiff is not a lender, nor can he create cash. (Id. ¶ 44, 150.) Moreover, as

4    discussed in Sections III(E)(4)-(6) and Section III(F), *supra*, Plaintiff failed to allege

5    any conduct by American Express related to peonage, slavery, or trafficking.

6    Therefore, the Court should dismiss Plaintiff's Section 1593A claim.

### CONCLUSION

8        WHEREFORE, American Express, respectfully requests this Court to enter an

9    order: (i) granting American Express's motion to dismiss; (ii) dismissing Plaintiff's

10    claims against American Express; (iii) awarding American Express its costs and fees

11    incurred in having to defend this action; and (iv) granting any other relief this Court

12    deems necessary or appropriate.

**STEPTOE LLP**

Dated: April 4, 2024       By:   /s/ *Brianna M. Bauer*        
                                  STEPHEN J. NEWMAN
                                  BRIANNA M. BAUER

                              Attorneys for Defendant
                                  AMERICAN EXPRESS COMPANY
                                  and AMERICAN EXPRESS
                                  KABBAGE, INC.

- 18 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

ER_150

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on April 4, 2024, a copy of the foregoing **NOTICE OF**

3  **MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND**

4  **AUTHORITIES IN SUPPORT THEREOF** was filed electronically and served by

5   U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be

6   sent by e-mail to all parties by operation of the court's electronic filing system or by

7   mail to anyone unable to accept electronic filing as indicated on the Notice of

8   Electronic Filing.  Parties may access this filing through the court's CM/ECF

9   System.

10

11                                                      */s/ Brianna M. Bauer*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

CERTIFICATE OF SERVICE
Case No. 2:24-CV-01631-MWF-PVC

S/I

FEE PAID

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT of CALIFORNIA
### WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO._____

BRANDON JOE WILLIAMS®,

*Plaintiff,*

v.

AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE INC.
*Defendants.*



FILED
CLERK, U.S. DISTRICT COURT

FEB 26 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

2:24-CV-01631-MWF- PVCx

---

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person BRANDON JOE WILLIAMS®, presented by man Brandon Joe Williams, and files this *Complaint* against Defendant AMERICAN EXPRESS COMPANY ("AMEX"), and Defendant AMERICAN EXPRESS KABBAGE INC. ("Kabbage"), collectively referred to as "Defendants", and alleges, upon information and belief, the following: (**Please note that spelling of each name is important and will always be as above throughout this complaint for clarity in the court.**)

### I.      INTRODUCTION

1. Brandon Joe Williams would like to mention that he has studied for an absolutely unbelievable number of hours in an attempt to be a very kind, knowledgeable, smooth and educatable man. Brandon Joe Williams is not belligerent and arrives with his hat in his hand in an effort to learn, grow and achieve the best possible result for all parties. Brandon Joe Williams recognizes and has had a tremendous amount of experience with

the typical "pro se litigant" and he understands the frustrations and exhaustions of the court. Brandon Joe Williams asks, with full transparency, to please not label him in the same category as what has been seen before by the court.

2. Brandon Joe Williams is very excited about the procedure of law and has a great veneration towards the work of the court as well as the amazing effort of everyone who has contributed to our incredible system.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391 because the events giving rise to this claim originated in this district.

5. Joinder in this district is proper as to both Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or facts common to all Defendants.

6. Through the power of naturalization, found in 8 USC 1101(a)(23), Brandon Joe Williams confers the nationality of the State called "STATE OF CALIFORNIA" on BRANDON JOE WILLIAMS®, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

## III. PARTIES

7. Plaintiff is a resident of Los Angeles County, California, which is located in this district.

8. Defendant AMEX is a New York Foreign For-Profit Corporation with its principal place of business located at 200 Vesey Street, New York, NY 10285 and which conducts business in the State of California. AMEX may be served with process upon CT

Corporation System, its registered agent for service of process, at 330 N. Brand Blvd., Suite 700, Glendale, California 91203.

9. Defendant Kabbage is a Delaware Foreign For-Profit Corporation with its principle place of business located at 730 Peachtree Street NE, Suite 1100, Atlanta Georgia 30308 and which conducts business in the State of California. Kabbage may be served with process upon CT Corporation System, its registered agent for service of process, at 330 N. Brand Blvd., Suite 700, Glendale, California 91203.

## IV.    GENERAL FACTUAL ALLEGATIONS

10. BRANDON J WILLIAMS had Kabbage loan Plan #2107152.

11. BRANDON J WILLIAMS had Kabbage loan Plan #2080773.

12. BRANDON J WILLIAMS had AMEX Account #3767 581789 12001.

13. BRANDON J WILLIAMS had AMEX Account #3767 414017 11002.

14. *Ens legis* name "BRANDON J WILLIAMS" and "BRANDON JOE WILLIAMS®" are both referring to the same person.

15. BRANDON JOE WILLIAMS® trademark Serial Number is #97335158.

16. BRANDON JOE WILLIAMS® trademark is held by Brandon Joe Williams.

17. Brandon Joe Williams is the representative for BRANDON JOE WILLIAMS®.

18. Brandon Joe Williams gave permission to AMEX to access and use the credit of BRANDON JOE WILLIAMS®.

19. Improper performance was made on these accounts by extraneous and unnecessary Federal Reserve Notes being used to pay the accounts.

20. Proper performance would have been to indorse the original collateral securities under special negotiation, prior to them being exchanged for Federal Reserve Notes.

21. Brandon Joe Williams failed to do a special indorsement on the original collateral securities.

22. Had Brandon Joe Williams known, Brandon Joe Williams would have done special indorsements on these collateral securities all the way from the beginning.

23. Brandon Joe Williams never intended to do ANY blank indorsements on behalf of BRANDON JOE WILLIAMS®.

24. Proper performance is done primarily through clear orders and special indorsements.

25. Improper performance is done via blank indorsements and lack of orders.

26. Proper performance balances the accounting.

27. Improper performance unbalances the accounting.

28. There were many promissory notes made on these accounts.

29. Each individual credit transaction produced an unconditional promise to pay.

30. A promissory note is an unconditional promise to pay.

31. The promissory notes are negotiable instruments.

32. "Promissory note" and "note" mean the same thing.

33. Federal Reserve Notes are promissory notes.

34. Federal Reserve Notes are negotiable instruments.

35. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

36. Each month there was a billing statement generated on the above accounts.

37. A "billing statement" is an unconditional order to pay.

38. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

39. An unconditional order to pay is a bill of exchange.

40. A bill of exchange is a negotiable instrument.

41. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

42. All promissory notes produced by BRANDON JOE WILLIAMS® are under the purview of 18 U.S.C. § 8.

43. All bills of exchange sent to BRANDON JOE WILLIAMS® are under the purview of 18 U.S.C. § 8.

44. BRANDON JOE WILLIAMS® is able to legally create currency because it is a Federal Reserve member bank.

45. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).

46. A conditional acceptance was accepted for delivery on June 7th, 2022, at 10:12 AM.

47. This conditional acceptance was hand-signed for by agent Thomas Severe.

48. Thomas Severe signed for the parcel by hand with a black pen.

49. This conditional acceptance was using the 1099a IRS form for payment.

50. The IRS 1099a form is an unconditional order to pay.

51. The IRS 1099a form is a bill of exchange.

52. 3 different 1099a forms were submitted to pay the entire amounts of all the above accounts.

53. The next conditional acceptance was sent to both the CEO and the legal dept.

54. The legal dept signed to receive the parcel on Jan 4th, 2023, at 10:44 am.

55. The CEO's copy was signed to be received on Jan 4th, 2023, at 10:44 am.

56. This second conditional acceptance was a threat for liens due to my payment not being applied to my accounts from my first conditional acceptance.

57. On May 15th, 2023, at 10:38 am, Jonathan Peratta signed for the first of three total parcels.

58. He signed by hand with a blue pen.

59. In this first parcel, Brandon Joe Williams was claiming "titles, rights, interest and equity owed TO BRANDON J WILLIAMS".

60. This first parcel included a Power of Attorney ("POA"), outlining the relationship between Brandon Joe Williams and BRANDON JOE WILLIAMS®.

61. On June 23rd, 2023, at 10:31 am, Jonathan Peratta signed for the second of three total parcels.

62. This parcel had very similar wording to the first parcel.

63. He signed by hand with a black pen for parcel #2.

64. On July 31st, 2023, at 10:13 am, Jonathan Peratta signed for the third of three total parcels.

65. This parcel had very similar wording to the first and second parcel.

66. He signed by hand with a black pen for parcel #3.

67. All of these parcels were directed to the CFO, Jeffrey C. Campbell.

68. All 3 of these parcels ordered the CFO to apply the positive value of the negotiable instruments on the account to set-off the account and bring it to zero.

69. In essence, what Brandon Joe Williams has been trying to do all this time is simply replace all previous, present, and future blank indorsements with special indorsements.

70. Fraud on these accounts is due to a complete lack of disclosure of the terms of the loan as well as the collateralization of the original promissory note.

71. The orders inside this parcel constitute unconditional tender of payment in accordance with UCC 3-603.

72. The term "US dollars" includes Federal Reserve Notes.

73. Due to the original promissory having already been swapped for Federal Reserve Notes after the application was indorsed with a blank indorsement, the orders inside the parcels were a payment for US dollars.

74. The orders sent by Brandon Joe Williams are an unconditional order to pay on this account.

75. Inside this POA contained a special indorsement for all past, present, and future negotiable instruments of:

**WITHOUT RECOURSE**
Pay to the Order of:
BRANDON JOE WILLIAMS

By: /s/ *Brandon Joe Williams*, agent
Brandon Joe Williams, representative

76. BRANDON JOE WILLIAMS® is now the person entitled to enforce all negotiable instruments on all the above accounts.

77. BRANDON JOE WILLIAMS® is now the holder in due course regarding all negotiable instruments on all the above accounts.

78. Parcel was sent to CEO Stephen Squiri, effectively eliminating any previous arbitration clauses or agreements under fraud.

79. Parcel was signed for by Jonathan Peratta on Feb. 1st, 2024.

80. Parcel was sent to Registered Agent: CT Corporation System, effectively eliminating any previous arbitration clauses or agreements under fraud.

81. Parcel was accepted by CT Corporation System on Jan. 26th, 2024.

82. Parcel was sent to Kabbage, effectively eliminating any previous arbitration clauses or agreements under fraud.

83. Parcel was accepted by Kabbage on Jan. 29th, 2024.

## V.  COUNT ONE - BREACH OF CONTRACT:

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. The definition of "payment" is: "The fulfillment of a promise, or the performance of an agreement".

86. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract.".

87. The above definition is in accord with UCC 3-603(b).

88. Had someone spoken to Brandon Joe Williams about his options, he would have done a special indorsement on any instruments to properly perform.

89. AMEX ignored orders and questions from Brandon Joe Williams and closed the accounts.

## VI.  COUNT TWO – BREACH OF FIDUCIARY DUTIES:

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

91. BRANDON JOE WILLIAMS® is the beneficiary of AMEX.

92. AMEX has a fiduciary duty to the financial success of BRANDON JOE WILLIAMS®.

93. AMEX is paid to ensure the law is correctly applied in respect to beneficiary BRANDON JOE WILLIAMS®.

94. AMEX has an obligation and desire to ensure that UCC Article 3 is properly followed.

95. AMEX has an obligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

96. Once presented with orders or conditional acceptances above, AMEX never attempted to clarify or perform for Brandon Joe Williams or BRANDON JOE WILLIAMS®.

97. AMEX follows 12 U.S.C. § 412.

98. "AMERICAN EXPRESS NATIONAL BANK" has had access to Federal Reserve Window services since 10/17/1994, according to the Federal Reserve Master Account and Services Database.

99. AMEX acknowledges that it would be in the best interest of their beneficiaries to do special indorsements on negotiable instruments.

100. AMEX acknowledges that, if clients knew how to do a special indorsement, a vast majority would do it.

101. AMEX never mentioned to either Brandon Joe Williams or BRANDON JOE WILLIAMS® about the benefits of special indorsements.

102. This harmed BRANDON JOE WILLIAMS® by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes.

103. This breach of fiduciary duty has caused years of anxiety over the unnecessary use of extraneous Federal Reserve Notes.

VII.    **COUNT THREE – 12 U.S.C. § 504 (CIVIL MONEY PENALTY – FEDERAL RESERVE ACT):**

104.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

105.    This statute is involved due to failure to follow the orders of Brandon Joe Williams.

106.    This Civil Money Penalty is collected and deposited into the Treasury, so plaintiff intends to send a copy of this complaint to the SEC, Federal Reserve, Office of the Comptroller as well as the Treasury for inspection and collection. PLAINTIFF IS WILLING TO FOREGO THIS STEP IF DEFENDANTS ARE WILLING TO QUICKLY AND RAPIDLY ASSIST US IN OUR PRIOR ORDERS FOR THE EXCHANGE OF COLLATERAL SECURITIES (DEFENDANTS CAN SIMPLY PLACE "N/A" ON THIS LINE ITEM FOR ANSWER).

VIII.   **COUNT FOUR – 18 U.S.C. § 1956 (LAUNDERING OF MONETARY INSTRUMENTS):**

107.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

108.    Plaintiff became the person entitled to enforce these instruments once negotiation was rescinded and clarified.

109.    Plaintiff became the holder in due course of these instruments once negotiation was rescinded and clarified.

110.    Illegal possession and transfer of above negotiable instruments are retained

currently with defendant AMEX.

### IX.    COUNT FIVE – 18 U.S.C. § 2314 (TRANSPORTATION OF STOLEN SECURITIES):

111.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein with the same force and effect as if the same were set forth

at length herein.

112.    Unknown negotiation via a blank indorsement allowed AMEX to take possession

of all collateral securities on these accounts fraudulently.

113.    This transportation should have been done under special negotiation and should

have been temporary until the application for notes via 12 U.S.C. § 412 was completed at

the Federal Reserve Window.

114.    AMEX used AMERICAN EXPRESS NATIONAL BANK's Federal Reserve

Window access.

115.    Each individual credit transaction on these accounts would be a separate charge of

this felony.

### X.    COUNT SIX – 18 U.S.C. § 1348 (SECURITIES AND COMMODITIES FRAUD):

116.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein with the same force and effect as if the same were set forth

at length herein.

117.    Plaintiff was never informed as to these instruments being negotiable.

118.    Plaintiff was never informed of various optional indorsements in accordance with

UCC Article 3.

119.    Plaintiff has a responsibility to avail himself of his optional indorsements, but AMEX could have spent a very short period of time to educate plaintiff about indorsements as a part of their fiduciary duties.

120.    Brandon Joe Williams has clarified and ordered all current and future negotiation while rescinding all previous blank negotiation under fraud.

121.    Fraud is due to complete failure to disclose the terms and options of signing/indorsing above collateral securities.

122.    This damaged plaintiff materially due to valuable instruments being purloined and not available for plaintiff.

123.    Due to Brandon Joe Williams' signature being the birth of value for all the above negotiable instruments, Brandon Joe Williams and BRANDON JOE WILLIAMS® are the secured parties for all transactions in this deal.

124.    Each individual credit transaction on these accounts would be a separate charge of this felony.

## XI.    COUNT SEVEN – 18 U.S.C. § 1581 (PEONAGE):

125.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

126.    Plaintiff was forced to work and perform under this contract as "debt," when the debt was only existing due to a failure to use a special indorsement on the original note.

127.    Plaintiff had to use extraneous and irrelevant Federal Reserve Notes to prevent the *ens legis* credit from being negatively affected.

128.     AMEX made it appear that plaintiff was in debt by failing to help the plaintiff do a special indorsement.

## XII.    COUNT EIGHT – 18 U.S.C. § 1583 (ENTICEMENT INTO SLAVERY):

129.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

130.     Due to a failure to do a special indorsement (which could have easily been done), plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

131.     Brandon Joe Williams was intimidated with fear of having BRANDON JOE WILLIAMS® credit score attacked if he failed to supply irrelevant and extraneous Federal Reserve Notes each month.

132.     Plaintiff got absolutely no equal consideration in exchange for his collateral securities and negotiable instruments beyond the facilitation of security swaps and transfers.

133.     AMEX could have informed plaintiff of his option to do a special indorsement rather than a blank indorsement.

134.     Due to ease of which AMEX could have helped and informed the plaintiff of a special versus blank indorsement, it is assumed that the intent was to entice the plaintiff into slavery.

135.     Brandon Joe Williams was forced to serve in a slavery position due to complete fraud regarding the indorsement of the negotiable instruments produced on these accounts.

ER_164

### XIII.   COUNT NINE – 18 U.S.C. § 1584 (SALE INTO INVOLUNTARY SERVITUDE):

136.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

137.     Due to the financial gain of having the plaintiff do a blank indorsement rather than a special indorsement on the original collateral security, AMEX had financial motive to ensure plaintiff indorsed with a blank indorsement.

138.     Intent to have plaintiff sign with a blank indorsement was pre-conceived by AMEX.

139.     Plaintiff was left in a situation where he felt compelled to provide entirely irrelevant Federal Reserve Notes in order to prevent the credit score from being attacked.

### XIV.   COUNT TEN – 18 U.S.C. § 1589 (FORCED LABOR):

140.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

141.     18 U.S.C. § 1589 includes forced services.

142.     Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral securities were purloined via a blank indorsement.

143.     AMEX should have been providing a service of swapping the collateral securities under special negotiation.

144.     Brandon Joe Williams would have been more than happy to pay a small swap fee for the service of exchanging the collateral securities at the Federal Reserve Window.

145.   Instead, the plaintiff was forced to perform each month unnecessarily under threat of punishment (bad credit reporting).

**XV.   COUNT ELEVEN – 18 U.S.C. § 1593A (BENEFITTING FINANCIALLY FROM PEONAGE, SLAVERY, AND TRAFFICKING IN PERSONS):**

146.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

147.   AMEX benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application for notes is complete (12 U.S.C. § 412).

148.   AMEX benefits from a blank indorsement by being able to collect the Federal Reserve Notes of the swapped collateral securities as well as the Federal Reserve Notes paid each month on the account.

149.   AMEX pretends it is the "lender" by claiming the collateral security, after it is released with a blank indorsement.

150.   Under special negotiation, BRANDON JOE WILLIAMS® is actually the lender and Brandon Joe Williams is the borrower. AMEX is just a currency exchange at this point and facilitates Federal Reserve services.

151.   AMEX collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their indorsement options.

152.   Due to lack of terms and communications, it is assumed that AMEX intends to entice its beneficiaries into slavery for financial gain.

**XVI.   DEMANDS FOR RELIEF**

153.   Full discharge of all above loans in their current state.

154.    Full refund of each individual extraneous payment made on the accounts using
Federal Reserve Notes.

155.    $250,000,000.00 (two-hundred–fifty-million dollars) in damages. Payable in
Federal Reserve Notes.

156.    Optional: AMEX will issue BRANDON JOE WILLIAMS® an AMEX Centurion
Black Card that has no credit limit and is automatically set-off each month. This would
require a Limited Power of Attorney where Brandon Joe Williams would allow AMEX to
do special indorsements on the behalf of Brandon Joe Williams and BRANDON JOE
WILLIAMS®. This would include AMEX being allowed to keep any interest generated
on any promissory note or bill of exchange. This would also include the possibility of
allowing these securities to mature in an effort to bring larger interest gains to AMEX
(Brandon Joe Williams wants to ensure that AMEX is being paid well for this work in
order to establish equal consideration). This optional choice would eliminate the needed
relief of paragraph 155.

## SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest
of justice, the Plaintiff respectfully requests this Honorable Court to issue an Order for the award
of monetary damages against the Defendants, AMEX and Kabbage. The Plaintiff further seeks
any additional and appropriate relief that this Court, in its wisdom, may consider just and
equitable given the circumstances at hand.

THE PLAINTIFF ENTERS THIS COURT PROCEEDING WITH A CONSTRUCTIVE
INTENT, VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANT
TOWARDS A FAIR AND EQUITABLE CONCLUSION.

Dated: February 20th, 2024          RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, PRO SE
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2024, a copy of the foregoing was sent to the Clerk of this Court as is required by Pro Se litigants via USPS. The mailing address is as follows: United States District Court – Central District of California, c/o Court Clerk, 350 West 1st Street, Suite 4311, Los Angeles, California 90012-4565. It will also be mailed through USPS certified mail with a signature required pursuant to all summons issued by the Clerk.



FROM:

Brandon Joe Williams
PO Box 1962
Glendale, CA 91208

9589 0710 5270 0926 1114 36

*Retail*

U.S. POSTAGE PAID
FCM LG ENV
GLENDALE, CA 91205
FEB 21, 2024

90012

**$10.88**

RDC 99

R2305M143312-21

TO:

United States District Court - of California central District
Western Division (Los Angeles)
c/o clerk court
350 west 1st st, suite 4311
Los Angeles, CA 90012-4565

FEB 26 2024

$405.00

**Photo Document Mailer**

9589

**Ready**P**ost**



(171 of 259) Page 171 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 171 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42    Filed 09/04/24    Page 1 of 4   Page ID
#:436

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY;<br><br>AMERICAN EXPRESS KABBAGE INC.<br><br>Defendants. | **Honorable Judge Michael W. Fitzgerald**<br><br>**Magistrate Judge Pedro V. Castillo** |

## NOTICE OF INTENT TO APPEAL TO THE NINTH CIRCUIT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, BRANDON JOE WILLIAMS®, hereby intends to appeal to the United States Court of Appeals for the Ninth Circuit from the final judgment and all orders and rulings of the United States District Court for the Central District of California entered in this action.

This Notice of Intent to Appeal is filed pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), and in accordance with Ninth Circuit Rule 3-1.

## I. INTRODUCTION

On July 10, 2024, the District Court entered an Order [Docket No. 30] dismissing Plaintiff's case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Subsequent motions, including *Plaintiff's Motion for Reconsideration* [Docket No. 31] and the *Notice and Motion to Enter Final Judgment* [Docket No. 38], were denied and stricken by the District Court. The final order

denying the *Motion for Reconsideration* was entered on August 2, 2024 [Docket No. 36]. The final

order striking Plaintiff's subsequent filings was entered on September 3, 2024 [Docket No. 41].

Plaintiff contends that the District Court erred in dismissing the case and in denying subsequent

motions and objections, thereby failing to provide due consideration to the legal arguments and

evidence presented.

## II. QUESTION OF VALIDITY OF ORDERS WITHOUT JUDGE'S SIGNATURE

A significant issue to be addressed on appeal is whether the referenced Orders issued by this

Court, specifically the Order dismissing the case [Docket No. 30], the Order denying reconsideration

[Docket No. 36], and the Order striking Plaintiff's objection [Docket No. 41], are valid without the

signature of the presiding Judge. The absence of judicial signatures raises substantial questions about

the legitimacy of these Orders and whether they comply with the procedural requirements necessary to

constitute binding judicial determinations. This matter is critical, as it directly impacts the Plaintiff's

rights and the appeal process.

## III. ATTACHMENTS

Plaintiff will attach the following documents as exhibits to this Notice of Intent to Appeal:

1. **Exhibit A** - Complete Docket Sheet.

2. **Exhibit B** - Order Dismissing Case

3. **Exhibit C** - Motion for Reconsideration

4. **Exhibit D** - Objections to Order

5. **Exhibit E** - Order denying Motion for Reconsideration

6. **Exhibit F** - Objections to Order

7. **Exhibit G** - Notice and Motion to Enter Final Judgment

8. **Exhibit H** - Order Striking Filed Documents

9. **Exhibit I** - Objections to Court Order

10. **Exhibit J** - Order Striking

## IV. STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

The issues to be presented on appeal include but are not limited to:

1. Whether the District Court erred in dismissing Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).

2. Whether the District Court erred in denying Plaintiff's Motion for Reconsideration.

3. Whether the District Court erred in striking Plaintiff's subsequent filings and failing to enter a final judgment that allows for an appeal.

4. Whether the referenced Orders issued by the District Court are valid without the signature of the presiding Judge.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Ninth Circuit Court of Appeals review and reverse the orders of the District Court.

September 4, 2024                           RESPECTFULLY SUBMITTED,

                                            BRANDON JOE WILLIAMS®

                                            BY: /s/ *Brandon Joe Williams*
                                            Brandon Joe Williams, Agent, Pro Se
                                            P.O. Box 1962
                                            Glendale, California 91209
                                            brandon@williamsandwilliamslawfirm.com
                                            (747) 273-0799

## Certificate of Service

      Plaintiff certifies that on September 4th, 2024, the foregoing *NOTICE OF INTENT TO APPEAL* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

Stephen J. Newman
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
snewman@steptoe.com

(175 of 259), Page 175 of 259, 24-5426, 07/30/2025, DktEntry: 14.1, Page 175 of 259,
Case 2:24-cv-01631-MWF-PVC   Document 42-1   Filed 09/04/24   Page 1 of 5   Page ID
#:440

(PVCx),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:24–cv–01631–MWF–PVC

Brandon Joe Williams v. American Express Company et al
Assigned to: Judge Michael W. Fitzgerald
Referred to: Magistrate Judge Pedro V. Castillo
Cause: 28:1331 Fed. Question

Date Filed: 02/26/2024
Date Terminated: 07/10/2024
Jury Demand: Plaintiff
Nature of Suit: 140 Negotiable Instrument
Jurisdiction: Federal Question

**Plaintiff**

**Brandon Joe Williams**
    represented by    **Brandon Joe Williams**
PO Box 1962
Glendale, CA 91209
747–273–0799
Email: brandon@williamsandwilliamslawfirm.com
PRO SE

V.

**Defendant**

**American Express Company**
    represented by    **Brianna M. Bauer**
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067–3086
213–439–9400
Fax: 213–439–9598
Email: bbauer@steptoe.com
*ATTORNEY TO BE NOTICED*

**Stephen J Newman**
Steptoe LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067
213–439–9400
Fax: 213–439–9599
Email: snewman@steptoe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Express Kabbage Inc.**
    represented by    **Brianna M. Bauer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen J Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2024 | 1 | COMPLAINT filed by Plaintiff Brandon Joe Williams against Defendants American Expess Kabbage Inc., American Express Company. Case assigned to Judge Michael W. Fitzgerald for all further proceedings. Discovery referred to Magistrate Judge Pedro V. Castillo. (Filing fee $ 405 Paid.) (Attachments: # 1 CV71) (jtil) (Entered: 03/05/2024) |
| 02/26/2024 | 2 | CERTIFICATE of Interested Parties filed by Plaintiff Brandon Joe Williams. (jtil) (Entered: 03/05/2024) |

| 02/26/2024 | 3 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Brandon Joe Williams. (jtil) (Entered: 03/05/2024) |
| 02/28/2024 | 4 | 21 DAY Summons Issued re Complaint – (Discovery), 1 as to Defendant American Express Company. (jtil) (Entered: 03/05/2024) |
| 02/28/2024 | 5 | 21 DAY Summons Issued re Complaint – (Discovery), 1 as to Defendant American Expess Kabbage Inc. (jtil) (Entered: 03/05/2024) |
| 03/05/2024 | 6 | NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and Magistrate Judge Pedro V. Castillo. (jtil) (Entered: 03/05/2024) |
| 03/05/2024 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (jtil) (Entered: 03/05/2024) |
| 03/05/2024 | 8 | NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM filed. (jtil) (Entered: 03/05/2024) |
| 03/06/2024 | 9 | ORDER by Judge Michael W. Fitzgerald: Granting 3 APPLICATION for Pro Se Electronic Filing. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E–Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non–sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk. (iv) (Entered: 03/06/2024) |
| 03/06/2024 | 10 | SELF–REPRESENTATION ORDER by Judge Michael W. Fitzgerald. SEE ORDER FOR DETAILS. (iv) (Entered: 03/06/2024) |
| 03/18/2024 | 11 | NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Brandon Joe Williams, upon Defendant All Defendants. Acknowledgment of Service signed by NDS, Agent. (Attachments: # 1 Affidavit AMEX Service of Summons and Complaint, # 2 Affidavit Kabbage Service of Summons and Complaint, # 3 Exhibit PS 3811)(Williams, Brandon) (Entered: 03/18/2024) |
| 03/20/2024 | 12 | MINUTE (IN CHAMBERS) ORDER REGARDING NOTICE OF SERVICE OF PROCESS 11 by Judge Michael W. Fitzgerald. Defendants AmEx and AmEx Kabbage are corporations. Therefore, service under Fed. R. Civ. P. 4(h) is applicable. It appears that Plaintiff attempted to effectuate service of the Summons and Complaint upon Defendants' agent for service of process, CT Corporation System, in Glendale, California. However, service by certified mail does not satisfy the requirements of Fed. R. Civ. P. 4(h). (iv) (Entered: 03/21/2024) |
| 04/01/2024 | 13 | PROOF OF SERVICE Executed by Plaintiff Brandon Joe Williams, upon Defendant All Defendants. Service of the Summons and Complaint were executed upon Agent in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Williams, Brandon) (Entered: 04/01/2024) |
| 04/03/2024 | 14 | NOTICE of Interested Parties filed by Defendants American Express Company, American Express Kabbage Inc., (Attorney Brianna M. Bauer added to party American Express Company(pty:dft), Attorney Brianna M. Bauer added to party American Express Kabbage Inc.(pty:dft))(Bauer, Brianna) (Entered: 04/03/2024) |
| 04/03/2024 | 15 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants American Express Company, American Express Kabbage Inc.. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order) (Bauer, Brianna) (Entered: 04/03/2024) |
| 04/04/2024 | 16 | NOTICE OF MOTION AND MOTION to Dismiss Case *REVISED)* filed by Defendants American Express Company, American Express Kabbage Inc.. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order) (Bauer, Brianna) (Entered: 04/04/2024) |
| 04/11/2024 | 17 | Notice Notice in Response to Court's Order and Pro Se Status filed by plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 04/11/2024) |

| 04/11/2024 | 18 | NOTICE OF MOTION AND MOTION for Enlargement of Time to File Response in opposition to defendant's motion to dismiss filed by plaintiff Brandon Joe Williams. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order Proposed order granting enlargement of time) (Williams, Brandon) (Entered: 04/11/2024) |
| 04/12/2024 | 19 | MINUTES (IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME 18 by Judge Michael W. Fitzgerald. Plaintiff's opposition to the pending Motions to Dismiss must be filed no later than April 22, 2024. Defendants' replies in support of their respective motions must be filed no later than April 29, 2024. The hearing on May 6, 2024, is VACATED and taken off calendar. (iv) (Entered: 04/12/2024) |
| 04/19/2024 | 20 | NOTICE OF MOTION AND MOTION for Relief from LOCAL RULE 7–3 filed by Defendants American Express Company, American Express Kabbage Inc.. Motion set for hearing on 5/20/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Declaration OF BRIANNA M. BAUER IN SUPPORT OF MOTION FOR RELIEF FROM LOCAL RULE 7–3, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Proposed Order) (Bauer, Brianna) (Entered: 04/19/2024) |
| 04/21/2024 | 21 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 04/21/2024) |
| 04/21/2024 | 22 | NOTICE OF MOTION AND MOTION to Strike Motion to dismiss NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 filed by plaintiff Brandon Joe Williams. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order Proposed Order Granting Plaintiff's Motion to Strike, # 2 Declaration Hand–Signed Delaration in Support of Plaintiffs Motion to Strike) (Williams, Brandon) (Entered: 04/21/2024) |
| 04/21/2024 | 23 | OPPOSITION to NOTICE OF MOTION AND MOTION for Relief from LOCAL RULE 7–3 20 filed by Plaintiff Brandon Joe Williams. (Attachments: # 1 Declaration Hand–signed Declaration of Brandon Joe Williams in Support of Striking Motion for Relief from Local Rule 7–3)(Williams, Brandon) (Entered: 04/21/2024) |
| 04/22/2024 | 24 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motion to Strike 22 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 04/22/2024) |
| 04/22/2024 | 25 | MINUTES (IN CHAMBERS) ORDER REGARDING PENDING MOTIONS by Judge Michael W. Fitzgerald. If Defendants wish to file Opposition to Plaintiffs Motion to Strike, they must do so no later than April 29, 2024. No reply briefs shall be filed in support of the Motion for Relief and the Motion to Strike. The hearings on Plaintiff's Motion to Strike and Defendants' Motion for Relief, noticed for May 6 and May 20, 2024, are VACATED. (iv) (Entered: 04/22/2024) |
| 04/29/2024 | 26 | REPLY in support of motion NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 filed by Defendants American Express Company, American Express Kabbage Inc.. (Bauer, Brianna) (Entered: 04/29/2024) |
| 04/29/2024 | 27 | OPPOSITION to NOTICE OF MOTION AND MOTION to Strike Motion to dismiss NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 22 filed by Defendants American Express Company, American Express Kabbage Inc.. (Bauer, Brianna) (Entered: 04/29/2024) |
| 05/01/2024 | 28 | REPLY support of motion to strike the motion to dismiss by defense NOTICE OF MOTION AND MOTION to Strike Motion to dismiss NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 22 *Reply in support of the motion to strike the motion to dismiss by the defense* filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 05/01/2024) |

| 06/14/2024 | 29 | NOTICE OF MOTION AND MOTION to Amend Complaint filed by plaintiff Brandon Joe Williams. (Attachments: # 1 Exhibit Amended Complaint, # 2 Proposed Order Proposed Order) (Williams, Brandon) (Entered: 06/14/2024) |
| 07/10/2024 | 30 | MINUTES (IN CHAMBERS) ORDER RE: DEFENDANTS' MOTIONS TO DISMISS 15 16 ; DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 7–3 20 ; PLAINTIFF'S MOTION TO STRIKE 22 ; PLAINTIFF'S MOTION TO AMEND 29 ; ENTRY OF JUDGMENT by Judge Michael W. Fitzgerald. The Motion for Relief is GRANTED given the lack of substantial prejudice to Plaintiff due to AMEX's alleged failure to comply with the Local Rules. For the same reason, the MTS is DENIED. The MTD is GRANTED to the extent it seeks dismissal of this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To the extent AMEX requests the Court to sanction Plaintiff by awarding attorneys' fees, that request is DENIED. The Motion to Amend is DENIED because any amendment would be futile. ( MD JS–6. Case Terminated ) (iv) (Entered: 07/10/2024) |
| 07/13/2024 | 31 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 filed by plaintiff Brandon Joe Williams. (Attachments: # 1 Declaration Objections, # 2 Proposed Order Proposed Order, # 3 Exhibit USPTO Filing, # 4 Exhibit "Promise to pay" section in cardmember agreement) (Williams, Brandon) (Entered: 07/13/2024) |
| 07/13/2024 | 32 | OBJECTIONS to Order on Motion to Dismiss Case,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 07/13/2024) |
| 07/15/2024 | 33 | SCHEDULING NOTICE and ORDER by Judge Michael W. Fitzgerald. The Court has received Plaintiff's Motion for Reconsideration 31 (the "Motion") and Objections to the Court's Order Dated July 10, 2024 [31–1] and 32 (the "Objections"). The Court sets the following briefing schedule: Defendants' Opposition to the Motion is due 7/22/2024; Plaintiff's Reply in support of the Motion is due 7/29/2024. If the Court determines that a hearing is necessary, one will be set at a later date. IT IS SO ORDERED. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (smom) TEXT ONLY ENTRY (Entered: 07/15/2024) |
| 07/22/2024 | 34 | OPPOSITION to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 31 filed by Defendants American Express Company, American Express Kabbage Inc.. (Newman, Stephen) (Entered: 07/22/2024) |
| 07/27/2024 | 35 | RESPONSE IN SUPPORT of NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 31 filed by Plaintiff Brandon Joe Williams. (Attachments: # 1 Exhibit Exhibit A – "how to make payments", # 2 Proposed Order Proposed Order)(Williams, Brandon) (Entered: 07/27/2024) |
| 08/02/2024 | 36 | MINUTES (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION 31 by Judge Michael W. Fitzgerald. The Motion is DENIED. (iv) (Entered: 08/02/2024) |
| 08/07/2024 | 37 | OBJECTIONS to Order on Motion for Reconsideration 36 , Order on Motion to Dismiss Case,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 08/07/2024) |
| 08/24/2024 | 38 | [STRICKEN PURSUANT TO #39] NOTICE OF MOTION AND MOTION for Judgment filed by plaintiff Brandon Joe Williams. (Williams, Brandon) Modified on 8/27/2024 (twdb). (Entered: 08/24/2024) |
| 08/26/2024 | 39 | ORDER STRIKING FILED DOCUMENTS FROM THE RECORD by Judge Michael W. Fitzgerald: the documents listed below were improperly filed for the following reasons: This case was closed and judgment was entered on 7/10/2024; see Order at Docket No. 30. An Order denying Plaintiff's Motion for Reconsideration was filed on 8/2/2024; see Order at Docket No. 36; therefore, the following document(s) shall be stricken from the record and shall not be considered by the Court: NOTICE OF |

(179 of 259) Page 179 of 259; 24-5426, 07/30/2025, DktEntry-14.1, Page 179 of 259;
Case 2:24-cv-01631-MWF-PVC    Document 42-1    Filed 09/04/24    Page 5 of 5    Page ID
#:444

| | | MOTION AND MOTION for Judgment 38 . (twdb) (Entered: 08/27/2024) |
|---|---|---|
| 08/28/2024 | 40 | **STRICKEN** OBJECTIONS to Striking filed Documents (CV–80),, 39 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) Modified on 9/3/2024 (iv). (Entered: 08/28/2024) |
| 09/03/2024 | 41 | MINUTE (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER AND REQUEST TO REINSTATE PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT 40 by Judge Michael W. Fitzgerald. The Court STRIKES Plaintiff's Objection for the same reasons that the Motion to Enter Final Judgment was stricken. Judgment was entered on July 10, 2024 30 . Plaintiffs Motion for Reconsideration 31 was denied on August 2, 2024 36 . Plaintiff's continued arguments that judgment has not been entered are groundless. (iv) (Entered: 09/03/2024) |

(180 of 259) Page 180 of 259
Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 180 of 259
Case 2:24-cv-01631-MWF-PVC Document 42 Filed 07/10/24 Page 1 of 8 Page ID #:345

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL                     JS-6

**Case No.** CV 24-1631-MWF (PVCx)                    **Date:** July 10, 2024
**Title:** Brandon Joe Williams v. American Express Company, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS' MOTIONS TO
DISMISS [15] [16]; DEFENDANT'S MOTION FOR
RELIEF FROM LOCAL RULE 7-3 [20];
PLAINTIFF'S MOTION TO STRIKE [22];
PLAINTIFF'S MOTION TO AMEND [29]; ENTRY
OF JUDGMENT

Before the Court are four related motions:

The first is Defendants American Express Company's and American Express
Kabbage, Inc.'s (collectively, "AMEX") Motion to Dismiss, filed on April 3, 2024.
(Docket No. 15). AMEX subsequently filed a revised Motion to Dismiss (the "MTD")
on April 4, 2024. (Docket No. 16). Plaintiff Brandon Joe Williams filed an
Opposition on April 21, 2024. (Docket No. 21). AMEX filed a Reply on April 29,
2024. (Docket No. 26).

The second is AMEX's Motion for Relief from Local Rule 7-3 (the "Motion for
Relief"), filed on April 19, 2024. (Docket No. 20). Plaintiff filed an Opposition on
April 21, 2024. (Docket No. 23).

The third is Plaintiff's Motion to Strike the Motion to Dismiss (the "MTS"),
filed on April 21, 2024. (Docket No. 22). AMEX filed an Opposition on April 29,
2024. (Docket No. 27). Plaintiff filed a Reply on May 1, 2024. (Docket No. 28).

---

CIVIL MINUTES—GENERAL                                          1

(181 of 259) Page 181 of 259
Case: 24-5426 07/30/2025 DktEntry: 14.1 Page 181 of 259
Case 2:24-cv-01631-MWF-PVC Document 32 Filed 07/10/24 Page 2 of 8 Page ID #:348

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024

Title: Brandon Joe Williams v. American Express Company, et al.

The fourth is Plaintiff's Motion to Amend Complaint (the "Motion to Amend"), filed on June 14, 2024. (Docket No. 29). No opposition or reply was filed.

The motions were noticed to be heard on **May 6 and 20, 2024**. The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearings were therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- The Motion for Relief is **GRANTED** given the lack of substantial prejudice to Plaintiff due to AMEX's alleged failure to comply with the Local Rules. For the same reason, the MTS is **DENIED**.

- The MTD is **GRANTED** to the extent it seeks dismissal of this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To the extent AMEX requests the Court to sanction Plaintiff by awarding attorneys' fees, that request is **DENIED**.

- The Motion to Amend is **DENIED** because any amendment would be futile.

## I.  **LOCAL RULES**

As an initial matter, Plaintiff requests that the Court strike the MTD for AMEX's failure to comply with Local Rules 7-3, 7-5, 7-6, and 7-12. (MTS at 3–5). In response, AMEX argues that any failure to satisfy the meet and confer requirements set forth in Local Rule 7-3 is justified because Plaintiff threatened criminal prosecution during previous attempts to meet and confer. (Relief Motion at 5–6, 8–9). AMEX also contends that the remaining Local Rules do not apply to the MTD. (MTS Opp. at 2–3).

While the Court takes the Local Rules seriously and has previously denied motions for failure to comply, the Court does not believe there was substantial prejudice or that further conferences of counsel would have led to a different outcome.

---

**CIVIL MINUTES—GENERAL**                                    2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-1631-MWF (PVCx)                    Date:  July 10, 2024
Title:  Brandon Joe Williams v. American Express Company, et al.

The Court also agrees with AMEX that Local Rules 7-5, 7-6, and 7-12 are inapplicable here.  The Court will therefore decide the merits of the MTD given the lack of substantial prejudice to Plaintiff.

Accordingly, the Relief Motion is **GRANTED**, and the MTS is **DENIED**.

## II.  BACKGROUND

Plaintiff initiated this action *pro se* on February 26, 2024.  (*See* Complaint (Docket No. 1)).  While difficult to follow, the Complaint appears to allege that Plaintiff holds a trademark of his own name "BRANDON JOE WILLIAMS®."  (*Id.* ¶¶ 13–18).  According to Plaintiff, "BRANDON JOE WILLIAMS® "is able to legally create currency because it is a Federal Reserve member bank."  (*Id.* ¶ 44).

Plaintiff attempted to pay his debt obligations to AMEX using this ability to "create currency."  (*Id.* ¶¶ 10–13, 44).  Specifically, in January 2023, Plaintiff attempted to pay off his credit card bills and loans by sending three IRS 1099a forms to AMEX.  (*Id.* ¶ 52).  Plaintiff followed up in May 2023 with three "parcels," which ordered AMEX's CFO "to apply the positive value of the negotiable instruments on the account to set-off the account and bring it to zero."  (*Id.* ¶¶ 57–68).  According to Plaintiff, the "order inside the parcels were a payment for US dollars."  (*Id.* ¶ 73).  AMEX rejected these documents and "parcels" as payment and closed Plaintiff's accounts.  (*Id.* ¶ 89).

Based on the foregoing allegations, the Complaint asserts eleven claims for relief: (1) breach of contract; (2) breach of fiduciary duties; (3) violation of the Federal Reserve Act, 12 U.S.C. § 504; (4) laundering of monetary instruments, 18 U.S.C. § 1956; (5) transportation of stolen securities, 18 U.S.C. § 2314; (6) securities and commodities fraud, 18 U.S.C. § 1348; (7) peonage, 18 U.S.C. § 1581; (8) enticement into slavery, 18 U.S.C. § 1583; (9) sale into involuntary servitude, 18 U.S.C. § 1584; (10) forced labor, 18 U.S.C. § 1589; and (11) benefitting financially from peonage, slavery, and trafficking in persons, 18 U.S.C. § 1593A.

---

CIVIL MINUTES—GENERAL                                                    3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

## III.  LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679.  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## IV.  DISCUSSION

### A.  Failure to State a Claim

AMEX contends that each of Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6).  The Court agrees.

The crux of the Complaint is that AMEX violated the law by refusing to accept Plaintiff's attempts to pay his outstanding debts.  Based on the Court's review of the

---

Case 2:24-cv-01631-MWF-PVC   Document 62   Filed 07/10/24   Page 5 of 8   Page ID #:329

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

Complaint, this action appears to rely on a "vapor money theory." As one court explained:

> [T]he "vapor money," "unlawful money" or "redemption" theories of debt . . . are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender."

*Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing *Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)). However, courts have uniformly rejected this theory and dismissed similar cases as frivolous. *See id.* at *5 (collecting cases in which courts have found the vapor money theory "utterly frivolous" and "patently ludicrous"); *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), *aff'd* 282 F. App'x 260 (4th Cir. 2008) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable document [based on the redemption theory] is clearly nonsense in every detail. . . . [T]he legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.").

Plaintiff's individual claims fare no better upon closer examination. With respect to the breach of contract claim, the Complaint fails to identify any specific contract, let alone explain how that contract was breached. While Plaintiff asserts that AMEX's rejection of the 1099A forms and "parcels" breached "the contract's implied terms of reasonable handling of payment forms," Plaintiff points to no authority in support of this proposition. (Opp. at 4).

Similarly, the Complaint fails to allege that AMEX owed a fiduciary duty to Plaintiff. Indeed, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1097, 283 Cal. Rptr. 53 (1991) (citation

---

CIVIL MINUTES—GENERAL                                             5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)                    Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

omitted). Although Plaintiff contends that AMEX exceeded the scope of its role as a lender by providing advisory services and special assurances, such allegations are entirely absent from the Complaint. (Opp. at 6).

The Complaint also fails to allege a claim for forced labor in violation of 18 U.S.C. § 1589 or for benefitting financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A. As AMEX correctly notes, a refusal "to accept illegitimate forms of payment" does not give rise to such claims. (*See* MTD at 17–18).

Finally, Plaintiff's remaining claims fail because neither the Federal Reserve Act nor the various federal criminal statutes on which Plaintiff relies authorize a private right of action. *See Ahamed v. Navy Fed. Credit Union*, No. 23-cv-1726-BAS-BLM, 2024 WL 1361899, at *4 (S.D. Cal. Mar. 29, 2024) (noting that "there is no private right of action for Plaintiff's claim that Defendant violated the Federal Reserve Act"); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (holding that 18 U.S.C. § 1956 does not create a private right of action); *Carvel v. Franchise Stroes Realty Corp.*, No. 08 Civ. 8938(JGK), 2009 WL 4333652, at *11 (S.D.N.Y. 2009) (finding that 18 U.S.C. § 2314 does not provide a private right of action); *Wilson v. Tahbazof*, No. 23-cv-05624-KAW, 2023 WL 9233486, at *2 (N.D. Cal. Dec. 20, 2023) (dismissing action with prejudice because "courts have found no private cause of action under 18 U.S.C. § 1348); *Shetty v. Lewis*, No. 16-CV-03112-BLF, 2016 WL 6462068, at *2 (N.D. Cal. Nov. 1, 2016) (concluding that neither 18 U.S.C. §§ 1584 and 1581 provides a private right of action); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) ("[I]t is well settled that neither 18 U.S.C. § 242 nor § 1583, both of which are criminal statutes, provide a private right of action.").

Accordingly, the MTD is **GRANTED** with respect to all eleven claims. To the extent the MTD requests the Court to sanction Plaintiff by awarding attorneys' fees (*see* MTD at 18), that request is **DENIED**.

---

CIVIL MINUTES—GENERAL                                          6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-1631-MWF (PVCx)                Date:  July 10, 2024
Title:  Brandon Joe Williams v. American Express Company, et al.

## B.     Leave to Amend

Plaintiff also seeks leave to amend to add new factual allegations and legal claims against AMEX.  (*See* Motion to Amend).  According to Plaintiff, the amendments "address issues related to peonage, breach of contract, breach of fiduciary duties, money had and received, fraud, unlawful conversion, and unjust enrichment." (*Id.* at 2).

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Although the Court generally grants at least one opportunity to amend, it cannot do so here given the plainly frivolous nature of Plaintiff's allegations and reliance on a non-viable legal theory.  The Court's view that amendment would be futile is further supported by Plaintiff's Proposed Amended Complaint (Docket No. 29-1), which still relies on a vapor money theory.

Accordingly, the Motion to Amend is **DENIED**.  The MTD is therefore **GRANTED** *without leave to amend*, and this action is **DISMISSED**.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-1631-MWF (PVCx)                **Date:** July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA
WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

## MOTION FOR RECONSIDERATION

**COMES NOW** Plaintiff, BRANDON JOE WILLIAMS®, respectfully submits this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59, seeking reconsideration of the Court's Order dated July 10, 2024, which dismissed Plaintiff's complaint. This motion is based on the grounds that the Court overlooked or misunderstood significant aspects of the Plaintiff's pleadings, specifically regarding the negotiability and indorsements of negotiable instruments under UCC Article 3.

## I. BACKGROUND

Plaintiff initiated this action pro se on February 26, 2024. The complaint alleges that Plaintiff, as the "represented person" BRANDON JOE WILLIAMS®, and the "fiduciary" Brandon Joe Williams, engaged in lawful financial activities involving negotiable instruments, which were misunderstood by the Defendants and the Court. The complaint detailed numerous

aspects of negotiability and indorsements under UCC Article 3, which were not adequately

considered in the Court's Order.

## II. ARGUMENT

### A. The Court Misunderstood the Core of Plaintiff's Complaint

The Court's Order primarily focused on the submission of 1099a forms, which

constitutes only about 1% of the overall complaint. The majority of Plaintiff's claims pertain to

the negotiability and indorsements of negotiable instruments, which are governed by UCC

Article 3. The Plaintiff contends that these crucial aspects were either ignored or misunderstood,

leading to an unjust dismissal.

### B. Significant Aspects of UCC Article 3 Were Overlooked

Plaintiff's claims involve detailed explanations of terms such as "negotiability" and

"indorsements," which are fundamental to understanding the complaint. The Court's failure to

address these terms and their implications indicates a misunderstanding that warrants

reconsideration.

### C. Plaintiff Seeks an Opportunity to Clarify Confusions

Plaintiff is prepared to provide comprehensive explanations and evidence to clarify any

confusions regarding UCC Article 3. A hearing would allow Plaintiff to present this information

effectively, ensuring that the Court fully understands the legal basis of the claims.

### D. Amendment of the Complaint Should Be Allowed

(190 of 259) Page 190 of 259ase: 24-5426, 07/30/2025, DktEntry: 14.1, Page 190 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-3    Filed 09/04/24    Page 3 of 5    Page ID
#:455

Plaintiff seeks leave to amend the complaint to remove references to the 1099a forms and Title 18 claims, thereby focusing solely on the relevant issues of negotiability and indorsements. This amendment would streamline the complaint and eliminate any irrelevant aspects that may have contributed to the Court's misunderstanding.

**E. Legal Basis for Reconsideration**

Reconsideration is appropriate when the Court has committed clear error or the initial decision was manifestly unjust. In ***School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)**, the Ninth Circuit held that reconsideration under Rule 59(e) is justified if there is clear error or manifest injustice. The Plaintiff contends that the Court's dismissal of the complaint constitutes clear error, as it overlooked the primary focus of the pleadings on negotiability and indorsements under UCC Article 3.

**III. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brandon Joe Williams respectfully requests that this Honorable Court:

1. Reconsider the dismissal of Plaintiff's complaint in light of the comprehensive objections presented herein, which clarify the focus on negotiability and indorsements of negotiable instruments, and not on the 1099a submissions or any irrelevant theories about money.

2. Grant a hearing to allow Plaintiff to present a detailed explanation of the relevant provisions of UCC Article 3 and the significant misunderstandings surrounding negotiability and indorsements, which are central to the Plaintiff's claims.

3. Allow Plaintiff to amend the complaint to remove any references to the 1099a forms and Title 18 claims, thereby streamlining the complaint to focus solely on the issues of negotiability and indorsements under UCC Article 3.

4. Recognize that Plaintiff's claims are not frivolous and are grounded in established legal principles governing negotiable instruments, which warrant full consideration and adjudication by this Court.

5. Provide any further relief that this Court deems just and proper to ensure that Plaintiff's claims are fully heard and fairly adjudicated, including but not limited to, compensation for any damages incurred due to the wrongful dismissal and unjust enrichment by AMEX.

July 13, 2024                          RESPECTFULLY SUBMITTED,

                                       BRANDON JOE WILLIAMS®

                                       BY: /s/ *Brandon Joe Williams*
                                       Brandon Joe Williams, Agent, Pro Se
                                       P.O. Box 1962
                                       Glendale, California 91209
                                       brandon@williamsandwilliamslawfirm.com

                                       (213) 309-7138

## Certificate of Service

Plaintiff certifies that on July 13th, 2024, the foregoing *Motion for Reconsideration* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

**Distribution:**

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor

Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

### OBJECTION TO THE COURT'S ORDER DATED JULY 10, 2024

**COMES NOW** Plaintiff BRANDON JOE WILLIAMS®, and respectfully submits this objection to the Court's order dated July 10, 2024, which granted the Defendants' Motion to Dismiss and denied Plaintiff's Motion to Strike, among other motions. This objection is grounded in the belief that the Court erred in its conclusions regarding the validity of Plaintiff's claims and the application of the Local Rules. The Plaintiff contends that the Court's decision to dismiss the case based on the "vapor money theory" was unjust, and that Plaintiff's claims were not properly considered on their merits. Additionally, Plaintiff asserts that the denial of the Motion to Amend the Complaint unjustly precludes the presentation of significant new evidence and legal arguments that could substantiate the claims against the Defendants, American Express Company and American Express Kabbage, Inc. This objection aims to address these concerns and seek a reconsideration of the dismissal order. Furthermore, this objection is submitted to

preserve the record for potential appellate review, ensuring that all pertinent arguments and issues are fully documented for consideration by a higher court.

**from Section II - BACKGROUND**

**General Objections – Paragraph 1**

1. In accordance with UCC 3-307, BRANDON JOE WILLIAMS® is the "represented person" and "Brandon Joe Williams" is the "fiduciary" in the relationship with AMEX. There are two "persons" here operating as one. This is the structure of ALL credit accounts that manufacture negotiable instruments, not just this one. Most people are simply not aware of this fact. I wrote this complaint in order to highlight the truth of the contract.

2. The represented person is not a man or woman. It is an ens legis.

3. In the most self-evident terms possible, the idea that "BRANDON JOE WILLIAMS®" is a "franchise" is quite evident in the fact that the "Franchise Tax Board" collects State taxes in our names in California. If you have a State tax liability yourself, most honorable judge, you "pay" those taxes under your name in all capital letters as a "franchise."

4. A franchise is a business. A franchise is a person.

5. Brandon Joe Williams does, factually, have a registered trademark on his franchise "BRANDON JOE WILLIAMS®" - which is #97335158. This is not a pending trademark but is a fully completed and entirely issued trademark that has gone through each step of the USPTO process. I will attach this evidence as *Exhibit A*.

6. Every time I place my credit card in a credit card processing device, an UNCONDITIONAL PROMISE TO PAY is produced.

7.  This promise to pay, in itself, is a negotiable instrument in accordance with UCC 3-104.

8.  This is why both you and I (you do the same thing that I'm describing here, honorable judge) have to "sign" the receipt. To "sign" is to "indorse."

9.  In accordance with UCC 3-204, we have the definition of "indorsement": "(a) "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument."

10. This is not exclusive to my complaint, pleadings or claims. Everything I am explaining here is all the same for your personal loans, credit cards, etc, most honorable judge. These exact same causes of action are being committed on you as they are on me and my principal, BRANDON JOE WILLIAMS®. It is simply unknown to everyone. You are indorsing all your unconditional promises to pay with what is called a "blank indorsement."

11. UCC § 3-205, entitled "SPECIAL INDORSEMENT; BLANK INDORSEMENT; ANOMALOUS INDORSEMENT." states: "(a) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement." When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in Section 3-110 apply to special indorsements.

(b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes

payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."

12. You and I both, most honorable judge, have been indorsing everything with a blank indorsement without knowing it. Then that unconditional promise to pay, which is a negotiable instrument, is a valuable security with real tangible value. Then that instrument can be exchanged or also swapped for Federal Reserve Notes at the Federal Reserve Discount Window (in accordance with 12 USC 412).

**General Objections – Paragraph 2**

13. While Brandon Joe Williams did send in 3 1099a forms, this is only about 1% of the overall complaint and 99% of the complaint has been overlooked and was not mentioned in the orders.

14. I understand that this entire subject of UCC Article 3 is confusing and difficult to understand, but I am attempting to explain it the best I can. If given a hearing, I believe a greater understanding and clarity can be achieved from live discourse. I assure you that I have spent hundreds of hours attempting to understand this and will not waste your time.

15. 99% of my complaint involves the NEGOTIABILITY of negotiable instruments that are already on the account. These claims have NOTHING to do with the 3 1099a forms that were sent to perform on the account.

16. Because of the above, it appears as though my case has been dismissed based on 1% of the overall complaint. While I understand that this subject is confusing, this is not acceptable, and I deserve to have my pleadings fully heard and understood by this most honorable court.

(197 of 259) Page 197 of 259Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 197 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-4    Filed 09/04/24    Page 5 of 13    Page
ID #:462

17. It is said here that: "Plaintiff attempted to pay his debt obligations to AMEX using this ability to "create currency." The problem is that I was, unknowingly, indorsing everything with a blank indorsement rather than with a special indorsement. We are all "creating currency" every single time we use our credit cards by producing a brand-spanking new unconditional promise to pay. This is not novel or special to my case. Again, what my pleadings are regarding is only and explicitly the NEGOTIATION of those instruments that are being produced. I cannot stress this enough. You could sum my whole pleadings up by saying "fraud regarding NEGOTIABILITY."

18. Again, this case is regarding two key words that I wish I would actually see written from the court and the defense: these words are "NEGOTIABILITY" and "INDORSEMENT." Without the use of these words in orders and other documents coming from AMEX or the court, I am unsure that my complaint or pleadings are understood or even being heard at all. Talking about "money" or "vapor" or "theories" is solid evidence that my pleadings are being ENTIRELY disregarded WITHOUT evaluation.

19. UCC 3-207 is entitled "REACQUISITION" and states the following: "Reacquisition of an instrument occurs if it is transferred to a former holder, by negotiation or otherwise. A former holder who reacquires the instrument may cancel indorsements made after the reacquirer first became a holder of the instrument. If the cancellation causes the instrument to be payable to the reacquirer or to bearer, the reacquirer may negotiate the instrument. An indorser whose indorsement is canceled is discharged, and the discharge is effective against any subsequent holder."

20. What I am doing is claiming fraud on the original negotiation of EVERY instrument that has ever been produced on the account (not anything that I mailed in or issued to

AMEX). This fraud is based off the duty that AMEX had in making sure that I understood basic negotiation. No one, even an insane person, would do a blank indorsement on all these valuable unconditional promises to pay if they knew that they all have the exact same value in law as Federal Reserve Notes and that they are exchangeable for Federal Reserve Notes via the process found in 12 USC 412. This is not a conspiracy theory and is fully and entirely governed by UCC Article 3. AMEX breached the duty they have of making sure that I understand the terms and conditions of the contract and, by making sure that I did NOT understand the negotiation process, they were unjustly enriched by being able to essentially take every single unconditional promise and order on the account for themselves due to me doing a blank indorsement rather than a special indorsement. Again, this is the EXACT same situation in your own personal life, most honorable judge. This is the exact same "conspiracy" that is happening to everyone who is not stating the payee on their credit transaction securities. This is much bigger than just you and I.

21. "US dollars" are defined as only two things: 1. Unconditional promises to pay and 2. Unconditional orders to pay. This is in accordance with UCC 3-104. Again, I want to reiterate this again, I am ONLY talking about negotiable instruments here and I am absolutely, positively NOT talking about "money" in absolutely ANY respect at all whatsoever. I filed a NEGOTIABLE INSTRUMENTS case, NOT a "money" case.

**from Section III – LEGAL STANDARD**

**General Objections**

(199 of 259) Page 199 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 199 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-4    Filed 09/04/24    Page 7 of 13    Page
ID #:464

22. The idea that my complaint is not "plausible on its face" is only possible due to a lack of understanding of this most honorable court, not due to the actual pleadings set forth. I am willing to bring a full printout of UCC Article 3 into court in order to hash out and clarify all confusions and I am also preparing to do the same with a jury (which I understand is a huge undertaking, but I have been working hard for a long time to be able to do this). I have tons of educational material available online on this subject and I have been on literally over 100 shows and podcasts speaking about the subject of negotiable instruments.

23. I can tell by these orders that there are serious and intense misunderstandings in regards to negotiable instruments and I am fully prepared to assist my principal, the court, and the defense in fully understanding each and every individual word and line of UCC Article 3.

24. I produce quite a bit of educational material on UCC Article 3 and have been honing my ability to explain this information in a digestible way for almost 2 years. This may simply be more than what the written words can achieve and require more of a "song and dance" to achieve understanding with this most honorable court. Of which I am ready and willing to do.

**from Section IV - DISCUSSION**

**General Objections – SUBSECTION "A" (failure to state a claim)**

25. It is evident by the orders to dismiss that about 99% of the overall pleadings in my complaint were either ignored or misunderstood. Due to my lack of contact with the court in a meaningful way, I am erring on the side of a misunderstanding. Again, 99% of my pleadings are as regards to "NEGOTIABILITY" and "INDORSEMENTS" (NOT the

1099a payments, which account for 1% of the overall pleadings and could literally be

removed entirely from the complaint without my complaint suffering hardly at all).

26. The submission of the 1099a bills is nothing more than a story-telling aspect of the

complaint and in no way constitutes more than 1% of my overall causes of action,

complaint, evidence, or anything else. I could even amend the complaint and simply

remove it entirely and it would make ZERO difference to my pleadings.

27. The operation of negotiable instruments is quite simple, once studied in a serious way. I

have developed an acronym to help in the understanding of this complicated subject and

it is called "HITA." It stands for "Holder-Indorsement-Tender-Acceptance" and is a

simplified way to describe the process of "NEGOTIATION."

28. One becomes the holder by possessing the note or bill, then indorses the note or bill to

prepare it for negotiation, then unconditionally offers the note or bill (tender), then the

note or bill is delivered (which is the definition of "accepted"). Then the cycle starts anew

where the receiver is now the holder and "HITA" begins again from the beginning.

29. This entire system is akin to playing catch in the backyard with a baseball. And the rules

of "dishonor" (meaning the rules of "you screwed up") are limited only to what is found

in UCC 3-502. There are NO OTHER WAYS TO DISHONOR AN INSTRUMENT.

30. In this section there is talk of something called a "vapor money theory." I would like to

be absolutely and entirely clear that NOTHING in my entire complaint, NOTHING in my

pleadings, NOTHING I am talking about here and NOTHING I will be talking about

later in this suit has to do with "money." I am NOT talking about "money," I don't want

to talk about "money," talking about money is a waste of this court's valuable time and I

want to get off of that irrelevant and wasteful subject as RAPIDLY as possible and steer

(201 of 259) Page 201 of 259Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 201 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-4    Filed 09/04/24    Page 9 of 13   Page
ID #:466

COMPLETELY clear of it for the remainder of these proceedings and any appeals that

may be needed to get relief on my situation.

31. I'm not entirely sure what "redemption" is. I'm not sure it is relevant due to not

remembering that being mentioned in UCC Article 3.

32. I filed this case as a negotiable instruments case, not as a "money" case. UCC 3-102 does

all the heavy lifting for me: "(a) This Article applies to negotiable instruments. It does not

apply to money" - again, we are NOT talking about "money," or "vapor money" or any

"theories." We are talking about negotiable instruments and UCC Article 3. Any

assumption that I am talking about anything else is a STRONG objection from me as

ENTIRELY irrelevant and is fraud upon this most honorable court.

33. Any talk about "money," regardless of who is talking about it, is ENTIRELY irrelevant

and proves that there are some serious misunderstandings in this most honorable court

regarding my pleadings. I am not, have not been and WILL NOT BE speaking on the

subject of "money" AT ALL. This suit does not involve the subject of money. This is a

negotiable instrument case, which is governed by UCC Article 3, exclusively.

34. I am well aware of HJR-192 and the Emergency Banking Act of 1933. I am not basing

my pleadings or argument on either of those things and have never mentioned either of

those things in anything I have submitted to this most honorable court. I am operating

only and exclusively from UCC Article 3, of which I have a great veneration and interest

in. I need nothing more and nothing less than UCC Article 3 to take this case to a victory.

35. A "bill of exchange" is defined as "an unconditional order to pay." "Pay" or "payment" is

defined as "to perform on a duty, contract or obligation." To "pay" does not exclusively

mean with a specific type of promissory note called a "Federal Reserve Note." "US

(202 of 259) Page 202 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 202 of 259
Case 2:24-cv-01631-MWF-PVC   Document 42-4   Filed 09/04/24   Page 10 of 13   Page
ID #:467

dollars" are defined as negotiable instruments so ALL negotiable instruments are able to
be used to perform on a duty, contract or obligation.

36. I am claiming, in my complaint, all previous promissory notes and bills of exchange on
all accounts since the inception of our accounts with AMEX. But the primary focus is the
negotiation of the NOTES that are produced from each credit transaction. The bills of
exchange are secondary aspects of the overall obligations, but have also been claimed by
the qualified/special indorsement found in my complaint.

37. I understand that the Title 18 claims have no private right to action. As a new pro se
litigant, both myself as the agent and my principal are both trying to understand this
process and procedure as rapidly as possible. This is all new to us and I assure you that I
study all night and day in an attempt to become more knowledgeable, more clear, more
concise and more friendly. We are both far from perfect and genuinely hope we can get
an opportunity to properly plead our claims.

38. This is why the amended complaint was filed, to correct and eliminate all the causes of
action that are now realized to be futile (Title 18) and to replace them with realistic and
relevant claims.

39. Due to this, everything in this write-up is all objections and both BRANDON JOE
WILLIAMS® and Brandon Joe Williams acknowledge the tremendous confusion and
difficulties as regards to negotiable instruments and UCC Article 3. Again, we are not
speaking about "vapor" or "money" or any "theories." I have taken the time to download
the complaint in Martin v Capitol One and it appears as though he sent promissory notes
in to perform on the account. This is an entirely irrelevant case to mine. Again, 99% of
my case is regarding the "NEGOTIABILITY" and "INDORSEMENTS" of all of the

(203 of 259) Page 203 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 203 of 259
Case 2:24-cv-01631-MWF-PVC   Document 42-4   Filed 09/04/24   Page 11 of 13   Page
ID #:468

instruments that were produced on the account each and every time a credit card transaction took place. There is literally a "promise to pay" section right in the cardmember agreement. I will attach a screenshot of that section of my cardmember agreement at Exhibit B. All transactions with a credit card are unconditional promises to pay (Federal Reserve Notes are also unconditional promises to pay).

40. Federal Reserve Notes ARE NOT "money." They are unconditional promises to pay. Again, I want to be clear, I am absolutely, positively, decisively, entirely and completely NOT talking anywhere in my pleadings about "money."

41. I am fully prepared to explain, draw, act out, dance, sing, break dance on tables, or anything else required to get my pleadings understood in a way to allow this most honorable court to move forward in helping both myself and BRANDON JOE WILLIAMS® achieve the relief requested in the original complaint.

42. If the above objections and subsequent motions are not enough for reconsideration, I will be using all these objections to go to appeals and will also be writing a complaint due to the fact that I am not even being given an opportunity to explain myself, give examples or plead my case.

43. AMEX has created debt slaves out of everyone through one simple trick: blank indorsements rather than qualified and/or special indorsements. It's literally that simple and my entire pleadings can be summed up through this description. The 1099a submissions are irrelevant to that.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BRANDON JOE WILLIAMS® respectfully requests that this Honorable Court:

1. Reconsider the dismissal of Plaintiff's complaint in light of the comprehensive objections presented herein, which clarify the focus on negotiability and indorsements of negotiable instruments, and not on the 1099a submissions or any irrelevant theories about money.

2. Grant a hearing to allow Plaintiff to present a detailed explanation of the relevant provisions of UCC Article 3 and the significant misunderstandings surrounding negotiability and indorsements, which are central to the Plaintiff's claims.

3. Allow Plaintiff to amend the complaint to remove any references to the 1099a forms and Title 18 claims, thereby streamlining the complaint to focus solely on the issues of negotiability and indorsements under UCC Article 3.

4. Recognize that Plaintiff's claims are not frivolous and are grounded in established legal principles governing negotiable instruments, which warrant full consideration and adjudication by this Court.

5. Provide any further relief that this Court deems just and proper to ensure that Plaintiff's claims are fully heard and fairly adjudicated, including but not limited to, compensation for any damages incurred due to the wrongful dismissal and unjust enrichment by AMEX.

6. Preserve the record for potential appellate review to ensure that all pertinent arguments and issues are fully documented for consideration by a higher court, if necessary.

July 13, 2024                                RESPECTFULLY SUBMITTED,


                                            BRANDON JOE WILLIAMS®


                                            BY: /s/ *Brandon Joe Williams*
                                            Brandon Joe Williams, Agent, Pro Se
                                            P.O. Box 1962
                                            Glendale, California 91209
                                            brandon@williamsandwilliamslawfirm.com

                                            (213) 309-7138

### Certificate of Service

Plaintiff certifies that on July 13th, 2024, the foregoing *OBJECTION* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

**Distribution:**

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)            Date: August 2, 2024
Title:      Brandon Joe Williams v. American Express Company, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

　　　　 Deputy Clerk:                         Court Reporter:
　　　　 Rita Sanchez                          Not Reported

　　　　 Attorneys Present for Plaintiff:      Attorneys Present for Defendants:
　　　　 None Present                          None Present

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION FOR
　　　　　　　　　　　　　　　　　　RECONSIDERATION [31]

　　　　 Before the Court is pro se Plaintiff Brandon Joe Williams' Motion for
Reconsideration (the "Motion"), filed on July 13, 2024. (Docket No. 31). Defendants
American Express Company and American Express Kabbage, Inc. (collectively,
"AMEX") filed an Opposition on July 22, 2024. (Docket No. 34). Plaintiff filed a
Reply on July 27, 2024. (Docket No. 35).

　　　　 For the reasons discussed below, the Motion is **DENIED**.

　　　　 A motion for reconsideration "should not be granted, absent highly unusual
circumstances, unless the district court is presented with newly discovered evidence,
committed clear error, or if there is an intervening change in the controlling law."
　　　　　　　　　　　　　　　　　　　　　　　　 , 571 F.3d 873, 880 (9th
Cir. 2009) (citation omitted). The movant bears the burden of proving that
reconsideration is proper.                              , 179 F.3d 656, 665 (9th
Cir. 1999).

　　　　 "Courts in this district have interpreted Local Rule 7-18 to be coextensive with
Rules 59(e) and 60(b)."                     , No. EDCV 20-755-JGB (KKx), 2020 WL
6054912, at *2 (C.D. Cal. Oct. 9, 2020) (citation omitted)). Under Local Rule 7-18, a
motion for reconsideration may be made only on the grounds of: (a) a material
difference in fact or law from that presented to the Court that, in the exercise of
reasonable diligence, could not have been known to the party moving for

_____
CIVIL MINUTES—GENERAL                                           1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 24-1631-MWF (PVCx)**                **Date:**  **August 2, 2024**
**Title:**      Brandon Joe Williams v. American Express Company, et al.

reconsideration at the time the Order was entered; (b) the emergence of new material facts or a change of law occurring after the Order was entered; or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  L.R. 7-18.  "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."      .

Here, Plaintiff fails to meet his burden of proving that the Court clearly erred in dismissing this action in its Order re: Defendants' Motions to Dismiss (the "Dismissal Order"), filed on July 10, 2024.  (Docket No. 30).  While Plaintiff's filings are largely unintelligible, Plaintiff contends that the Court failed to consider that "[t]he majority of Plaintiff's claims pertain to the negotiability and indorsements of negotiable instruments, which are governed by UCC Article 3."  (Motion at 2).  But Plaintiff's citations to the UCC fail to support his view that credit card transactions create currency or negotiable instruments that can be used to eliminate a person's debt.  (Reply at 11–12).  Based on the Court's review, the Motion, at its core, appears to reiterate the same frivolous legal theories that the Court already considered and rejected in the Dismissal Order.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.

The Court notes that Plaintiff does not have a lawyer.  Parties in court without a lawyer are called "      litigants."  These parties often face special challenges in federal court.  Public Counsel runs a free Federal      Clinic where      litigants can get information and guidance.  The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic).      litigants must call or submit an on-line application to request services as follows:  on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

BRANDON JOE WILLIAMS®,

        Plaintiff,

    v.

AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE
INC.

        Defendants.

**Honorable Judge Michael W. Fitzgerald**
**Magistrate Judge Pedro V. Castillo**

---

### OBJECTION TO THE COURT'S ORDER DATED JULY 10 and August 2, 2024

COMES NOW Plaintiff BRANDON JOE WILLIAMS®, by and through Brandon Joe

Williams, pro se, and hereby submits these Objections to the Court's Order(s) dated July 10 and

August 2, 2024, which granted Defendants American Express Company and American Express

Kabbage, Inc.'s Motion to Dismiss Plaintiff's Complaint without leave to amend and Denied

Plaintiff's Motion for Reconsideration. Plaintiff respectfully asserts that the Court's decision was

predicated on erroneous interpretations of the legal standards applicable to the claims presented,

as well as a misapprehension of the factual allegations set forth in the Complaint. Specifically,

Plaintiff contends that the dismissal was improper given the viable legal theories and factual

basis that, if properly considered, substantiate the claims for relief sought. Therefore, Plaintiff

objects to the Order on the following grounds:

**Objection 1: Violation of Local Rule 7-3**

(209 of 259) Page 209 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 209 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-6    Filed 09/04/24    Page 2 of 36    Page
ID #:474

Local Rule 7-3 states: "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion."

In this case, there was no meet and confer as required by Local Rule 7-3 prior to the filing of Defendants' Motion to Dismiss. This procedural misstep is significant and cannot be overlooked. The judge's decision to relieve the Defendants from compliance with this specific rule is beyond the Court's discretion and undermines the procedural fairness that Local Rule 7-3 is designed to ensure.

I have consistently sought live communication with the Defendants to discuss and potentially resolve issues related to my original complaint, including those pertaining to negotiable instruments, negotiation, indorsements, and UCC Article 3. The lack of a meet and confer deprived me of the opportunity to address and clarify these substantive issues, potentially averting the need for the present motion. Therefore, the failure to adhere to Local Rule 7-3 represents a procedural error that prejudiced my ability to fairly present my case.

**Objection 2: Lack of Signatures on Orders**

The orders issued by the Court on July 10, 2024, and August 2, 2024, lack the necessary judicial signatures, raising serious concerns about their legitimacy and validity. Without the appropriate signatures, these orders are void and should not have any binding legal effect. This

omission suggests a simulated legal process rather than a legitimate court order, thereby infringing upon my rights to a fair judicial proceeding.

The absence of judicial signatures on these orders means that my case was improperly dismissed and should never have been closed. A signed order is a fundamental requirement to validate the court's decisions and actions. Without such authentication, the orders lack the requisite legal authority, and my case remains unresolved.

Given these procedural deficiencies, the orders should be deemed invalid, and the dismissal of my case should be reversed. The proper judicial process must be followed to ensure the fair and just handling of my complaint.

**Objection 3: Abuse of Discretion and Simulated Legal Process**

In the orders dated July 10, 2024, the Court states: "While the Court takes the Local Rules seriously and has previously denied motions for failure to comply…" This statement is both disingenuous and indicative of an abuse of discretion. The inclusion of this language appears to be a superficial attempt to justify the Court's deviation from its established practices, undermining the integrity of the judicial process.

The assertion that the Court normally adheres strictly to Local Rules but made an exception in this instance raises serious concerns. It implies an arbitrary application of the rules, further compounded by the lack of signatures on the orders, which questions the authenticity of the judicial process being conducted. Without proper judicial signatures, it remains unclear who is responsible for these decisions, leading to a perception of a simulated legal process rather than a legitimate court proceeding.

I initiated this legal process by tendering $405 in Federal Reserve Notes, representing unconditional promises to pay. This payment underscores my expectation of a fair and legitimate judicial process. Instead, I have been met with procedural irregularities and a complete disregard for my right to have my case heard. The Court's actions, or lack thereof, suggest a deliberate effort to dismiss my case without proper consideration or due process.

Had I known that my case would be dismissed without genuine judicial oversight or a fair hearing, I would not have invested my time, negotiable instruments, and effort into this process. The Court's handling of this matter is not only ridiculous but also a blatant abuse of discretion that warrants immediate rectification.

**Objection 4: Denial of Opportunity to Clarify and Address UCC Article 3**

In the July 10, 2024 orders, the Court states: "While difficult to follow…" This characterization of my complaint as "difficult to follow" raises a significant issue regarding my right to a fair hearing. If my claims are indeed perceived as difficult to understand, the appropriate judicial response should be to provide a hearing or an opportunity for clarification rather than summarily dismissing my case.

The core of my arguments is grounded in UCC Article 3, which governs negotiable instruments. The absence of any substantive discussion or consideration of UCC Article 3 by both the defense and the judge suggests either an avoidance of the topic or a lack of understanding. As a pro se litigant, I am entitled to a fair opportunity to explain and substantiate my claims, especially when they are based on established legal principles.

The Court's refusal to grant a hearing or to engage with the legal issues I have raised deprives me of the chance to clarify my arguments and to ensure that the Court fully understands the basis of my claims. This lack of engagement is particularly troubling given the complexity and importance of UCC Article 3.

Rather than dismissing my case out of hand, the Court should have facilitated a more comprehensive examination of the issues at hand. This would benefit not only my case but also contribute to the broader legal understanding of all parties involved. The dismissal without a proper hearing or discussion is a failure of the judicial process to ensure fairness and due process.

**Objection 5: Misrepresentation of Plaintiff's Actions and Allegations of Conspiracy**

In the orders dated July 10, 2024, the Court states: "Plaintiff attempted to pay his debt obligations to AMEX using this ability to 'create currency.'" This assertion is a gross misrepresentation of my actions and intentions. At no point did I claim the ability to "create currency." My objective has always been to negotiate negotiable instruments through proper endorsements, as outlined in UCC Article 3.

The Court's mischaracterization of my actions as "attempting to create currency" is not only inaccurate but also undermines the credibility of my legitimate legal arguments. This erroneous portrayal suggests a fundamental misunderstanding or deliberate distortion of my case, leading me to question the fairness and impartiality of the judicial process in this matter.

The persistence of such misrepresentations, coupled with the lack of opportunity to clarify my position, has reached a point where I believe there may be a concerted effort to

(213 of 259) Page 213 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 213 of 259
Case 2:24-cv-01631-MWF-PVC   Document 42-6   Filed 09/04/24   Page 6 of 36   Page
ID #:478

prevent me from effectively presenting my case. This raises serious concerns about potential bias
or a conspiracy against my right to speak and plead my case in a fair and open court.

I have approached this Court with the utmost respect, believing in its honorable
commitment to justice. However, the ongoing misrepresentations and procedural irregularities
are eroding my patience and trust in this process. I implore the Court to address these concerns
transparently and to provide me with a fair opportunity to present my case as per the principles
of justice and due process.

**Objection 6: Mischaracterization of Tendered Instrument and Failure to Recognize UCC
3-502**

In the orders dated July 10, 2024, the Court states: "Specifically, in January 2023,
Plaintiff attempted to pay off his credit card bills and loans by sending three IRS 1099a forms to
AMEX." This statement mischaracterizes my actions. I did not merely "attempt" to pay off my
debts; I tendered a negotiable instrument, which was accepted by AMEX and never dishonored,
as per UCC 3-502.

According to UCC 3-502, an instrument is considered dishonored if a necessary payment
or acceptance is refused. In this case, the instrument I tendered was accepted by AMEX and
there was no subsequent dishonor. This crucial detail has been overlooked or misrepresented in
the Court's orders. The Court's failure to accurately recognize the nature of my actions under
UCC Article 3 undermines the validity of the dismissal.

My actions were in full compliance with the provisions of UCC Article 3, specifically
regarding the proper negotiation and handling of negotiable instruments. The Court's

misrepresentation not only distorts the facts but also disregards the legal framework governing my actions.

The failure to acknowledge that the instrument was never dishonored per UCC 3-502 is a significant oversight that affects the entire basis of the Court's decision. It is essential that the Court accurately reflects the facts and applicable laws in its rulings to ensure a fair and just process.

**Objection 7: Impossibility of Rejection and Application of UCC 3-502 and UCC 3-603(b)**

In the orders dated July 10, 2024, the Court states: "AMEX rejected these documents and 'parcels' as payment and closed Plaintiff's accounts." This statement is both a physical and legal impossibility under the Uniform Commercial Code (UCC). According to UCC 3-502, the only course of action for AMEX, upon receiving a negotiable instrument, would be to dishonor it if it were not acceptable. This process involves explicit refusal or non-acceptance of the instrument as payment, which did not occur in this case.

Since AMEX did not dishonor the negotiable instruments as required by UCC 3-502, UCC 3-603(b) comes into effect. Under UCC 3-603(b), if a tender of payment is made to a person entitled to enforce the instrument and the tender is refused, the obligation of the endorser or accommodation party to pay the instrument is discharged to the extent of the amount of the tender. In this case, since there was no dishonor, the obligations should be considered satisfied according to UCC 3-603(b).

By stating that AMEX rejected the documents and parcels without following the proper legal procedure of dishonor, the Court has ignored the governing provisions of the UCC, which

invalidates the basis for the closure of my accounts. The Court must recognize and apply the appropriate UCC provisions to ensure a fair and just resolution.

**Objection 8: Misrepresentation of the Crux of the Complaint**

In the orders dated July 10, 2024, the Court states: "The crux of the Complaint is that AMEX violated the law by refusing to accept Plaintiff's attempts to pay his outstanding debts." This characterization is entirely untrue and misrepresents the central issue of my Complaint.

The actual crux of the Complaint is that AMEX violated the law by failing to properly dishonor every single instrument that has ever been produced on these accounts, from their inception, as required by UCC 3-502. Under UCC 3-502, an instrument must be dishonored if payment or acceptance is refused or not obtained. AMEX's failure to follow this procedure constitutes a violation of the law.

The Complaint is focused on AMEX's consistent neglect to legally dishonor the negotiable instruments presented, thereby failing to comply with the mandatory provisions of UCC Article 3. This procedural oversight by AMEX has resulted in the unlawful handling of my accounts and the improper dismissal of my legitimate claims.

By inaccurately summarizing the Complaint's primary contention, the Court has overlooked the core legal issue presented. It is imperative that the Court accurately reflects the basis of my Complaint, which centers on the failure to dishonor instruments as per UCC 3-502, to ensure a fair evaluation of my case.

**Objection 9: Misapplication of "Vapor Money Theory" and Lack of Opportunity for Clarification**

In the orders dated July 10, 2024, the Court states: "This action appears to rely on a 'vapor money theory.' As one court explained…" This reference to the "vapor money theory" is a wildly inaccurate and delusional attempt to relate an entirely unrelated case to my pleadings. The cited court case has no relevance to my situation or the substance of my Complaint.

This mischaracterization is akin to comparing a theft case in Michigan to a fraud case in New Zealand—completely unrelated and inappropriate. Such a comparison distracts from the legitimate legal issues I have raised, primarily centered around UCC Article 3 and the proper handling of negotiable instruments.

The lack of judicial signatures on any of the orders further compounds the issue, raising questions about the legitimacy and transparency of the judicial process I am subjected to. It appears as though I am in a surreal scenario where orders are issued by secret officers of the court rather than by an identifiable and accountable judge.

I have repeatedly expressed my willingness to do ABSOLUTELY ANYTHING necessary to clarify my position and assist the Court in understanding the intricacies of UCC Article 3. The persistent refusal to grant me an opportunity to clarify or to hold a proper hearing deprives me of my right to a fair judicial process.

This process, as it stands, resembles a SIMULATED LEGAL PROCESS rather than a legitimate court proceeding. I urge the Court to rectify these procedural deficiencies and provide me with a fair chance to present my case and clarify any misunderstandings.

**Objection 10: Mischaracterization of Legal Theories and Denial of Opportunity to Plead Case**

(217 of 259) Page 217 of 259
Case: 24-5426  07/30/2025  DktEntry: 14.1  Page 217 of 259
Case 2:24-cv-01631-MWF-PVC   Document 42-6   Filed 09/04/24   Page 10 of 36   Page ID #:482

In the orders dated July 10, 2024, the Court states: "[T]he 'vapor money,' 'unlawful money' or 'redemption' theories of debt...are all, in essence, based on the premise that 'because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'"

This statement is a gross mischaracterization of my legal theories and has no relevance to my pleadings. I am being unjustly associated with discredited legal theories that have nothing to do with the substance of my Complaint. The issues I have raised are grounded in the proper application of UCC Article 3 concerning negotiable instruments, not in any "vapor money" or "redemption" theory.

The Court's insistence on framing my case within this irrelevant context is an egregious error that undermines my right to a fair hearing. By force-feeding me these unrelated and discredited theories, the Court is not addressing the legitimate legal arguments I have put forth. Instead, it is dismissing my case without giving me the opportunity to plead my case based on the actual merits and relevant legal principles.

This mischaracterization effectively denies me the chance to be heard and to clarify my position. I have been clear in my willingness to do anything necessary to assist the Court in understanding UCC Article 3 and the specifics of my case. The Court's refusal to engage with the actual content of my pleadings and its reliance on unrelated legal theories is a significant procedural flaw that must be rectified.

**Objection 11: Irrelevant Case Law Cited and Misrepresentation of My Case**

In the orders dated July 10, 2024, the Court states: "Marvin v. Capital One, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing Green v. Pryce, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)). However, courts have uniformly rejected this theory and dismissed similar cases as frivolous."

The Court's reliance on Marvin v. Capital One and related case law is entirely misplaced and irrelevant to the specifics of my case. The cited cases involve situations that have no connection to the legitimate issues I have raised in my Complaint. My case does not involve "vapor money" or similar theories; it is centered on the proper application and interpretation of UCC Article 3 concerning negotiable instruments.

By equating my case with unrelated and discredited legal theories, the Court has fundamentally misunderstood and misrepresented the nature of my claims. This mischaracterization leads to an unjust dismissal of my case without addressing the substantive legal arguments I have put forth.

My case should be evaluated based on its own merits and the specific legal framework of UCC Article 3, not dismissed by erroneously associating it with unrelated cases. The improper application of irrelevant case law demonstrates a lack of understanding or a deliberate effort to discredit my legitimate claims.

I respectfully request that the Court recognize the distinct nature of my case and provide a fair opportunity to address the actual legal issues involved. This includes reconsidering the dismissal and allowing my case to proceed based on its own merits, rather than being dismissed on the basis of unrelated and legal situations.

(219 of 259) Page 219 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 219 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-6    Filed 09/04/24    Page 12 of 36    Page
ID #:484

**Objection 12: Misunderstanding and Misapplication of UCC 3-104 Regarding Bills of Exchange**

In the orders dated July 10, 2024, the Court states: "See id. at *5 (collecting cases in which courts have found the vapor money theory 'utterly frivolous' and 'patently ludicrous'); Bryant v. Washington Mutual Bank, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), aff'd 282 F. App'x 260 (4th Cir. 2008) ('Plaintiff's claim that her Bill of Exchange is a legitimate negotiable document [based on the redemption theory] is clearly nonsense in every detail. . . . [T]he legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.')."

The Court's reference to cases that dismiss the "vapor money theory" and similar arguments is irrelevant to the specifics of my case. The issue at hand involves the proper interpretation and application of UCC 3-104 regarding negotiable instruments, specifically a bill of exchange.

A bill of exchange is defined under UCC 3-104 as an unconditional order to pay a certain amount of money, and it is considered a legitimate negotiable instrument. The concept is not complex and is clearly outlined in the UCC. My Complaint is grounded in established principles of negotiable instruments law, not in any discredited or frivolous theories.

The Court's mischaracterization and misunderstanding of the nature of a bill of exchange under UCC 3-104 have led to an improper dismissal of my case. The legal framework and facts presented in my Complaint align with the legitimate use and negotiation of such instruments, and they warrant a thorough and fair examination.

(220 of 259) Page 220 of 259Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 220 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-6    Filed 09/04/24    Page 13 of 36    Page
ID #:485

By inaccurately equating my case with unrelated legal theories, the Court has failed to address the core issues based on UCC Article 3. I respectfully request that the Court reconsider its dismissal, taking into account the proper legal standards and the clear provisions of UCC 3-104 concerning bills of exchange.

**Objection 13: Misrepresentation and Narrow Focus on Breach of Contract Claim**

In the orders dated July 10, 2024, the Court states: "Plaintiff's individual claims fare no better upon closer examination. With respect to the breach of contract claim, the Complaint fails to identify any specific contract, let alone explain how that contract was breached. While Plaintiff asserts that AMEX's rejection of the 1099A forms and 'parcels' breached 'the contract's implied terms of reasonable handling of payment forms,' Plaintiff points to no authority in support this proposition. (Opp. at 4)."

The Court's narrow focus on a minor aspect of my breach of contract claim while ignoring the broader context and substantive issues raised in my Complaint is both unjust and misleading. This selective examination of my claim fails to address the entirety of my legal arguments and the comprehensive nature of my allegations.

My Complaint outlines multiple claims and legal theories, including but not limited to the improper handling and dishonor of negotiable instruments as per UCC Article 3, which are central to my case. By concentrating on a small fraction of my arguments and dismissing the entire Complaint on that basis, the Court has not provided a fair and balanced assessment of my claims.

The breach of contract claim is supported by the overall context of the contractual relationship and the obligations arising from the acceptance and handling of payment forms. The implied terms of reasonable handling are rooted in the established practices and principles governing negotiable instruments, which the Court has failed to acknowledge adequately.

It is both unreasonable and unjust for the Court to dismiss my claims based on a selective and narrow interpretation of my Complaint. I respectfully request that the Court reconsider its analysis, taking into account the full scope of my allegations and the relevant legal standards.

**Objection 14: Irrelevance of Fiduciary Duty Analysis**

In the orders dated July 10, 2024, the Court states: "Similarly, the Complaint fails to allege that AMEX owed a fiduciary duty to Plaintiff. Indeed, 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.' Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1097, 283 Cal. Rptr. 53 (1991)."

The Court's reliance on Nymark v. Heart Fed. Sav. & Loan Ass'n is irrelevant to my case as I am not a "borrower" in the context of a conventional loan transaction, nor is BRANDON JOE WILLIAMS® a borrower. The relationship between myself and AMEX extends beyond the simplistic framework of a borrower-lender dynamic.

My Complaint does not hinge on the conventional loan transaction paradigm but rather on the improper handling and dishonor of negotiable instruments as governed by UCC Article 3. The fiduciary duties at issue arise from the specific conduct and responsibilities associated with

(222 of 259) Page 222 of 259

Case 2:24-cv-01631-MWF-PVC    Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 222 of 259
Document 42-6    Filed 09/04/24    Page 15 of 36    Page
ID #:487

the acceptance, negotiation, and handling of such instruments, which exceed the typical scope of a mere lending relationship.

I respectfully request that the Court reconsider its analysis of fiduciary duty within the correct legal framework and in relation to the specific facts and claims presented in my Complaint.

The application of Nymark in this context is inappropriate and fails to address the unique aspects of my claims. By dismissing the fiduciary duty allegations based on an irrelevant legal standard, the Court has overlooked the substantive issues central to my case.

I respectfully request that the Court reconsider its analysis of fiduciary duty within the correct legal framework and in relation to the specific facts and claims presented in my Complaint.

**Objection 15: Misrepresentation of Lending Relationship**

In the orders dated July 10, 2024, the Court states: "Although Plaintiff contends that AMEX exceeded the scope of its role as a lender by providing advisory services and special assurances, such allegations are entirely absent from the Complaint. (Opp. at 6)."

Factually, AMEX never loaned me or BRANDON JOE WILLIAMS® a single penny. The assertion that there was a conventional lending relationship is fundamentally incorrect. If AMEX claims that they "loaned" me or BRANDON JOE WILLIAMS® money, they must provide proof of such a transaction. AMEX cannot substantiate this claim because no such loan was ever made.

My Complaint does not involve a traditional borrower-lender dynamic but rather issues related to the handling and dishonor of negotiable instruments under UCC Article 3. The Court's reliance on an incorrect understanding of the relationship between myself and AMEX has led to a misinterpretation of my claims.

The burden is on AMEX to prove that a loan was extended to me or BRANDON JOE WILLIAMS®. In the absence of such proof, the Court should not dismiss my claims based on an assumed lending relationship that never existed.

I respectfully request that the Court reconsider its findings, taking into account the factual inaccuracies regarding the alleged loan and focusing on the actual legal issues raised in my Complaint.

**Objection 16: Erroneous Dismissal Based on Mischaracterization of Claims**

In the orders dated July 10, 2024, the Court states: "Although the Court generally grants at least one opportunity to amend, it cannot do so here given the plainly frivolous nature of Plaintiff's allegations and reliance on a non-viable legal theory. The Court's view that amendment would be futile is further supported by Plaintiff's Proposed Amended Complaint (Docket No. 29-1), which still relies on a vapor money theory."

There is literally not a word in this entire docket that has anything to do with "vapor," "money," or "theories." The Court's assertion that my Complaint relies on a "vapor money theory" is a gross misrepresentation of my claims. This erroneous characterization is creating an entirely simulated legal process based on full-blown delusion. The legal issues I have raised are grounded in the proper application of UCC Article 3 concerning negotiable instruments, not in any discredited or frivolous theories.

By mischaracterizing my allegations as frivolous and baseless, the Court is unjustly denying me the opportunity to amend my Complaint. The dismissal based on these unfounded assertions prevents me from having my case fairly heard and evaluated on its actual merits.

The Court's decision to dismiss my Complaint without granting leave to amend is based on a fundamentally incorrect understanding of my claims. This decision disregards the legitimate legal principles I have cited and the substantive issues I have raised.

I respectfully request that the Court reconsider its dismissal, recognizing that the references to "vapor money theory" are entirely irrelevant and unrelated to the content of my pleadings. The Court should allow me the opportunity to amend my Complaint to ensure that my case is fairly and justly considered.

**Objection 17: Concerns About Potential Bias and Request for Transparency**

In the context of the orders dated July 10, 2024, and given the lack of signatures on these orders, I am compelled to question whether these orders are being signed by the actual judge. Upon reviewing the background of the judge, it appears that the judge is openly gay. This raises concerns about potential prejudice against my pleadings and writings.

I do not know what I may have done to warrant such massive and blatant disregard of my case. It brings to mind the discrimination that gay men faced in the 1990s, a time during which many, including myself, may have unwittingly contributed to the problem by laughing and pointing to fit in with the prevailing bigotry. If my past actions or views have prejudiced this court against me, I would like this to be brought to the forefront so that I can address it honestly, clearly, and directly.

I am not affiliated with any political party and do not support either side of the political spectrum. My focus is on fighting for justice for all minorities and individuals striving to

increase their understanding of their environment. This makes the apparent bias and the lack of engagement with my case even more perplexing and unfair.

It feels like I am fighting shadows, and this lack of transparency and fairness is not only ridiculous but also unjust. I am seeking justice and require the most basic of direction to achieve that justice. If there is any reason for the court's treatment of my case, I respectfully request that it be disclosed so that I can address it appropriately and ensure a fair hearing of my claims.

**Objection 18: Misrepresentation of Claims and Denial of Opportunity to Clarify**

In the orders dated August 2, 2024, the Court states: "Here, Plaintiff fails to meet his burden of proving that the Court clearly erred in dismissing this action in its Order re: Defendants' Motions to Dismiss (the 'Dismissal Order'), filed on July 10, 2024. (Docket No. 30). While Plaintiff's filings are largely unintelligible, Plaintiff contends that the Court failed to consider that '[t]he majority of Plaintiff's claims pertain to the negotiability and indorsements of negotiable instruments, which are governed by UCC Article 3.' (Motion at 2). But Plaintiff's citations to the UCC fail to support his view that credit card transactions create currency or negotiable instruments that can be used to eliminate a person's debt. (Reply at 11–12). Based on the Court's review, the Motion, at its core, appears to reiterate the same frivolous legal theories that the Court already considered and rejected in the Dismissal Order."

If my filings are deemed "largely unintelligible," it is imperative that I be given the opportunity to clarify any aspects that may not be clear. I am more than willing to take any necessary steps to help the Court understand my situation and pleadings accurately. My filings and responses have never attempted to "support the view" that credit card transactions create

currency or negotiable instruments that can be used to eliminate a person's debt. It's not what I or the plaintiff "view," but is clearly the operations from UCC Article 3.

An unconditional promise to pay is a negotiable instrument under UCC Article 3. This is not a matter of personal view or perception but a well-established legal principle. There is no need to "support" this with additional views; it is a clear provision of UCC Article 3. My claims pertain to the proper handling, negotiation, and dishonor of such instruments, and the Court's misinterpretation of these claims as frivolous legal theories is unjustified.

By focusing on an inaccurate representation of my arguments, the Court has failed to address the actual substance of my claims. I respectfully request the opportunity to clarify any misunderstood aspects of my pleadings and to ensure that the Court fully comprehends the legal basis of my case, grounded in UCC Article 3.

## The following items will be in regard to the Guide to Judiciary Policy, Vol 2: Ethics and Judicial Conduct:

**Objection 19: Violation of Judicial Canon and Erosion of Public Confidence**

Regarding Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities (A) Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

I feel as though all my confidence that I will be heard and listened to has been obliterated. As a brand-new pro se litigant, I have done nothing to deserve being completely ignored and not allowed a hearing or any kind of motion in my case. The Court's actions have significantly undermined my faith in the judicial process.

I have repeatedly sought the Court's guidance and direction to present my case effectively, yet I have been equated to unrelated legal theories and my legitimate claims have been dismissed without proper consideration. This treatment is contrary to the principles outlined in Canon 2, which mandates that judges act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

The Court's refusal to grant me a hearing or any meaningful opportunity to clarify my pleadings and responses has left me feeling disregarded and unjustly treated. My claims are grounded in established legal principles, specifically UCC Article 3, and deserve a fair hearing. Instead, I have been swept aside based on a misinterpretation and mischaracterization of my case.

I respectfully request that the Court reconsider its approach to my case, providing the necessary direction and an opportunity for me to be heard. Upholding the standards of Canon 2 is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 20: Addressing Potential Prejudice**

There must be something that has prejudiced me from achieving a response and hearing from this court. I insist that this prejudice be placed into the open to be handled and addressed like adults. As a pro se litigant, I deserve the opportunity to understand and address any factors that may be influencing the Court's decisions in my case.

The lack of response and hearing has left me feeling disregarded and unfairly treated. I am more than willing to address and handle any aspect that may be prejudicing the judge in this

(228 of 259) Page 228 of 259ase: 24-5426, 07/30/2025, DktEntry: 14.1, Page 228 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-6    Filed 09/04/24    Page 21 of 36    Page
ID #:493

case. It is imperative for the integrity of the judicial process that any potential biases or prejudices be openly acknowledged and addressed.

Transparency and fairness are essential to ensuring that justice is served. I respectfully request that the Court disclose any reasons for the apparent prejudice against my case so that I can respond appropriately and work towards a fair resolution. Addressing these concerns openly will allow us to move forward constructively and ensure that my case is evaluated on its true merits.

**Objection 21: Violation of Canon 2A and Erosion of Public Confidence**

Canon 2A states: "Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges." The treatment I have received in this case exemplifies the very conduct that Canon 2A warns against. My sincere effort to have my case heard has been met with mischaracterization, dismissal, and a comparison to irrelevant legal theories, rather than a fair evaluation of my claims.

I simply wanted to be heard, not compared to an entirely irrelevant idea and then ignored. The Court's handling of my case, including the refusal to grant a hearing or to provide direction, has significantly undermined my confidence in the judicial process. This conduct is irresponsible and improper, contributing to the erosion of public trust in the judiciary.

As a pro se litigant, I have sought justice and clarity from this Court. Instead, I have been dismissed without the opportunity to clarify my pleadings or to present my case fully. This treatment is not only unfair but also contrary to the principles of integrity and impartiality that Canon 2A seeks to uphold.

I respectfully request that the Court reconsider its approach to my case, ensuring that I am given a fair opportunity to be heard and that my claims are evaluated on their true merits. Upholding the standards of Canon 2A is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 22: Addressing Potential Perceptions of Impartiality Under Canon 2C**

Canon 2C states: "Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired." In Title 8, the definition of "organization" is in subsection (a)(28): "The term 'organization' means, but is not limited to, an organization, corporation, company, partnership, association, trust, foundation or fund; and includes a group of persons, whether or not incorporated, permanently or temporarily associated together with joint action on any subject or subjects."

I want to clarify that I hold no prejudice against any aspect of the judge, including being openly gay or any other characteristic. These aspects have absolutely nothing to do with my pleadings or responses. If there is any perception that my conduct or postings online have prejudiced this court, I wish to make it clear that much of what I post is intended as satire and humor. I am not homophobic or biased against any group that would cause this court to act with prejudice towards my case.

I come in peace, seeking relief from peonage and striving for justice. If there are any factors that have led the Court to perceive bias in my pleadings or responses, I insist that these be brought to the forefront so they can be directly addressed. It is crucial that any potential biases or misinterpretations are openly discussed to ensure a fair and impartial judicial process.

I am committed to addressing any concerns or misunderstandings that may have arisen and ensuring that my case is evaluated based on its merits, free from any form of prejudice. Upholding the standards of Canon 2C is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 23: Violation of Canon 3 and Experience of Prejudice**

Under Canon 3, it is stated: "The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased."

I am experiencing clear prejudice in the handling of my case. I am being compared to unrelated legal theories and practices, and my legitimate claims are being dismissed without proper consideration or reasoning. This treatment is silencing my voice and denying me the fair opportunity to present my case.

The judge's duties require them to perform their role with respect for all parties involved and to avoid behavior that is prejudiced or biased. However, the Court's actions in this case suggest a lack of impartiality and fairness. My attempts to clarify and explain my position have been ignored, and my pleadings have been mischaracterized, leading to an unjust dismissal.

The Court's behavior is contrary to the principles outlined in Canon 3, which mandate respect and impartiality in judicial conduct. I am entitled to a fair hearing and the opportunity to address any misunderstandings or mischaracterizations of my claims.

I respectfully request that the Court reconsider its approach, ensuring that my case is evaluated on its actual merits and that I am provided with a fair opportunity to be heard.

(231 of 259) Page 231 of 259ase: 24-5426, 07/30/2025, DktEntry: 14.1, Page 231 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-6    Filed 09/04/24    Page 24 of 36    Page
ID #:496

Upholding the standards of Canon 3 is essential for maintaining the integrity of the judicial

process and ensuring that justice is served impartially.

**Objection 24: Addressing Assumptions and Ensuring Fair Treatment Under Canon 3(1)**

Under Canon 3, it is stated: "(1) A judge should be faithful to, and maintain professional

competence in, the law and should not be swayed by partisan interests, public clamor, or fear of

criticism."

There may be an assumption that I am a "sovereign citizen," but I want to make it

unequivocally clear that I am not. This assumption appears to be influencing the Court's

treatment of my case, similar to the prejudice that gay men faced in the 90s. The judge presiding

over this case has had a long and distinguished career, having been posted in 2011 and serving in

various capacities, including as an assistant U.S. attorney, since the 80s. However, it is crucial

that past frustrations or biases are not projected onto me.

I am not a "citizen" of any nation on Earth and have not done anything to deserve being

treated with disdain or ignored. The principles outlined in Canon 3(1) require the judge to

maintain professional competence in the law and to be unswayed by partisan interests, public

clamor, or fear of criticism. My case deserves to be heard based on its own merits, free from any

prejudicial assumptions.

I want to be heard, no different than anyone else struggling to have their voice

acknowledged in the judicial system. If there are any past frustrations or personal issues

influencing the Court's treatment of my case, this is not only inappropriate but also a violation of

the principles of fairness and impartiality that are foundational to the judicial process.

I respectfully request that the Court recognize and address any assumptions or biases that may be affecting the fair consideration of my case. I seek the same opportunity to present my claims and be heard as any other litigant, in accordance with the standards of professional competence and impartiality mandated by Canon 3(1).

**Objection 25: Violation of Canon 3(3) and Misinterpretation of Submissions**

Under Canon 3, it is stated: "(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process."

Throughout my submissions, I have not been belligerent or ridiculous. I have conducted myself with respect and courtesy, adhering to the expectations outlined in Canon 3(3). Despite this, my attempts to bring forward legitimate concerns have been misinterpreted and dismissed without proper consideration.

There appears to be a misunderstanding regarding my mention of criminal proceedings. It was perceived that I had "threatened" the defense with criminal action. However, my reference to criminal aspects pertains to the legal definition and implications of peonage, which is indeed a criminal matter under 18 U.S.C. § 4. My responsibility is to report and make known criminal acts, and peonage qualifies as such a criminal act.

I do not apologize for attempting to follow the law and reporting what I believe to be criminal conduct. My intent was to highlight the seriousness of the issues at hand, not to be

disrespectful or threatening. It is essential that the Court recognizes the distinction and treats my concerns with the dignity and respect mandated by Canon 3(3).

I respectfully request that the Court exercise patience and courtesy in reconsidering my case. My goal is to achieve justice and ensure that my claims are heard and evaluated fairly, in accordance with the principles of respectful and dignified judicial conduct.

**Objection 26: Violation of Canon 3(4) and Denial of Right to Be Heard**

Under Canon 3, it is stated: "(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."

I do not feel heard AT ALL — NOT ONE BIT. Despite my efforts to present my case and clarify my legal arguments, I have been met with dismissal and mischaracterization of my claims. This experience contradicts the mandate of Canon 3(4), which requires that every person with a legal interest in a proceeding be given the full right to be heard according to law.

The Court's actions have denied me the fundamental right to present my case and have my arguments considered on their merits. My pleadings and responses have been disregarded without the opportunity for a proper hearing or meaningful engagement. This treatment undermines the principles of fairness and justice that are central to the judicial process.

I respectfully request that the Court reconsider its approach and grant me the full right to be heard, as stipulated by Canon 3(4). Ensuring that my case is evaluated based on its true merits and that I am given a fair opportunity to present my claims is essential for upholding the integrity of the judicial process.

**Objection 27: Lack of Civility and Respect in Judicial Conduct**

Under Canon 3, it is stated: "(4) A judge should practice civility, by being patient, dignified, respectful, and courteous, in dealings with court personnel, including chambers staff."

I do not feel as though I have experienced a "patient, dignified, respectful, and courteous" judge in my dealings with this Court. My interactions and submissions have not been met with the civility and respect that Canon 3(4) mandates. Instead, I have faced dismissiveness and a lack of meaningful engagement with my legal arguments.

As a pro se litigant, I seek nothing more than to be treated with the civility and respect that every person involved in a judicial proceeding deserves. This includes being given the opportunity to present my case fully and having my claims considered fairly and respectfully.

I respectfully request that the Court practice the civility outlined in Canon 3(4) and provide a patient, dignified, respectful, and courteous consideration of my case. This approach is essential for ensuring that justice is served and that all parties feel heard and valued in the judicial process.

**Objection 28: Potential Bias and the Need for Judicial Disqualification**

Under Canon 3, it is stated: "(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

It appears as though I am experiencing massive prejudice in the handling of my case. This prejudice may stem from the judge's personal experiences or preconceived notions. For

(235 of 259) Page 235 of 259Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 235 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-6    Filed 09/04/24    Page 28 of 36    Page
ID #:500

example, the judge might have past negative experiences with individuals labeled as "sovereign citizens," or there may be unresolved issues related to the judge's struggles as a gay man. These factors could be influencing the judge's treatment of my case, leading to an unfair and biased process.

If the judge harbors any personal bias or prejudice, whether due to past experiences or any other reason, it is imperative that these issues be acknowledged and addressed. The idea that someone could be silenced under prejudice is entirely unacceptable. Everyone deserves the right to be heard, and no one should be denied this fundamental right due to personal biases or past experiences.

I acknowledge that I, too, have been guilty of prejudice in the past, but we must move forward and allow ourselves to forgive and listen to one another. The decline in listening and connecting with each other, particularly since Covid, is detrimental to our society. In order to have a better and more orderly world, we need to engage in more verbal intercourse and truly listen to each other.

I respectfully request that if there is any potential bias or prejudice affecting the judge's impartiality in my case, the judge should disqualify himself or herself to ensure a fair and just process. It is essential that my case be heard without prejudice, and I be given a fair opportunity to present my claims.

**Objection 29: Potential Prior Involvement and Mislabeling as a "Sovereign Citizen"**

Under Canon 3, it is stated: "(e) the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material

witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy."

It is very realistic that the situation I am facing involves preconceived notions or prior involvement by the judge that are influencing the handling of my case. Am I simply being viewed as a delusional "sovereign citizen" by this court and judge? This is not who I am. I am a noncitizen national of the United States in accordance with 8 U.S.C. § 1101(a)(22)(B).

If the judge has previously participated in any capacity related to cases involving so-called "sovereign citizens" or has expressed opinions about such cases, it could be affecting the impartiality required to fairly adjudicate my case. It is crucial that my case be judged on its own merits and not be influenced by stereotypes or past experiences that do not apply to me.

The mislabeling and misunderstanding of my legal status and arguments are leading to a denial of my right to a fair hearing. It is essential that the Court recognize and correct any biases that may stem from prior involvement or preconceived notions about "sovereign citizens."

I respectfully request that the judge consider disqualifying himself or herself if there is any potential for bias due to past governmental employment or previous opinions expressed about similar cases. My status and arguments should be evaluated based on the specific facts and laws pertinent to my case, free from any undue prejudice or bias.

## Objection 30: Desire for Understanding and Fair Hearing Under Canon 3A(3)

Under Canon 3A(3), it is stated: "The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and businesslike while being patient and deliberate."

I understand that my "kind" may be considered annoying by the court. However, I assure you that I sincerely want to understand the legal proceedings and ensure my case is heard fairly. I spend countless hours in front of a phone or computer screen studying statutes and trying to clarify the definitions of words. I am not an individual attempting to exact revenge; I am simply seeking an avenue to be heard and to understand the legal principles involved in my case.

My intentions are genuine, and my primary goal is to gain a meaningful understanding of the legal issues and processes. If given the chance to understand everything in my pleadings in a meaningful way, I would forgo any "monetary" compensation, such as unconditional promises and orders to pay. My focus is on achieving clarity and understanding, not on accumulating negotiable instruments.

The Court's duty to hear all proceedings fairly and with patience is crucial for ensuring justice. I respectfully request that the Court exercise patience and provide me with the opportunity to understand and present my case fully. This approach aligns with the principles outlined in Canon 3A(3) and ensures that the judicial process is both efficient and just.

**Objection 31: Prejudice and Erosion of Trust Under Canon 3A(3)**

Under Canon 3A(3), it is stated: "The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice, or bias."

I feel as though I have been prejudiced against in the handling of my case, which has significantly eroded my trust in the judicial system. Despite my diligent efforts to reach this point and my genuine interest in learning and understanding the legal processes, I am being blocked for an entirely delusional reason that has nothing to do with my complaint or pleadings.

The Court's actions have not reflected the duty to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Instead, I have experienced behavior that could reasonably be interpreted as prejudice or bias, which undermines the respect and fairness that should characterize all judicial proceedings.

I respectfully request that the Court reconsider its approach and ensure that my case is evaluated fairly and impartially, free from any undue prejudice or bias. Upholding the standards of Canon 3A(3) is essential for restoring my trust in the judicial system and ensuring that justice is served in a manner that is respectful and impartial.

## Objection 32: Concerns About Ex Parte Communications and Prejudicial Labeling Under Canon 3A(4)

Under Canon 3A(4), it is stated: "The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding. A judge may consult with other judges or with court personnel whose function is to aid the judge in carrying out adjudicative responsibilities. A judge should make reasonable efforts to ensure that law clerks and other court personnel comply with this provision."

I feel as though I have been unfairly labeled a "sovereign citizen," which has prejudiced my case and led to a biased handling of my proceedings. This labeling has created a situation

where it seems that nothing I can do will change this perception, much like the prejudices faced by gay men in the 80s and 90s. This is unacceptable and deeply concerning for both of us, as it undermines the fairness and impartiality that are supposed to be the foundation of the judicial process.

The restriction on ex parte communications is meant to ensure that all parties are treated fairly and that no undue influence or bias affects the outcome of a case. It is essential that this restriction be strictly adhered to, and that any preconceived notions or labels be set aside to ensure a fair hearing.

I am sincerely sorry for any prejudices the judge may have faced in the past, and I understand how damaging such labels can be. However, I respectfully request that the Court recognize and correct any biases or prejudices that may be influencing the handling of my case. It is crucial that I am given a fair opportunity to present my claims without being dismissed based on an inaccurate and prejudicial label.

I request that the Court take reasonable efforts to ensure that all court personnel comply with the provisions against ex parte communications and that my case is evaluated impartially and fairly, based on its own merits.

**Objection 33: Right to Be Heard and Avoidance of Unnecessary Delays Under Canon 3A(5)**

Under Canon 3A(5), it is stated: "In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs."

I understand that my "kind" may be classified as a waste of time in the court's eyes. However, this classification is unjust and does not apply to my situation. I am earnestly attempting to understand and apply UCC Article 3 to the best of my ability.

The principles outlined in Canon 3A(5) require the judge to dispose of matters promptly, efficiently, and fairly, with due regard for the rights of the parties to be heard. This includes resolving issues without unnecessary cost or delay. Despite my efforts to engage with the court process and present my claims, I have faced delays and dismissals without the opportunity to fully explain and clarify my position.

My genuine intent is to learn and understand the legal principles governing my case. The dismissal of my case without proper consideration or hearing undermines the principles of fairness and efficiency mandated by Canon 3A(5). It is crucial that I am given the opportunity to present my case and have it evaluated on its merits, rather than being dismissed based on a prejudicial classification.

I respectfully request that the Court reconsider its approach, ensuring that my case is handled promptly, efficiently, and fairly. By providing me with the opportunity to be heard and addressing my issues without unnecessary delay, the Court can uphold the standards of justice and fairness that are essential to the judicial process.

**Final Plea: Earnest Request for Fair Hearing and Consideration**

I truly hope that this situation can culminate in my case being heard. Am I delusional? Will my case be related to something irrelevant forever? Will I die alone? Probably. But I want

this court to realize that I am trying to the best of my ability to present the facts and uncover the truth to the best of my ability.

I am not seeking to waste the Court's time or resources; rather, I am earnestly attempting to understand and apply the principles of UCC Article 3. My intentions are genuine, and my efforts are sincere. All I seek is a fair opportunity to present my case and have it evaluated on its merits.

I respectfully ask the Court to reconsider its approach and provide me with the opportunity to be heard. This process is not just about resolving a legal dispute but also about restoring my faith in the judicial system and ensuring that justice is served impartially.

Thank you for considering my plea. I am grateful for any opportunity to clarify my position and present my case in a fair and just manner.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. **Reconsideration of Dismissal**:

   That the Court reconsider its order dated July 10, 2024, and August 2, 2024, and provide Plaintiff with a fair opportunity to clarify and present the facts and legal arguments pertinent to the case.

2. **Opportunity to Amend Complaint**:

   That the Court grant Plaintiff leave to amend the Complaint to address any deficiencies identified and ensure that the claims are evaluated on their true merits.

3. **Fair Hearing**:

That the Court schedule a hearing to allow Plaintiff to fully explain and support the claims made in the Complaint, including the proper application of UCC Article 3 concerning negotiable instruments.

4. **Correction of Mischaracterizations**:

That the Court recognize and correct any mischaracterizations of Plaintiff's claims, ensuring that the legal issues are addressed accurately and fairly.

5. **Acknowledgment of Plaintiff's Efforts**:

That the Court acknowledge Plaintiff's genuine efforts to understand and apply legal principles and provide guidance where necessary to facilitate a fair judicial process.

6. **Addressing Potential Bias**:

That the Court openly address any potential biases or prejudices that may have influenced the handling of Plaintiff's case, ensuring impartiality and fairness in the judicial process.

7. **Restoration of Public Confidence**:

That the Court take steps to restore Plaintiff's confidence in the integrity and impartiality of the judiciary by demonstrating respect, patience, and fairness in all proceedings.

8. **Any Other Relief**:

That the Court grant any other relief that it deems just and proper in order to ensure a fair and just resolution of this matter.

August 7, 2024                                RESPECTFULLY SUBMITTED,


                                              BRANDON JOE WILLIAMS®


                                              BY: /s/_____
                                              Brandon Joe Williams, Agent, Pro Se
                                              P.O. Box 1962
                                              Glendale, California 91209
                                              brandon@williamsandwilliamslawfirm.com

                                              (747) 273-0799

### Certificate of Service

    Plaintiff certifies that on August 7th, 2024, the foregoing                    was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.


Brianna M. Bauer                              Stephen J. Newman
STEPTOE LLP                                   STEPTOE LLP
2029 Century Park East, 18th Floor          2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086                    Los Angeles, CA 90067-3086
213-439-9400                                  213-439-9400
bbauer@steptoe.com                            snewman@steptoe.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

|  |  |
|---|---|
| BRANDON JOE WILLIAMS®, | |
| Plaintiff, | **Honorable Judge Michael W. Fitzgerald** |
| v. | **Magistrate Judge Pedro V. Castillo** |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. | |
| Defendants. | |

## PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTER FINAL JUDGMENT

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Brandon Joe Williams, proceeding pro se, respectfully submits this *Motion to Enter Final Judgment* in accordance with Federal Rule of Civil Procedure 58. This Motion follows the Court's Orders dated July 10, 2024 (Docket No. 30), and August 2, 2024 (Docket No. 36), which granted Defendants' Motion to Dismiss and denied Plaintiff's Motion for Reconsideration. Notably, these Orders were entered without judicial signatures, raising concerns about their validity. Plaintiff has also filed Objections to these Orders on July 13, 2024 (Docket No. 31), and August 7, 2024 (Docket No. 37), respectively. To date, the Court has not addressed either of Plaintiff's Objections, further raising concerns about the integrity of the proceedings and due process. Plaintiff therefore moves for the entry of a final judgment to conclude this matter and to preserve all rights for potential appellate review.

**REQUEST FOR RELIEF:**

**WHEREFORE,** Plaintiff Brandon Joe Williams respectfully requests that this Honorable Court grant the following relief:

1. **Entry of Final Judgment:** Enter final judgment in this case pursuant to Federal Rule of Civil Procedure 58, formally concluding the matter to allow for potential appellate review.

2. **Validation of Orders:** Provide clarification on the validity of the Orders dated July 10, 2024 (Docket No. 30), and August 2, 2024 (Docket No. 36), particularly addressing the concern that these Orders were entered without judicial signatures, which raises questions about their legitimacy.

3. **Addressing Due Process Concerns:** Directly address the Plaintiff's Objections filed on July 13, 2024 (Docket No. 31), and August 7, 2024 (Docket No. 37), which have not yet been considered by the Court, thereby ensuring that Plaintiff's due process rights are fully respected.

4. **Any Further Relief:** Grant any further relief that the Court deems just and proper to ensure fairness and the integrity of the judicial process.

August 24, 2024                                RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent, Pro Se
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## Certificate of Service

Plaintiff certifies that on August 24th, 2024, the foregoing *PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENTER FINAL JUDGMENT* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com

Stephen J. Newman
STEPTOE LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
snewman@steptoe.com

(247 of 259) Page 247 of 259 Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 247 of 259
Case 2:24-cv-01631-MWF-PVC   Document 42-8   Filed 09/04/24   Page 1 of 1   Page ID
#:512

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BRANDON JOE WILLIAMS,

|  |  |
|---|---|
| CASE NUMBER | |

CV 24-1631-MWF(PVCx)

PLAINTIFF(S)

v.

AMERICAN EXPRESS COMPANY, et al.,

**ORDER STRIKING FILED DOCUMENTS FROM THE RECORD**

DEFENDANT(S).

WHEREAS, the documents listed below are deficient for the following reason(s):

This case was closed and judgment was entered on 7/10/2024; see Order at Docket No. 30. An Order denying Plaintiff's Motion for Reconsideration was filed on 8/2/2024; see Order at Docket No. 36.

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by the Court:

| Document Entitled | Filed |
|---|---|
| Plaintiff's Notice of Motion and Motion to Enter Final Judgment | 08/24/2024 (DE 38) |

IT IS FURTHER ORDERED that the documents shall not be returned to the filing party; however, the Clerk shall note on the case docket that the documents are stricken from the record.

August 26, 2024
_____
Date

_____
United States District Judge

(248 of 259) Page 248 of 259Case: 24-5426, 07/30/2025, DktEntry: 14.1, Page 248 of 259
Case 2:24-cv-01631-MWF-PVC    Document 42-9    Filed 09/04/24    Page 1 of 4    Page ID
#:513

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT of CALIFORNIA
## WESTERN DIVISION (LOS ANGELES)

### CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

|  |  |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>            Plaintiff,<br><br>      v.<br><br>AMERICAN EXPRESS COMPANY;<br>AMERICAN EXPRESS KABBAGE<br>INC.<br>            Defendants. | **Honorable Judge Michael W. Fitzgerald**<br>**Magistrate Judge Pedro V. Castillo** |

**OBJECTION TO THE COURT'S ORDER DATED August 26, 2024 (dkt. 39)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, BRANDON JOE WILLIAMS®, hereby objects to the Court's Order dated August 26, 2024 (Dkt. 39), striking Plaintiff's Notice of Motion and Motion to Enter Final Judgment, and in support thereof states as follows:

1. **Court's July 10, 2024 Order (Dkt. 30) - Judgment vs. Final Judgment:**

   o The Court's Order dated July 10, 2024 (Dkt. 30) stated, "This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment."

   o While this language directed the Clerk to treat the order as an entry of judgment, it is important to note that this Order constituted a Judgment and not a Final

Judgment. The Plaintiff specifically requested the entry of a Final Judgment to initiate an appeal.

o   The distinction between a Judgment and a Final Judgment is critical, as the latter is necessary to trigger the appeal process under the Federal Rules of Appellate Procedure. The Plaintiff's right to appeal hinges on the issuance of a Final Judgment, which has not been provided despite Plaintiff's request.

o   Additionally, the Plaintiff is confused by the recent Court's Order (Dkt. 39) which states, "This case was closed and judgment was entered on 7/10/2024." The Plaintiff believes that the Judge has erred in this statement, as not all matters were resolved, and thus a Final Judgment was neither entered on July 10, 2024, nor has it been entered on the docket subsequently.

o   The need for a Final Judgment before an appeal can be initiated is well established by the U.S. Supreme Court. In *Catlin v. United States*, the Court held that a "final decision" is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment (*Catlin v. United States*, 324 U.S. 229, 233 (1945)). Similarly, in *Firestone Tire & Rubber Co. v. Risjord*, the Court reinforced that an appeal generally cannot be taken until after a final judgment is entered, emphasizing that interlocutory orders are not typically appealable (*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

o   Additionally, the Supreme Court in *Digital Equipment Corp. v. Desktop Direct, Inc.* confirmed the importance of the final judgment rule in maintaining the efficiency of the judicial process and preventing piecemeal appeals (*Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

2. **Federal Rule of Civil Procedure 58(a) - Separate Document Requirement:**

   o   Federal Rule of Civil Procedure 58(a) mandates that every judgment and amended judgment **must** be set out in a separate document, except for certain specified motions. The Order dated July 10, 2024, does not fall within any of the exceptions listed under Rule 58(a).

   o   Therefore, the Plaintiff believes that the rule's language makes it clear that the entry of judgment must be in a separate document, ensuring clarity and procedural correctness, especially in the context of initiating an appeal.

3. **Federal Rule of Civil Procedure 58(d) - Request for Entry:**

   o   Under Rule 58(d), a party may request that judgment be set out in a separate document as required by Rule 58(a). Exercising this right, Plaintiff filed a Notice and Motion to Enter Final Judgment, as the entry of Final Judgment by a separate document had not occurred.

   o   Plaintiff's filing was a rightful and procedurally appropriate action to secure the proper entry of Final Judgment, consistent with the Federal Rules of Civil Procedure, thereby safeguarding Plaintiff's right to appeal.

**RELIEF REQUESTED:**

Based on the foregoing, Plaintiff respectfully requests that this honorable court reverse the Court's Order dated August 26, 2024 (Dkt. 39), and allow the Plaintiff's filing at Docket 38 to remain on the docket as a viable filing. Additionally, Plaintiff requests that the Court reconsider its Order and permit the entry of a Final Judgment by a separate document in accordance with Federal Rule of Civil Procedure 58, ensuring the Plaintiff's ability to proceed with an appeal.

August 28, 2024                          RESPECTFULLY SUBMITTED,

                                         BRANDON JOE WILLIAMS®

                                         BY: /s/ *Brandon Joe Williams*
                                         Brandon Joe Williams, Agent, Pro Se
                                         P.O. Box 1962
                                         Glendale, California 91209
                                         brandon@williamsandwilliamslawfirm.com

                                         (213) 309-7138

### Certificate of Service

      Plaintiff certifies that on August 28th, 2024, the foregoing *OBJECTION* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer                         Stephen J. Newman
STEPTOE LLP                              STEPTOE LLP
2029 Century Park East, 18th Floor       2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086               Los Angeles, CA 90067-3086
213-439-9400                             213-439-9400
bbauer@steptoe.com                       snewman@steptoe.com

(252 of 259) Page 252 of 259
Case 2:24-cv-01631-MWF-PVC   Document 44-10   Filed 09/24/24   Page 1 of 1   Page
ID #:517

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES — GENERAL**

Case No.   **CV 24-1631-MWF(PVCx)**                    Date: September 3, 2024

Title      **_Brandon Joe Williams v. American Express Company, et al._**

Present: The Honorable:    MICHAEL W. FITZGERALD, United States District Judge

|                  Rita Sanchez                  |                 Not Reported                 |
| :--------------------------------------------: | :------------------------------------------: |
|                  Deputy Clerk                  |           Court Reporter / Recorder          |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| :-------------------------------: | :-------------------------------: |
|            Not Present            |            Not Present            |

**Proceedings: (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER AND REQUEST TO REINSTATE PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT [40]**

The Court is in receipt of Plaintiff's Objection to the Court's Order Dated August 26, 2024 (the "Objection"), filed August 28, 2024. (Docket No. 40). Plaintiff objects to the Court's Order (Docket No. 39) striking his Motion to Enter Final Judgment (Docket No. 38), and requests that his Motion to Enter Final Judgment be reinstated.

The Court **STRIKES** Plaintiff's Objection for the same reasons that the Motion to Enter Final Judgment was stricken. Judgment was entered on **July 10, 2024**. (Docket No. 30). Plaintiff's Motion for Reconsideration (Docket No. 31) was denied on August 2, 2024. (Docket No. 36). Plaintiff's continued arguments that judgment has not been entered are groundless.

Any further filings regarding entry of judgment will be stricken without comment in this closed case.

IT IS SO ORDERED.

CM/ECF - California Central District

(PVCx),APPEAL,CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:24-cv-01631-MWF-PVC

Brandon Joe Williams v. American Express Company et al
Assigned to: Judge Michael W. Fitzgerald
Referred to: Magistrate Judge Pedro V. Castillo
Case in other court: 9th CCA, 24-05426
Cause: 28:1331 Fed. Question

Date Filed: 02/26/2024
Date Terminated: 07/10/2024
Jury Demand: Plaintiff
Nature of Suit: 140 Negotiable Instrument
Jurisdiction: Federal Question

**Plaintiff**

**Brandon Joe Williams**                  represented by  **Brandon Joe Williams**
                                                          PO Box 1962
                                                          Glendale, CA 91209
                                                          747-273-0799
                                                          Email:
                                                          brandon@williamsandwilliamslawfirm.com
                                                          PRO SE

V.

**Defendant**

**American Express Company**              represented by  **Brianna M. Bauer**
                                                          Steptoe LLP
                                                          2029 Century Park East, Suite 980
                                                          Los Angeles, CA 90067-3086
                                                          213-439-9400
                                                          Fax: 213-439-9598
                                                          Email: bbauer@steptoe.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephen J. Newman**
                                                          Steptoe LLP
                                                          2029 Century Park East, Suite 980
                                                          Los Angeles, CA 90067
                                                          213-439-9400
                                                          Email: snewman@steptoe.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**American Express Kabbage Inc.**         represented by  **Brianna M. Bauer**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephen J. Newman**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

CM/ECF - California Central District

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2024 | 1 | COMPLAINT filed by Plaintiff Brandon Joe Williams against Defendants American Express Kabbage Inc., American Express Company. Case assigned to Judge Michael W. Fitzgerald for all further proceedings. Discovery referred to Magistrate Judge Pedro V. Castillo. (Filing fee $ 405 Paid.) (Attachments: # 1 CV71) (jtil) (Entered: 03/05/2024) |
| 02/26/2024 | 2 | CERTIFICATE of Interested Parties filed by Plaintiff Brandon Joe Williams. (jtil) (Entered: 03/05/2024) |
| 02/26/2024 | 3 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Brandon Joe Williams. (jtil) (Entered: 03/05/2024) |
| 02/28/2024 | 4 | 21 DAY Summons Issued re Complaint - (Discovery), 1 as to Defendant American Express Company. (jtil) (Entered: 03/05/2024) |
| 02/28/2024 | 5 | 21 DAY Summons Issued re Complaint - (Discovery), 1 as to Defendant American Express Kabbage Inc. (jtil) (Entered: 03/05/2024) |
| 03/05/2024 | 6 | NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and Magistrate Judge Pedro V. Castillo. (jtil) (Entered: 03/05/2024) |
| 03/05/2024 | 7 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (jtil) (Entered: 03/05/2024) |
| 03/05/2024 | 8 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 03/05/2024) |
| 03/06/2024 | 9 | ORDER by Judge Michael W. Fitzgerald: Granting 3 APPLICATION for Pro Se Electronic Filing. The applicant must register to use the Courts CM/ECF System within five (5) days of being served with this order. Registration information is available at the Pro Se Litigant E-Filing web page located on the Courts website. Upon registering, the applicant will receive a CM/ECF login and password that will allow him/her to file non-sealed documents electronically in this case only. Any documents being submitted under seal must be manually filed with the Clerk. (iv) (Entered: 03/06/2024) |
| 03/06/2024 | 10 | SELF-REPRESENTATION ORDER by Judge Michael W. Fitzgerald. SEE ORDER FOR DETAILS. (iv) (Entered: 03/06/2024) |
| 03/18/2024 | 11 | NOTICE AND ACKNOWLEDGMENT OF SERVICE of Summons and Complaint returned Executed filed by Plaintiff Brandon Joe Williams, upon Defendant All Defendants. Acknowledgment of Service signed by NDS, Agent. (Attachments: # 1 Affidavit AMEX Service of Summons and Complaint, # 2 Affidavit Kabbage Service of Summons and Complaint, # 3 Exhibit PS 3811)(Williams, Brandon) (Entered: 03/18/2024) |
| 03/20/2024 | 12 | MINUTE (IN CHAMBERS) ORDER REGARDING NOTICE OF SERVICE OF PROCESS 11 by Judge Michael W. Fitzgerald. Defendants AmEx and AmEx Kabbage are corporations. Therefore, service under Fed. R. Civ. P. 4(h) is applicable. It appears that Plaintiff attempted to effectuate service of the Summons and Complaint upon Defendants' agent for service of process, CT Corporation System, in Glendale, California. However, service by certified mail does not satisfy the requirements of Fed. R. Civ. P. 4(h). (iv) (Entered: 03/21/2024) |
| 04/01/2024 | 13 | PROOF OF SERVICE Executed by Plaintiff Brandon Joe Williams, upon Defendant All Defendants. Service of the Summons and Complaint were executed upon Agent in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Williams, Brandon) (Entered: 04/01/2024) |

ER_254

CM/ECF - California Central District

| 04/03/2024 | 14 | NOTICE of Interested Parties filed by Defendants American Express Company, American Express Kabbage Inc., (Attorney Brianna M. Bauer added to party American Express Company(pty:dft), Attorney Brianna M. Bauer added to party American Express Kabbage Inc.(pty:dft))(Bauer, Brianna) (Entered: 04/03/2024) |
|---|---|---|
| 04/03/2024 | 15 | NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants American Express Company, American Express Kabbage Inc.. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order) (Bauer, Brianna) (Entered: 04/03/2024) |
| 04/04/2024 | 16 | NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* filed by Defendants American Express Company, American Express Kabbage Inc.. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order) (Bauer, Brianna) (Entered: 04/04/2024) |
| 04/11/2024 | 17 | Notice Notice in Response to Court's Order and Pro Se Status filed by plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 04/11/2024) |
| 04/11/2024 | 18 | NOTICE OF MOTION AND MOTION for Enlargement of Time to File Response in opposition to defendant's motion to dismiss filed by plaintiff Brandon Joe Williams. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order Proposed order granting enlargement of time) (Williams, Brandon) (Entered: 04/11/2024) |
| 04/12/2024 | 19 | MINUTES (IN CHAMBERS) ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME 18 by Judge Michael W. Fitzgerald. Plaintiff's opposition to the pending Motions to Dismiss must be filed no later than April 22, 2024. Defendants' replies in support of their respective motions must be filed no later than April 29, 2024. The hearing on May 6, 2024, is VACATED and taken off calendar. (iv) (Entered: 04/12/2024) |
| 04/19/2024 | 20 | NOTICE OF MOTION AND MOTION for Relief from LOCAL RULE 7-3 filed by Defendants American Express Company, American Express Kabbage Inc.. Motion set for hearing on 5/20/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Declaration OF BRIANNA M. BAUER IN SUPPORT OF MOTION FOR RELIEF FROM LOCAL RULE 7-3, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Proposed Order) (Bauer, Brianna) (Entered: 04/19/2024) |
| 04/21/2024 | 21 | OPPOSITION to NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 04/21/2024) |
| 04/21/2024 | 22 | NOTICE OF MOTION AND MOTION to Strike Motion to dismiss NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 filed by plaintiff Brandon Joe Williams. Motion set for hearing on 5/6/2024 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # 1 Proposed Order Proposed Order Granting Plaintiff's Motion to Strike, # 2 Declaration Hand-Signed Delaration in Support of Plaintiffs Motion to Strike) (Williams, Brandon) (Entered: 04/21/2024) |
| 04/21/2024 | 23 | OPPOSITION to NOTICE OF MOTION AND MOTION for Relief from LOCAL RULE 7-3 20 filed by Plaintiff Brandon Joe Williams. (Attachments: # 1 Declaration Hand-signed Declaration of Brandon Joe Williams in Support of Striking Motion for Relief from Local Rule 7-3)(Williams, Brandon) (Entered: 04/21/2024) |
| 04/22/2024 | 24 | NOTICE TO FILER OF DEFICIENCIES in Electronic Filed Document RE: Motion to Strike 22 . The following error(s) was/were found: Hearing information is missing, incorrect, or untimely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as |

ER_255

| | | |
|---|---|---|
| | | the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (iv) (Entered: 04/22/2024) |
| 04/22/2024 | 25 | MINUTES (IN CHAMBERS) ORDER REGARDING PENDING MOTIONS by Judge Michael W. Fitzgerald. If Defendants wish to file Opposition to Plaintiffs Motion to Strike, they must do so no later than April 29, 2024. No reply briefs shall be filed in support of the Motion for Relief and the Motion to Strike. The hearings on Plaintiff's Motion to Strike and Defendants' Motion for Relief, noticed for May 6 and May 20, 2024, are VACATED. (iv) (Entered: 04/22/2024) |
| 04/29/2024 | 26 | REPLY in support of motion NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 filed by Defendants American Express Company, American Express Kabbage Inc.. (Bauer, Brianna) (Entered: 04/29/2024) |
| 04/29/2024 | 27 | OPPOSITION to NOTICE OF MOTION AND MOTION to Strike Motion to dismiss NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 22 filed by Defendants American Express Company, American Express Kabbage Inc.. (Bauer, Brianna) (Entered: 04/29/2024) |
| 05/01/2024 | 28 | REPLY support of motion to strike the motion to dismiss by defense NOTICE OF MOTION AND MOTION to Strike Motion to dismiss NOTICE OF MOTION AND MOTION to Dismiss Case *(REVISED)* 16 22 *Reply in support of the motion to strike the motion to dismiss by the defense* filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 05/01/2024) |
| 06/14/2024 | 29 | NOTICE OF MOTION AND MOTION to Amend Complaint filed by plaintiff Brandon Joe Williams. (Attachments: # 1 Exhibit Amended Complaint, # 2 Proposed Order Proposed Order) (Williams, Brandon) (Entered: 06/14/2024) |
| 07/10/2024 | 30 | MINUTES (IN CHAMBERS) ORDER RE: DEFENDANTS' MOTIONS TO DISMISS 15 16 ; DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 7-3 20 ; PLAINTIFF'S MOTION TO STRIKE 22 ; PLAINTIFF'S MOTION TO AMEND 29 ; ENTRY OF JUDGMENT by Judge Michael W. Fitzgerald. The Motion for Relief is GRANTED given the lack of substantial prejudice to Plaintiff due to AMEX's alleged failure to comply with the Local Rules. For the same reason, the MTS is DENIED. The MTD is GRANTED to the extent it seeks dismissal of this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To the extent AMEX requests the Court to sanction Plaintiff by awarding attorneys' fees, that request is DENIED. The Motion to Amend is DENIED because any amendment would be futile. ( MD JS-6. Case Terminated ) (iv) (Entered: 07/10/2024) |
| 07/13/2024 | 31 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 filed by plaintiff Brandon Joe Williams. (Attachments: # 1 Declaration Objections, # 2 Proposed Order Proposed Order, # 3 Exhibit USPTO Filing, # 4 Exhibit "Promise to pay" section in cardmember agreement) (Williams, Brandon) (Entered: 07/13/2024) |
| 07/13/2024 | 32 | OBJECTIONS to Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 07/13/2024) |
| 07/15/2024 | 33 | SCHEDULING NOTICE and ORDER by Judge Michael W. Fitzgerald. The Court has received Plaintiff's Motion for Reconsideration 31 (the "Motion") and Objections to the Court's Order Dated July 10, 2024 [31-1] and 32 (the "Objections"). The Court sets the following briefing schedule: Defendants' Opposition to the Motion is due 7/22/2024; Plaintiff's Reply in support of the Motion is due 7/29/2024. If the Court determines that a hearing is necessary, one will be set at a later date. IT IS SO ORDERED. THERE IS NO |

ER_256

| | | |
|---|---|---|
| | | PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (smom) TEXT ONLY ENTRY (Entered: 07/15/2024) |
| 07/22/2024 | 34 | OPPOSITION to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 31 filed by Defendants American Express Company, American Express Kabbage Inc.. (Newman, Stephen) (Entered: 07/22/2024) |
| 07/27/2024 | 35 | RESPONSE IN SUPPORT OF NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 31 filed by Plaintiff Brandon Joe Williams. (Attachments: # 1 Exhibit Exhibit A - "how to make payments", # 2 Proposed Order Proposed Order)(Williams, Brandon) (Entered: 07/27/2024) |
| 08/02/2024 | 36 | MINUTES (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION 31 by Judge Michael W. Fitzgerald. The Motion is DENIED. (iv) (Entered: 08/02/2024) |
| 08/07/2024 | 37 | OBJECTIONS to Order on Motion for Reconsideration 36 , Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) (Entered: 08/07/2024) |
| 08/24/2024 | 38 | [STRICKEN PURSUANT TO #39] NOTICE OF MOTION AND MOTION for Judgment filed by plaintiff Brandon Joe Williams. (Williams, Brandon) Modified on 8/27/2024 (twdb). (Entered: 08/24/2024) |
| 08/26/2024 | 39 | ORDER STRIKING FILED DOCUMENTS FROM THE RECORD by Judge Michael W. Fitzgerald: the documents listed below were improperly filed for the following reasons: This case was closed and judgment was entered on 7/10/2024; see Order at Docket No. 30. An Order denying Plaintiff's Motion for Reconsideration was filed on 8/2/2024; see Order at Docket No. 36; therefore, the following document(s) shall be stricken from the record and shall not be considered by the Court: NOTICE OF MOTION AND MOTION for Judgment 38 . (twdb) (Entered: 08/27/2024) |
| 08/28/2024 | 40 | **STRICKEN** OBJECTIONS to Striking filed Documents (CV-80),, 39 filed by Plaintiff Brandon Joe Williams. (Williams, Brandon) Modified on 9/3/2024 (iv). (Entered: 08/28/2024) |
| 09/03/2024 | 41 | MINUTE (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER AND REQUEST TO REINSTATE PLAINTIFF'S MOTION TO ENTER FINAL JUDGMENT 40 by Judge Michael W. Fitzgerald. The Court STRIKES Plaintiff's Objection for the same reasons that the Motion to Enter Final Judgment was stricken. Judgment was entered on July 10, 2024 30 . Plaintiffs Motion for Reconsideration 31 was denied on August 2, 2024 36 . Plaintiff's continued arguments that judgment has not been entered are groundless. (iv) (Entered: 09/03/2024) |
| 09/04/2024 | 42 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by plaintiff Brandon Joe Williams. Appeal of Striking filed Documents (CV-80),, 39 , Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, 30 , Order on Motion for Reconsideration 36 , Minutes of In Chambers Order/Directive - no proceeding held,, 41 . (Appeal fee of $605 paid.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Williams, Brandon) (Entered: 09/04/2024) |
| 09/04/2024 | 43 | ** STRICKEN PER 48 ORDER ** NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by plaintiff Brandon Joe Williams. Appeal of Striking filed Documents (CV-80),, 39 , Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on |

ER_257

CM/ECF - California Central District

| | | |
|---|---|---|
| | | Motion to Strike,,,, Order on Motion for Leave,,, <u>30</u> , Order on Motion for Reconsideration <u>36</u> , Minutes of In Chambers Order/Directive - no proceeding held,, <u>41</u> . (Appeal fee of $605 paid.) (Williams, Brandon) Modified on 9/6/2024 (smom). (Entered: 09/04/2024) |
| 09/04/2024 | <u>44</u> | ** STRICKEN PER <u>48</u> ORDER ** NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by plaintiff Brandon Joe Williams. Appeal of Striking filed Documents (CV-80),, <u>39</u> , Order on Motion to Dismiss Case,,,,,,,,, Order on Motion for Relief,,,, Order on Motion to Strike,,,, Order on Motion for Leave,,, <u>30</u> , Order on Motion for Reconsideration <u>36</u> , Minutes of In Chambers Order/Directive - no proceeding held,, <u>41</u> . (Appeal fee of $605 paid.) (Williams, Brandon) Modified on 9/6/2024 (smom). (Entered: 09/04/2024) |
| 09/05/2024 | <u>45</u> | NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: Notice of Appeal to 9th Circuit Court of Appeals, <u>43</u> , Notice of Appeal to 9th Circuit Court of Appeals, <u>44</u> . The following error(s) was/were found: Incorrect event selected. Correct event to be used is Designation of Record for item 43. Other error(s) with document(s): Document item 44 is a Docketing Statement, not a Notice of Appeal. The document will be terminate. The 9th Circuit Court of Appeals will be inform of the error. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (mat) (Entered: 09/05/2024) |
| 09/05/2024 | <u>46</u> | FILING FEE LETTER issued as to Plaintiff Brandon Joe Williams, re Notice of Appeal to 9th Circuit Court of Appeals, <u>42</u> . (mat) (Entered: 09/05/2024) |
| 09/05/2024 | <u>47</u> | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 24-5426 assigned to Notice of Appeal to 9th Circuit Court of Appeals, <u>42</u> as to plaintiff Brandon Joe Williams. (mat) (Entered: 09/06/2024) |
| 09/06/2024 | <u>48</u> | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN FILED DOCUMENT RE: Deficiency in Filed Documents <u>45</u> by Judge Michael W. Fitzgerald. The documents are STRICKEN for the reasons stated in the Notice to Filer of Deficiencies in Filed Document (Docket No. 45). (smom) (Entered: 09/06/2024) |
| 09/09/2024 | 49 | FINANCIAL ENTRY: Received $605.00 into the registry of the Court from Brandon Joe Williams. Receipt number 21703. (asi) (Entered: 09/09/2024) |

ER_258

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, a copy of the foregoing

**EXCERPTS OF RECORD, Volume 1 of 1** was filed electronically through the

court's CM/ECF System. Notice will automatically be electronically mailed to the

following individuals who are registered with the CM/ECF System for this action:

Clerk USDC Los Angeles          cacd_appealfee@cacd.uscourts.gov

And, I hereby certify that on July 30, 2025, I caused to be served a true and

correct copy of **APPELLEES AMERICAN EXPRESS COMPANY AND**

**AMERICAN EXPRESS KABBAGE, INC.'S ANSWERING BRIEF** to the

following nonCM/ECF registered participants by U.S. Mail, postage prepaid, and

addressed to the following:

Brandon Joe Williams
P.O. Box 1962 Glendale
California 91209
Pro Se Appellant

_____ */s/Stephen J. Newman* _____
Stephen J. Newman